Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>Plaintiff;<br><br>v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; and **Ameriprise Financial Services, Inc.**, a Delaware corporation,<br><br>Defendants. | Case No. 3:13-cv-5160-NC<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, AND ORDER GRANTING EXPEDITED DISCOVERY** |

1  Plaintiff XimpleWare Corporation's *Ex Parte* Application for Temporary Restraining
2  Order, for Order to Show Cause re: Preliminary Injunction, and for Expedited Discovery came
3  before the Court on _____, 2013. Good causing appearing therefore, the
4  Court finds and ORDERS as follows:

5  **TEMPORARY RESTRAINING ORDER**

6  The Court issues this Temporary Restraining Order ("TRO") under 17 U.S.C. § 502(a)
7  and Rule 65(b) of the Federal Rules of Civil Procedure.
8  Defendants Versata Software Inc. and Trilogy Development Group, Inc., as well as their
9  other subsidiaries and affiliates, if any (the "Versata Defendants"), are hereby TEMPORARILY
10 ENJOINED from making any new sales of their Distribution Channel Management ("DCM")
11 product, delivering new copies of DCM to customers, or otherwise publishing DCM.
12 Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc., as well as
13 their other subsidiaries and affiliates, if any (the "Ameriprise Defendants") are hereby
14 TEMPORARILY ENJOINED from deploying DCM to any new users, whether internal or external, and
15 from deploying new versions of DCM to existing users.
16 This TRO shall expire after the hearing on XimpleWare's motion for a preliminary
17 injunction, which the Court sets for _____ in Courtroom
18 _____, _____ Floor of the United States District Court in San Francisco, CA.
19 The Court makes the following findings in support of this TRO:
20  1.  XimpleWare has shown that it owns its VTD-XML product and its source code,
21      and has obtained a copyright registration on that source code (namely TX 7-727-
22      556).
23  2.  XimpleWare has shown a high likelihood that both the Versata Defendants and the
24      Ameriprise Defendants are infringing XimpleWare's copyrights. Specifically,
25      XimpleWare has shown a high likelihood that Versata incorporated VTD-XML
26      into its DCM product, licensed the DCM product to the Ameriprise Defendants
27      and other customers.
28

3. Neither the Versata Defendants nor the Ameriprise Defendants obtained a commercial license to VTD-XML. Absent a commercial license, the only applicable license is the GNU General Public License ("GPL"), under which XimpleWare licenses and resleases its source code to the general public. The GPL, however, does not allow the kind of commercial use that the Versata Defendants made by incorporating VTD-XML into DCM and reselling it.

4. The likely harm to XimpleWare is irreparable. Versata's wholesale appropriation of XimpleWare's copyrighted source code beyond the scope of its GPL license effectively deprives XimpleWare of control over its software, which is its principal asset and source of revenue.

5. Section 502 of the Copyright Act states that "Any court having jurisdiction of a civil action arising under [the Copyright Act] may…**grant temporary** and final injunctions on such terms as it may deem reasonable to prevent or **restrain infringement** of a copyright" (emphasis added). The Court finds it reasonable, on the facts presented, to grant this TRO to restrain the Defendants' infringement.

6. XimpleWare shall post security in the amount of $_____.

### ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

The Court ORDERS all Defendants to show cause why a preliminary injunction should not issue. The Court sets the hearing on the preliminary injunction for _____ in Courtroom _____, \_\_\_\_\_ Floor of the United States District Court in San Francisco, CA.

### ORDER GRANTING EXPEDITED DISCOVERY

The Court finds good cause to allow limited discovery on an expedited basis. This discovery will allow the Court to determine whether a preliminary injunction is warranted. Limited, narrowly-tailored discovery on an expedited schedule will not unfairly prejudice the Versata Defendants or the Amerprise Defendants. The Court ORDERS the following discovery, to be completed by _____:

1. XimpleWare may serve document requests to the Versata Defendants and to the Ameriprise Defendants around Versata's inclusion of XimpleWare source code in its DCM product.

2. XimpleWare shall produce documents responsive to Ameriprise's and Versata's state court subpoenas and any further reasonable requests as included in the Rule 30(b)(6) Notice of Deposition. Those document productions shall also be used in this case.

3. XimpleWare may depose Versata's Rule 30(b)(6) witness on Versata's inclusion of XimpleWare's VTD-XML in the its products, Versata's distribution of products including VTD-XML, and Versata's compliance or non-compliance with the GPL. This deposition shall be scheduled within the first two weeks of December, 2013 following the deposition of XimpleWare's Rule 30(b)(6) witness as set forth in Paragraph 6 below.

4. XimpleWare may depose Ameriprise's Rule 30(b)(6) witness on Ameriprise's knowledge of the inclusion of XimpleWare's VTD-XML in the DCM product it licensed from Versata. This deposition shall be scheduled within the first two weeks of December, 2013 following the deposition of XimpleWare's Rule 30(b)(6) witness as set forth in Paragraph 6 below. (The foregoing deposition of Ameriprise need not occur if Ameriprise admits that it received the DCM product from Versata and that it does not have a commercial license from Ximpleware and that it will accept the Court's ruling(s) as against Versata as applicable against Ameriprise with regard to the further copying, use, or other exploitation of DCM.)

5. Versata and Ameriprise may jointly depose XimpleWare's Rule 30(b)(6) witness on XimpleWare's software licensing practices on mutually agreed dates in the first two weeks of December, 2013. This deposition shall coincide with the deposition Versata and Ameriprise have noticed through the state courts in Texas and California.

6. Multiple depositions shall not be taken of any Rule 30(b)(6) witnesses without further order and/or other approval of this Court following the showing of good cause by the party requesting such further deposition time.

7. The parties shall meet and confer as to the precise scheduling of the above depositions (the "Agreed Schedule"), which shall occur at least one week after the parties' document productions specified above. The parties shall meet and confer to schedule a single date for exchange of the documents, and for the orderly production of documents in accord with the Agreed Schedule.

8. If any procedural or other disputes arise from the foregoing Order, the parties shall meet and confer in person in accordance with the Local Rules of this Court and file letter briefs in accordance with the Court's Civil Standing Order.

The Court further ORDERS the parties to file a joint schedule for the above expedited discovery by _____ .

IT IS SO ORDERED.

Date: _____

_____
United States Magistrate Judge