1  Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
2  Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
3  401 Florence Street
Palo Alto, CA 94301
4  (650) 327-9800
(650) 618-1863 fax
5  jrusso@computerlaw.com
csargent@computerlaw.com
6  ahalliburton@computerlaw.com

7  Attorneys for Plaintiff
XIMPLEWARE CORP.

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11

12  **XimpleWare Corp.**, a California
Corporation,                                    Case No. 3:13-cv-5160-NC
13
Plaintiff;                    **DECLARATION OF JACK RUSSO IN SUPPORT**
14                                                **OF PLAINTIFF XIMPLEWARE CORP.'S**
v.                            ***EX PARTE* APPLICATION FOR TEMPORARY**
15                                                **RESTRAINING ORDER, ORDER TO SHOW**
**Versata Software, Inc., f/k/a Trilogy**        **CAUSE, AND ORDER GRANTING EXPEDITED**
16  **Software, Inc.,** a Delaware corporation;   **DISCOVERY**
**Trilogy Development Group, Inc.,** a
17  California corporation; **Ameriprise**
**Financial, Inc.,** a Delaware corporation; and
18  **Ameriprise Financial Services, Inc.,** a
Delaware corporation,
19
Defendants.
20

21

22

23

24

25

26

27

28

*Computerlaw Group LLP*
*www.computerlaw.com*ˢᵐ

I, Jack Russo, declare as follows:

1.      I am an attorney admitted to practice before this Court, and I am a partner at the law firm of ComputerLaw Group LLP, counsel for Plaintiff XimpleWare Corp. ("XimpleWare") in this matter. I have personal knowledge of the facts set forth in this declaration, and if called to do so I could and would testify competently to the same. I make the statements here of my own personal knowledge, unless where stated on information and belief, which statements I believe to be true, and if called to do so, I could and would testify competently to those matters stated here.

2.      XimpleWare engaged my firm shortly after learning, from counsel for Ameriprise, that Versata and related entities had incorporated XimpleWare's copyrighted VTD-XML computer software into Versata's DCM product, and had distributed the DCM commercially— but without obtaining any form of commercial license from XimpleWare, and in violation of the GPL license under which XimpleWare otherwise licensed its VTD-XML computer software to those who fully abide by the GPL license.

3.      On the morning of July 24, 2013, I spoke with counsel for Ameriprise, Peter Lancaster of Dorsey & Whitney LLP. In that phone call, Mr. Lancaster told me how Ameriprise had discovered during litigation with Versata in Texas state court that Versata had included XimpleWare's VTD-XML software product within the Versata DCM software product. Mr. Lancaster said that Ameriprise had been a Versata customer since about 1999, and used the DCM product internally with Ameriprise employees and contractors.

4.      **Exhibit 1** is a document I received from counsel for Ameriprise, Mr. Lancaster on July 28, 2013. The exhibit is apparently a set of clauses from a software license. I provided this exhibit to XimpleWare, and XimpleWare confirmed that it had never licensed any software under the terms in this exhibit, nor had it ever authorized anyone else to do so.

5.      I spoke again with Mr. Lancaster by phone on August 19, 2013. Mr. Lancaster told me that Ameriprise had retained a technical expert who had concluded that XimpleWare's software was in Versata's DCM product.

6.      On October 2, 2013, my firm received an Amended Notice of Deposition of XimpleWare Corp., a copy of which is attached as **Exhibit 2**.

**Computerlaw Group LLP**
www.computerlaw.com℠

7.      On November 4, 2013, my partner Christopher Sargent, Esq. spoke with Amir Alavi, Esq., counsel for Versata, by telephone. Mr. Alavi acknowledged his client's use of the XimpleWare computer software but claimed reliance on the "classpath exception" language from Exhibit 1, which XimpleWare has never authorized or approved.

8.      On November 6, 2013, my office served objections to Ameriprise's and Versata's deposition notices to XimpleWare, copies of which are attached as **Exhibit 3**.

9.      My office has had several communications with Ameriprises's legal team throughout this month. For example, on November 12, 2013, an associate in my office, Ansel Halliburton, Esq., spoke with Case Collard, Esq., another attorney for Ameriprise, regarding XimpleWare's deposition and the possibility of reaching an agreed schedule for exchanging early discovery in this case and which would satisfy Ameriprise's and Versata's needs for their litigation in Texas state court while protecting XimpleWare.

10.      Though no one from Ameriprise ever connected with me by either phone or email this morning, I learned late this afternoon that some type of  voicemail was left from a lawyer for Ameriprise that it was planning to appear *ex parte* in state court here in California to seek to enforce deposition subpoenas and compel XimpleWare's deposition. Ameriprise took this position despite my multiple previous offers to reach an agreed schedule for mutual discovery, including the discovery sought in those subpoenas. I renewed that offer again today, and informed counsel for Ameriprise that I would be unable to appear at its contemplated *ex parte* hearing because of another case in Los Angles, and that XimpleWare did oppose its motion and still preferred to reach an agreed schedule across the various cases in the Texas state and California federal courts. Counsel for Ameriprise again rejected my offer for a mutual approach. **Exhibit 4** is a true and correct copy of these November 21 communications.

11.      The following exhibits are true and correct copies of court filings in the Versata litigation in Texas state court, *Versata Software, Inc., et al. v. Ameriprise Financial, Inc., et al.*, Case No. D-1-GN-12-003588 in the District Court of Travis County, Texas. My firm obtained these filings directly from the Texas state court files.

Computerlaw Group LLP
www.computerlaw.com℠

**Computerlaw Group LLP**
www.computerlaw.com<sup>sm</sup>

- **Exhibit 5**: Versata's First Amended Complaint and Application for Preliminary Injunction, filed May 3, 2013

- **Exhibit 6**: Ameriprise's Original Answer, filed January 4, 2013

- **Exhibit 7**: Ameriprise's Motion for Partial Summary Judgment, filed July 24, 2013, and excerpts of some of the exhibits filed in support of that motion are contained within said Exhibit 7.

12.     **Exhibit 8** is a true and correct copy, obtained directly from the U.S. Copyright Office, of the copyright registration certificate for VTD-XML, version 2.3. The registration's effective date is September 4, 2013, and the registration number is TX 7-727-556.

13.     **Exhibit 9** contains true and correct copies of current websites of Versata and its related entities, some of which tout speed as a major selling point for Versata's DCM product.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I signed this declaration on November 21, 2013 in Palo Alto, California.

/s/ Jack Russo

Jack Russo