Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**Versata Software, Inc.**, f/k/a **Trilogy Software, Inc.**, and **Versata Development Group, Inc.**, f/k/a **Trilogy Development Group, Inc.**,

Plaintiffs;

v.

**Ameriprise Financial, Inc., Ameriprise Financial Services, Inc.**, and **American Enterprise Investment Services, Inc.**,

Defendants.

Case No. D-1-GN-12-003588

XIMPLEWARE CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANT AMERIPRISE'S DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS IN ACTION PENDING OUTSIDE OF CALIFORNIA

Computerlaw Group LLP
www.computerlaw.com[sm]

Pursuant to California Code of Civil Procedure Section 2025.010, *et seq.*, XimpleWare Corp. ("XimpleWare") hereby responds to Defendant Ameriprise Financial, Inc.'s ("Ameriprise" or "Defendant") Deposition Subpoena for Personal Appearance and Production of documents, Electronically Stored Information, and Things In Action Pending Outside California (the "Subpoena") as follows:

## GENERAL OBJECTIONS

1. Ximpleware objects to the noticed date of the deposition as "November 5, 2013" as it was set without consulting with counsel regarding availability of witnesses and counsel. Ximpleware is prepared to make a witness or witnesses available to testify on Ximpleware's behalf concerning the deposition topics for which Ximpleware has no objections, as indicated below.

2. XimpleWare has made a reasonable inquiry concerning the matter in each particular deposition topic and document request. The following responses and objections are based on XimpleWare's present state of recollection, knowledge, and belief. XimpleWare reserves the right to supplement the responses set forth below at XimpleWare's option, or to introduce at trial, or other proceedings related to this action, information not set forth herein if such materials become known or available to XimpleWare subsequent to the date of this response. Consequently, these responses are at all times subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, are subject to such refreshing of recollection, and such knowledge or facts may result from further investigation by XimpleWare and its attorneys.

3. XimpleWare's responses and objections are made without in any way waiving or intending to waive, but on the contrary intending to preserve:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses, documents, or subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

//

//

Computerlaw Group LLP
www.computerlaw.com[sm]

b. The right to object on any ground to the use of any of said responses or documents, or their subject matter, in all subsequent proceedings, including the trial of this or any other action;

c. The right to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of the document requests and topics for examination;

d. The right to supplement, modify, or amend the responses; and

e. Except for explicit facts admitted or denied herein, no incidental or prior admissions or denials are intended.

4. XimpleWare objects to each definition and deposition topic to the extent it purports to impose a greater burden on XimpleWare than the California Code of Civil Procedure, the California Rules of Court, Local Rules, or any other applicable rules or statutes would require.

5. XimpleWare objects to each definition to the extent that it seeks to broaden the scope of allowable discovery and compel XimpleWare to produce information or documentation not in the possession, custody, or control of XimpleWare.

6. XimpleWare will respond to the subpoena to the extent that it and its individual document requests and topics for testimony, are not objectionable for the reasons below. XimpleWare reserves the right to further object to the subpoena in any response.

7. Ximpleware objects to each and every request to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome, or less expensive. This means that if you are seeking information from XimpleWare that is equally available from a party in the above-referenced litigation, XimpleWare objects to that request on that basis.

8. XimpleWare further objects to each and every request to the extent it seeks information containing confidential, financial, proprietary, or trade secret information, or any information subject to a confidentiality agreement or Protective Order. While XimpleWare does not require a Protective Order for production of its non-confidential information, XimpleWare

will only produce information it deems confidential pursuant to a confidentiality agreement or Protective Order that it deems suitably protective. Should a Protective Order become necessary, we would request that you provide a draft for XimpleWare's review and revisions.

9. XimpleWare further objects to each and every request to the extent it seeks information protected by any privilege, including, though not limited to, the attorney-client privilege, work product immunity doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

10. XimpleWare further objects to each and every request to the extent it is overly broad, unduly burdensome, oppressive, to the extent it is seeking information that is neither relevant to the disputed issues in the action nor likely to lead to the discovery of admissible evidence.

11. XimpleWare further objects to each and every request to the extent it is vague, ambiguous, unintelligible, not limited in time or scope, fails to identify the information sought with reasonable particularity, or imposes an undue burden on XimpleWare, including seeking electronically stored information that is not reasonably accessible to XimpleWare, or information that is not and has never been in XimpleWare's custody or control.

