Filed
13 May 3 P5:46
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-12-003588

CAUSE NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.<br><br>Plaintiffs,<br>v.<br><br>AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br><br><br>OF TRAVIS COUNTY, TEXAS<br><br><br><br>53rd JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST AMENDED COMPLAINT AND
APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") respectfully file this First Amended Complaint for breach of contract and injunctive relief against Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise").

**DISCOVERY CONTROL PLAN**

1. Pursuant to Texas Rule of Civil Procedure 190.3, Versata intends to conduct discovery under Level 2.

## PARTIES

2. Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3. Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

4. Defendant Ameriprise Financial, Inc. is a Delaware corporation with its principal place of business at 1099 Ameriprise Financial Center, Minneapolis, MN 55474.

5. Defendant Ameriprise Financial, Inc. may be served with process through its President, William Frederick Truscott, 707 2nd Ave. South, Minneapolis, MN 55474.

6. Defendant Ameriprise Financial Services, Inc. is a Delaware corporation with its principal place of business at 707 2nd Ave. South, Minneapolis, MN 55474.

7. Defendant Ameriprise Financial Services, Inc. may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

8. Defendant American Enterprise Investment Services, Inc. is a Minnesota corporation with its principal place of business at 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

9. Defendant American Enterprise Investment Services, Inc. may be served with process through its President, John Iachello, 200 Ameriprise Financial Center, Minneapolis, Minnesota 55474.

## JURISDICTION AND VENUE

10. This Court has general jurisdiction over Defendants because they have continuous and systematic contacts with Texas. Among other things, Defendants have property and employees throughout Texas; Defendants handle millions of dollars in financial transactions each year in Texas; and Defendants regularly conduct business throughout the state.

11. This Court has specific jurisdiction over Defendants because the contract at issue was wholly or partially negotiated in Texas; the software at issue was developed in Texas; the parties' relationship centers around Texas; and Defendants have used the software to process compensation paid to Texas.

12. This Court has subject matter jurisdiction because the amount in controversy exceeds the jurisdictional requirements of this Court.

## VENUE

13. In accordance with Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County and Versata's principal office is in Travis County.

## FACTS

A.   **Ameriprise's use of Versata's Enterprise Software**

14. Ameriprise is one of the country's largest financial services companies and has $631 billion in assets under management.

15. With a network of approximately 10,000 advisors throughout the United States, Ameriprise provides a wide variety of investment, annuity, insurance, banking and other financial products to customers.

3

16. The compensation system for Ameriprise advisors is heavily commission-based and involves sophisticated calculations, many of which are updated on a daily basis.

17. To perform these calculations, Ameriprise uses proprietary enterprise software developed by Versata in Austin, Texas.

18. Versata owns all title and rights to this software.

**B.     The Master License Agreement**

19. Versata entered into a Master License Agreement (MLA) dated October 4, 1999 to provide enterprise software to Ameriprise.

20. Because the specific terms of the MLA are confidential, a copy is not attached to this pleading.

21. Versata negotiated and signed the MLA in Austin, Texas.

22. Under the MLA, Versata's software, product documentation, and related materials are strictly confidential (§ 10.2) and the property of Versata (§ 4.9).

23. Under the MLA, Ameriprise agreed to limit access to the software, product documentation, and related materials to Ameriprise employees and "Permitted Contractors" - i.e., contractors that do not compete with Versata in the development of enterprise compensation or configuration software and that have signed a non-disclosure agreement (§ 4.8).

24. The MLA strictly prohibits any kind of copying, decompiling, or reverse engineering of Versata's software by Ameriprise or its agents (§ 10.1).

25. A breach of these confidentiality or anti-decompiling requirements is sufficient grounds for Versata to terminate the MLA and revoke Ameriprise's license to the software (§ 12.2).

4

26. If Versata terminates the MLA for any breach by Ameriprise, Ameriprise's rights in the software shall cease, Ameriprise must return the software to Versata, and Ameriprise must certify in writing that it has destroyed or returned all copies (§ 12.2).

C. **Ameriprise's Use of Infosys**

27. As early as 2007, Ameriprise began using Infosys—an outsourcing services provider based in Bangalore, India—to perform maintenance and customization work on Versata's proprietary software.

28. Ameriprise gave Infosys's consultants in India access to Versata's confidential information, including Versata's software (both source code and object code), product documentation, and training materials.

29. Infosys competes with Versata in the development of enterprise compensation and configuration software. In fact Infosys provides this kind of software to numerous customers in the United States and around the world. Therefore Infosys is not a "permitted contractor" as that term is used in the MLA (§ 4.8).

