Filed
13 July 24 P5:36
Amalia Rodriguez-Mendoza
District Clerk
Travis District
003588

NO. D-1-GN-12-003588

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v | § § § | TRAVIS COUNTY, TEXAS |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., | § § § § § | |
| Defendants. | § | 53rd JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Pursuant to Texas Rule of Civil Procedure 166a(c), Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively, "Ameriprise") move for partial summary judgment declaring as a matter of law that certain software licensed to Ameriprise by Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (together, "Versata") is subject to and governed by the attached open source license, and declaring that Ameriprise is therefore entitled, pursuant to the open source license, to obtain and freely use the software source code in accordance with the terms and conditions of that open source license.

## I.      SUMMARY

Versata obtained a third party's software and incorporated that software, referred to as the Ximpleware parser, into software sold by Versata called DCM Version 3.9.  The Ximpleware

Defendants' Motion for Partial Summary Judgment (Redacted)

software that Versata downloaded and incorporated into DCM Version 3.9 is subject to an "open source" software license that states, in part:

> The licenses for most software are designed to take away your freedom to share and change it. By contrast, the GNU General Public License is intended to guarantee your freedom to share and change free software – to make sure the software is free for all users …
>
> To protect your rights, we need to make restrictions that forbid anyone to deny you these rights or to ask you to surrender the rights. These restrictions translate to certain responsibilities for you if you distribute copies of the software, or if you modify it . . . [including:]
>
> - to cause any works based on the Program to be licensed as a whole at no charge to third parties under the terms of the GNU GPL; and
>
> - to provide or offer in writing to provide to recipients "the complete corresponding machine-readable source code" for any Program or work based on a Program.

By choosing to incorporate Ximpleware's open source code into its product and distribute it as a single, integrated package, Versata subjected DCM Version 3.9 to the terms and conditions of Ximpleware's open source license. Under the explicit, unambiguous terms of the open source license, Ameriprise is entitled to obtain the source code for DCM Version 3.9 in its entirety and to use it freely, consistent with the terms of the open source license.

## II. FACTS

### A. Background on the Parties and Their Dispute

Ameriprise is a financial planning and services company. Am. Petition ¶15. Ameriprise subsidiaries serve individual investors' and institutions' needs through financial planning, wealth management, retirement planning, asset management, annuities, and insurance. *Id.* Ameriprise has relationships with thousands of advisors throughout the United States.

2

In 1999 Ameriprise and Versata entered into a Master License Agreement ("MLA") pursuant to which Versata granted to Ameriprise a "nonexclusive, nontransferable … perpetual, worldwide license" to a software product called "Distribution Channel Management" or "DCM." Redmond Ex. A.  Over succeeding years and pursuant to the MLA, Ameriprise has acquired and installed upgrades to DCM, most recently acquiring and installing DCM Version 3.9 beginning in 2011.

In this action Versata wrongly alleges that Ameriprise breached the MLA by using two contractors, Infosys Technologies, Ltd. ("Infosys") and Tata Consultancy Services ("TCS"), to perform development and maintenance services relating to DCM in the Ameriprise computing environment.  Versata threatens to terminate Ameriprise's license to use DCM, even though it is an essential component of compensation and recordkeeping operations for all Ameriprise personnel registered to perform securities work, and even though Ameriprise was explicitly granted the right under the MLA to use contractors like Infosys and TCS.  Ameriprise has filed counterclaims alleging, among other claims, claims for breach of contract and breach of the warranties contained in the MLA and applicable to DCM Version 3.9, which Versata had delivered to Ameriprise in August 2011.

### B.    Open Source Software in Versata's DCM Version 3.9

Although Versata originally claimed that it owned all rights in DCM Version 3.9, and although it denied in multiple discovery responses that it had licensed any components of DCM from third parties, Versata has now been forced to admit that DCM contains dozens of open source software components.  Redmond Ex H (deposition exhibit 34).  Open source software is

computer software publicly available in source code (human-readable) form that can be used without charge and for any purpose, subject to the terms and conditions of the relevant open source license. Collins Decl. ¶ 5. Virtually all open source licenses require a subsequent distributor of the open source software (like Versata) to notify the recipient (like Ameriprise) of the existence of open source software in the package delivered to the recipient. Most open source licenses require the subsequent distributor of the software to provide or make available the source code to any recipients of the software and prohibit the distributor from imposing additional restrictions on the recipients' use of the software. A few open source licenses are "viral" licenses, in that their terms and conditions apply to any proprietary program that contains the open source software, even if other portions of the program were otherwise considered proprietary and were developed separately from the open source software with which it is integrated. *Id.*

