GREGORY S. TAMKIN (State Bar No. 175009)
CASE COLLARD (State Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile:  (303) 629-3450
Email: tamkin.greg@dorsey.com
Email: collard.case@dorsey.com
*Attorneys for Defendants Ameriprise Financial, Inc.
and Ameriprise Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>       Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; AMERIPRISE FINANCIAL SERVICES, INC.; AND AUREA SOFTWARE, INC A/K/A AUREA, INC.,<br><br>       Defendant. | Case No. 13-cv-05160 NC<br><br>DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S RESPONSE  IN OPPOSITION TO *EX PARTE*  APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT.......................................................................................................................1

    A.    XimpleWare's Request is Not Urgent..................................................................3

    B.    There Cannot Be Irreparable Harm Caused by Ameriprise's Legal Use of Freely-Available, Open-Source Software ..........................................5

    C.    XimpleWare's Request Does Not Satisfy the Test for Injunctive Relief ................................................................................................................6

        1.    XimpleWare Will Not Succeed on the Merits of its Claim Because Ameriprise's Use is Allowed Under Copyright Law and XimpleWare's Own Distribution Terms ....................................6

            (a)    Ameriprise's Use of XimpleWare is Not a Violation of Copyright Law..................................................................6

            (b)    Versata's Failure to Comply With the GPL Cannot Support a Claim Against Ameriprise..................................7

        2.    The Balance of the Equities Favors Ameriprise, the Unknowing User of XimpleWare's Software ............................................8

        3.    The Public Interest Does Not Favor Constraining the Use of Open Source Software........................................................................9

    D.    The Court Should Not Order Expedited Discovery ............................................9

III. CONCLUSION...................................................................................................................9

## Table of Authorities

Page(s)

**CASES**

*Adobe Systems, Inc. v. South Sun Products, Inc.*,
  187 F.R.D. 636 (S.D. Cal. 1999) ............................................................................................... 3

*Duke Energy Trading and Mktg., L.L.C. v. Davis*,
  267 F.3d 1042 (9th Cir.2001) ..................................................................................................... 4

*Earth Island Inst. v. U.S. Forest Serv.*,
  442 F.3d 1147 (9th Cir.2006) ..................................................................................................... 4

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  609 F. Supp. 2d 951 (N.D. Cal. 2009) ....................................................................................... 5

*In re Excel Innovations, Inc.*,
  502 F.3d 1086 (9th Cir.2007) ..................................................................................................... 4

*Jacobsen v. Katzer*,
  609 F.Supp.2d 925 (N.D. Cal. 2009) ..................................................................................... 2, 5

*Lands Council v. Martin*,
  479 F.3d 636 (9th Cir.2007) ....................................................................................................... 4

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S.D.A.*,
  415 F.3d 1078 (9th Cir.2005) ..................................................................................................... 4

*Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.*,
  907 F.Supp.2d 1086 (N.D. Cal. Nov 06, 2012) ................................................................. 2, 4, 5

*Winter v. Natural Res. Def. Council Inc.*,
  129 S.Ct. 365 (2008) ............................................................................................................. 1, 2

**STATUTES**

17 U.S.C. § 106 ................................................................................................................................ 6

17 U.S.C. § 106 (a)-(c) .................................................................................................................... 6

**OTHER AUTHORITIES**

Fed.R.Civ.P. 65(a) ........................................................................................................................... 1

L.R. 7-2 ............................................................................................................................................ 5

Rule 65(b) ........................................................................................................................................ 3

Defendants Ameriprise Financial Inc. and Ameriprise Financial Services, Inc. (collectively "Ameriprise") respond to Plaintiff's *ex parte* Motion for Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction and for Expedited Discovery as follows:

## I.  INTRODUCTION

After allegedly discovering the use of its software in Defendant Versata Software Inc.'s ("Versata") product in July of this year and filing a Complaint more than three months later, Plaintiff XimpleWare Corp. ("XimpleWare") comes to this Court seeking a Temporary Restraining Order on an *ex parte* basis.  XimpleWare's own delay shows that there is no need for the relief requested and, in any event, there is no basis to grant this sort of emergency relief *ex parte* and without full briefing. The Court should deny XimpleWare's request for a TRO against Ameriprise for three straight-forward reasons: (1) XimpleWare has no immediate need for injunctive relief—it has delayed *months* in seeking this Order; (2) XimpleWare has not offered any evidence of irreparable harm; and (3) XimpleWare cannot meet the remaining likelihood of success, balancing of the equities, and public interest prongs of the test for injunctive relief.  In short, XimpleWare has simply not proffered evidence to warrant an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council Inc.,* 129 S.Ct. 365, 376 (2008).

