GREGORY S. TAMKIN (SBN 175009)
CASE COLLARD (SBN 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
E-Mail: tamkin.greg@dorsey.com
collard.case@dorsey.com

MARTHA LUEMERS (SBN 104658)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
E-Mail: luemers.martha@dorsey.com

Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.

ENDORSED
2013 NOV 20 A 8: 24
David H. Yamasaki, Clerk of the Court
County of Santa Clara, California
By: P. Mahan
    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED

AMERIPRISE FINANCIAL, INC., a Delaware Corporation; AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation; and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., a Delaware Corporation,

Petitioners,

v.

XIMPLEWARE CORP., A CALIFORNIA CORPORATION,

Respondent.

CASE NO. 113CV256454

**PETITION TO ENFORCE DEPOSITION SUBPOENA IN ACTION PENDING OUTSIDE CALIFORNIA**

[C.C.P. §§ 2029.600 & 2025.450]

Petitioners Ameriprise Financial, Inc., a Delaware Corporation; Ameriprise Financial Services, Inc., a Delaware Corporation; and American Enterprise Investment Services, Inc., a Delaware Corporation, (hereinafter collectively referred to as "Ameriprise") for its Petition to Enforce Deposition in Action Pending Outside California ("Petition") against Respondent

-1-
PETITION TO ENFORCE DEPOSITION SUBPOENA IN ACTION PENDING OUTSIDE CALIFORNIA

**Exhibit 1 to Declaration of C. Collard in Opposition to Ex Parte Application for TRO**

1. XimpleWare Corp., a California corporation, (hereinafter "XimpleWare") states and alleges that XimpleWare has failed to comply with a valid Deposition Subpoena for Personal Appearance and Production of Documents, Electronically Stored Information, and Things in Action Pending Outside California. Ameriprise personally served the Subpoena on XimpleWare's agent for service of process on October 6, 2013. The Subpoena set the deposition of XimpleWare with production of documents for November 5, 2013, but after initially requesting and agreeing to produce documents and set a mutually agreeable date for a deposition the first week of December 2013, XimpleWare has failed and refused to provide a date certain for the deposition and production.

In support of its Petition, Ameriprise alleges as follows:

A. <u>Parties</u>

1. Ameriprise Financial, Inc.; Ameriprise Financial Services, Inc.; and American Enterprise Investment Services, Inc., are Delaware Corporations with their principle place of business in Minneapolis, Minnesota.

2. XimpleWare Corp. is a California corporation with its principle place of business in Milpitas, California.

B. <u>Venue</u>

3. Venue is appropriate in this court pursuant to C.C.P. § 2029.600 because: (a) the acts and omissions alleged herein have in part taken place and are going to take place in this judicial district; and (b) the locale for the deposition at issue is Palo Alto, California.

C. <u>Factual Background</u>

4. Ameriprise is currently engaged in litigation with Versata Software, Inc. and Versata Development Group, Inc. in the District Court of Travis County, Texas (Case No. D-1-GN-12-003588) (the "Versata Litigation"). Declaration of Case Collard in Support of Petition to Enforce Deposition Subpoena in Action Pending Outside California ("Collard Decl.") at ¶ 2. That case is currently scheduled for trial on February 24, 2014. *Id.* The final day to complete depositions in the Versata Litigation is December 20, 2013 and the final day to file summary judgment motions is January 16, 2014. *Id.*

5. The Versata Litigation is a breach of contract action alleging that Ameriprise has violated an agreement by which it received a license to a significant software product from Versata, a product currently referred to as DCM 3.9. During the course of discovery, however, it has become clear to Ameriprise that Versata breached the very agreement that is the subject of the Versata Litigation by failing to comply with a license pursuant to which it obtained a portion of the DCM 3.9 code. Namely, a significant portion of DCM 3.9 incorporates and relies upon XimpleWare software which is distributed pursuant to the GNU General Public License. Versata has denied that it is in breach of the agreement or that it otherwise is liable to Ameriprise as a result of its practices surrounding XimpleWare or the XimpleWare product. Accordingly, Ameriprise sought discovery from XimpleWare into its licensing practices, the means by which XimpleWare makes its source code available, and its relationship with Versata (if any). *Id.* at ¶ 3.

6. Ameriprise issued a valid Texas Discovery Subpoena seeking this discovery from XimpleWare on October 1, 2013. Collard Decl., Exh. 1, Texas Subpoena.

7. On October 2, 2013, Ameriprise issued a Deposition Subpoena for Personal Appearance and Production of Documents, Electronically Stored Information, and Things in Action Pending Outside California, incorporating the terms of the Texas subpoena, pursuant to California Code of Civil Procedure § 2029.350. Collard Decl. Exh 2, California Subpoena on XimpleWare (hereinafter "Subpoena").

8. Ameriprise completed personal service on Jimmy Zhang, XimpleWare's registered agent for Service of Process, on October 6, 2013. Collard Decl. Exh. 3, Proof of Service.

