Alisa A. Lipski, Esq. (Cal. Bar No. 278710)
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
3460 One Houston Center
1221 McKinney
Houston, TX 77010
Tel.:   (713) 655-1101
Fax:   (713) 655-0062
alipski@azalaw.com

Attorney-in-Charge for Defendants
VERSATA SOFTWARE, INC., F/K/A
TRILOGY SOFTWARE, INC., & TRILOGY
DEVELOPMENT GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP., a California Corporation,<br><br>                              Plaintiff,<br><br>    v.<br><br>VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC. a Delaware Corporation; TRILOGY DEVELOPMENT GROUP, INC., a California corporation; AMERIPRISE FINANCIAL, INC., a Delaware Corporation; and AMERIPRISE FINANICAL SERVICES, INC., a Delaware corporation,<br><br>                              Defendants. | Case No. 3:13-cv-5160-SI<br><br>DEFENDANTS' VERSATA SOFTWARE INC. & TRILOGY DEVELOPMENT GROUP, INC.'S OPPOSITION TO XIMPLEWARE CORP.'S NOTICE OF EX PARTE APPLICATION FOR TERMPORARY RESTRAINING ORDER<br><br>Date: December 4, 2013<br>Time: 11:00 a.m.<br>Before: Hon. Susan Illston<br>Courtroom: 10, 19th Floor |

– 1 –

Defendants' Opposition to Ximpleware's Notice of Ex Parte Application for Temporary Restraining Order        Case No. 3:13-cv-5160-SI

# TABLE OF CONTENTS

I. Introduction .................................................................................................................... 4

II. General Background, Procedural History and Related Litigation ................................. 5

III. Argument ....................................................................................................................... 6

   a. XimpleWare Is Not Entitled to a Temporary Restraining Order. ............................. 6

   i. XimpleWare cannot demonstrate, and has not even adequately alleged, it will suffer imminent, irreparable harm. ........................................................................................ 7

   ii. XimpleWare is unlikely to succeed on the merits of its claims. ................................ 9

      1. Versata's license is a defense to XimpleWare's allegation of infringement. .......................... 9

      2. XimpleWare has not established it owns the copyright in VTD-XML.jar. ......................... 10

   iii. The balance of equities favors Versata ................................................................. 11

   iv. The proposed injunction is not in the public interest .............................................. 12

   v. Ex-Parte relief is not warranted. .............................................................................. 13

   b. Expedited discovery is not warranted .................................................................... 13

IV. XimpleWare's Proposed Order is Overbroad .............................................................. 15

V. Conclusion ................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1132 .............................. 7, 11

*American LegalNet, Inc. v. Davis* (C.D. Cal. 2009) 673 F.Supp.2d 1063, 1066 ............................... 13

*Cadence Design Systems, Inc. v. Avant! Corp.,* (9th Cir. 1997) 125 F.3d 824, 829 ............................. 8

*Cobell v. Norton,* 391 F.3d 251, 261 (D.C.Cir.2004) ........................................................................ 14

*Credit Bureau Connection, Inc. v. Pardini* (E.D. Cal. 2010) 726 F. Supp.2d 1107, 1114 ................... 6

*Drake's Bay Oster Co. v. Jewell* (9th Cir. 2013) 729 F.3d 967 ............................................................. 8

*Drakes Bay Oyster Co. v. Salazar,* (N.D. Cal. 2013) 921 F.Supp.2d 972, 993 .................................... 8

*Educational Testing Services v. Katzman* (3d Cir. 1986) 793 F.2d 533, 545 .................................... 15

*Field v. Google Inc.* (D. Nev. 2006) 412 F.Supp.2d 1106, 1115 .......................................................... 9

*Kane v. Chobani, Inc.* (N.D. Cal., July 15, 2013, 12-CV-02425-LHK) 2013 WL 3776172 ................ 7

*Perfect 10, Inc. v. Google, Inc.* (9th Cir. 2011) 653 F.3d 976, 981-982 ................................................ 8

*Religious Technology Center v. Netcom On-Line Communication Services, Inc.* (N.D. Cal. 1995) 923 F.Supp. 1231, 1258 ............................................................................................................... 15

*Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.* (N.D. Cal. 2012) 907 F.Supp.2d 1086, 1093. 7, 8, 13

*S. Bravo Systems, Inc. v. Containment Technologies Corp.* (Fed. Cir. 1996) 96 F.3d 1372, 1375 .... 14

*Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20; *Grupion, LLC v. Groupon, Inc.,* (N.D. Cal. 2011) 826 F. Supp.2d 1156, 1161 ...................................................................... 6, 8

## I. Introduction

XimpleWare's application for an Ex Parte Temporary Restraining Order is simply a request for expedited discovery, accompanied by a fig-leaf of an application for a temporary restraining order. It is plain from the wholly insufficient factual allegations presented, the outdated case law upon which XimpleWare relies, and its overbroad request for relief that XimpleWare's application for a Temporary Restraining Order is not a serious motion. XimpleWare's application is a stalking horse designed to conceal XimpleWare's real goals: to secure discovery to support claims XimpleWare filed without sufficient investigation, in this case, and in its sister patent infringement case *XimpleWare Corp. v. Versata Software, et. al.,* 13-cv-5161; *see generally* F.R.C.P. 11 (describing the obligation to investigate prior to filing suit).[1]

Even if the pretextual nature of this application is set aside the application fares no better on the merits. XimpleWare's application fails because XimpleWare cannot show that it will suffer irreparable harm. XimpleWare has not even attempted to articulate what irreparable harm it fears. Nowhere does XimpleWare explain why money damages do not fully compensate XimpleWare. Likewise XimpleWare has presented the court no facts that any harm is imminent. XimpleWare learned of the facts forming the basis of alleged infringement **four months ago.** *See* Dkt. #14 (Russo Decl.) at ¶3. Yet suddenly, XimpleWare contends that it is in imminent danger without identifying any imminent action that Versata is planning on taking that could harm it in any way.

Not only has XimpleWare failed to demonstrate it will suffer irreparable harm, XimpleWare is unlikely to succeed on the merits of its copyright claim for two reasons. First, the way Versata uses XimpleWare is explicitly permitted under the free license XimpleWare claims it offers to the general public. Second, XimpleWare has not demonstrated it owns the disputed software in the first place –

---

[1] XimpleWare has filed two lawsuits: a patent lawsuit, styled *XimpleWare Corp. v. Versata Software, et. al.,* 13-cv-5161 ("the Patent Case") and this lawsuit ("the Copyright Case"). Docket citations in this brief refer to the docket of this lawsuit, Case No. 3:13-cv-5160-NC.

– 4 –

it admits its copyright registration was both tardy and incomplete, and that an additional author exists who is not a party to this suit.

**II. General Background, Procedural History and Related Litigation**

Versata is a software company that sells a product called Distributed Channel Management ("DCM"). DCM is a piece of enterprise software used by companies in a variety of industries, primarily for the purpose of compensating agents under a number of complex schema. Versata is currently engaged in litigation in state court in Austin, Texas ("the Texas Case") with Ameriprise, one of its DCM customers.[2] Versata alleges that Ameriprise has materially breached the software license between the parties, by providing two third party contractors, Infosys, and Tata Consulting Services, with access to DCM in violation of the license agreement.

During the course of that litigation, Ameriprise alleged that Versata had improperly incorporated XimpleWare's VTD-XML.jar, a third-party XML parser, into DCM in a manner not permitted by Versata's license with XimpleWare.[3] Versata believes that these allegations are completely unfounded. However, in the course of discovery both Ameriprise and Versata served subpoenas on XimpleWare to produce documents and appear for a deposition. Rather than comply with this subpoena, XimpleWare filed the Patent Case and Copyright Case against Versata, Ameriprise and several of Versata's other customers. Then, XimpleWare sent a letter to counsel for Versata and Ameriprise in which XimpleWare refused to be deposed in the Texas Case, urging all parties to agree to a single deposition in all three cases. *See* Exhibit 1. When Ameriprise moved to compel XimpleWare's deposition in the Texas Case XimpleWare responded by threatening to file this

---

[2] This case is Versata Software, Inc. F/K/A Trilogy Software, Inc.; and Versata Development Group, Inc. F/K/A/Trilogy Development Group Inc., v. Ameriprise Financial Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services Inc., No. D-1-GN-003588 In the 53rd District Court of Travis County, Texas ("the Texas Case").
[3] XML parsers are commonly-used software, and XimpleWare is far from the only provider of a program that parses XML. In fact, Oracle offers an XML parser that performs substantially the same function as XimpleWare. Oracle offers this software to customers free of charge.

