# COMPUTERLAW GROUP LLP

ATTORNEYS AT LAW
401 FLORENCE STREET
PALO ALTO, CALIFORNIA 94301
COMPUTERLAW.COM

TELEPHONE
(650) 327-9800

FAX
(650) 618-1863

November 21, 2013

**Via Email and U.S. Mail**

Gregory S. Tamkin, Esq.
Dorsey & Whitney, LLP
1400 Wewatta Street, Ste. 400
Denver, CO 80202
tamkin.greg@dorsey.com

Amir Alavi, Esq.
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C.
1221 Mckinney Street, Ste. 3460
Houston, TX 77010
aalavi@azalaw.com

Re: *XimpleWare v. Versata et al.*
N.D. Cal., Case Nos. 3:13-CV-5160 NC and 5:13-CV-5161 JSW

Dear Counsel:

As you know, our client has filed suit against your respective clients. We understand that you want to start discovery early because of other litigation pending between your respective clients. We are open to setting up mutual dates in December if your clients would also agree to provide discovery to our client for the above-referenced litigations. Will you do so?

If so, we would ask you to let us know dates (and locations) in December when you can make available to us your Rule 30(b)(6) witnesses on the topics listed in the attached exhibit to this letter. Once you provide us with dates and locations, we can work up a stipulation that would set forth what we would all be agreeing to as part of such discovery across these litigations including the above cases.

If you are declining to provide us with this discovery, we would object to any depositions occurring until a single schedule is put together, and we will move the Federal Court here accordingly for such a mutual schedule. Please see the attached form of proposed order we would seek. Obviously, we would prefer to work out these matters and the Court here will require us to meet and confer on it, but if that is not something you are willing to do, then let us know that as well.

We have not timely received any written or verbal notification of any *ex parte* application with the state court in San Jose regarding your pending subpoenas; we believe the better approach still is to reach a mutual stipulation that will provide everyone with certain discovery and perhaps even as early as next month. Please advise.

Very truly yours,

Jack Russo

*Enclosures*
cc: (by email only): *Case Collard, Esq.,*
*Martha Luemers, Esq.*

# EXHIBIT 2

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XimpleWare Corp., a California Corporation,<br><br>　　　　　　Plaintiff;<br><br>v.<br><br>Versata Software, Inc., f/k/a Trilogy Software, Inc., a Delaware corporation; Trilogy Development Group, Inc., a California corporation; Ameriprise Financial, Inc., a Delaware corporation; and Ameriprise Financial Services, Inc., a Delaware corporation,<br><br>　　　　　　Defendants. | Case No. 3:13-cv-5160-NC<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, AND ORDER GRANTING EXPEDITED DISCOVERY |

1  Plaintiff XimpleWare Corporation's *Ex Parte* Application for Temporary Restraining
2  Order, for Order to Show Cause re: Preliminary Injunction, and for Expedited Discovery came
3  before the Court on _____, 2013. Good causing appearing therefore, the
4  Court finds and ORDERS as follows:

### TEMPORARY RESTRAINING ORDER

The Court issues this Temporary Restraining Order ("TRO") under 17 U.S.C. § 502(a) and Rule 65(b) of the Federal Rules of Civil Procedure.

Defendants Versata Software Inc. and Trilogy Development Group, Inc., as well as their other subsidiaries and affiliates, if any (the "Versata Defendants"), are hereby TEMPORARILY ENJOINED from making any new sales of their Distribution Channel Management ("DCM") product, delivering new copies of DCM to customers, or otherwise publishing DCM.

Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc., as well as their other subsidiaries and affiliates, if any (the "Ameriprise Defendants") are hereby TEMPORARILY ENJOINED from deploying DCM to any new users, whether internal or external, and from deploying new versions of DCM to existing users.

This TRO shall expire after the hearing on XimpleWare's motion for a preliminary injunction, which the Court sets for _____ in Courtroom ____, ____ Floor of the United States District Court in San Francisco, CA.

The Court makes the following findings in support of this TRO:

1. XimpleWare has shown that it owns its VTD-XML product and its source code, and has obtained a copyright registration on that source code (namely TX 7-727-556).

2. XimpleWare has shown a high likelihood that both the Versata Defendants and the Ameriprise Defendants are infringing XimpleWare's copyrights. Specifically, XimpleWare has shown a high likelihood that Versata incorporated VTD-XML into its DCM product, licensed the DCM product to the Ameriprise Defendants and other customers.

