

GREGORY S. TAMKIN
(303) 629-3438
tamkin.greg@dorsey.com

November 22, 2013

**VIA ELECTRONIC MAIL AND U.S. POSTAL SERVICE**

Amir H. Alavi, Esq.
Ahmad, Zavitsanos, Anaipokos, Alavi, Mensing
1221 McKinney, Suite 3460
Houston, TX 77010
Email: aalavi@azalaw.com

    Re:    Versata Software, Inc., et al. v. Ameriprise Financial, Inc., et al.
                Case No. D-1-GN-003588, 53rd Judicial District of Travis County, Texas

Dear Amir:

    This letter responds to your November 19, 2013 letter regarding Ameriprise's alleged violations of the agreed-to Protective Order in the above-captioned case and the alleged breach of confidentiality provisions of the Master License Agreement ("MLA").

    You have two main concerns to which you asked us to respond. The first concern is that Ameriprise somehow informed XimpleWare of the contents of Versata's DCM source code in violation of the Protective Order. This unequivocally did not happen. Ameriprise did not receive Versata's DCM software source code until September 9, 2013. No one from Ameriprise, including its outside counsel, had any communications with XimpleWare after September 9, except one notification that Ameriprise was going to subpoena XimpleWare for a deposition in an attempt to schedule a deposition date. No substance was discussed in this email and you received a copy of the subpoena served on XimpleWare at the same time. Thus, it is simply impossible for Ameriprise to have revealed the contents of the source code to XimpleWare. Accordingly, there is no basis for any motion for the Court to address a breach of the protective order.

    Your second complaint is that Ameriprise made disclosures regarding DCM object code to XimpleWare by informing XimpleWare of Ameriprise's allegations in the above-captioned case, and those such disclosures somehow breached the confidentiality provisions of the MLA. As an example, you speculate that Ameriprise shared with XimpleWare information contained in the expert opinion of Dr. Collins. Ameriprise again unequivocally states that it did not breach the confidentiality provisions of the MLA. Versata's own response to Ameriprise's motion for summary judgment in the above-captioned action, which Versata filed in an unredacted and unsealed form, contains all of the information, including extended references to Dr. Collin's report and deposition testimony, about which Versata is now expressing concerns. Versata's open disclosure of the information confirms that it is not confidential information under the agreement. Even if it were, Versata's disclosure has made it publicly known. Ameriprise cannot breach the confidentiality provision of the agreement when the facts about which Versata is now

**EXHIBIT 3**



November 22, 2013
Page 2

expressing concern are publicly known information. MLA, section 10.3(b). Therefore, this alleged breach of the MLA cannot be a breach.

In any event, if you believe that Versata has a claim for any alleged breach of the confidentiality provision in the MLA, this is not an issue for a motion for sanctions. Rather, it would be incumbent on Versata to amend its complaint. If you intend to amend, please let us know.

We are prepared to engage in a meet and confer to discuss further your concerns raised and would be available for a meet and confer on Monday, November 25, or Tuesday, November 26.

Very truly yours,

Gregory S. Tamkin

cc: Theresa M. Bevilacqua, Esq.
Chris Sileo, Esq.

4824-6017-5383\1

DORSEY & WHITNEY LLP