UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP., a California Corporation,<br><br>                    Plaintiff,<br>    v.<br><br>VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC. a Delaware Corporation; TRILOGY DEVELOPMENT GROUP, INC., a California corporation; AMERIPRISE FINANCIAL, INC., a Delaware Corporation; and AMERIPRISE FINANICAL SERVICES, INC., a Delaware corporation,<br><br>                    Defendants. | Case No. 3:13-cv-5160-SI<br><br>DEFENDANTS' VERSATA SOFTWARE INC. & TRILOGY DEVELOPMENT GROUP, INC.'S OPPOSITION TO XIMPLEWARE CORP.'S NOTICE OF EX PARTE APPLICATION FOR TERMPORARY RESTRAINING ORDER<br><br>Date: December 4, 2013<br>Time: 11:00 a.m.<br>Before: Hon. Susan Illston<br>Courtroom: 10, 19th Floor |

## DECLARATION OF SCOTT BRIGHTON

1. "My name is Scott Brighton. My address is 3601 Atlas Cove, Austin, TX 78730. I am over twenty-one years of age, of sound mind, and competent to make this Declaration. I have personal knowledge of the facts stated herein, and if called upon, am competent to testify to them.

2. I am the CEO of Versata Software, Inc., and have been in that role since January of 2010.

3. Based upon my experience as CEO of Versata, typically the sales cycle for enterprise software like DCM is very long, often taking more than six months from the time contact is first made until a contract is executed. With DCM there is then significant activity surrounding the installation and customization of DCM to meet a particular customer's needs. That process, depending on the size or complexity of the installation can often take another 6-12 months.

4. At the present time Versata has no new customer sales of DCM which are close to closing. I do not anticipate closing any more sales during calendar year 2013.

5. I am aware of the allegations XimpleWare has made regarding its xml parser. I have instructed my development team to remove references to XimpleWare from all versions of DCM. My Team patched DCM version 3.9 on November 22, 2013. My development team informs me that if a DCM version 3.9 customer installs this patch pursuant to the instructions contained within the patch, references to XimpleWare are entirely eliminated.

EXHIBIT 4

6. My development team is now working on patching other versions of DCM, including the current version that we market, and we are in the process of developing and delivering the patches.

7. I have reviewed XimpleWare's request for a Temporary Restraining Order. In it I see that XimpleWare seeks to prohibit "delivering new copies of DCM to customers." If this injunction is granted it will have a tremendous negative impact on both Versata, and on Versata's DCM customers. Customers of DCM routinely require maintenance or support activity by Versata to patch bugs or other issues discovered by the customer within DCM. Some of these bugs are mission critical and must be patched quickly otherwise the customer runs the risk of being unable to compensate its employees. If Versata is unable to deliver DCM to its customers it will be unable to correct any of these issues and would effectively destabilize all of Versata's DCM customers all of which, apart from Ameriprise, are not parties to this lawsuit.

8. Finally, if the injunction is granted, my development team will not be able to eliminate XimpleWare from our customer's installations because we will be enjoined from delivering new versions of DCM, regardless of whether those versions have anything to do with XimpleWare at all.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County Texas on November 26, 2013.

SCOTT BRIGHTON

4833-3269-0965, v. 1

EXHIBIT 4