GREGORY S. TAMKIN (SBN 175009)
CASE COLLARD (SBN 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
E-Mail: tamkin.greg@dorsey.com
           collard.case@dorsey.com

MARTHA LUEMERS (SBN 104658)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
E-Mail: luemers.martha@dorsey.com

Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.

ENDORSED Santa Clara
11/22/13 8:21am
David H. Yamasaki
Chief Executive Offic
By: francesm DTSCIV01
R#201300116282
CK                $60.00
TL                $60.00
Case: 1-13-CV-256454

F. Tong-Miller

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED

| | |
|---|---|
| AMERIPRISE FINANCIAL, INC., a Delaware Corporation; AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation; and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., a Delaware Corporation,<br><br>Petitioners,<br><br>v.<br><br>XIMPLEWARE CORP., A CALIFORNIA CORPORATION,<br><br>Respondent. | CASE NO. 113CV256454<br><br>**EX PARTE APPLICATION FOR ORDER COMPELLING RESPONDENT XIMPLEWARE'S ATTENDANCE AT DEPOSITION AND PRODUCTION OF DOCUMENTS, OR, IN THE ALTERNATIVE, FOR ORDER SHORTENING TIME IN WHICH TO HEAR PETITION TO ENFORCE DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 22, 2013<br>Time: 8:15 a.m.<br>Dept.: TBD |

-1-
EX PARTE APPLICATION FOR ORDER COMPELLING ATTENDANCE AT DEPOSITION

1    Petitioners Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (hereinafter collectively referred to as "Ameriprise") hereby apply ex parte for an order compelling Respondent XimpleWare Corp. (hereinafter "XimpleWare"), to appear for a deposition on December 6, 2013, at 9:00 a.m. at Dorsey & Whitney LLP's Palo Alto office located at 305 Lytton Avenue, Palo Alto, CA 94301, and there testify concerning the topics set forth in Ameriprise's Subpoena for Personal Appearance and Production of Documents, Electronically Stored Information, and Things in Action Pending Outside California dated October 2, 2013 (the "Subpoena") and to produce documents responsive to the Subpoena on December 2, 2013. In the alternative, Ameriprise hereby applies ex parte for an order shortening time in which to hear Plaintiff's petition to enforce the Subpoena.

This application is based on the grounds stated in Ameriprise's Petition to Enforce Deposition in Action Pending Outside California ("Petition") and the Declaration of Case Collard in support of the Petition ("Collard Decl.") filed and served November 20, 2013; namely, that Ameriprise personally served the Subpoena on XimpleWare's agent for service of process on October 6, 2013, setting XimpleWare's deposition and production of documents for November 5, 2013, and that despite XimpleWare's request and agreement to instead produce the documents in late November and sit for a deposition during the week of December 2, 2013, XimpleWare is now refusing to produce documents or provide a date for the deposition unless Ameriprise agrees to make unreasonable discovery concessions in separate federal actions filed just over two weeks ago. Ameriprise's attempts to negotiate a solution to this dispute have failed.

Ex parte relief is necessary and appropriate because the dates implicated in this ex parte application are fast approaching. The testimony and documents sought by Ameriprise are highly relevant to litigation in Texas between Ameriprise and Versata Software, Inc. and Versata Development Corp. (collectively, "Versata") that is very far along ("Texas Action"). Petition at ¶¶ 4-8; Collard Decl. ¶¶ 2-6 and Exhs. 1-3. The final day to complete depositions in the Texas Action is December 20, 2013, the final day to file summary judgment motions is January 16, 2014, and the start of trial is scheduled for February 24, 2013. Petition at ¶ 4; Collard Decl. at ¶ 2. Moreover, Ameriprise's expert needs to review and incorporate the XimpleWare documents

and testimony within 10 days of XimpleWare's deposition. Ameriprise's expert's deposition must occur before the December 20, 2013 deposition cut-off date and it must cover the XimpleWare supplement. Petition at ¶ 24; Collard Decl., Exh. 15. In other words, if the XimpleWare deposition occurs on December 6 as Ameriprise requests, then Ameriprise's expert must update his report by December 16 and the parties must schedule his deposition by December 20. Ameriprise also intends to use the XimpleWare documents and testimony to support a motion for summary judgment that it plans to file roughly two months before trial so that the motion will be decided well in advance of trial and save the parties the work of preparing those issues for trial. Petition at ¶ 24; Collard Decl. at ¶ 22.

