

MARTHA C. LUEMERS
Of Counsel
(650) 843-2725
FAX (650) 857-1288
luemers.martha@dorsey.com

November 27, 2013

Hon. Socrates Manoukian
Old Courthouse
Santa Clara County Superior Court
161 North First Street
San Jose, CA 95113

    Re:    Ameriprise Financial, Inc. v. XimpleWare Corp.
            Case No. 113CV256454

Dear Judge Manoukian:

    I represent Petitioners Ameriprise Financial, Inc., Ameriprise Financial Services, Inc. and American Enterprise Investment Services, Inc. (collectively "Ameriprise") in the above-captioned petition to enforce a deposition subpoena and compel XimpleWare Corp. to produce documents on December 2 and appear for deposition on December 6, 2013.

    I am writing in response to a letter I received shortly before 11:00 a.m. requesting a continuance of the hearing on the petition, which your Honor set for Monday, December 2 on shortened time. The email accompanying the letter indicated that it would be filed today. We received no prior notice of the request to continue the hearing, and we oppose it.

    XimpleWare asks for the continuance so that a federal court ex parte application can be considered before your Honor rules. XimpleWare's counsel made the same argument when we appeared ex parte on November 22 on Ameriprise's ex parte application for an order compelling the production and appearance or, in the alternative, shortening time. It was my understanding that your Honor set the hearing for December 2 so the matter could be decided on a non-ex parte basis, and not on the assumption that the federal court would have decided an ex parte application by XimpleWare that XimpleWare had not even filed yet. Importantly, there was no assurance that there would be a decision in the federal case prior to the December 2 hearing. Moreover, there is no assurance today that the federal court will issue a ruling on December 4. Simply put, there is no reason to wait for the federal court.

    As set forth in Ameriprise's petition, Ameriprise properly served XimpleWare with a subpoena relating to an action pending in Texas on October 6, 2013, and Ameriprise needs to complete the deposition in the first week of December due to cut-off dates in the Texas action, which is scheduled for trial in February 2014.

    Moving the hearing to Friday, December 6, the same day as the likely deposition, to accommodate waiting for a federal court decision would require the parties in the Texas case to



Hon. Socrates Manoukian
November 27, 2013
Page 2

all fly to California for a December 6 deposition that is not certain to take place. It would also mean that the production of documents, which your Honor has ordered XimpleWare to be prepared to make by noon on December 2, would not take place before the deposition.

We respectfully request that the hearing not be continued.

Sincerely,

Martha C. Luemers

MCL:ml

cc: Counsel for XimpleWare

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara. I am over the age of eighteen years and not a party to the within entitled action; my business address is 305 Lytton Avenue, Palo Alto, California 94301.

On November 27, 2013, I served a copy of the following document described as **Letter to the Hon. Socrates Manoukian dated November 27, 2013** on the interested party(ies) in this action as follows:

Jack Russo
Ansel Halliburton
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

jrusso@computerlaw.com
ahalliburton@computerlaw.com

☐ **By Mail.** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Palo Alto, California, in a sealed envelope with postage fully prepaid.

☐ **By Overnight Delivery.** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) above and providing them to a professional messenger service for service. A declaration by the messenger is attached.

☐ **By Facsimile.** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was (650) 857-1288. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached.

☒ **By Electronic Transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from lee.janet@dorsey.com to the person(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 27, 2013, at Palo Alto, California.

_____     _____
Janet Lee                                                           (Signature)
(Type or print name)