GREGORY S. TAMKIN (SBN 175009)
CASE COLLARD (SBN 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
E-Mail: tamkin.greg@dorsey.com
        collard.case@dorsey.com

MARTHA LUEMERS (SBN 104658)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
E-Mail: luemers.martha@dorsey.com

Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED

| | |
|---|---|
| AMERIPRISE FINANCIAL, INC., a Delaware Corporation; AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation; and AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., a Delaware Corporation, <br><br> Petitioners, <br><br> v. <br><br> XIMPLEWARE CORP., a California Corporation, <br><br> Respondent. | CASE NO. 113CV256454 <br><br> **SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO ENFORCE DEPOSITION SUBPOENA IN ACTION PENDING OUTSIDE CALIFORNIA** <br><br> [C.C.P. §§ 2029.600 & 2025.450] <br><br> Date: December 2, 2013 <br> Time: 9:00 a.m. <br> Dept.: 19 <br><br> Judge: Hon. Socrates Manoukian |

Pursuant to this Court's Order Granting Ex Parte Application dated November 22, 2013, Petitioners Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and American Enterprise Investment Services, Inc. (collectively "Ameriprise") submit this supplemental brief in support of (1) Ameriprise's Petition to Enforce Deposition Subpoena in Action Pending Outside California ("Petition"), filed against Respondent XimpleWare Corp ("XimpleWare") on November 19, 2013, and (2) the relief requested in Ameriprise's Ex Parte Application for Order Compelling Respondent XimpleWare's Attendance at Deposition and Production of Documents ("Ex Parte Application") filed November 22, 2013.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are stated in detail in the Petition, Ex Parte Application, and the declarations filed in support thereof. The following summary is provided for the Court's convenience:

**Texas Action**. Ameriprise is the defendant in a Texas state court action brought by Versata Software, Inc. ("Versata") in which Versata alleges that Ameriprise breached a licensing agreement with Versata. Declaration of Case Collard in Support of Petition (Collard Decl.) at ¶¶ 2-3. In defense, Ameriprise contends, based on discovery in the Texas action, that Versata breached the licensing agreement by including XimpleWare software in the product Versata supplied to Ameriprise without complying with the terms of the license through which it obtained the XimpleWare software. *Id.* at ¶ 3. Versata denies Ameriprise's contention. *Id.* Thus, XimpleWare is likely to have information and documents critical to Ameriprise's defense.

**XimpleWare Subpoena**. XimpleWare is located in Milpitas, so Ameriprise served XimpleWare's agent for service of process with the appropriate form of California subpoena for an action pending in another state. *Id.* at ¶¶ 4-5 and Exhs. 1-2. Service was completed on October 6, 2013, and the deposition was set for November 5, 2013 in Palo Alto. *Id.* at Exh. 3.

**XimpleWare's Request to Reschedule**. On October 23, XimpleWare's counsel wrote to Ameriprise's counsel asking to reschedule XimpleWare's deposition. *Id.* at ¶ 8 and Exh. 5. XimpleWare's counsel stated that XimpleWare would need to the end of November to gather documents and proposed that the deposition be scheduled in the first two weeks of December. *Id.*

1     **Ameriprise's Agreement to Reschedule to the First Week in December.** Ameriprise
2 was willing to reschedule as requested so long as the deposition was completed in the <u>first</u> of the
3 two weeks XimpleWare proposed—that is, the first week in December. *Id.* at ¶ 11. Anything
4 later would be prejudicial to Ameriprise due to discovery and motion cut-off dates in the Texas
5 action, which is scheduled for trial in February 2014. Petition at ¶¶ 4 & 24; Collard Decl. at ¶¶ 2,
6 21-22 and Exh. 15.

7     **XimpleWare Refusal to Provide a Specific Date.** Even though XimpleWare proposed
8 the first week of December as an option, Ameriprise has never been able to get any specific date
9 in that week from XimpleWare's counsel despite repeated requests. *Id.* at ¶¶ 11-13, 16-19 and
10 Exhs. 8, 11-13. On November 5, 2013, the day XimpleWare was originally supposed to be
11 deposed, XimpleWare filed two federal actions against Versata, Ameriprise, and several other
12 companies alleging copyright and patent infringement. *Id.* at Exhs. 9-10. XimpleWare's counsel
13 then announced that XimpleWare would not comply with the Subpoena unless Ameriprise and
14 Versata agreed that there would be only one deposition of XimpleWare in all three actions
15 combined <u>and</u> that XimpleWare could take the depositions of Ameriprise and Versata in the
16 federal actions much earlier than would ordinarily be permitted. *Id.* at Exhs. 11 & 13.

17     **Ameriprise's Petition.** The concessions XimpleWare demanded in the federal actions as
18 a condition to compliance with a California subpoena that had properly been served several
19 weeks before XimpleWare filed those actions were unacceptable to Ameriprise, and Ameriprise
20 was unable to resolve the issue with XimpleWare. *Id.* at Exhs. 12-13. Therefore, Ameriprise
21 filed its Petition to enforce the Subpoena in this Court on November 19, 2013.

22     **Ameriprise's Ex Parte Application.** Because there was insufficient time to set the
23 Petition as a regularly noticed motion, Ameriprise filed its Ex Parte Application seeking an order
24 compelling XimpleWare to produce the documents called for by the Subpoena on December 2,
25 2013, and to appear for deposition on December 6, 2013, or in the alternative, shortening time to
26 hear the Petition. Ex Parte Application at 2-3. XimpleWare filed the declaration of its counsel
27 Ansel Halliburton in opposition to the Ex Parte Application ("Opposition") and Mr. Halliburton
28 appeared and argued against the application on November 22, 2013.

