Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Respondent
XIMPLEWARE CORP.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| **Ameriprise Financial, Inc.**, a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation; and **American Enterprise Investment Services, Inc.**, a Delaware corporation,<br><br>Plaintiffs;<br><br>v.<br><br>**XimpleWare Corp.**, a California corporation,<br><br>Respondent. | Case No. 113-CV-256454<br><br>[PROPOSED] ORDER FOLLOWING HEARING |

The Petition of the above-referenced Petitioners (collectively, "Ameriprise Petitioners") came on for hearing this morning before this Court in Department 19 before the Honorable Socrates P. Manoukian; and based on the papers submitted and the argument made by the undersigned counsel at the hearing, the Court ruled as follows:

1. The documents requested by Ameriprise shall be produced to counsel for Ameriprise Peitioners by 5:00 p.m. PST on December 2, 2013, at the offices of counsel for Ameriprise Peitioners in Palo Alto or electronically;

2. The deposition of the corporate representative of XimpleWare Corp. ("XimpleWare") shall go forward on December 6, 2013 at 9:00 a.m. PST at the offices of counsel for Ameriprise Peitioners in Palo Alto, California;

3. The scope of the questioning at the deposition is limited to matters relevant to the Texas action pending in Travis County, Texas between Versata and Ameriprise and entitled *Versata Software, Inc., et al. v. Ameriprise Financial, Inc., et al.*, No. D-1-GN-12-003588 (the "Texas State Court Action");

4. The Court makes no ruling on and Respondent XimpleWare reserves all of its rights and objections, and may continue to assert such rights and objections, in connection with the limited discovery to be provided pursuant to the foregoing;

5. No ruling is made with regard to defects, if any, in any notice, service, or other matters as to any purported subpoena issued by Versata in the Texas State Court Action as the only Petition before the Court is that filed by the Ameriprise Petitioners;

6. All of the foregoing is without prejudice to the decision of Judge Susan Illston in the pending Federal court action entitled *XimpleWare Corp. v. Versata Software, Inc., et al.*, No. 3:13-cv-5160 SI (the "Federal Copyright Action") to stay, modify, or otherwise change the scheduling of the foregoing deposition or other discovery or to otherwise require that the same be coordinated with respect to any depositions or other discovery which is authorized in the Federal Copyright Action; and

//
//

7. No sanctions of any type are granted in favor of or against any party in making or opposing this Petition as substantial justification existed for this Court's intervention and the above-referenced rulings.

IT IS SO ORDERED THIS _____ day of December, 2013 in San Jose, California.

Approved as to Form:

For Ameriprise Petitioners

By: *Martha C. Luemers for*
Name: Greg Tamkin

    Dorsey & Whitney LLP

For Respondent XimpleWare Corp.

By: *Jack Russo*
Name: Jack Russo

    Computerlaw Group LLP

Dated December ____, 2013      By: _____
                                                                          Judge of the Superior Court