Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>   Plaintiff;<br><br>   v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; and **Ameriprise Financial Services, Inc.**, a Delaware corporation,<br><br>   Defendants. | Case No. 3:13-cv-5160 SI<br><br>**XIMPLEWARE'S MOTION TO STRIKE INADMISSIBLE EVIDENCE AND ARGUMENT** |

**TO: DEFEENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that o as soon as the matter can be heard, Plaintiff XimpleWare Corp. ("XimpleWare") shall and hereby does respectfully move the Court for the following relief:

Pursuant to Local Rule 7-5(a) and Rules 403 and 602 of the Federal Rules of Evidence, the Court Order that the factual assertions in Defendant Ameriprise Financial, Inc. and its related entities' ("Ameriprise") Opposition (Dkt. 36) Defendant Versata Software, Inc. and related entities' ("Versata" and collectively with Ameriprise, "Defendants") Opposition (Dkt. 37) be stricken.  Plaintiff brings this Motion to Strike on the grounds that factual statements without evidentiary basis and not authenticated by a witness with personal knowledge and are inadmissible under Local Rule 7-5(a) and Rules of Evidence 403 and 602.

## INTRODUCTION

The Local Rules of this Court are crystal clear —"**Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration**." Local Rule 7-5(a) (emphasis added). The Defendants violated this Local Rule and related Federal Rules of Evidence by making a number of factual assertions in a legal memorandum that was not supporting by an affidavit or declarations, and by making some that were even contradicted by the one declaration they did submit.  All such inadmissible factual assertions cannot be considered by the Court and should be stricken from the record.

## ARGUMENT

**I.   FACTUAL ARGUMENT WITHOUT FOUNDATION MUST BE STRICKEN.**

The Defendants' numerous assertions[1] about certain "facts" that are not supported by any form of declaration can and must be stricken as they are inadmissible under the Federal Rules of

---

[1] Nothing in any of the briefs filed by either set of Defendants and nothing in any of their "lawyer" declarations, sets forth any denial or other explanation of the wrongful removal of the copyright notice of Ximpleware, and the failure to address this point must be taken as an admission of intentional wrongdoing and continued wilful copyright infringement by defendants here.

Computerlaw Group LLP
www.computerlaw.com<sup>sm</sup>

Evidence and they are in violation of this Court's local rules governing motion practice. The following table describes each portion of the Opposition that should be stricken:

| Statement | Basis for Striking Argument |
|---|---|
| "Ameriprise's **internal** use of a Versata software product ("DCM 3.9") that apparently incorporates the open-source XimpleWare code." Dkt. 26, p. 2, lns 9-13 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "The use of open-source software like XimpleWare **is freely allowed**. XimpleWare is still available today **for free** download and use by anyone in the world." Dkt. 26, p. 2, lns 13-15(emphasis added). | Declaration cited to support statement states something different from this sentence, merely stating "I successfully downloaded a copy…" Local Rule 7-5(a). |
| "Ameriprise is free to use the XimpleWare software under the law and XimpleWare's own distribution terms." Dkt. 26, p. 2, lns 27-28. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "XimpleWare has a commercial licensing program in which it has demonstrated a willingness and ability to set a licensing fee." Dkt. 26, p. 5, lns 25-27. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "XimpleWare has licensed its software **for free** under the terms of the GPL." Dkt. 26, p. 6, ln. 3 (emphasis added). | Misleading statement and argument because "free" and "under the terms of the GPL" are internally inconsistent. Fed. R. Evid., Rule 403. |
| "Indeed, Ameriprise's use is lawful and in accord with XimpleWare's distribution terms. XimpleWare cannot be harmed by a party following Ximpleware's own distribution terms." Dkt. 26, p. 6, lns 5-7. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "Ameriprise's use of XimpleWare's software **is fully compliant** with copyright law and XimpleWare's terms of distribution." Dkt. 26, p. 6, lns 21-22 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "XimpleWare's code is open-source and **freely available** to users there is no restriction on using multiple copies—a user can download and use as many copies as it needs." Dkt. 26, p. 7, lns 4-6 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "Use of the software **is freely** allowed…" Dkt. 26, p. 7, ln 21 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |

| | | |
|---|---|---|
| 1, 2 | "Ameriprise's **internal use** of the XimpleWare product cannot harm XimpleWare." Dkt. 26, p. 7-8, lns 28-1 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| 3, 4 | "Ameriprise **innocently and unknowingly** received the XimpleWare software." Dkt. 26, p. 8, lns 19-20 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| 5, 6, 7 | "the way Versata uses XimpleWare is **explicitly permitted under the free license** XimpleWare claims it offers to the general public." Dkt. 27, p. 1, lns 23-25 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| 8, 9 | "Ameriprise categorically denies conveying any such information." Dkt. 27, p. 6, lns 11-12. | Exhibit cited to support statement states something different from this sentence. Local Rule 7-5(a). |
| 10 | "This is unsurprising since this allegation is completely false." Dkt. 27, p. 6, ln. 28 (fn. 4). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| 11, 12, 13 | "Therefore, every DCM customer could simply re-download VTD-XML and **automatically obtain with it a license to use** VTD-XML within their installations." Dkt. 27, p. 7, lns. 20-22 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| 14, 15, 16, 17 | "Versata has already taken the commercial decision to eliminate XimpleWare and a software patch has already been issued to Ameriprise, eliminating XimpleWare, and patches to Versata's other customers are forthcoming." Dkt. 27, p. 9, lns. 5-8. | No statement or evidence is provided that any customer of Versata has installed or will install or use the patch, or will be forced to remove XimpleWare in any way. Fed. R. Evid., Rule 403. (Noete: Even Ameriprise does not say it has done so or that it will do so!) |
| 18, 19, 20 | "The terms of this license explicitly permit the distribution of the subject software **without restriction or limitation on commercialization if delivered in a particular manner**." Dkt. 27, p. 9, lns. 25-28 (emphasis added). | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). Mischaracterizes the GPL license terms. Fed. R. Evid., Rule 403. |
| 21, 22, 23, 24, 25, 26, 27, 28 | "Versata can be said to distribute VTD-XML.jar on the same storage media as its DCM product. However, the software modules are not integrated with one another." Dkt. 37, p. 10, lns. 3-7. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). Inconsistent with its own witnesses, who testified, "I have instructed my development team to remove references to XimpleWare from all versions of DCM. My Team patched DCM version 3.9 on November 22, 2013. My development team informs me that if a DCM version 3.9 customer installs this patch pursuant to the instructions contained within the patch, references to XimpleWare are entirely eliminated." Brighton Decl, Dkt. 37-4 at ¶ 5. *See also* Fed. R. Evid., Rule 403. |

Computerlaw Group LLP
www.computerlaw.com℠

| | |
|---|---|
| "Versata's product is merely distributed on the same storage media as VTD-XML.jar, and Versata does not distribute VTD-XML source code to its customers as part of its DCM product." Dkt. 37, p. 10, lns. 18-21. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "This restriction would damage Versata's ability to monetize its own intellectual property in the service of XimpleWare's pallid allegations." Dkt. 37, p. 11, lns. 18-22. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "If Versata cannot provide this necessary support to its customers, Versata would be in violation of its obligation to provide maintenance and support." Dkt. 37, p. 12, lns. 7-9. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "Versata's customers would all be harmed if the compensation software they use every day were suddenly halted, and they were unable to obtain upgrades or patches." Dkt. 37, p. 12, lns. 19-22. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |
| "Versata is voluntarily modifying its software to not call on VTD-XML.jar. Versata has already delivered a patch to Ameriprise." Dkt. 37, p. 14, lns. 16-17. | No declaration or other admissible evidence cited to support statement. Local Rule 7-5(a). |

## CONCLUSION

Factual assertions without basis should be striken and cannot be considered as part of this Motion. Accordingly, this Motion to Strike should be granted.

COMPUTERLAW GROUP LLP

Dated: December 3, 2013      By:  /s/ Jack Russo
                                  Jack Russo
                                  Christopher Sargent
                                  Ansel Halliburton

                                  Attorneys for Plaintiff
                                  XIMPLEWARE CORP.