12. XimpleWare further objects to the subpoenaing party's definition of "Ximpleware" as misleading and inaccurate; XimpleWare is a company with a product called "vtd-xml" and the subpoenaing party's definition leads to ambiguity and confusion in the requests and topics for examination that follow.

13. Pursuant to Cal. Code. Civ. Proc. § 2031.210, XimpleWare objects to each and every request on the grounds that it includes or relies upon a preface or instruction that has not been approved under Cal. Code. Civ. Proc. §2031.210 *et seq.*

14. These General Objections shall be deemed to be incorporated in full into the response to each deposition topic and request set forth below and any responses are subject to the limitation and objections set forth herein, and are without prejudice to XimpleWare's rights with respect thereto.

//

Computerlaw Group LLP
www.computerlaw.com℠

## OBJECTIONS AND RESPONSES TO TOPICS FOR EXAMINATION

**Topic No. 1:**

Any license, agreement, or other permission granted to Versata to use, modify or distribute the Ximpleware XML parser.

**Response to Topic No. 1:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic as vague and ambiguous regarding its use of the phrase "Ximpleware XML parser."

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 2:**

The forms of licenses under which You have offered Ximpleware to third parties.

**Response to Topic No. 2:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to information it deems confidential pursuant to a Protective Order. XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to the disputed issues in this action nor likely to lead to the discovery of admissible evidence. XimpleWare further objects to this topic to the extent that it is impermissibly vague, ambiguous or fails to describe the deposition topic with reasonable particularity. XimpleWare further objects to this topic as vague and ambiguous regarding its use

//

//

of the phrase "Ximpleware." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 3:**

The means by which Ximpleware has been made available to third parties from January 1, 2006 to the present, including without limitation the identity of any third-party distributor and source and binary distributions of the Java version and .zip and .jar forms.

**Response to Topic No. 3:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to information it deems confidential pursuant to a Protective Order. XimpleWare further objects to this topic to the extent that it is impermissibly vague, ambiguous or fails to describe the deposition topic with reasonable particularity. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrases "means," "Ximpleware," and "source and binary distributions of the Java version and .zip and .jar forms."

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

//

//

//

Computerlaw Group LLP
www.computerlaw.com[sm]

**Topic No. 4:**

Any basis for concluding that Versata could have obtained Ximpleware pursuant to terms and conditions other than those contained in GNU GPL Version 2, attached as Exhibit C hereto, including but not limited to any commercial license.

**Response to Topic No. 4:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to information it deems confidential pursuant to a Protective Order. XimpleWare further objects to this topic to the extent that it is impermissibly vague, ambiguous or fails to describe the deposition topic with reasonable particularity. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrase "Ximpleware." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 5:**

The benefits vtd-xml is designed to provide to a Java-based program that must have the capability to parse xml files.

**Response to Topic No. 5:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare further objects to this topic as seeking information that is not relevant nor reasonably calculated to lead to the discovery of

Computerlaw Group LLP
www.computerlaw.com℠

admissible evidence because it seeks an opinion, legal or otherwise. XimpleWare will only testify to confidential information pursuant to a Protective Order.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 6:**

Your source code distribution expectations for licensees who obtain Ximpleware via the Sourceforge.net

**Response to Topic No. 6:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to information it deems confidential pursuant to a Protective Order. XimpleWare further objects to this topic to the extent that it is impermissibly vague, ambiguous or fails to describe the deposition topic with reasonable particularity. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrases "Ximpleware" and "expectations." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 7:**

The authenticity of and foundation for any documents produced in response to the attached set of document requests.

Computerlaw Group LLP
www.computerlaw.com℠

**Response to Topic No. 7:**

Subject to and without waiving the foregoing objections, and subject to the specific objections to each request for production of documents below, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

## DOCUMENT REQUESTS

**Request No. 1:**

All licenses or contracts between You and Versata.

**Response to Request No. 1:**

XimpleWare is unable to comply with this request. XimpleWare has made a diligent search for the documents or things requested and a reasonable inquiry in an effort to comply with this request. XimpleWare is unable to produce the items requested because, to the best of XimpleWare's knowledge and belief, the item or category has never existed.