30. Upon information and belief Infosys ceased being a permitted contractor no later than November of 2009 when Infosys acquired McCamish Systems, a company that develops and sells its own brand of enterprise compensation software, a product that directly competes with Versata's proprietary software.

D. **Infosys's theft of Versata's proprietary source code at Ameriprise**

31. Through litigation pending the Western District of Texas Versata learned that Infosys decompiled or copied more than 5,000 Versata source code files while working at Ameriprise, transported those files to India, and stored them on hard drives in Bangalore.

32. Based on these revelations, it is becoming apparent to Versata that Infosys has incorporated these files into its own software that competes with Versata; used these files to train

technical consultants to compete with Versata at rates that are significantly cheaper than Versata's rates; and developed its own enterprise software based on knowledge and understanding gained from these decompiled files.

33. Furthermore, neither Ameriprise nor Infosys have fully explained to Versata the extent of these activities or their consequences for the security of Versata's software. In 2010, Infosys claimed that it had decompiled two files and that this behavior was an isolated incident involving low-level employees. In early 2012, Versata discovered evidence that Infosys may have decompiled up to 25 files.

34. Then, following significant discovery against Infosys in litigation over these issues, Infosys admitted on October 25, 2012 that it had approximately 5,000 Versata software files on a hard drive in Bangalore, India.

35. These files appear to be to constitute the key source code for Versata's enterprise software.

36. Even when Versata believed the problem was relatively limited, Versata had numerous discussions with Ameriprise about the need to stop Infosys from having access to Versata's software.

37. During these discussions, Ameriprise agreed to remove Infosys from projects that involve Versata software.

38. However, at the present time Infosys contractors are still performing customization and maintenance work on Versata's software.

39. This creates a substantial risk that Infosys will steal additional trade secrets from Versata.

40. In addition, in 2011, Ameriprise began using TCS, another India-based outsourced services provider, to perform maintenance and customization work on Versata's software.

41. Like Infosys, TCS is not a "Permitted Contractor" under the MLA.

42. To Versata's knowledge, none of TCS's contractors has signed a non-disclosure agreement that relates to Versata's software, as required by the MLA.

43. Versata is concerned about the security risk of Ameriprise giving yet another offshore competitor unauthorized access to Versata's source code.

44. Despite multiple discussions about this issue, Ameriprise has not removed TCS from having access to Versata's software.

45. Because of these actions, Versata sent a letter to Ameriprise providing the contractually mandated 30 day notice of breach of the MLA on September 17, 2012.

46. The letter identified multiple breaches of the MLA by Ameriprise related to Infosys's and TCS's unauthorized access to Versata's software, including the fact that neither Infosys nor TCS were permitted contractors under the MLA. Versata further stated that if Ameriprise did not take steps to cure these breaches, the MLA would terminate automatically within thirty days.

47. Because Ameriprise did not cure these violations, the MLA terminated on October 17, 2012.

48. Ameriprise has refused to return Versata's software and other confidential information to Versata as required by the MLA.

49. Today, Ameriprise is using Versata's software and other confidential information without authorization.

## CAUSES OF ACTION

A. **Breach of Contract**

50. Versata incorporates the foregoing paragraphs as if fully set forth here.

51. Versata and Ameriprise entered into a Master License Agreement effective October 4, 1999.

52. The MLA prohibits Ameriprise and its agents from decompiling, reverse engineering, or copying Versata's confidential information and prohibits Ameriprise from using third-parties, which are not permitted contractors or third-parties that have not signed non-disclosure agreements.

53. Ameriprise has breached these provisions of the MLA and consequently Versata terminated the MLA effective October 17, 2012.

54. The MLA requires Ameriprise to stop using Versata's software and confidential information, to return all of this software and other confidential information to Versata, and to certify that it has destroyed or returned any copies.

55. Ameriprise has unjustifiably refused to comply with this requirement and therefore is in breach of the MLA.

56. Ameriprise's breaches—coupled with its continued refusal to stop providing Infosys and TCS with access to Versata's software and other confidential information- create a high risk of irreparable harm to Versata.

B. **Specific Performance**

57. Versata incorporates the foregoing paragraphs as if fully set forth here.

58. The MLA requires Ameriprise to stop using Versata's software and confidential information, to return all of this software and other confidential information to Versata, and to certify that it has destroyed or returned any copies. This obligation survives Versata's rightful termination of the contract.