One prominent type of open source license, the General Public License or "GPL," encompasses these viral features:

- A requirement to give the recipient notice of the existence of the GPL-licensed software in the combined work (GPL §1);

- A requirement that the entire package containing the open source software is to be licensed as a whole under the terms and conditions of the GPL (*Id.*, §§2(b), 4 and 6); and

- A requirement that the user/distributor must provide or make available to the recipient the source code for the combined package, may not restrict the customer's use of the modified open source software, and must comply with any additional terms of the open source license (*Id.*, §§3, 5 and 6).

*See* Collins Ex. B.

4

After Versata sued Ameriprise, claiming that DCM was entirely Versata's own proprietary and confidential software, Ameriprise learned of the extent of open source software embedded within DCM. Versata documents establish that DCM is nowhere near entirely owned by Versata, because nearly one hundred third party open source programs have been incorporated into DCM. Redmond Ex. H (deposition exhibit 34). One example of open source software in DCM, identified on an internal list of open source components, is a file called "vtd-xml.jar," an XML parser offered by a company called Ximpleware.[1] Ximpleware's XML parser is open source software that enables DCM to read and parse XML files pulled from external sources, so that DCM can understand, manipulate, and use the contents of such files. The current DCM version installed at Ameriprise, DCM Version 3.9, incorporates the Ximpleware parser into multiple portions of DCM code. Collins Decl. ¶ 11. The Ximpleware parser is highly integrated into DCM; indeed, more than half of the hundreds of component files of DCM that appear to originate with Versata depend directly or indirectly on the Ximpleware parser. *Id.*

Ximpleware is an open source program readily downloadable from the Internet. Its use is conditioned upon and governed by an open source license, specifically Version 2 of the GNU GPL. Collins Decl. ¶¶ 8-9 and Ex. B. The GPL is an open source software license written and

---

[1] "XML" refers to "eXtensible Markup Language," a language for communicating structured data in a format that is both human-readable and machine-readable. An XML "parser" is a decoder that converts the human readable textual form of code into a binary data structure, commonly in the form of a tree. Ximpleware's parser is open source software that enables a program to read and parse XML files pulled from external sources, so that the program can understand and manipulate the contents of such files. Parsers are critical to making large enterprise software programs work, because they provide for a universal exchange language that ties together various pieces of a large, complex system. Collins Decl. ¶ 7.

promulgated by the Free Software Foundation principally to ensure two things:  that parties

cannot misappropriate the work product of open source software developers for commercial gain

without severe consequences; and to ensure that all recipients of GPL-licensed software continue

to have access to at least its source code, and remain free to use and modify the source code for

their own purposes without restriction.  The GPL states:

> The licenses for most software are designed to take away your freedom to share
> and change it.  By contrast, the GNU General Public License is intended to
> guarantee your freedom to share and change free software – to make sure the
> software is free for all users …

> Our General Public Licenses are designed to make sure that you have the freedom
> to distribute copies of free software …, that you receive source code or can get it
> if you want it, that you can change the software or use pieces of it in new free
> programs; and that you know you can do these things.

> To protect your rights, we need to make restrictions that forbid anyone to deny
> you these rights or to ask you to surrender the rights.  These restrictions translate
> to certain responsibilities for you if you distribute copies of the software, or if you
> modify it.

Collins Ex. B, Preamble.  Among the obligations that Versata accepted to be able to incorporate

the Ximpleware parser into DCM were the following obligations:

- to "conspicuously and appropriately publish on each copy an appropriate copyright notice and disclaimer of warranty;"

- to "give any other recipients of the Program a copy of [the GPL] along with the Program;"

- to cause any works based on the Program to be licensed as a whole at no charge to third parties under the terms of the GPL; and

- to provide or offer in writing to provide to recipients "the complete corresponding machine-readable source code."