At bottom, this is a dispute about whether XimpleWare is entitled to licensing revenue from Versata—not Ameriprise—for source code that it otherwise licenses for free under an open source license.  While the evidence may very well show that Versata breached the open source license, there is no basis to enjoin *Ameriprise* from any activity as a result of Versata's conduct. Furthermore, there has been no showing that money damages from Versata would not adequately compensate XimpleWare and that XimpleWare is entitled to injunctive relief impacting Versata's customer, Ameriprise.

## II.  ARGUMENT

XimpleWare can only receive a Temporary Restraining Order if it can "clearly show that ***immediate*** and ***irreparable*** injury, loss, or damage will result to the movant[.]" Fed.R.Civ.P. 65(a),

1   (emphasis added).  XimpleWare cannot show either immediacy or irreparable injury.  First,

2   XimpleWare has delayed for months in bringing this request for injunctive relief.  By its own

3   admission, XimpleWare first learned of the conduct about which it complains before July 24, 2013.

4   Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 4 *citing* Russo Declaration at ¶ 3.

5   XimpleWare then waited to file its complaint against Versata and Ameriprise until nearly three

6   weeks ago on November 5, 2013.  Dkt. No. 1.  There have been no changes in the facts or increased

7   exigencies—XimpleWare cites none—that would justify immediate injunctive relief four months

8   after XimpleWare became aware of the situation about which it now complains.  Second,

9   XimpleWare has not identified any harm, let alone irreparable harm, from Ameriprise's internal use

10  of a Versata software product ("DCM 3.9") that apparently incorporates the open-source

11  XimpleWare code.  XimpleWare must proffer, "admissible evidence and with a clear likelihood of

12  success that the harm is real, imminent and significant, not just speculative or potential." *Jacobsen*

13  *v. Katzer*, 609 F.Supp.2d 925, 937 (N.D. Cal. 2009) *citing Winter,* 129 S.Ct. at 374.  The use of

14  open-source software like XimpleWare is freely allowed.  XimpleWare is still available today for

15  free download and use by anyone in the world.  Declaration of Case Collard In Opposition to

16  Ximpleware's Ex Parte Application For Temporary Restraining Order, Order To Show Cause Re:

17  Preliminary Injunction, and for Expedited Discovery ("Collard Decl.") at ¶ 2.  XimpleWare has

18  not—and cannot—show that Ameriprise's continued internal use of DCM 3.9 violates the terms of

19  the applicable license or will actually harm it, let alone cause XimpleWare immediate and

20  irreparable harm.

21      Ultimately, XimpleWare cannot meet the four part test: "To obtain preliminary injunctive

22  relief, the moving party must show; (1) a likelihood of success on the merits; (2) a likelihood of

23  irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of

24  equities tips in favor of the moving party; and (4) that an injunction is in the public interest." *Rovio*

25  *Entertainment Ltd. v. Royal Plush Toys, Inc.*, 907 F.Supp.2d 1086, 1092 (N.D. Cal. Nov 06, 2012)

26  *citing Winter v. Natural Res. Def. Council Inc.,* 129 S.Ct. 365, 374 (2008).  In addition to its failure

27  to show irreparable harm, XimpleWare will not succeed on the merits of its case because Ameriprise

28  is free to use the XimpleWare software under the law and XimpleWare's own distribution terms.

The balance of the equities favors Ameriprise because even XimpleWare admits that Ameriprise's use is innocent and unknowing. Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 1. Finally, the public interest would not favor injunctive relief because it would constrain the rights of the public to use open-source software.

Since XimpleWare has failed to show its request is urgent, or that Ameriprise's actions would result in *any* harm to XimpleWare, XimpleWare's request for a temporary restraining order should be denied. The lack of urgency also obviates the need for expedited discovery from Ameriprise.

**A.     XimpleWare's Request is Not Urgent**

XimpleWare's request for the extreme remedy of an *ex parte* Temporary Restraining Order should be denied simply because it is not urgent. "The issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." *See* Wright & Miller § 2951.[1]

XimpleWare does not need immediate relief. It has delayed for months in bringing this request. By its own admission, XimpleWare first learned of Versata's conduct in July 2013. Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 4 *citing* Russo Declaration at ¶ 3. XimpleWare

---

[1] XimpleWare's request does not match either of the usual categories for a TRO: "*ex parte* injunctive relief under Rule 65(b) is generally confined to two situations. First, a plaintiff may obtain *ex parte* relief by showing that it is impossible to give notice to the adverse party because the plaintiff does not know the party's identity or location. […] The second and remaining way a plaintiff may obtain an *ex parte* restraining order is by showing that proceeding *ex parte* is the 'sole method of preserving a state of affairs in which the court can provide effective final relief.' For example, when a party threatens 'imminent destruction of the disputed property, its removal beyond the confines of the state, or its sale to an innocent third party,' 'giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all.'" *Adobe Systems, Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636, 639-40, (S.D. Cal. 1999).