9. On October 22, 2013, Versata served a cross-notice of deposition on XimpleWare covering similar subjects. Collard Decl. Exh. 4, Versata Cross Notice.

10. On October 23, 2013, counsel for XimpleWare, Jack Russo, responded to Ameriprise's Subpoena and Versata's cross notice with a letter and objections to both Ameriprise's Subpoena and Versata's Cross Notice. Collard Decl. Exh. 5, Oct. 23 Russo Letter; Collard Decl. Exh. 6, Objections to Ameriprise Subpoena; Collard Decl. Exh. 7, Objections to Versata Cross Notice. Mr. Russo stated that, "we are willing to work with you and your offices to set a date for a single deposition of our client on an agreed date that works with everyone's

schedule. Right now, I believe our client would need at least until the end of November to identify, locate, and compile the requested documents and any deposition should then be scheduled for the first or second week of December." Collard Decl. Exh. 5.

11. XimpleWare's objections to the Amerprise Subpoena also indicated that XimpleWare would make a witness available and produce documents. Collard Decl. Exh. 6, *e.g.* Response to Examination Topic 1, "XimpleWare will produce a witness or witnesses at a mutually convenient date and time to testify to this topic[.]"; Response to Document Request 2, "XimpleWare will produce any responsive documents that are actually in XimpleWare's possession custody or control[.]"

12. On October 29, 2013, counsel for Ameriprise, Case Collard, spoke with Mr. Russo by telephone regarding the Ameriprise Subpoena. Mr. Collard asked Mr. Russo if he and his client were available for a deposition the week of November 18, 2013, but if not, that Ameriprise would agree to a deposition the first week of December. Collard Decl. at ¶ 11.

13. Mr. Collard followed up by phone on November 1, 2013 and November 5, 2013 to firm up the deposition date but did not speak with Mr. Russo. Collard Decl. at ¶ 12. On November 6, 2013, Mr. Collard followed up via email to get proposed dates for the deposition. Collard Decl. Exh. 8, Nov. 6 Collard Email.

14. After XimpleWare had agreed to cooperate in its October 23, 2013 letter and on the October 29, 2013 call, but before providing a date certain for the production or deposition, XimpleWare filed two complaints in the United States District Court for the Northern District of California (Case Nos. 13-5160 and 13-5161), each complaint naming Versata and Ameriprise as defendants along with many other parties. Collard Decl. Exhs. 9 and 10, Complaints. In a letter to Ameriprise and Versata that accompanied courtesy copies of the complaints, Mr. Russo stated that the filing of the complaints would, "impact timing of any deposition discovery." Collard Decl. Exh. 11, Nov. 5 Russo Letter. He also stated that XimpleWare would be available for a single deposition "that all defendants will be asked to participate in". *Id.*

15. Counsel for Ameriprise responded on November 7, 2013 and stated that the newly filed lawsuit did not affect the discovery in the long-pending Versata Litigation. Collard Decl.

Exh. 12, Nov. 7 Tamkin Letter. Ameriprise cannot wait for an agreement among all of the numerous defendants in the new cases before taking this deposition. *Id.* Ameriprise asked for XimpleWare's final position by the end of the day on Friday, November 8, 2013. *Id.* XimpleWare did not respond by that time. Collard Decl. at ¶ 17.

16. On Monday, November 11, 2013, Ameriprise contacted XimpleWare to confirm its final position. Collard Decl. at ¶ 18. On Tuesday, November 12, 2013, Mr. Collard spoke with Ansel Halliburton, attorney for XimpleWare, regarding the deposition scheduling. *Id.* Mr. Halliburton indicated that he would check to confirm that December 2, 2013 would work for Mr. Russo and XimpleWare for the deposition. Mr. Collard would check on December 3-5 as possible back-up dates. *Id.*

17. Shortly after the call, Mr. Collard sent a confirming email to Mr. Halliburton. In response, Mr. Russo (who was copied) responded and indicated that he would not agree to a deposition unless Ameriprise agreed to an early deposition in the recently filed litigation. Collard Decl. Exh. 13, Nov. 12 Collard/Russo Email Exchange.

18. Mr. Russo's statements of XimpleWare's position make it clear that it will not agree to a deposition as requested by Ameriprise and *as previously agreed by XimpleWare*.

19. On November 12, 2013, counsel for Versata also sent a letter to Mr. Russo and XimpleWare, also confirming that the newly filed actions have no bearing on the pending Subpoena. Collard Decl. Exh. 14, Nov. 12 Foster Letter.

20. Code of Civil Procedure Section 2029.350 provides that a California-licensed attorney may issue a California subpoena incorporating the terms of a subpoena issued in an action pending in another state. The California subpoena shall be issued on the appropriate Judicial Council form and, in addition to incorporating the terms of the foreign subpoena, shall provide the caption, names, addresses and telephone numbers of all counsel of record in the foreign action, and identify the superior court of the county in which the discovery is to be conducted. C.C.P. § 2029.350(b). The subpoena issued by attorney Martha C. Luemers on October 2, 2013, on behalf of Ameriprise satisfies all of these requirements. Collard Decl. Exhs. 1 and 2, Texas and California Subpoenas.