– 5 –

Defendants' Opposition to Ximpleware's Notice of Ex    Case No. 3:13-cv-5160-SI
Parte Application for Temporary Restraining Order

Application for a Temporary Restraining Order unless the parties agreed to expedited discovery in Ximpleware's lawsuits. *See* Exhibit 2.

When it filed its Patent Case and Copyright Case, XimpleWare claimed in its papers that Ameriprise told XimpleWare certain facts about Versata's DCM software source and object code. In an effort to discover whether misconduct had occurred, Versata sent a letter to Ameriprise asking it to explain itself. In response Ameriprise has denied many of the allegations XimpleWare attributes to it in its complaint and Mr. Zhengyu Zhang's Declaration. For example, XimpleWare has alleged that: "Ameriprise informed XimpleWare that it had discovered portions of XimpleWare's GPL-licensed Source Code in the source code of Versata's DCM product" *See* Dkt. #1 at 46; *see also* Dkt. #15 (Zhang Decl.) at ¶31. However, Ameriprise categorically denies conveying any such information.[4] *See* Exhibit 3. In other words, XimpleWare's application for a Temporary Injunction relies on controverted unsworn out-of-court statements of a non-party, that fall within no hearsay exception.

### III. Argument

#### a. XimpleWare Is Not Entitled to a Temporary Restraining Order.

"The same standards generally apply to temporary restraining orders and preliminary injunctions." *Credit Bureau Connection, Inc. v. Pardini* (E.D. Cal. 2010) 726 F. Supp.2d 1107, 1114. A plaintiff seeking a preliminary injunction or temporary restraining order must establish, (1) that he is likely to suffer irreparable harm in the absence of preliminary relief, (2) the likelihood of success on the merits, (3) that the balance of equities favors relief, and (4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20; *Grupion, LLC v. Groupon, Inc.,* (N.D. Cal. 2011) 826 F. Supp.2d 1156, 1161.

---

[4] This is unsurprising since this allegation is completely false.

– 6 –

### i. XimpleWare cannot demonstrate, and has not even adequately alleged, it will suffer imminent, irreparable harm.

In order to qualify for a temporary restraining order, XimpleWare must show that irreparable harm is not only possible, but ***likely***. *Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1132.[5] The fact that the Copyright statute authorizes injunctive relief does not entitle XimpleWare to a presumption of irreparable harm. *Kane v. Chobani, Inc.* (N.D. Cal., July 15, 2013, 12-CV-02425-LHK) 2013 WL 3776172. In fact, "presuming irreparable harm is impermissible," even if a plaintiff demonstrates a likelihood of success on the merits of a copyright infringement claim. *Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.* (N.D. Cal. 2012) 907 F.Supp.2d 1086, 1093.

Far from arguing that irreparable harm is likely, Ximpleware's brief does not even so much as state it will suffer irreparable harm if a temporary restraining order does not issue.[6] In his declaration, Zhengyu Zhang states that XimpleWare will "suffer irreparable injury in the loss of control over our Source Code and over our entire licensing program," Dkt. #15 (Zhang Decl.) at ¶32. However, no explanation is provided by Zhang actually explaining how this can possibly be true.

***First***, VTD-XML.jar is open source software, and by XimpleWare's own admission, there are not restrictions on the identity of persons wishing to download the software ***or even restrictions on who can modify it***. *See* Dkt. #1 at 5. An injunction would not alter these facts. Therefore, every DCM customer could simply re-download VTD-XML and automatically obtain with it a license to use VTD-XML within their installations. Even under XimpleWare's interpretation of the GPL, this is true for every potential customer of XimpleWare.