3. Neither the Versata Defendants nor the Ameriprise Defendants obtained a commercial license to VTD-XML. Absent a commercial license, the only applicable license is the GNU General Public License ("GPL"), under which XimpleWare licenses and resleases its source code to the general public. The GPL, however, does not allow the kind of commercial use that the Versata Defendants made by incorporating VTD-XML into DCM and reselling it.

4. The likely harm to XimpleWare is irreparable. Versata's wholesale appropriation of XimpleWare's copyrighted source code beyond the scope of its GPL license effectively deprives XimpleWare of control over its software, which is its principal asset and source of revenue.

5. Section 502 of the Copyright Act states that "Any court having jurisdiction of a civil action arising under [the Copyright Act] may…**grant temporary** and final injunctions on such terms as it may deem reasonable to prevent or **restrain infringement** of a copyright" (emphasis added). The Court finds it reasonable, on the facts presented, to grant this TRO to restrain the Defendants' infringement.

6. XimpleWare shall post security in the amount of $_____.

## ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

The Court ORDERS all Defendants to show cause why a preliminary injunction should not issue. The Court sets the hearing on the preliminary injunction for _____ in Courtroom _____, _____ Floor of the United States District Court in San Francisco, CA.

## ORDER GRANTING EXPEDITED DISCOVERY

The Court finds good cause to allow limited discovery on an expedited basis. This discovery will allow the Court to determine whether a preliminary injunction is warranted. Limited, narrowly-tailored discovery on an expedited schedule will not unfairly prejudice the Versata Defendants or the Amerprise Defendants. The Court ORDERS the following discovery, to be completed by _____:

Computerlaw Group LLP
www.computerlaw.com℠

1. XimpleWare may serve document requests to the Versata Defendants and to the Ameriprise Defendants around Versata's inclusion of XimpleWare source code in its DCM product.

2. XimpleWare shall produce documents responsive to Ameriprise's and Versata's state court subpoenas and any further reasonable requests as included in the Rule 30(b)(6) Notice of Deposition. Those document productions shall also be used in this case.

3. XimpleWare may depose Versata's Rule 30(b)(6) witness on Versata's inclusion of XimpleWare's VTD-XML in the its products, Versata's distribution of products including VTD-XML, and Versata's compliance or non-compliance with the GPL. This deposition shall be scheduled within the first two weeks of December, 2013 following the deposition of XimpleWare's Rule 30(b)(6) witness as set forth in Paragraph 6 below.

4. XimpleWare may depose Ameriprise's Rule 30(b)(6) witness on Ameriprise's knowledge of the inclusion of XimpleWare's VTD-XML in the DCM product it licensed from Versata. This deposition shall be scheduled within the first two weeks of December, 2013 following the deposition of XimpleWare's Rule 30(b)(6) witness as set forth in Paragraph 6 below. (The foregoing deposition of Ameriprise need not occur if Ameriprise admits that it received the DCM product from Versata and that it does not have a commercial license from Ximpleware and that it will accept the Court's ruling(s) as against Versata as applicable against Ameriprise with regard to the further copying, use, or other exploitation of DCM.)

5. Versata and Ameriprise may jointly depose XimpleWare's Rule 30(b)(6) witness on XimpleWare's software licensing practices on mutually agreed dates in the first two weeks of December, 2013. This deposition shall coincide with the deposition Versata and Ameriprise have noticed through the state courts in Texas and California.

6. Multiple depositions shall not be taken of any Rule 30(b)(6) witnesses without further order and/or other approval of this Court following the showing of good cause by the party requesting such further deposition time.

7. The parties shall meet and confer as to the precise scheduling of the above depositions (the "Agreed Schedule"), which shall occur at least one week after the parties' document productions specified above. The parties shall meet and confer to schedule a single date for exchange of the documents, and for the orderly production of documents in accord with the Agreed Schedule.

8. If any procedural or other disputes arise from the foregoing Order, the parties shall meet and confer in person in accordance with the Local Rules of this Court and file letter briefs in accordance with the Court's Civil Standing Order.

The Court further ORDERS the parties to file a joint schedule for the above expedited discovery by _____.

IT IS SO ORDERED.

Date: _____ _____

United States Magistrate Judge