Without ex parte relief, the earliest available date on which to consider the issues in this application as a regularly-noticed motion is December 19, 2013. Ameriprise will be severely prejudiced if the Court does not grant Ameriprise's application for ex parte relief, because the deposition of XimpleWare will not take place and Ameriprise will not be in receipt of XimpleWare's responses to Ameriprise's document requests in time for the expert depositions and summary judgment motion. Thus, good cause exists for this matter to be heard and decided on an ex parte basis. Cal. Rul. Ct. 3.1202(c)

XimpleWare is represented in this matter by Jack Russo, ComputerLaw Group LLP, 401 Florence Street, Palo Alto, CA 94301, Telephone (650) 327-9800. Ameriprise served the Petition, supporting declaration of Case Collard, and proposed order on XimpleWare on November 20, 2013, by overnighting copies to Mr. Russo. (See proofs of service on file with this Court.) In accordance with California Rule of Court 3.1203, on November 21, 2013, at approximately 9:40 a.m., Martha Luemers, counsel for Ameriprise, gave notice of this ex parte application to Mr. Russo and also provided him with electronic copies of the Petition, supporting declaration and proposed order, as well as the protective order in the Texas Action. Declaration of Martha Luemers in Support of Ex Parte Application For Order Compelling Respondent XimpleWare's Attendance At Deposition And Production Of Documents, Or, In The Alternative, For Order Shortening Time In Which To Hear Petition to Enforce Deposition Subpoena ("Luemers Decl.") at ¶¶ 2-4. Upon completion of this ex parte application later in the day, with

the exception of the paragraphs below addressing whether XimpleWare will appear to oppose the application, any response and whether opposition is expected, she also emailed Mr. Russo a copy of the substantially completed application. Id. at ¶ 8.

XimpleWare opposes the motion. An email from Mr. Russo to Ms. Luemers and a letter from Mr. Russo to counsel for Ameriprise and Versata concerning the federal actions, both sent between 3:15 p.m. and 3:30 p.m. on November 21, set forth XimpleWare's position. The email is quoted in full at paragraph 6 of the Luemers Declaration and included in the email string attached as Exhibit C, and the letter is as attached as Exhibit E to the Luemers Declaration. Briefly, Mr. Russo states he did not receive notice "in accord with our Local Rules" and that he is not personally available to appear. Luemers Decl. at ¶ 6, and Exh. C. He suggests that the ex parte be rescheduled for an unspecified different date and that counsel consider a proposed order he will be filing in the federal action. *Id.* That proposed order is attached to his letter, Exhibit E to the Luemers Declaration. Among other things, it proposes (at paragraph 5) that Versata and Ameriprise be required to depose XimpleWare in the federal action in the same deposition that is at issue in this ex parte application, and that this deposition take place in the first two weeks of December. Luemers Decl. at ¶ 7, and Exh. E.

Ms. Luemers responded to Mr. Russo's email, reviewing the steps she had taken to give him notice, informing him that Ameriprise remains unwilling to condition setting the deposition that is the subject of the Subpoena herein on early co-discovery in the federal actions, and informing him that Ameriprise would proceed with the ex parte application. Luemers Decl. at ¶ 8. She also asked him to let her know whether anyone else from his office would be attending. *Id.* As of 8:00 p.m. on November 21, 2013, when she needed to finalize the ex parte application and her supporting declaration, she had received no response to her inquiry. *Id.* at ¶ 9.

This ex parte application is made pursuant to California Rules of Court, Rule 3.1200 *et seq.*, and California Code of Civil Procedure Section 1987.1, and is based on this application, and on the Petition, Declaration of Case Collard in support of the Petition and accompanying exhibits, Declaration of Martha Luemers in support of this application, the file and record in this case, and any other argument that the Court may consider in connection with this matter.

-4-
EX PARTE APPLICATION FOR ORDER COMPELLING ATTENDANCE AT DEPOSITION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

As stated above and in the Petition and supporting declaration of Case Collard, Ameriprise will be severely prejudiced unless it obtains the testimony and production of documents sought by the Subpoena by the first week in December. Petition at ¶¶ 4-8, 24; Collard Decl. ¶¶ 2-6, and Exhs. 1-3, 15.

After Ameriprise served XimpleWare with the Subpoena on October 6, 2013, setting the deposition and production of documents for November 5, 2013, XimpleWare indicated through its objections and responses and representations from Counsel that it would agree to produce documents and present a witness for a deposition, but stated that it needed until the end of November to gather the documents and that the deposition should take place in the first or second week of December. Petition at ¶¶ 10-11; Collard Decl. ¶¶ 8-10, and Exhs. 5-7. Counsel for Ameriprise made repeated efforts to confirm a specific date, without success. Petition at ¶¶ 12-13, 15-17; Collard Decl. at ¶¶ 11-13, and Exhs. 8, 11-13.

On November 5, 2013, the day XimpleWare's deposition was originally scheduled to take place, XimpleWare filed two federal actions against Ameriprise, Versata, and several other parties. Petition at ¶ 14; Collard Decl., Exhs. 9 & 10. XimpleWare's counsel thereupon insisted that Ameriprise agree to one deposition of XimpleWare for both the long-pending Texas Action and the newly-filed federal action. Petition at ¶¶ 14, 17; Collard Decl., Exhs. 11, 13. Ameriprise's counsel objected that XimpleWare's demand was unreasonable, but was unable to resolve the issue. Petition at ¶¶ 15-18; Collard Decl. at ¶¶ 17-19, and Exhs. 12-13.