1 **Order Granting Ex Parte Application.** Following argument of counsel for Ameriprise and XimpleWare, the Court entered its order shortening time, setting the matter for hearing on December 2, 2013, at 9:00 a.m. in Department 19. The Court further ordered XimpleWare to be ready to produce documents responsive to the Subpoena by noon on December 2. Finally, the Court permitted the parties to file additional papers by noon on November 27, 2013.

## SUPPLEMENTAL ARGUMENT

Ameriprise supplements the arguments contained in its Petition and Ex Parte Application in order to reply to the Opposition XimpleWare filed on November 22, 2013.

Several points are noteworthy in XimpleWare's Opposition:

- XimpleWare does not dispute that the Subpoena was properly served.

- XimpleWare does not object to the scope of the Subpoena. Indeed, XimpleWare states that it intends to seek an order from the federal court "**which will include the same discovery from XimpleWare that Ameriprise seeks on its *ex parte* motion in this Court.**" Opposition at ¶ 6 (emphasis in the original).

- The relief XimpleWare stated it would seek from the federal court assumes the deposition that is the subject of the Subpoena at issue before this Court will go forward, and that the federal discovery will be coordinated with that deposition. Specifically, the form of federal proposed order attached as Exhibit 6 to the Opposition states that the federal deposition would "coincide with the deposition Versata and Ameriprise have noticed through the state courts in Texas and California."[1] Opposition at Exh. 6, p. 3 at ¶ 3.

- The relief XimpleWare stated it would seek from the federal court assumes the deposition that is the subject of the Subpoena at issue before this Court will take place "in the first two weeks of December." *Id.*

---

[1] XimpleWare's proposed order in the federal action does not address the issue of a protective order, but Ameriprise notes that if any of the information called for by the Subpoena is confidential, XimpleWare is protected by the terms of the protective order in the Texas action, attached to the Declaration of Martha C. Luemers in support of Ameriprise's Ex Parte Application as Exhibit B.

-3-

1   In other words, XimpleWare's Opposition presents no substantive objection to the relief
2   Ameriprise seeks, but it nevertheless asks this Court to "abstain" from granting the relief while
3   XimpleWare seeks an order from the federal court expediting discovery in that action and
4   coordinating the federal deposition of XimpleWare with the deposition at issue before this Court.

5   XimpleWare has provided no good ground for abstention. If XimpleWare is successful in
6   timely obtaining the relief it seeks in federal court, then the federal deposition of XimpleWare
7   could be coordinated with the deposition at issue here. If XimpleWare is unable to obtain the
8   relief it seeks in federal court or is unable to do so on a timely basis, then the potential
9   inconvenience to XimpleWare, whatever it might be, does not outweigh Ameriprise's right to
10  obtain a deposition it needs to defend itself in the Texas action on a reasonable, specific date "in
11  the first two weeks of December."

12  For the reasons stated in Ameriprise's Petition, Ameriprise will be prejudiced if the
13  deposition does not take place by the end of the first week of December. It has therefore
14  reasonably requested that the Court order XimpleWare to appear for its deposition on
15  December 6, 2013 and to produce documents responsive to the Subpoena on December 2, 2013.

16  Moreover, the potential inconvenience to XimpleWare in the event there is some
17  duplication of effort in the federal actions would be a problem of its own making. As of the time
18  this brief needed to be finalized in order to meet the noon filing deadline on November 27, 2013,
19  XimpleWare had filed its *ex parte* application in federal court but the federal court had not yet
20  ruled on the application. XimpleWare could have avoided this situation by seeking relief much
21  earlier. XimpleWare filed the federal actions on November 5, 2013, based on information
22  XimpleWare's Opposition indicates XimpleWare had acquired months earlier. Opposition at ¶ 4.
23  And even though XimpleWare had been served with the Subpoena at issue here on October 6,
24  several weeks before filing the federal actions, it waited until November 25, 2013 to file its
25  application in the federal court seeking coordination with the deposition noticed by the Subpoena.
26  That delay is of XimpleWare's own making. In any event, the fact that the federal actions may
27  require additional depositions is simply a fact resulting from XimpleWare initiating litigation.
28  XimpleWare chose to file those actions and thus chose to have to sit for depositions.

-4-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO ENFORCE DEPOSITION SUBPOENA**

## CONCLUSION

For the foregoing reasons and for the reasons stated in Ameriprise's Petition and Ex Parte Application, Ameriprise requests that the Court issue an order requiring XimpleWare to produce the documents identified in the Subpoena on December 2, 2013, and to produce a witness to testify concerning the matters set forth in the Subpoena on December 6, 2013.

DATED: November 27, 2013          DORSEY & WHITNEY LLP

By: _____
MARTHA C. LUEMERS
Attorneys for Petitioners
Ameriprise Financial, Inc.,
Ameriprise Financial Services, Inc., and
American Enterprise Investment Services, Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara. I am over the age of eighteen years and not a party to the within entitled action; my business address is 305 Lytton Avenue, Palo Alto, California 94301.

Before noon on November 27, 2013, I served a copy of the following document described as **SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO ENFORCE DEPOSITION SUBPOENA IN ACTION PENDING OUTSIDE CALIFORNIA** on the interested party(ies) in this action as follows:

Jack Russo
Ansel Halliburton
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

jrusso@computerlaw.com
ahalliburton@computerlaw.com

☐ **By Mail.** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Palo Alto, California, in a sealed envelope with postage fully prepaid.

☐ **By Overnight Delivery.** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) above and providing them to a professional messenger service for service. A declaration by the messenger is attached.

☐ **By Facsimile.** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The telephone number of the sending facsimile machine was (650) 857-1288. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached.

☒ **By Electronic Transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from lee.janet@dorsey.com to the person(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 27, 2013, at Palo Alto, California.

Janet Lee
(Type or print name)          (Signature)