**Request No. 2:**

Records sufficient to show all contact with the website SourceForge.net (or from any other source by which Ximpleware may be obtained, if any) by Versata relating to Ximpleware, including records sufficient to identify the IP addresses making such contact.

**Response to Request No. 2:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request as vague and ambiguous in its use of the phrase "Ximpleware." XimpleWare further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents. XimpleWare further objects to this request to the extent the information requested is publicly available, and therefore as unduly burdensome.

//

Subject to and without waiving the foregoing objections, and based upon XimpleWare's understanding of a reasonable meaning of the phrase "Ximpleware" XimpleWare will produce any responsive documents that are actually in XimpleWare's possession, custody, or control, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information, except for privileged documents, which XimpleWare will not produce.

**Request No. 3:**

Records sufficient to show all downloads of Ximpleware by Versata, along with any associated license that accompanied such download.

**Response to Request No. 3:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request as vague and ambiguous in its use of the phrases "Ximpleware" and "associated license."

Subject to and without waiving the foregoing objections, and based upon XimpleWare's understanding of a reasonable meaning of the phrases "Ximpleware" and "associated license." XimpleWare will produce any responsive documents that are actually in XimpleWare's possession, custody, or control, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information, except for privileged documents, except for privileged documents, which XimpleWare will not produce.

**Request No. 4:**

Records sufficient to demonstrate the forms of licenses under which you have offered Ximpleware to third parties (with redactions of financial terms of the license if desired) and the time periods during which such licenses were offered.

**Response to Request No. 4:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request as vague and ambiguous in its use of the phrase "Ximpleware." XimpleWare further objects to this request as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period. XimpleWare

further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents.

**Request No. 5:**

Records sufficient to demonstrate all forms in which Ximpleware was distributed from January 1, 2006 to the present, including but not limited to source and binary distributions of the Java version and .zip and .jar forms, along with exemplars of all such distributions.

**Response to Request No. 5:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request as vague and ambiguous in its use of the phrases "Ximpleware" and "source and binary distributions of the Java version and .zip and .jar forms." XimpleWare further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents.

COMPUTERLAW GROUP LLP

Dated: October 23, 2013

By: [signature]
Jack Russo
Christopher Sargent
Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**Versata Software, Inc.**, f/k/a **Trilogy Software, Inc.**, and **Versata Development Group, Inc.**, f/k/a **Trilogy Development Group, Inc.**,

Plaintiffs;

v.

**Ameriprise Financial, Inc., Ameriprise Financial Services, Inc.**, and **American Enterprise Investment Services, Inc.**

Defendants.

Case No. D-1-GN-12-003588

XIMPLEWARE CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF VERSATA'S CROSS-NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF XIMPLEWARE CORP.

Pursuant to California Code of Civil Procedure Section 2025.010, *et seq.*, XimpleWare Corp. ("XimpleWare") hereby responds to Plaintiff Versata Software, Inc.'s ("Versata" or "Plaintiff") Cross-Notice of Intention to Take Oral and Videotaped Deposition of Ximpleware Corp. ("Subpoena") as follows:

## GENERAL OBJECTIONS

1. Ximpleware objects to the noticed date of the deposition as "November 5, 2013" as it was set without consulting with counsel regarding availability of witnesses and counsel. Ximpleware is prepared to make a witness or witnesses available to testify on Ximpleware's behalf concerning the deposition topics for which Ximpleware has no objections, as indicated below.

2. XimpleWare has made a reasonable inquiry concerning the matter in each particular deposition topic and document request. The following responses and objections are based on XimpleWare's present state of recollection, knowledge, and belief. XimpleWare reserves the right to supplement the responses set forth below at XimpleWare's option, or to introduce at trial, or other proceedings related to this action, information not set forth herein if such materials become known or available to XimpleWare subsequent to the date of this response. Consequently, these responses are at all times subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, are subject to such refreshing of recollection, and such knowledge or facts may result from further investigation by XimpleWare and its attorneys.

3. XimpleWare's responses and objections are made without in any way waiving or intending to waive, but on the contrary intending to preserve:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses, documents, or subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

b. The right to object on any ground to the use of any of said responses or documents, or their subject matter, in all subsequent proceedings, including the trial of this or any other action;

c. The right to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of the document requests and topics for examination;

d. The right to supplement, modify, or amend the responses; and

e. Except for explicit facts admitted or denied herein, no incidental or prior admissions or denials are intended.