59. To date Ameriprise has refused to stop using Versata software and confidential information, has refused to return the software and other confidential information to Versata and has not certified that it has destroyed or returned any copies.

60. Versata would therefore ask the court to order Ameriprise to specifically perform these obligations under the MLA.

### C.  Declaratory Judgment

61. Versata incorporates the foregoing paragraphs as if fully set forth here.

62. For the reasons set forth above, Versata seeks a declaration as follows: (a) that TCS and Infosys are not a permitted contractors under the MLA (§ 4.8); (b) that Ameriprise has breached the MLA (§ 12.2) by failing to stop using Versata's software, by failing to return this software and other confidential information to Versata, and by failing to certify that it has destroyed or returned any copies; (c) That Ameriprise has breached the MLA (§10.1) by failing to secure adequate confidentiality agreements from Infosys, TCS, and from their respective employees and contractors.

### D.  Attorneys' Fees

63. Versata incorporates the foregoing paragraphs as if fully set forth here.

64. As a result of Ameriprise's wrongful conduct, Versata has been required to retain counsel to prosecute this action. Consequently, in accordance with Sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code, Versata is entitled to recover its costs and reasonable and necessary attorney's fees from Ameriprise.

### E.  Conditions

65. Versata incorporates the foregoing paragraphs as if fully set forth here.

66. All conditions precedent have been met or have occurred.

## Application for Temporary Injunction

67. In accordance with Section 65.011 of the Texas Civil Practice and Remedies Code, Versata is entitled to injunctive relief and requests a temporary injunction from the Court ordering Ameriprise to cease allowing Infosys and TCS to use Versata's "Software" as that term is defined in the MLA including any source code, object code, product documentation, or other materials related to Versata's Software.

68. Versata is likely to prevail on its claims after a trial on the merits.

69. Because of the imminent threat posed to Versata's confidential information and Versata's rights under the MLA Versata will be irreparably harmed and have no adequate remedy at law if this injunction request is not granted.

70. Versata is willing to provide security in the amount that this Court deems appropriate in accordance with Texas Rule of Civil Procedure 684.

## Application for Permanent Injunction

71. Versata incorporates the foregoing paragraphs as if fully set forth here.

72. Versata requests a permanent injunction ordering Ameriprise (a) to cease using Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software.

## Jury Demand

73. Plaintiffs hereby demand a trial by jury and have tendered the appropriate fee.

### Requests for Disclosure to Defendants

74. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose within fifty (50) days of service of this request the information and material described in Rule 194.2(a) through (1).

### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that the Court:

a. enter judgment in favor of Versata and against Ameriprise on all claims asserted by Versata;

b. issue a judicial declaration that Ameriprise has breached the MLA.

c. issue a temporary injunction ordering Ameriprise to cease providing or permitting Infosys and TCS access to Versata's confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software.

d. issue a permanent injunction ordering Ameriprise (a) to cease using Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software; and (b) to return to Versata or destroy all copies of Versata's enterprise software and confidential information, including any source code, object code, product documentation, or other materials related to Versata's enterprise software;

e. award Versata its reasonable and necessary attorney's fees and expenses;

f. award Versata all costs of court;

g. award Versata all actual and punitive damages; and

h. grant all other relief to which Versata may show it is justly entitled.

| | |
|---|---|
| Date: 05/03/2013 | Respectfully submitted,<br><br>AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.<br><br>*/s/ Benjamin F. Foster*_____<br>Demetrios Anaipakos<br>State Bar No. 00793258<br>Amir Alavi<br>State Bar No. 00793239<br>Steven J. Mitby<br>State Bar No. 27037123<br>Benjamin F. Foster<br>State Bar No. 24080898<br>1221 McKinney Street, Suite 3460<br>Houston, Texas 77010<br>Telephone: (713) 655-1101<br>Facsimile: (713) 655-0062<br><br><br>MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.<br><br><br>*/s/ Benjamin F. Foster*_____<br>Travis Barton<br>State Bar No. 00790276<br>600 Congress Avenue, Suite 2100<br>Austin, Texas 78701<br>Telephone: (512) 495-6000<br>Facsimile: (512) 495-6093<br>ATTORNEYS FOR PLAINTIFFS |

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via certified mail, return receipt requested and/or via facsimile and/or via hand-delivery on May 3, 2013:

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Steve McConnico
Christopher D. Silco
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701
(512) 474-0731 (Facsimile)
smcconnico@scottdoug.com
csileo@scottdoug.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

                                            */s/ Benjamin F. Foster*_____
                                            Benjamin F. Foster

4836-7402-1907, v. 1