Collins Ex. B §§ 1, 2, 3.  When Versata delivered DCM Version 3.9 to Ameriprise, it violated

6

each of these obligations.[2]

### C.    Versata's Discovery Responses Confirm That It Lacks Any License from Ximpleware Other Than the GPL

Early in this case, Ameriprise served interrogatories and document requests, and notified Versata of its intent to take a corporate deposition. Redmond Decl. ¶ 3. Among its requests, Ameriprise asked Versata:

- To "[i]dentify all third-party licensors of any components of DCM." (Interrogatory 7);

- To produce "[a]ll licenses covering or relating to DCM code or components of DCM code effective at any time after October 1999." (Document Request 13); and

- To make available a Versata representative to testify regarding "[a]ll licenses covering, or relating to, DCM code or components of DCM code" (Deposition Topic 2) and regarding "[t]he genesis of the code included in DCM" (Topic 3).

Redmond Exs. B, C, D.

In its responses to those discovery requests, Versata initially objected and refused to provide responsive information or documents. Redmond Exs. C, D. Versata also refused to supply the corporate representative whose testimony Ameriprise had first requested on January 30, 2013. Redmond Decl.¶ 6. Ameriprise moved to compel responses, and on May 8, 2013, the Court overruled Versata's objections and ordered Versata to identify its third-party licensors of components of DCM (Interrogatory 7), to produce all licenses from such licensors (Document

---

[2] Versata's failure to comply with the GPL when it delivered DCM Version 3.9 also breached its MLA warranty that, among other things, "Licensor has the right to furnish the Products, Documentation, and other materials … free of all liens, claims, encumbrances and other restrictions… ." Redmond Ex. A § 8.1.

Defendants' Motion for Partial Summary Judgment (Redacted)

Request 13), and to designate witnesses to testify on the topics in Ameriprise's notice.  Redmond

Ex. E.  Although the Court's Order required Versata's compliance within three days, the parties

agreed that Versata could have two weeks – until May 22, 2013 – to respond and produce

documents. Redmond Decl. ¶ 7.

In its May 22 responses, Versata identified no open source licensors.  Instead, Vesata

represented that the *only* licensor of any component of DCM was Versata's Dubai-based affiliate

G-Dev FZ-LLC:

> Interrogatory No. 7:  Identify all third-party licensors of any components of DCM.
>
> Response:  *Redacted Pursuant to Agreed Protective Order*

Redmond Ex. F.  Consistent with its interrogatory response, Versata's May 22 production of

more than 175,000 documents contained only *one* license agreement – the agreement between

Versata and G-Dev.  Redmond Decl. ¶ 8.  On the morning of June 14, 2013, immediately before

the court-ordered deposition of Versata's corporate representative, Versata produced two

additional agreements with companies Versata has used for development services – Accolite,

Inc. and oDesk.  Redmond Ex. H at 46-52.  Versata's representative, designated to testify on

behalf of the company as to "all licenses covering, or relating to, DCM code or components of

DCM," could not identify any other third party hired to provide development work in connection

with DCM and could not identify any additional contracts or agreements with such developers or

any other contributor.  Redmond Ex. H at 55-57.  Although he identified several examples of

third party software included in DCM, Versata's corporate representative claimed to be

unfamiliar with Ximpleware:

Defendants' Motion for Partial Summary Judgment (Redacted)

Q: Are you aware of there being XimpleWare code within DCM?

A: *Redacted Pursuant to Agreed Protective Order*

Q: XimpleWare, like Simpleware except the first letter is X.

A: *Redacted Pursuant to Agreed Protective Order*

Redmond Ex. H at 88-90.

More than two months after the Court ordered Versata to identify all of its licensors, and to produce all of its license agreements with such licensors within three days, Versata still has not produced any evidence that it has a license agreement with Ximpleware other than the GPL attached as Exhibit B to the Collins Declaration.  Redmond Decl. ¶ 10.

## III.   ARGUMENT

### A.    Summary Judgment Standard

Under Rule 166a(c), summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Fort Worth Osteopathic Hosp. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).  After the movant produces evidence entitling it to summary judgment, the burden shifts to the non-movant to present evidence creating a fact issue.  *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).  An issue is conclusively established, and will support entry of summary judgment, when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn.  *Triton Oil & Gas Corp. v. Marine Contractors and Supply, Inc.*, 644 S.W.2d 443, 445 (Tex. 1982); *Rakowski v. Committee to Protect Clear Creek Village Homeowner's Rights and Preserve Our Park*, 252 S.W.3d 673, 675-76 (Tex. App.—Houston [14[th] Dist.] 2008, pet. denied).