1  filed its complaint against Versata and Ameriprise nearly three weeks ago on November 5, 2013.
2  Dkt. No. 1.  Even though XimpleWare received its copyright registration on September 4, 2013
3  (Russo Decl., Ex. 8), it waited two months more to even initiate an action.  XimpleWare's several
4  month delay *alone* warrants denying its request.  Moreover, XimpleWare waited three weeks
5  between the filing of its Complaint and the filing of its *ex parte* Motion for Temporary Restraining
6  Order.  "Parties spurred on by the threat of or actual immediate irreparable harm file for TROs as
7  quickly as possible to head or stave it off."  *Rovio*, 907 F.Supp.2d 1097 *citing In re Excel*
8  *Innovations, Inc.,* 502 F.3d 1086, 1091 (9th Cir.2007) (zero days delay); *Lands Council v. Martin,*
9  479 F.3d 636, 638–639 (9th Cir.2007) (one day delay); *Earth Island Inst. v. U.S. Forest Serv.,* 442
10 F.3d 1147, 1155–1156 (9th Cir.2006) (ten days delay); *Ranchers Cattlemen Action Legal Fund*
11 *United Stockgrowers of Am. v. U.S.D.A.,* 415 F.3d 1078, 1089 (9th Cir.2005) (six days delay); *Duke*
12 *Energy Trading and Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1048 (9th Cir.2001) (two days delay).
13 Just like in *Rovio*, in stark contrast to other TRO cases, XimpleWare has been aware of Versata's
14 alleged infringing activities for four months—and even filed a suit on November 5, 2013—but it
15 delayed its request for injunctive relief until November 25, 2013.
16         With respect to XimpleWare's timing, it is important to note that last week Ameriprise
17 moved to enforce a valid California subpoena issued to XimpleWare back in early October that was
18 issued as part of discovery in a Texas state court action between Ameriprise and Versata (the "Texas
19 Action").  Collard Decl., Exh. 1.  As outlined in the Petition, after initially agreeing to cooperate
20 with Ameriprise's document and deposition subpoena, XimpleWare decided to file the instant action
21 and a patent infringement action (the "California Actions") against both Ameriprise and Versata
22 (among others) in this District.  After filing the California Actions, XimpleWare revoked its
23 agreement, insisting that Ameriprise agree to early discovery in the California Actions.  *Id.* at ¶¶ 10-
24 18.  Ameriprise's subpoena is valid in its own right, and XimpleWare must comply.  The Texas
25 Action is very far along—discovery is closing, the summary judgment deadline is approaching, trial
26 is in February 2014—and there is no reason to coordinate discovery between the Texas Action and
27 the California Actions which are not even at issue since no party has responded.  In any event, there
28 appears to be a clear connection between Ameriprise's efforts to obtain relevant discovery in the

Texas Action and the initiation of the California Actions and the instant Motion. This Motion appears to be some sort of strategy to limit discovery against XimpleWare overall. As set forth more fully below, given the different postures of the cases and the different time tables, there is no reason to relate discovery or the cases, especially given that the Motion appears to be a strategic effort related only to discovery.

Regardless of the expedited discovery issue, XimpleWare's extreme delay is fatal to its TRO request, because XimpleWare's own actions show that it is in no hurry. Frankly, the fact that the copyright registration was only filed on this open-source, 5-plus year old software in 2013 shows that there is no urgency to enforcement of any copyright action. If XimpleWare wants preliminary injunctive relief, then it should move for such relief and allow the parties time for fulsome briefing, normal discovery and an argument sometime after January 8, 2014 under the Court's normal briefing and discovery schedule. L.R. 7-2 ("hearing not less than 35 days after service of the motion").

**B.     There Cannot Be Irreparable Harm Caused by Ameriprise's Legal Use of Freely-Available, Open-Source Software**

In its request for a TRO, XimpleWare did not argue that it is being harmed, let alone irreparably harmed. That is not hyperbole; there is no section of the papers discussing irreparable harm. XimpleWare and the Court may *not* presume harm even if XimpleWare proves a likelihood of success on the merits—which it cannot. *Rovio*, 907 F.Supp.2d 1087 ("presuming irreparable harm is impermissible when a plaintiff demonstrates a likelihood of success on a copyright infringement claim."). XimpleWare's request for a TRO fails because it did not make the required showing that harm will result from Ameriprise's continued, lawful use. Such harm must be "real, imminent and significant, not just speculative or potential." *Jacobsen*, 609 F.Supp.2d at 937.