21. Code of Civil Procedure Section 2029.600 provides that if a dispute arises in connection with a subpoena issued pursuant to Section 2029.350, a request to enforce the subpoena "may be filed in the superior court in the county in which discovery is to be conducted" based on California discovery statutes, except that the request shall be in the form of a petition rather than a motion. This petition is properly filed in this Court because the deposition and accompanying production of documents is to be conducted in Palo Alto, California. *Id.*

22. Under Code of Civil Procedure Section 2025.450(a), if after service of a deposition notice, a party to the action fails to appear for examination, or to proceed with it, the party giving notice may move for an order compelling the deponent's attendance and testimony. Under Section 2025.450(c), if the motion is granted the Court must impose a monetary sanction in favor of the party who noticed the deposition and against the deponent if he is a party or person "affiliated" with a party (*e.g.*, as an officer, managing agent, or employee of a party), unless the deponent's failure to appear was "substantially justified." To date, XimpleWare has not provided counsel for Ameriprise with adequate justification for its failure to appear or make good on its promised to provide documents and schedule a deposition.

23. Since XimpleWare had previously agreed to produce documents in late November and sit for a deposition the week of December 2, 2013, Ameriprise requests that this Court enforce the agreement XimpleWare already made. Ameriprise asks that this Court compel a production by XimpleWare on or before December 2, 2013 and compel XimpleWare to sit for a deposition on December 6, 2013.

24. According to an agreement between Versata and Ameriprise in the Versata litigation (Collard Decl. Exh. 15, Oct. 3 Alavi Letter), Ameriprise's expert must supplement his expert disclosure to incorporate the information that will be produced by XimpleWare and testimony from the deposition within 10 days. *Id.* And the deposition of Ameriprise's expert must occur on or before December 20, 2013. *Id.* For that deposition to deal with the information produced and disclosed by XimpleWare, it must occur by December 6, 2013 so that Ameriprise's expert can supplement his report *and* there will be time to schedule Ameriprise's expert deposition by December 20, 2013. Furthermore, Ameriprise plans to file summary judgment

Exhibit 1 to Declaration of C. Collard in Opposition to Ex Parte Application for TRO

motions long before the January 16, 2014 deadline to allow adequate time for the Texas court to decide the issues well in advance at trial. Collard Decl. at ¶ 22. Accordingly, Ameriprise needs the XimpleWare documents and testimony as soon as possible.

25. Finally, by the conclusion of the hearing of this matter, counsel for Ameriprise will have been forced to bill well over $2,000.00 on tasks at issue in this petition, including scheduling, attempting to meet and confer, preparing the petition to compel, and attending the hearing on this motion. Collard Decl. at ¶ 23. As described at length above, and in accordance with California Code of Civil Procedure Section 2025.450(b)(2), counsel for Ameriprise contacted counsel for Ximpleware to meet and confer regarding Ximpleware's failure to agree on a date for the deposition and produce the documents and things described in the deposition notice. Paragraphs 12-15, *supra*. Ximpleware refused to move forward with the production or deposition without an agreement from Ameriprise to provide a deposition in a recently filed federal action (notably, Ameriprise has not even answered in that case, it is not at issue, and discovery is not yet allowed). *Id.* Thus, pursuant to Code of Civil Procedure Section 2025.450(c), Ameriprise seeks sanctions of no less than $2,000.00 from Ximpleware.

WHEREFORE, petitioner prays:

1. For an Order compelling XimpleWare to produce documents responsive to the Subpoena and appear for a deposition the first week of December—specifically December 6, 2013—at Dorsey and Whitney's Palo Alto office;
2. For reasonable attorney's fees and costs as sanctions pursuant to C.C.P. §§ 2023.030 (a) and 2025.450(g)(1) in the amount of at least $2,000;
3. For costs of suit incurred in this action; and
4. For such other and further relief as the Court deems just and equitable pursuant to C.C.P § 2025.450(g).

DATED: November 19, 2013

DORSEY & WHITNEY LLP

By: /s/ Case Collard

CASE COLLARD
Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara. I am over the age of eighteen years and not a party to the within entitled action; my business address is 305 Lytton Avenue, Palo Alto, California 94301.

On November 20, 2013, I served a copy of the following document described as **PETITION TO ENFORCE DEPOSITION SUBPOENA IN ACTION PENDING OUTSIDE CALIFORNIA** on the interested party(ies) in this action as follows:

Jack Russo
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

☐ **By Mail**. By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Palo Alto, California, in a sealed envelope with postage fully prepaid.

☒ **By Overnight Delivery**. I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) above and providing them to a professional messenger service for service. A declaration by the messenger is attached.

☐ **By Facsimile**. Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was (650) 857-1288. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached.

☐ **By Electronic Transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from lee.janet@dorsey.com to the person(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 20, 2013, at Palo Alto, California.

| Janet Lee | *(signature)* |
|---|---|
| (Type or print name) | (Signature) |