---

[5] XimpleWare has pleaded no facts that give rise to an exception to the requirement to demonstrate irreparable harm

[6] XimpleWare suggests that the "serious question" test of *Alliance for the Wild Rockies* obviates the inquiry into irreparable harm. It does not. As *Alliance* makes clear, analysis of irreparable injury is still required and the "serious question" test applies to the "likelihood of success on the merits" prong and the "balance of hardships" prong. *Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1135. Such a presumption is error. *Flexible Lifeline Systems, INc. v. Precision Lift, Inc.* (9th Cir. 2011) 654 F.3d 989.

– 7 –

***Second***, Zhang has stated he may lose licensing revenue if the injunction does not issue. However, this statement is insufficient to establish irreparable harm for an injunction. "Ordinarily, lost revenue does not establish irreparable harm." *Drakes Bay Oyster Co. v. Salazar,* (N.D. Cal. 2013) 921 F.Supp.2d 972, 993, *aff'd sub nom Drake's Bay Oster Co. v. Jewell* (9th Cir. 2013) 729 F.3d 967. Even allegations of extreme financial loss, without more, may not meet the standard of irreparable harm. *Perfect 10, Inc. v. Google, Inc.* (9th Cir. 2011) 653 F.3d 976, 981-982 (where company alleged it would be bankrupt if injunction did not issue, and adduced evidence of poor financial condition, denial of injunction was proper because company had not adduced evidence it was ever in good financial condition).

***Finally***, XimpleWare cannot explain how Versata's conduct, even if it were found to be outside the scope of Versata's license to XimpleWare, does irreparable harm to XimpleWare's commercial licensing business. Versata does not sell XML parsers, nor does it license XimpleWare to third parties. No potential buyer of a commercial XimpleWare license would choose to license XimpleWare from Versata rather than from XimpleWare. Far from having lost control of its commercial licensing business, XimpleWare's entire allegation is that Versata should have bought a commercial license. That is exactly the kind of injury that money damages are designed to address, it is not the kind of harm that requires the extraordinary relief of a Temporary Restraining Order.

To establish that irreparable harm is likely, XimpleWare must also show that the threatened injury is imminent. *Winter,* 555 U.S. at 21. XimpleWare's delay in making this application supports the inference irreparable harm is not imminent, and that there can be no irreparable harm if the application is denied. *See Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.* (N.D. Cal. 2012), 907 F.Supp.2d 1086, 1097 (denying temporary restraining order where plaintiff waited months after learning of potential issue); *see generally Cadence Design Systems, Inc. v. Avant! Corp.,* (9th Cir. 1997) 125 F.3d 824, 829 (noting, "some courts have held that undue delay by the plaintiff can rebut

– 8 –

the presumption of irreparable harm" in the pre-*eBay* context). The Declaration of Jack Russo confirms that XimpleWare has been aware of these facts since at least July of this year. *See* Dkt. #14 (Russo Decl.) at ¶3. Enterprise software has a long sales cycle, therefore any proposed sale of Versata's DCM would be months in the making. *See* Exhibit 4 (Brighton Decl.) at ¶3. A Temporary Restraining Order is not necessary because Versata has already taken the commercial decision to eliminate XimpleWare and a software patch has already been issued to Ameriprise, eliminating XimpleWare, and patches to Versata's other customers are forthcoming. *See* Exhibit 4 (Brighton Decl.) at ¶5-6. An emergency motion's speed is not required where the potential injury depends on months of detailed negotiations with potential enterprise software customers. Finally, injury to XimpleWare is not imminent, because Versata's counsel long ago informed XimpleWare that Versata would be removing the aggregation of XimpleWare with DCM.

### ii. XimpleWare is unlikely to succeed on the merits of its claims.

XimpleWare's conclusory allegations of the strength of its claims are insufficient to support a finding that it is likely to succeed on the merits. First, Versata has a license that protects its use of VTD-XML.jar. Second, serious questions exist with respect to XimpleWare's ownership of the copyright in VTD-XML.