## II. DISCUSSION

### A. XimpleWare Should be Compelled to Comply with the Subpoena.

Code of Civil Procedure Section 2029.350 provides that a California-licensed attorney may issue a California subpoena incorporating the terms of a subpoena issued in an action pending in another state. The California subpoena shall be issued on the appropriate Judicial Council form and, in addition to incorporating the terms of the foreign subpoena, shall provide the caption, names, addresses and telephone numbers of all counsel of record in the foreign

-5-

EX PARTE APPLICATION FOR ORDER COMPELLING ATTENDANCE AT DEPOSITION

action, and identify the superior court of the county in which the discovery is to be conducted. C.C.P. § 2029.350(b). The subpoena issued by attorney Martha C. Luemers on October 2, 2013, on behalf of Ameriprise satisfies all of these requirements. Collard Decl., Exh. 2.

Code of Civil Procedure Section 2029.600 provides that if a dispute arises in connection with a subpoena issued pursuant to Section 2029.350, a request to enforce the subpoena "may be filed in the superior court in the county in which discovery is to be conducted" based on California discovery statutes, except that the request shall be in the form of a petition rather than a motion. This petition is properly filed in this Court because the deposition and accompanying production of documents is to be conducted in Palo Alto, California. Collard Decl., Exh. 2.

Code of Procedure Section 1987.1 provides that upon a motion reasonably made by a party, the Court may direct compliance with a subpoena. Ameriprise reasonably seeks enforcement of the Subpoena because the basis XimpleWare has given for failing to schedule its deposition is meritless. Conditioning compliance with the Subpoena on Ameriprise's agreement to have one deposition of XimpleWare for multiple actions is unfair and unrealistic. The cases are at completely different stages. The Subpoena relates to the Texas state court action, which is near a discovery cut-off and trial. The federal actions have just been filed and involve multiple defendants who are not parties to the Texas Action. There cannot be "one deposition" unless those defendants participate as well. It is unrealistic to expect that they would forgo their right to engage in written discovery before taking depositions, much less that such a deposition could take place soon enough to avoid prejudice to Ameriprise in the Texas Action. Moreover, as a defendant, Ameriprise did not initiate any of the actions, and it would be unfair to require it to engage in extremely early discovery in the new actions filed by XimpleWare (discovery that is not even authorized under the federal rules at this early stage) merely to spare XimpleWare the inconvenience of an additional deposition in lawsuits it chose to file nearly a month after Ameriprise properly served the Subpoena on XimpleWare.

## B. The Court Has Authority to Grant the Instant Ex Parte Application, and Good Cause Exists to Do So Here.

Ex parte applications to compel discovery, including appearance at a deposition, are authorized by the California Rules of Court, rules 3.1200 through 3.1207. *See Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 295 (upholding grant of ex parte order compelling witness to appear for deposition). Rule 3.1202(c) requires the applicant to make an affirmative showing of urgency. Ameriprise has made that showing. As demonstrated above, XimpleWare is a key witness in the pending Texas Action. Its deposition testimony and the requested documents in its possession must be obtained by the first week in December in order for Ameriprise to complete discovery before the deposition cut-off date in that case and for Ameriprise to timely file its summary judgment motion. Therefore, the Court should grant Ameriprise's application and order XimpleWare to produce the documents identified in the Subpoena on December 2 and produce a witness to testify concerning the matters set forth in the Subpoena on December 6, 2013.

In the alternative, the Court is authorized to shorten the time within which parties must give notice of motions. Cal. Civ. Proc. Code § 1005(b) ("The court, or a judge thereof, may prescribe a shorter time"). When a party demonstrates that an order shortening time is necessary, it is appropriate for the court to grant such an order. *See Moore v. El Camino Hosp. Dist.* (1978) 78 Cal. App. 3d 661, 664 (holding that trial court did not abuse its discretion in shortening time when party demonstrated that such relief was necessary). A regularly-noticed motion could not be heard before December 19, one day before the deposition cut-off date in the Texas Action, and XimpleWare's deposition needs to be completed the first week in December to avoid severe prejudice to Ameriprise. Therefore, if, for any reason, the Court is not inclined to order XimpleWare to appear for its deposition on an ex parte basis, then Ameriprise requests that the Court set Ameriprise's petition for hearing the week of November 25, 2013, before the Thanksgiving holiday.

## III. CONCLUSION

For the foregoing reasons, Ameriprise asks that the Court issue an order requiring XimpleWare to produce the documents identified in the Subpoena on December 2, 2013, and to

produce a witness to testify concerning the matters set forth in the Subpoena on December 6, 2013. In the alternative, Ameriprise requests that the Court issue an order shortening time in which the Ameriprise's petition may be heard.

DATED: November 21, 2013　　　　　　　　　DORSEY & WHITNEY LLP

By: _____
MARTHA C. LUEMERS
Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.