4. XimpleWare objects to each definition and deposition topic to the extent it purports to impose a greater burden on XimpleWare than the California Code of Civil Procedure, the California Rules of Court, Local Rules, or any other applicable rules or statutes would require.

5. XimpleWare objects to each definition to the extent that it seeks to broaden the scope of allowable discovery and compel XimpleWare to produce information or documentation not in the possession, custody, or control of XimpleWare.

6. XimpleWare will respond to the subpoena to the extent it, and its individual document requests and topics for testimony, are not objectionable for the reasons below. XimpleWare reserves the right to further object to the subpoena in any response.

7. Ximpleware objects to each and every request to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome, or less expensive. This means that if you war seeking information from XimpleWare that is equally available from a party in the above-referenced litigation, XimpleWare objects to that request on that basis.

8. XimpleWare further objects to each and every request to the extent it seeks information containing confidential, financial, proprietary, or trade secret information, or any information subject to a confidentiality agreement or Protective Order. While XimpleWare does not require a Protective Order for production of its non-confidential information, XimpleWare will only produce information it deems confidential pursuant to a confidentiality agreement or Protective Order that it deems suitably protective. Should a Protective Order become necessary, we would request that you provide a draft for our review and revisions.

Computerlaw Group LLP
www.computerlaw.com[sm]

9. XimpleWare further objects to each and every request to the extent it seeks information protected by any privilege, including, though not limited to, the attorney-client privilege, work product immunity doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

10. XimpleWare further objects to each and every request to the extent it is overly broad, unduly burdensome, oppressive, or seeking information that is neither relevant to the disputed issues in the action nor likely to lead to the discovery of admissible evidence.

11. XimpleWare further objects to each and every request to the extent it is vague, ambiguous, unintelligible, not limited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on XimpleWare, including seeking electronically stored information that is not reasonably accessible to XimpleWare, or information that is not and has never been in XimpleWare's custody or control.

12. Pursuant to Cal. Code. Civ. Proc. § 2031.210, XimpleWare objects to each and every request on the grounds that it includes or relies upon a preface or instruction that has not been approved under Cal. Code. Civ. Proc. §2031.210 *et seq.*

13. These General Objections shall be deemed to be incorporated in full into the response to each deposition topic and request set forth below and any responses are subject to the limitation and objections set forth herein, and are without prejudice to XimpleWare's rights with respect thereto.

## OBJECTIONS AND RESPONSES TO TOPICS FOR EXAMINATION

**Topic No. 1:**

The authors of Ximpleware's XML parser.

**Response to Topic No. 1:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic as vague and ambiguous regarding its use of the phrase "Ximpleware XML parser."

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to

Computerlaw Group LLP
www.computerlaw.com[sm]

the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 2:**

The content of the copyright application for Ximpleware's XML parser.

**Response to Topic No. 2:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic as vague and ambiguous regarding its use of the phrase "Ximpleware XML parser."

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 3:**

The forms of licenses under which you have offered Ximpleware to third parties.

**Response to Topic No. 3:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to confidential information pursuant to a Protective Order. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrase "forms of licenses." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 4:**

Communications between Ameriprise or Infosys and Ximpleware.

**Response to Topic No. 4:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to confidential information pursuant to a Protective Order. XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

**Topic No. 5:**

Deals or understandings between Ximpleware and Ameriprise or Infosys.

**Response to Topic No. 5:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to confidential information pursuant to a Protective Order. XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to the disputed issues in this action nor likely to lead to the discovery of admissible evidence. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrase "deals or understandings." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

//

//

**Topic No. 6:**

The use of Ximpleware within a java application, including how reference is made to Ximpleware by third party software.

**Response to Topic No. 6:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to confidential information pursuant to a Protective Order. XimpleWare further objects to this topic as vague and ambiguous regarding its use of the phrases "how reference is made" and "java application." XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

**Topic No. 7:**

The extent to which Ximpleware is integrated or embedded into third party applications.