Versata now admits that DCM Version 3.9 incorporates a variety of open source software, including the file containing the Ximpleware parser.  In fact, Versata even concedes that its DCM Version 3.9 is inextricably linked with the Ximpleware parser.  Despite an interrogatory, a document request, and a corporate deposition requesting that Versata identify, produce, and testify regarding its third party licenses, and despite a Court order compelling Versata to do so, Versata has provided no evidence that its use of the open source Ximpleware parser was subject to any license other than the GPL.   As a matter of law, the GPL governs Versata's distribution of DCM Version 3.9, and Ameriprise is entitled to obtain the source code for DCM Version 3.9 from Versata without constraints other than the restrictions of the GPL.

**B.**      **Use of Ximpleware's Open Source Software is Governed by the GPL**

Ximpleware's XML parser is a third party, open source software program readily downloadable from the Internet.  Its use is conditioned upon and governed by the GPL.  *See* Collins Decl. ¶ 8 and Ex. B § 0.  The GPL is an enforceable contract.  The United States Court of Appeals for the Federal Circuit has determined that open source licenses are enforceable not only under contract law, but also under copyright law.  "Copyright holders who engage in open source licensing have the right to control the modification and distribution of copyrighted material." *Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008).  Thus, the developers of open source software obtain copyright protection in their software code, and they offer the GPL as a license to third parties allowing them to copy, distribute, and modify the software *so long as* the third parties agree to the license terms in the relevant open source license.  *See* Collins Ex. B, Preamble.

10

Any third party who chooses to copy, distribute, or modify software to which the GPL

applies is bound by the terms and conditions of the GPL.  The GPL makes this consequence

abundantly clear:

> You are not required to accept this License, since you have not signed it.
> However, nothing else grants you permission to modify or distribute the Program
> or its derivative works.  These actions are prohibited by law if you do not accept
> this License.  Therefore, by modifying or distributing the Program (or any work
> based on the Program), you indicate your acceptance of this License to do so, and
> all its terms and conditions for copying, distributing or modifying the Program or
> works based on it.

Collins Ex. B § 5.  *See also id.*, Preamble ("These restrictions translate to certain responsibilities

for you if you distribute copies of the software, or if you modify it."); *id., Preamble* ("The

precise terms and conditions for copying, distribution and modification follow.").  Courts have

recognized this consequence of the use of open source software governed by the GPL:

> One publicly available program used … was … [specified] open source
> code … .  Any user of that code is, however, bound by the terms of the GNU
> General Public License (GPL).  The GPL puts restrictions on the modification and
> subsequent distribution of freeware programs.  Essentially, once the programs are
> freely released into the public domain, the creators intend for them to stay free.

*Computer Assocs. Int'l v. Quest Software, Inc.*, 333 F. Supp. 2d 688, 697-98 (N.D. Ill. 2004)

Thus, when Versata copied, modified, and distributed the Ximpleware parser as part of

DCM Version 3.9, it did so pursuant to the terms and conditions of the GPL and not the MLA.

>   **C.    Versata's DCM Version 3.9 Is A "Work Based On The Program" Under the
>            GPL, and Ameriprise is Therefore Entitled to a Declaration that DCM
>            Version 3.9 is Governed by the GPL**

The GPL applies to copying, modification, and distribution of the "Program" (here, the

Ximpleware software) and also to copying, modification, and distribution of any "work based on

11

the Program."  Collins Ex. B § 0.  Under the GPL, a work is "based on the Program" if it

"contains the Program or a portion of it, either verbatim or with modifications."  Collins Ex. B §

0.  The requirements of the GPL "apply to the modified work as a whole."  *Id.* § 2.  It is

undisputed that DCM Version 3.9 incorporates the Ximpleware parser and is therefore a "work

based on the Program" under the GPL.  *See* Redmond Ex. H (deposition ex. 34); Collins Decl. ¶

11.