Even if XimpleWare had attempted to show irreparable harm from Ameriprise's continued use, it would not have been able to do so. First, XimpleWare has executed commercial licenses with others, presumably for a licensing fee. Zhang Declaration at ¶ 26. Since XimpleWare has a commercial licensing program in which it has demonstrated a willingness and ability to set a licensing fee, there cannot be irreparable harm since money damages would suffice as compensation for any injury. *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 986 (N.D. Cal.

2009) (a historical licensing program suggests that the party requesting injunctive relief, "is primarily concerned with monetary compensation for use of its patented technology.") Second, XimpleWare has licensed its software for free under the terms of the GPL. Zhang Declaration at ¶ 8. If XimpleWare freely permits downloading and use of its software, it cannot be harmed by anyone's use of the software, including Ameriprise's. Indeed, Ameriprise's use is lawful and in accord with XimpleWare's distribution terms. XimpleWare cannot be harmed by a party following Ximpleware's own distribution terms. Accordingly, XimpleWare would not be able to show "real, imminent and significant" irreparable harm from Ameriprise's lawful use.

### C. XimpleWare's Request Does Not Satisfy the Test for Injunctive Relief

XimpleWare will not succeed on the merits of this case because Ameriprise is free to use the XimpleWare software under copyright law and XimpleWare's own distribution terms. The balance of the equities favors Ameriprise, because even XimpleWare admits that Ameriprise's use is innocent and unknowing. Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 1. Finally, the public interest would not favor injunctive relief because an injunction would improperly constrain the rights of open-source software users.

#### 1. XimpleWare Will Not Succeed on the Merits of its Claim Because Ameriprise's Use is Allowed Under Copyright Law and XimpleWare's Own Distribution Terms

XimpleWare's request for a TRO is based on its allegation that Ameriprise violated its copyright. But Ameriprise's use is not a violation of copyright law, or a violation of the terms under which XimpleWare makes its software available and Ameriprise received it. Since Ameriprise's use of XimpleWare's software is fully compliant with copyright law and XimpleWare's terms of distribution, XimpleWare cannot show that it is likely to succeed in its copyright claim.

##### (a) Ameriprise's Use of XimpleWare is Not a Violation of Copyright Law

XimpleWare brought a copyright action against Ameriprise under 17 U.S.C. § 106 and now justifies its request for a TRO using that claim. That section protects the copyright holder's right to engage in six actions (only three are applicable here): 1) reproduce the copyrighted work in copies, 2) prepare derivative works based upon the copyrighted work, and 3) to distribute copies […] of the copyrighted work to the public by sale. 17 U.S.C. § 106 (a)-(c). XimpleWare has not alleged that

Ameriprise has modified or distributed the XimpleWare software. XimpleWare's only allegation of reproduction is "internal copying," (Dkt. No. 1 at ¶ 60), but a) there is no evidence that Ameriprise has copied the Versata program (because it has not) and b) even if Ameriprise were using multiple copies (which it is not), because XimpleWare's code is open-source and freely available to users there is no restriction on using multiple copies—a user can download and use as many copies as it needs. Put another way, XimpleWare has tried to shoehorn Ameriprise's use of the freely available, open-source XimpleWare software into a copyright violation by assuming that Ameriprise copies and distributes Versata's DCM (which contains XimpleWare) *and* assuming that copying and distribution of open-source software *within an entity* would be a copyright violation. XimpleWare has proffered no legal or factual support for this position and is not likely to succeed on the merits of its claim.

### (b) Versata's Failure to Comply With the GPL Cannot Support a Claim Against Ameriprise

XimpleWare alleges that Versata failed to comply with the GPL and "Thus, the GPL provides no protection for Versata and thus, none for Ameriprise either." Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 7. XimpleWare's allegation as it concerns Ameriprise is wrong for two reasons.

First, in contrast to the situation where one distributes or modifies software, Ameriprise's *use* of the software is not constrained by the GPL. The General Public License explicitly excludes use: "Activities other than copying, distribution and modification are not covered by this License; they are outside its scope." Dkt. No. 1-1, GPL v.2, section 0. Use of the software is freely allowed, indeed, that is the whole *raison d'etre* of open source software, "The GNU General Public License is intended to guarantee your freedom to share and change free software—***to make sure the software is free for all its users***." *Id.*, Preamble, (emphasis added).[2] Ameriprise's internal use of the

---

[2] The GPL's discussion of patent rights makes this abundantly clear, "we have made it clear that any patent must be licensed for everyone's *free use* or not licensed at all." GPL v.2, Preamble, (emphasis added).