#### 1. Versata's license is a defense to XimpleWare's allegation of infringement.

XimpleWare alleges that its product is made freely available pursuant to the GNU General Public License version 2 ("GPL"). Dkt. #15 (Zhang Aff.) ¶8-10. Therefore, according to XimpleWare this is the license that governs Versata's conduct. A license is a defense to a claim of copyright infringement. *Field v. Google Inc.* (D. Nev. 2006) 412 F.Supp.2d 1106, 1115. The terms of this license explicitly permit the distribution of the subject software without restriction or limitation on commercialization if delivered in a particular manner. Specifically, the GNU GPL

– 9 –

states, "mere aggregation of another work not based on the Program with the Program (or with a work based on the Program) on a volume of a storage or distribution medium does not bring the other work under the scope of this License."  *See* Dkt. #14 (Russo Decl.) Exhibit C at 6.  Versata can be said to distribute VTD-XML.jar on the same storage media as its DCM product.  However, the software modules are not integrated with one another.  Therefore, Versata's conduct is permitted even under the license XimpleWare claims applies.

XimpleWare claims in its application that "Versata included the *source code* for VTD-XML in the *source code* for its DCM product."  Dkt. #13 at 4 (emphasis added). XimpleWare also alleges that Versata removed copyright notices from VTD-XML source code, and that Versata distributed VTD-XML source code.  Dkt. #13 at 8-9.  The sole support offered for these statements is the declaration from XimpleWare's founder, Zhang, who states "Ameriprise noticed that that [sic] there were sections of code in the DCM Versata product that contained GPLed [sic] XimpleWare Source Code."  Dkt. #15 (Zhang Decl.) at ¶31.  But Ameriprise states that, because of the sequence of events, "it is simply impossible for Ameriprise to have revealed the contents of the source code to XimpleWare."  *See* Exhibit 3. Whatever the provenance of Zhang's statement, Versata and Ameriprise agree it is inaccurate.  Versata's product is merely distributed on the same storage media as VTD-XML.jar, and Versata does not distribute VTD-XML source code to its customers as part of its DCM product.  Versata's conduct is therefore not prohibited, and XimpleWare is not likely to obtain judgment in its favor.

### 2. XimpleWare has not established it owns the copyright in VTD-XML.jar.

XimpleWare acknowledges that it is not entitled to the presumption of validity of its copyright registrations because it filed them too late.  *See* Dkt. #13 at 4-5.  Further, XimpleWare has not proved that it owns all the rights to the software as it contends.  Instead Mr. Zhang has stated that he has made *"almost all"* the changes to the VTD-XML.jar source code.  In other words, he is pretty

– 10 –

sure he wrote the entire code after it was uploaded to SourceForge. But this is not what the law requires. Mr. Zhang's deficient statement is not sufficient to prove ownership of the software because he has not proved he wrote all the original code, and all the modifications. Even more troubling, Mr. Zhang indicates that a certain Mr. Xu has also made contributions to XimpleWare. Mr. Zhang's declaration recites that an assignment exists assigning his work to XimpleWare, but that assignment is not attached. And even if an assignment did occur as alleged, Mr. Zhang was still required to list Mr. Xu as an author of XimpleWare on his copyright registration application, something he has not done. And finally, Mr. Zhang has not proved that Mr. Xu does not retain separate rights in his contribution to the compilation XimpleWare product. Because the "copyright in a compilation or derivative work extends only to the material contributed by the author of such work," 17 U.S.C.A. § 103 (West), Mr. Zhang may not be the owner of all the rights he seeks to assert. Because significant questions exist as to whether XimpleWare is the rightful owner of the VTD-XML.jar software, XimpleWare is far from likely to succeed on the merits of its claim.

### iii. The balance of equities favors Versata

Any proposed injunction "must do more good than harm." *Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1133. XimpleWare's proposed temporary restraining order would require that Versata cease distributing its DCM software. This restriction would damage Versata's ability to monetize its own intellectual property in the service of XimpleWare's pallid allegations. This restriction is so overreaching that it does markedly more harm than good: in fact, as written the proposed injunction does not specifically protect XimpleWare's alleged copyrighted materials. The injunction specifies Versata must not distribute DCM, not that Versata must refrain from taking any action with respect to VTD-XML.jar. Because the proposed injunction invades Versata's rights with no articulated link to XimpleWare's software, it will do no good to remedy the alleged potential injury, and should not be granted.