**Response to Topic No. 7:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this topic to the extent it seeks disclosure of information subject to a Protective Order, privacy interest, contractual obligation, or other confidentiality obligation owed to a third party. XimpleWare further objects to this topic to the extent that it calls for provision of confidential or proprietary information of XimpleWare. XimpleWare will only testify to confidential information pursuant to a Protective Order. XimpleWare further objects to this topic as overly broad and unduly burdensome to the extent that it is not limited to a relevant time period.

Computerlaw Group LLP
www.computerlaw.com[sm]

## Document Requests

**Request No. 1:**

All communications with Ameriprise or Infosys including all communications with anyone acting on behalf of Ameriprise or Infosys that: relates to DCM; to any potential causes of action against Versata by Ameriprise or Ximpleware; or any alleged breaches of any license agreement by Versata.

**Response to Request No. 1:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare objects to this request to the extent it purports to require the production of documents protected by the attorney-client privilege or the work product doctrine, and XimpleWare shall not produce such privileged documents. XimpleWare further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents. XimpleWare further objects to this request as seeking documents that, to the extent they exist, can be more easily obtained from a party in the above-captioned action, and, because such documents may be obtained more readily and less expensively from a party in the action, as being unwarranted, oppressive, and unduly burdensome. XimpleWare further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it is not limited to a relevant time period.

**Request No. 2:**

All Communications with Ameriprise or Infosys which relate to Ximpleware's licensing practices.

**Response to Request No. 2:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request to the extent it purports to require the production of documents protected by the attorney-client privilege or the work product doctrine, and XimpleWare shall not produce such privileged documents. XimpleWare

Computerlaw Group LLP
www.computerlaw.com℠

further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents. XimpleWare further objects to this request as vague and ambiguous in its use of the phrase "licensing practices." XimpleWare further objects to this request as seeking documents that, to the extent they exist, can be more easily obtained from a party in the above-captioned action, and, because such documents may be obtained more readily and less expensively from a party in the action, as being unwarranted, oppressive, and unduly burdensome. XimpleWare further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it is not limited to a relevant time period.

**Request No. 3:**

All agreements, proposals, or other documents received from Ameriprise which relate to DCM; to any potential or current causes of action against Versata by Ameriprise or Ximpleware; or any alleged breaches of any license agreement by Versata.

**Response to Request No. 3:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request to the extent it purports to require the production of documents protected by the attorney-client privilege or the work product doctrine, and XimpleWare shall not produce such privileged documents. XimpleWare further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents.

//

//

//

//

Computerlaw Group LLP
www.computerlaw.com[sm]

XimpleWare further objects to this request as seeking documents that, to the extent they exist, can be more easily obtained from a party in the above-captioned action, and, because such documents may be obtained more readily and less expensively from a party in the action, as being unwarranted, oppressive, and unduly burdensome. XimpleWare further objects to this request as overly broad, unduly burdensome, and oppressive to the extent that it is not limited to a relevant time period.

**Request No. 4:**

Any records of any payments made to Ximpleware by Ameriprise or Infosys, or any promises to pay Ximpleware, any amount of money by Ameriprise or Infosys.

**Response to Request No. 4:**

XimpleWare incorporates by reference each and every one of the General Objections as if set forth here in full. XimpleWare further objects to this request to the extent it purports to require the production of documents protected by the attorney-client privilege or the work product doctrine, and XimpleWare shall not produce such privileged documents. XimpleWare further objects to this request to the extent it purports to require XimpleWare to produce documents containing the trade secret, proprietary, or confidential information of XimpleWare or third parties; XimpleWare may allow for the production of such documents under an appropriate Protective Order, but pending such action, XimpleWare will not produce such documents. XimpleWare further objects to this request as seeking documents that, to the extent they exist, can be more easily obtained from a party in the above-captioned action, and, because such documents may be obtained more readily and less expensively from a party in the action, as being unwarranted, oppressive, and unduly burdensome.

//

//

//

//

//

//

**Request No. 5:**

A copy of Ximpleware's copyright registration.

**Response to Request No. 5:**

Subject to and without waiving the foregoing objections, XimpleWare will produce a copy of XimpleWare's copyright registration, pursuant to the terms of a mutually acceptable Protective Order for the protection of XimpleWare's confidential information.

COMPUTERLAW GROUP LLP

Dated: October 23, 2013

By: [signature]
Jack Russo
Christopher Sargent
Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.