DCM is a single integrated product, provided to the customer on a disk or downloaded by

the customer from an online secure system.  Redmond Ex. H at 119.  DCM Version 3.9

incorporates Ximpleware into multiple portions of DCM code.  Versata's corporate

representative testified that DCM is a single, integrated whole, all of whose files are interrelated:

Q:  But you can't just pluck [open source code] out of DCM?

A:  *Redacted Pursuant to Agreed Protective Order*


Q:  And is it complicated just because of all the connections between this code
and other code within DCM?

A:  *Redacted Pursuant to Agreed Protective Order*


Q:  Could you identify any particular open source code that would be easier to
pull out than others or are they all integrated?

A:  *Redacted Pursuant to Agreed Protective Order*


Redmond Ex. H at 113-114; *see also id.* at 113 (open source is "an integral part and the code is

well merged"); *id.* at 118 ("It is integrated software, yes.").  The integration of Ximpleware's

Defendants' Motion for Partial Summary Judgment (Redacted)

parser into DCM is further illustrated by Dr. Collins' analysis showing that, of 701 component

parts of DCM that appear to originate with Versata, 362 depend directly or indirectly on the

Ximpleware parser.  Collins Decl. ¶ 12.  If Ximpleware's software were to be removed from

Version 3.9 of DCM, DCM would not function.  Versata has admitted that fact:

> Q:  And I gather what you were saying … is that if you pulled a few packages out
> of this set of packages it would have an effect on other packages within DCM?
>
> A:  *Redacted Pursuant to Agreed Protective Order*
>
> Q:  Okay.  And – and depending upon the package, pulling a package out might
> make DCM not function at all?
>
> A:  *Redacted Pursuant to Agreed Protective Order*
>
> Q:  And are there particular packages within DCM that you could identify as
> being more or less important in terms of the overall functioning of DCM than
> others?
>
> A:  *Redacted Pursuant to Agreed Protective Order*

Redmond Ex. H at 121-122.

As a work incorporating and integrating the Ximpleware parser, DCM Version 3.9, *as a*

*whole*, is governed by the terms and conditions of the GPL.

- "These requirements apply to the modified work as a whole." (§ 5)

- "[B]y modifying or distributing the Program (or any work based on the Program),
  you indicate your acceptance of this License to do so, and all its terms and
  conditions for copying, distributing or modifying the Program or works based on
  it." (*Id.*)

Collins Ex. B.

Ameriprise is accordingly entitled to a declaration that DCM Version 3.9 is subject to and governed by the GNU General Public License attached as Exhibit B to the Collins Declaration.

**D.     Under The GPL, Ameriprise is Entitled to the Source Code for DCM Version 3.9**

Versata's decision to incorporate the free GPL-licensed Ximpleware software in DCM Version 3.9 imposes upon Versata the obligations of the GPL.  Versata was required, among other things, to publish an appropriate copyright notice and disclaimer of warranty on each copy of DCM Version 3.9; to provide recipients of DCM Version 3.9 with a copy of the GPL; and to license DCM 3.9 at no charge to recipients.  *See* Collins Ex. B §§ 1-3, 6.  The GPL also prohibits anyone who incorporates a GPL-licensed program from imposing any restrictions on the recipient's use of the distributed program that differ from those in the GPL.  *Id.* § 6.  Versata has not complied with *any* of these obligations.  *See* Collins Decl. ¶¶ 10.

The key obligation relevant to this case is that, when Versata incorporated and integrated the open source Ximpleware parser into DCM Version 3.9 and distributed it to Ameriprise (among other customers), Versata agreed to accompany any distribution of the computer-executable version of DCM with the DCM source code, or with a written offer to provide the source code.  The GPL expressly states this obligation in several sections:

> These restrictions translate to certain responsibilities for you if you distribute copies of the software, or if you modify it.  For example, if you distribute copies of such a program, whether gratis or for a fee, you must give the recipients all the rights that you have.  *You must make sure that they, too, receive or can get the source code.*

Collins Ex. B, Preamble (emphasis added).