XimpleWare product cannot harm XimpleWare.  If it did, then XimpleWare should stop making its product freely available for download and use.  It has not.  Collard Decl. at ¶ 2.

Second, Versata's failure to comply with the GPL has no bearing on Ameriprise's rights.  Ameriprise could download the XimpleWare software independently and engage in "copying, distribution and modification" pursuant to the GPL.  The software is freely available for download today, November 25, 2013.  *Id*.  There is no evidence or allegation that Ameriprise has copied, distributed, or modified the XimpleWare software in a way that would invoke the obligations of the GPL, but even if there were, there is no evidence or allegation that Ameriprise has distributed the software or failed to comply with those obligations.  Only Versata is alleged to have violated the terms of the GPL.  Put simply, Versata's failures do not implicate Ameriprise and cannot serve as a basis for an injunction constraining Ameriprise's use of the XimpleWare software.[3]

Since Ameriprise's use of XimpleWare is fully compliant with the law and XimpleWare's terms of distribution, XimpleWare will not succeed on the merits of its claim, nor are there even serious questions going to the merits of XimpleWare's claims against Ameriprise.  Since XimpleWare cannot show a likelihood of success its request for a TRO must be denied.

**2.     The Balance of the Equities Favors Ameriprise, the Unknowing User of XimpleWare's Software**

XimpleWare admits that Versata "concealed its infringement from both XimpleWare and Ameriprise."  Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 1.  Ameriprise innocently and unknowingly received the XimpleWare software—which it could have legally downloaded—from Versata.  Nonetheless, XimpleWare asks the Court to impose restrictions on Ameriprise as a result of its receiving XimpleWare's software as a component part of another package from Versata.  It would not favor the balance of the equities to enter a TRO—based on Versata's alleged

---

[3] In fact, the GPL specifically notes that a party who receives copies or rights under the GPL does not lose those rights even if the party who transferred those rights has its rights terminated.  GPL v.2, Section 4.

wrongdoing— which constrains Ameriprise's use to something less than it could get by downloading the software today.

### 3. The Public Interest Does Not Favor Constraining the Use of Open Source Software

Open-source software is designed to ensure the rights of public users. "The GNU General Public License is intended to guarantee your freedom to share and change free software—to make sure the software is free for all its users." Dkt. No. 1-1, GPL v.2, Preamble. It would not serve the public interest for the Court to limit the rights of open-source software users like Ameriprise based on the alleged transgressions of Versata of which it had no knowledge. If anything, the rights of open-source software users deserve extra protection in light of the extreme lengths open-source software providers go to ensure them. That this is the goal of the very license that XimpleWare chose for its distribution terms for its software is abundantly clear. GPL v.2, Preamble.

### D. The Court Should Not Order Expedited Discovery

In light of XimpleWare's delay, there is no reason to expedite discovery in this case, a case in which no party has filed a responsive pleading. XimpleWare's claims against Ameriprise can be heard in the course of a normal case schedule. Nor is there any need to coordinate the proceedings of this case with the Texas Action. As noted above, the Texas Action is set for trial in February 2014 and is in the final stages of discovery. No party has even answered in the California Actions. By filing the cases, XimpleWare must have known that Mr. Zhang will have to sit for depositions. There is no harm—XimpleWare certainly argues none—in having Mr. Zhang sit for a deposition in response to the Ameriprise Subpoena in the Texas Action and sit for an additional deposition sometime in 2014 or 2015 if the California Actions he authorized survive the likely motions to dismiss for failure to state a claim.

### III. CONCLUSION

XimpleWare cannot show *immediate and irreparable harm* so the Court must deny its request for the extraordinary remedy of a TRO. Indeed, XimpleWare cannot meet any of the prongs that would warrant this relief and has only moved for this relief as part of a discovery dispute. Ameriprise respectfully requests the Court deny all of XimpleWare's requested relief.

Respectfully submitted December 2, 2013.

/s/ Gregory S. Tamkin
Gregory S. Tamkin
Case Collard
DORSEY & WHITNEY, LLP
Email: tamkin.greg@dorsey.com
Email: collard.case@dorsey.com
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone:(303) 629-3400
Facsimile: (303) 629-3450

***Attorneys for Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc.***

CERTIFICATE OF SERVICE

On December 2, 2013, I caused the foregoing document, titled DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S RESPONSE IN OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY, to be electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case. Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record for counsel in the case constitutes service on the receiving parties.

                                        /s/ Gregory S. Tamkin
                                        Gregory S. Tamkin