XimpleWare's proposed injunction fails the balance of equities test because it would disrupt Versata's relationships with its customers, and impair the ability of these third parties to compensate their employees and serve their customers. Prohibiting any distribution of DCM, including "new versions" of DCM to existing users, as the proposed Order states, would prohibit the distribution not only of new software, but also of patches and updates.[7] Versata customers often require patches and updates to ensure the software runs in a stable, reliable manner. If Versata cannot provide this necessary support to its customers, Versata would be in violation of its obligation to provide maintenance and support. If Versata's customers cannot obtain mission-critical updates, these customers will not be able to use Versata's software to calculate commissions and help agents on-board new customers (both common uses of DCM). Granting the proposed injunction would fail to remedy the potential injury complained of, and would damage parties that are strangers to this action (Versata's customers). The proposed injunction does more harm than good, and XimpleWare's application must be denied.

### iv. The proposed injunction is not in the public interest

Halting Versata's entire DCM product is an unwarranted invasion of Versata's customer relationships, but that is precisely what the proposed temporary restraining order would do. The public interest weighs strongly against the arbitrary disruption of contracts. Versata's customers would all be harmed if the compensation software they use every day were suddenly halted, and they were unable to obtain upgrades or patches. This injunction, issued without notice to Versata's customers, is against public interest because it would harm third parties who have not been heard. XimpleWare's nonsensical assertion that sale of DCM – a complex compensation software—would

---

[7] Paradoxically, the injunction would prevent Versata from distributing patches to its customers eliminating XimpleWare.

– 12 –

create confusion with VTD-XML.jar, whose sole function is to parse XML, is not a basis to find the injunction in the public interest.

### v. Ex-Parte relief is not warranted.

XimpleWare has not met the standard of Federal Rule of Civil Procedure 65(b)(1) for the issuance of an ex parte temporary restraining order. In copyright actions in this District, the requirements of Rule 65(b)(1) are measured by the *Reno Air* test. *Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.* (N.D. Cal. 2012) 907 F.Supp.2d 1086, 1096. XimpleWare has pleaded no facts that would satisfy the *Reno Air* test as applied in this District. XimpleWare has not pleaded that it cannot locate Versata's counsel – in fact, counsel for the parties have already been in contact. Further, XimpleWare has pleaded no facts that suggest that notice to Versata would "render fruitless the further prosecution of the action." *Id.* As this Court has noted, "there are very few circumstances justifying the issuance of an ex parte TRO," *Id.* at 907 F.Supp. 1095, and this is not one of them. Finally, XimpleWare has not pleaded that irreparable injury is so imminent and immediate that Versata cannot be heard in opposition.

### b. Expedited discovery is not warranted

Expedited discovery may be ordered for good cause shown. However, seeking a preliminary injunction does not automatically justify the grant of expedited discovery. *American LegalNet, Inc. v. Davis* (C.D. Cal. 2009) 673 F.Supp.2d 1063, 1066. The court must consider the breadth of the requests, and the complexity of the issues determined. *Id.* Here, though XimpleWare characterizes its document requests and requests for deposition testimony as "limited," because XimpleWare has presented no topics or specific requests it is not clear that the discovery is so "limited." *See* Dkt. #13 at 11. Indeed it is not clear that these requests are information "to preserve the status quo" via preliminary injunction – this evidence seems to be everything XimpleWare will ever need in its

– 13 –

lawsuit. *Cobell v. Norton,* 391 F.3d 251, 261 (D.C.Cir.2004) ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it.") Such requests, on an expedited basis, are improper and should be denied.

*First,* such requests are particularly improper where, as here, XimpleWare had the duty to investigate and prepare its infringement contentions in its patent case prior to filing litigation – and should not be permitted to use expedited discovery in a related action to shore up its shortcoming. *See, e.g., S. Bravo Systems, Inc. v. Containment Technologies Corp.* (Fed. Cir. 1996) 96 F.3d 1372, 1375 (Under Rule 11, "determining infringement, however, requires that the patent claims be interpreted and that the claims be found to read on the accused devices").

*Second,* expedited discovery is not required, because Versata is voluntarily modifying its software to not call on VTD-XML.jar. Versata has already delivered a patch to Ameriprise. If haste is required, it is because of XimpleWare's delay: XimpleWare has delayed for months in bringing these requests and therefore is not without fault. Absence of fault is required for the grant of expedited relief. Just as delay militates against the grant of a temporary restraining order, it should also militate against the grant of accompanying expedited discovery.