14

You may copy and distribute the Program (or a work based on it, under Section 2) in object code or executable form under the terms of Sections 1 and 2 above *provided that you also do one of the following*:

> a) Accompany it with the complete corresponding machine-readable source code, which must be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; or

> b) Accompany it with a written offer, valid for at least three years, to give any third party, for a charge no more than your cost of physically performing source distribution, a complete machine-readable copy of the corresponding source code, to be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange …

Collins Ex. B § 3 (emphasis added). Versata did not provide Ameriprise with DCM source code when it delivered DCM Version 3.9 to Ameriprise; nor did it accompany the delivery with a written offer to do so. And despite Ameriprise's demand, Versata has refused to provide Ameriprise with the source code for DCM Version 3.9. *See* Redmond Ex. G; Redmond Decl. ¶ 9.

Ameriprise is accordingly entitled now to partial summary judgment establishing that Versata's provision of DCM Version 3.9 is subject to the terms and conditions of the GPL submitted as Collins Ex. B and, more specifically, that Ameriprise is entitled to the source code for DCM Version 3.9 in its entirety, subject only to the terms and conditions of the GPL.

## IV.    SUMMARY JUDGMENT EVIDENCE

In support of its motion, Ameriprise relies on the following evidence:

- Exhibit 1 – July 22, 2013 Declaration of Dr. John Collins ("Collins Decl."), with attached exhibits ("Collins Ex."). *(Served but not yet filed with the Court in conformance with Agreed Protective Order pending Versata's opportunity to seek a sealing order )*

Defendants' Motion for Partial Summary Judgment (Redacted)

- o Collins Ex. A – Resume of Dr. John Collins *(Served on the Parties but not yet filed with the Court in conformance with Agreed Protective Order pending Versata's opportunity to seek a sealing order )*

- o Collins Ex. B – Version 2 of the GNU General Public License *(Served but not yet filed with the Court in conformance with Agreed Protective Order pending Versata's opportunity to seek a sealing order )*

- Exhibit 2 – July 23, 2013 Declaration of Heather Redmond ("Redmond Decl."), with attached exhibits ("Redmond Ex.").

  - o Redmond Ex. A – Redacted Version of October 1999 Master License Agreement

  - o Redmond Ex. B – Draft Notice of Deposition of Versata Corporate Representative

  - o Redmond Ex. C – Versata's original response and objections to Interrogatory No. 7

  - o Redmond Ex. D – Versata's original response and objections to Request for Production No. 13

  - o Redmond Ex. E – Court Order overruling Versata's discovery objections

  - o Redmond Ex. F – Versata's supplemental Response to Interrogatory No. 7 *(Served but not yet filed with the Court in conformance with Agreed Protective Order pending Versata's opportunity to seek a sealing order )*

  - o Redmond Ex. G – Letter from Ameriprise's counsel to Versata's counsel

  - o Redmond Ex. H – Excerpts of the Deposition of Versata's Corporate Representative, including Exhibit 34 to the Deposition *(Served but not yet filed with the Court in conformance with Agreed Protective Order pending Versata's opportunity to seek a sealing order )*

## V.   CONCLUSION AND REQUEST FOR RELIEF

Versata did not need to incorporate a third party's intellectual property into DCM.  It could have created an entirely proprietary set of software.  But once it chose to incorporate Ximpleware open source code into its product and distributed it as a single, integrated package,

16

Versata accepted the terms and conditions of the GPL and subjected its DCM software to a license – the GPL – that governs the distribution of DCM Version 3.9.  Under the explicit, straightforward terms of the GPL, Ameriprise is entitled to obtain the source code for DCM Version 3.9 in its entirety and to use it freely, consistent with the terms of the GPL.

The Court should therefore grant Ameriprise's Motion for Partial Summary Judgment and make the following declarations:

1.      Versata's DCM Version 3.9 software licensed to Ameriprise is subject to and governed by Version 2 of the GNU General Public License submitted as Collins Ex. B; and

2.      Ameriprise is entitled, pursuant to the terms of Version 2 of the GNU General Public License, to obtain and freely use the source code for DCM Version 3.9 subject only to the terms and conditions of the GPL.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP


By      /s/ Christopher D. Sileo
        Steve McConnico
        Texas Bar No. 13450300
        E-Mail:  smcconnico@scottdoug.com
        Christopher D. Sileo
        Texas Bar No. 24027977
        E-Mail:  csileo@scottdoug.com
600 Congress Avenue, Suite 1500
Austin, Texas  78701
Phone: (512) 495-6300
Fax:  (512) 474-0731


**Of Counsel:**

DORSEY & WHITNEY LLP
Peter M. Lancaster (MN ID # 0159840)
Heather D. Redmond (MN ID # 0313233)
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
T: (612) 340-2600
E-Mail: lancaster.peter@dorsey.com
E-Mail: redmond.heather@dorsey.com

**ATTORNEYS FOR COUNTERCLAIMANT
AND DEFENDANTS**

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below on July 24, 2013.