*Third*, the issues to be decided in this case are too complex to lend themselves readily to expedited discovery. XimpleWare's discovery requests confirm that the issues will require substantial investigation because the requests are so broad. These requests cannot reasonably be complied with on an expedited basis, nor do these requests represent the sum total of the information required to decide the issues. Further evidence on the true ownership of the VTD-XML.jar

– 14 –

copyright and the license offered by XimpleWare is required.  This evidence cannot reasonably and fairly be developed in one month as proposed by XimpleWare.[8]

*Fourth*, it would be inequitable to grant XimpleWare expedited discovery in this case while XimpleWare wrongfully resists responding to properly-issued discovery requests in other actions. This motion for a temporary restraining order stems from a letter from XimpleWare's counsel in which counsel states that it will file this motion unless Versata agreed to a single, consolidated deposition of XimpleWare's representative.  *See* Exhibit 2.  XimpleWare has been properly subpoenaed in the Texas State Court action.  *See* Exhibit 5.  Filing its own lawsuit is not a defense to compliance with a subpoena, and neither is moving for a temporary restraining order.  XimpleWare cannot use the expedited discovery associated with a temporary restraining order to circumvent or avoid the lawful taking of discovery in related actions.

### IV. XimpleWare's Proposed Order is Overbroad

XimpleWare's application for a proposed order fails because the relief it seeks is overbroad, bears no relationship to the potential injury complained of, and is impermissibly vague.  A temporary restraining order should be "no broader than necessary to protect plaintiffs' copyrights." *Religious Technology Center v. Netcom On-Line Communication Services, Inc.* (N.D. Cal. 1995) 923 F.Supp. 1231, 1258; *see generally Educational Testing Services v. Katzman* (3d Cir. 1986) 793 F.2d 533, 545 ("An injunction must not only meet the specificity requirement set forth in Rule 65(d), it also cannot be broader than necessary to restrain the unlawful conduct").  Here, the proposed order limits *all* sales, deliveries and publications of DCM, whether or not they refer to VTD-XML. Dkt. #12-1 at 1.  In fact, as worded, the proposed order even prohibits Versata from deploying a patch to remove any reference to VTD-XML.  This order is overbroad because it not only does not prevent

---

[8] It is particularly impractical to propose a one-month discovery timeline where that month is December, when many if not most people take long vacations for the holidays.

the harm it seeks to address; it may even serve to perpetuate it. XimpleWare's proposed order should be denied.

## V. Conclusion

For the foregoing reasons, XimpleWare's motion for a Temporary Restraining Order and Expedited Discovery should be denied.

Dated: December 2, 2013             Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

　　　　　　　　　　　　　　　　　　 */s/Alisa Lipski*
By:   Alisa Lipski, Esq.  (Cal. Bar No. 278710)
         3460 One Houston Center
         1221 McKinney
         Houston, Texas 77010
         Telephone:  (713) 655-1101
         Facsimile:  (713) 655-0062
         alipski@azalaw.com
         Attorney-in-Charge for Defendants
         VERSATA SOFTWARE, INC., F/K/A
         TRILOGY SOFTWARE, INC., & TRILOGY
         DEVELOPMENT GROUP, INC.

OF COUNSEL:
Demetrios Anaipakos
Texas State Bar No. 00793258
Amir H. Alavi
Texas State Bar No. 00793239
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney St.
Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062

**PROOF OF SERVICE**

On December 2, 2013, I caused the foregoing document, titled, DEFENDANTS' VERSATA SOFTWARE INC. & TRILOGY DEVELOPMENT GROUP, INC.'S OPPOSITION TO XIMPLEWARE CORP.'S NOTICE OF EX PARTE APPLICATION FOR TERMPORARY RESTRAINING ORDER, to be electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case. Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic filing when emailed to the email addresses of record for counsel in the case constitutes service on the receiving party.

                                                              */s/Alisa Lipski*  _____
                                                              Alisa Lipski

4840-8514-1527, v. 3

– 17 –

Defendants' Opposition to Ximpleware's Notice of Ex Parte Application for Temporary Restraining Order      Case No. 3:13-cv-5160-SI