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Ave., Suite 2100
Austin, TX  78701
Facsimile: (512) 495-6093
*Attorneys for Plaintiffs*

**Via Email (tcbarton@
mcginnislaw.com) and Hand Delivery**

Steven J. Mitby
Benjamin F. Foster
Ahmad, Zavitsanos, Anaipakos, Alavi
& Mensing, PC
1221 McKinney Street, Suite 3460
Houston, TX  77010
Facsimile: (713) 655-0062
*Attorneys for Plaintiffs*

**Via Email (smitby@azalaw.com /
bfoster@azalaw.com ) and Facsimile**

/s/ Christopher D. Sileo
Christopher D. Sileo

Defendants' Motion for Partial Summary Judgment (Redacted)

**CAUSE NO. D-1-GN-12-003588**

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A | § | IN THE DISTRICT COURT |
| TRILOGY SOFTWARE, INC., AND | § | |
| VERSATA DEVELOPMENT GROUP, | § | |
| INC., F/K/A TRILOGY DEVELOPMENT | § | |
| GROUP, INC., | § | |
| | § | |
|     PLAINTIFFS | § | |
| | § | |
| V. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| AMERIPRISE FINANCIAL, INC., | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., AMERICAN ENTERPRISE | § | |
| INVESTMENT SERVICES, INC., | § | |
| | § | |
|     DEFENDANTS | § | 53RD JUDICIAL DISTRICT |

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

TO:    Plaintiff, Ameriprise Financial, Inc., by and through its attorneys of record, Peter M. Lancaster, Heather D. Redmond, Andrea Caron Wiltrout, and Kristin K. Zinsmaster; Dorsey & Whitney LLP; 50 South Sixth Street, Suite 1500; Minneapolis, Minnesota 55402-1498.

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs Versata Software, Inc. and

Versata Development Group, Inc., respond to Defendants' First Set of Interrogatories.

**EXHIBIT C**

Respectfully Submitted,

**AHMAD ZAVITSANOS ANAIPAKOS,
ALAVI, MENSING , P.C.**

Steven J. Mitby
State Bar No. 24037123
smitby@azalaw.com
Benjamin F. Foster
State Bar. No. 24080898
bfoster@azalaw.com
Megan Bibb
State Bar No. 24073924
mbibb@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing document upon the following counsel by U.S. mail on March 15, 2013:

G. Alan Waldrop
John R. Nelson
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
awaldrop@lockelord.com
jnelson@lockelord.com

Peter M. Lancaster
Heather D. Redmond
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2600 (Telephone)
(612) 340-2868 (Facsimile)
lancaster.peter@dorsey.com
redmond.heather@dorsey.com

Travis Barton
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)
tcbarton@mcginnislaw.com

Benjamin F. Foster

2

## OBJECTIONS AND ANSWERS TO FIRST SET OF INTERROGATORIES

1.      Substantiate all occasions on which Versata instructed Ameriprise or Infosys not to decompile files.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome; impermissibly requires Versata to marshal its evidence through the use of the word "all"; and is not reasonably calculated to lead to the discovery of admissible evidence in that Versata had no obligation to "instruct" Ameriprise regarding obligations that were explicitly stated in the 1999 Master License Agreement that Ameriprise executed with Versata.

Subject to and without waiving the forgoing objections, Versata responds as follows: Versata has repeatedly instructed both Ameriprise and Infosys that de-compilation is not permitted. By way of example, and without limitation, Section 10.1 of the 1999 Master License Agreement between Versata and Ameriprise specifically prohibits decompilation, copying, or reverse-engineering.  Other parts of the MLA also prohibit Ameriprise from misusing of Versata's confidential information (e.g., Section 10.1) and from using competitors like Infosys as contractors on Versata software (e.g., Section 4.8).  In addition, the MLA contains strict anti-waiver provisions (e.g., Section 12.9).

Versata reiterated its instruction that decompilation is impermissible in correspondence, including, for example, an August 2, 2010 email and August 19, 2010 letter from Hemant Shah to Ryan Macomb and subsequent correspondence between Versata and Ameriprise.  Versata also had multiple discussions with Ameriprise in 2010, 2011, and 2012 in which Versata representatives continued to reiterate this instruction.  In addition, Versata also sued Infosys in 2010 for decompiling software files and has reiterated its objections to decompilation in multiple public court filings.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

2.      Substantiate any alleged occasions that DCM files at Ameriprise have been decompiled, including without limitation the dates, circumstances, and identities of persons involved.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome; and impermissibly requires Versata to marshal its evidence through the use of the word "any." Plaintiff further objects on the grounds that the information responsive to this request for production is governed by the protective order in place in *Versata Software et al v. Infosys Technologies LTD.*,

Case No. 1:10-cv-00792 pending in the Western District of Texas Austin Division, which restricts Versata's ability to produce information to Ameriprise in this litigation.

Subject to and without waiving the foregoing, Versata responds as follows: Through its ligation with Infosys Versata has uncovered significant evidence of DCM decompilation. Specifically, on October 25, 2012, in response to discovery, Infosys identified approximately 99 discrete instances of decompilation in a spreadsheet. This spreadsheet will be produced once Ameriprise, Infosys and Versata reach terms on a protective order permitting the production of Infosys Attorney's Eyes Only materials to Ameriprise in this litigation. On that same date, Infosys also separately identified the 5,000 decompiled Versata DCM files that, at the time, Infosys claimed were stored on a laptop in Bangalore. Versata recently learned that these files are actually on an Infosys server in India to which Versata believes that multiple Infosys personnel have had access.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

3.      Identify all competitors of Versata with respect to the development of enterprise compensation or configuration software since January 1, 2007, including without limitation identification of the specific software product that makes such entity a competitor.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome. Plaintiff further objects that to the extent this interrogatory seeks information regarding entities not utilized by Ameriprise such information is not relevant, and is not reasonable calculated to lead to the discovery of relevant information and is therefore outside the scope of discovery.

Subject to and without waiving the foregoing, Versata answers as follows: Infosys which owns MacCamish Systems is a competitor of Versata in the development of compensation and configuration software because MacCamish develops and sells enterprise compensation and configuration software (including its PMACS product) that competes directly with Versata. TCS is also a competitor of Versata because TCS develops and sells enterprise compensation and configuration software (including its BANCS product) that competes directly with Versata. Versata has many other competitors in the enterprise compensation and configuration software space, but has limited its answer to the two competitors that Ameriprise has admitted to giving access to Versata's software in violation of the Master License Agreement.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

4.      Substantiate any claim that Infosys, TCS, or any other third party providing services relating to Ameriprise's DCM is a competitor of Versata with respect to the development

of enterprise compensation or configuration software, including without limitation identification of the specific competing software product or service and any occasion on which Versata has lost revenues as a result of such alleged competitor.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, relevant information is provided in response to Interrogatory No. 3 above.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

5.   Substantiate all efforts you have made since January 1, 2007 to maintain confidentiality of DCM code.

**ANSWER:**

Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. These objections specifically include, but are not limited to, defendants use of the word "all" as unduly burdensome, requires plaintiff to marshal all its evidence and is beyond the scope of discovery.

Subject to and without waiving the foregoing Versata answers as follows: The efforts Versata has undertaken to protect the confidentiality of DCM source code include, by way of example and not limitation, the following: (1) requiring confidentiality agreements with customers that contain similar requirements to the ones in the MLA, including prohibitions on decompilation, copying, reverse-engineering, or disclosure to competitors; (2) requiring confidentiality agreements with employees and contractors; (3) limiting access to DCM source code to employees and contractors who work on source code; (4) storing source code on secure servers; (5) denying customers and competitors access to source code; (6) requiring customers to grant Versata audit rights; (7) engaging in litigation against Infosys to enforce Versata's policy against decompilation.

Versata reserves the right to supplement this response as it continues to marshal its evidence, investigate its claims, and conduct discovery.

6.   Substantiate any damage caused by Ameriprise's alleged breach of the Agreement, including without limitation any damage claimed in connection with any decompilation.

**ANSWER:**

5