GREGORY S. TAMKIN (State Bar No. 175009)
CASE COLLARD (State Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile:  (303) 629-3450
Email: tamkin.greg@dorsey.com
Email: collard.case@dorsey.com
*Attorneys for Defendants Ameriprise Financial, Inc.*
*and Ameriprise Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>          Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; AMERIPRISE FINANCIAL SERVICES, INC.; AND AUREA SOFTWARE, INC A/K/A AUREA, INC.,<br><br>          Defendants. | Case No. 13-cv-05160 SI<br><br>DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, UNFAIR COMPETITION, AND DECLARATORY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br><u>HEARING</u><br><br>Date: January 24, 2014<br>Time: 9:00 am<br>Location: San Francisco Courthouse, Courtroom 10 – 19th floor<br>Judge: Hon. Susan Illston |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION**

To all Parties and their counsel of record:

Please take notice that on January 17, 2014, at 9:00 am, or as soon thereafter as the matter may be heard before the Honorable Susan Illston, in Courtroom 10 of the United States District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc. ("Ameriprise") hereby moves the Court to dismiss Plaintiff XimpleWare Corp.'s ("XimpleWare") claims of copyright infringement, unjust enrichment, unfair competition, and declaratory relief alleged in its Complaint.

Ameriprise seeks an Order dismissing XimpleWare's claims of copyright infringement, unjust enrichment, unfair competition, and declaratory relief with prejudice.  This Motion is made on the grounds that XimpleWare fails to state a claim upon which relief may be granted for copyright infringement, unjust enrichment, unfair competition, and declaratory relief.  The motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters of which the Court takes judicial notice, the Court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This action arises out of purported infringement of open source software created by Plaintiff XimpleWare Corp. ("XimpleWare").  Defendant Versata Software Inc. ("Versata") incorporated XimpleWare code into its own software product and distributed that product to various customers, including Ameriprise, without following the terms of the open source license through which the software was obtained.  XimpleWare asserts nine claims of relief against Versata and related entities, and names Ameriprise as a defendant as to four of the claims: copyright infringement, unjust enrichment, unfair competition, and declaratory relief.  XimpleWare does not allege that Ameriprise knowingly or willfully misused XimpleWare's software, only that Ameriprise received and used internally a product from Versata that incorporated XimpleWare's software.

Even assuming all of its factual allegations to be true, XimpleWare's claims against Ameriprise suffer from a simple, readily apparent flaw.  XimpleWare alleges that Ameriprise used Versata products incorporating XimpleWare's code.  But this allegation cannot be actionable, because XimpleWare elected to issue its code as open source software, available to the public to use free of charge.  XimpleWare's software was subject to an open source license placing certain restrictions on users who copy, modify, and distribute the software.  But by XimpleWare's own factual allegations, Ameriprise did not modify the program or release any version to outsiders.  Ameriprise internally used the software it received from Versata.  Even assuming that Ameriprise thus (unwittingly) used XimpleWare code, it was absolutely entitled to use such an open source program, which is licensed to the general public for use.  As a matter of law, this use does not constitute copyright infringement, unjust enrichment, or unfair competition.  Moreover, to the extent that Versata was in violation of the terms of the open source license, XimpleWare still has no claim against Ameriprise as the Versata conduct about which XimpleWare complains does not deprive Ameriprise of its license.

## II.  FACTUAL BACKGROUND

As alleged in the Complaint, XimpleWare is a computer software developer, which holds various software patents.  Complaint, ¶ 3.  As pertinent here, XimpleWare has written code that

performs the function of "parsing" XML documents.  *Id.*, ¶¶ 16-21.  XimpleWare has registered its code with the U.S. Copyright Office.  *Id.*, ¶¶ 40-43.

XimpleWare elected to distribute its code as "open source" software, which is available free of charge to the public.  Complaint, ¶ 23.  XimpleWare chose to license its open source program under the terms of GNU General Public License version 2 ("GPL").  *Id.*, ¶ 26.  Dkt. No. 1-1, Complaint, Exhibit 1.  The GPL freely allows use of open source software, specifying that "[t]he GNU General Public License is intended to guarantee your freedom to share and change free software—***to make sure the software is free for all its users***."  Dkt. No. 1-1, at p. 1, Preamble (emphasis added).  While the GPL places no restrictions on use of software, it does place certain terms and conditions on copying, distributing, and modifying the software.  *Id.* at p. 2.  The GPL places no restrictions on any other use of the software.  *See id.* ("Activities other than copying, distribution and modification are not covered by this License; they are outside its scope. The act of running the Program is not restricted…").  In particular, the GPL specifies that a party becomes a licensee under the GPL when it receives an open source program from another licensee, and the transferee retains the rights of a licensee even if the transferor loses its right by violating the terms of the GPL:

> You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License.  Any attempt otherwise to copy, modify, sublicense or distribute the Program is void, and will automatically terminate your rights under this License.  However, parties who have received copies, or right, from you under this License will not have their licenses terminated so long as such parties remain in full compliance.

*Id.* at p.3, ¶ 4.

XimpleWare brought this action after being informed by Ameriprise[1] that Versata had incorporated portions of XimpleWare's code into a Versata product.  Complaint, ¶ 46.  XimpleWare

---

[1] Ameriprise contacted XimpleWare to seek third-party discovery from XimpleWare in the underlying Texas state court action between Ameriprise and Versata.

1   alleges that Versata has copied and distributed XimpleWare's code to multiple customers, including

2   Ameriprise.  *Id.*, ¶¶ 45, 51.

3        Ameriprise is a financial services provider.  Complaint, ¶¶ 7, 8.  Ameriprise licensed and

4   received software from Versata incorporating XimpleWare's software, for Ameriprise's internal use

5   in support of its financial services business.  *Id.*, ¶ 60.  XimpleWare alleges that Ameriprise

6   reproduced and distributed Versata's software internally,[2] *id.*, but it does ***not*** allege that Ameriprise

7   modified the software or sold or distributed copies of the software to any other entity.  In other

8   words, XimpleWare alleges that Ameriprise is simply a user of the XimpleWare code through its use

9   of the software licensed from Versata.

### III.  ARGUMENT

11        In order to state a claim for relief, a plaintiff has an "obligation to provide the grounds of its

12   entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of

13   the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

14   (2007) (citations omitted).  The claim must be supported by factual allegations, not mere legal

15   conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Accordingly, the Court disregards

16   conclusory allegations and then determines whether the remaining factual allegations "plausibly give

17   rise to an entitlement to relief."  *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 989 (E.D. Cal. 2012);

18   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

19        XimpleWare's factual allegations do not give rise to any claim for relief against Ameriprise,

20   because the code at issue was issued as open source software, freely available for use by the public.

21   Thus, Ameriprise was and remains permitted to use XimpleWare's code embedded in Versata's

22   product.  XimpleWare has no claim for relief against Ameriprise for copyright infringement, since

23   Ameriprise's use of the code was and remains permitted under the terms of the GPL.  Ameriprise

24   was and remains a licensed user under the GPL, expressly authorized freely to download and use

---

[2] Ameriprise did not "distribute" Versata's software internally; nevertheless, for purposes of the instant motion,
Ameriprise assumes otherwise.

XimpleWare's code to whatever extent it wished; thus, its use of the code could not constitute copyright infringement.  XimpleWare's other claims for relief are similarly unavailing – Ameriprise was neither unjustly enriched nor unfairly competing because it was entitled to freely use XimpleWare's code in the manner in which it does, nor is there any basis for declaratory relief.

**A.     XimpleWare's Allegations Do Not Support a Claim for Relief Against Ameriprise for Copyright Infringement.**

Even assuming all of XimpleWare's factual allegations to be true, as a matter of law the allegations do not give rise to a claim for relief against Ameriprise for copyright infringement because, as XimpleWare openly concedes, its code was open source software freely available for the public to use.  Under the terms of the GPL, Ameriprise was and is a licensed user of the XimpleWare software.  As such, XimpleWare could only bring an action for copyright infringement if Ameriprise copied, distributed, or modified the code contrary to the terms of the GPL license. There is no such allegation here.  Ameriprise simply uses XimpleWare's open source software, as contemplated and permitted under the GPL.

**1.     Ameriprise Was a Licensed User of XimpleWare's Software Under the GPL.**

While XimpleWare alleges various violations of the terms of the GPL *by Versata*, *e.g.*, Complaint, ¶¶ 47, 51, 58, it makes no such factual allegation as to Ameriprise.  But Versata's alleged violations are irrelevant here.  Regardless of whether Versata violated the GPL, Ameriprise remains a licensed user of XimpleWare software, for two independent reasons.  <u>First</u>, Ameriprise is itself a member of the general public to whom the GPL license extends.  Thus, Ameriprise is entitled to the rights of a licensee under the GPL, independent of Versata, so long as Ameriprise remains in compliance with the terms of that license.  <u>Second</u>, Ameriprise became a licensed user of XimpleWare software when it received that software from Versata which integrates the XimpleWare software.  By the express terms of the GPL, Ameriprise retains the rights as licensee it received as a result of that transfer, without regard to whether Versata loses its own rights.

**a.  Ameriprise Is Itself a Licensee Under the GPL.**

As a user of the XimpleWare software, Ameriprise is a member of the general public to whom the GPL license extends.  The GPL licenses any member of the public that uses the licensed

software: "[T]he GNU General Public License is intended to guarantee your freedom to share and change free software—to make sure the software is free for all its users."  Dkt. No. 1-1, at p. 1, Preamble.  Thus, by XimpleWare's own allegations, Ameriprise is itself licensed to use XimpleWare's open source software, in accordance with the terms of the GPL.  Ameriprise is entitled under the GPL to use XimpleWare's software, entirely independent of Versata and its purported misconduct.  There is no basis under the GPL for limiting Ameriprise's use of the software based on Versata's actions.  Indeed, Ameriprise's *use* of the software (as opposed to distribution or modification, which Ameriprise does not do.) is not constrained by the GPL at all.  Rather, the GPL provides that "[a]ctivities other than copying, distribution and modification are not covered by this License; they are outside its scope."  Dkt. No. 1-1, at p. 2.  The very purpose of the open source designation is to allow such use.

**b.   Ameriprise Became a Licensee By Receiving Software from Versata.**

Second, again by XimpleWare's own allegations, Ameriprise received copies of the XimpleWare software from Versata.  Pursuant to Section 4 of the GPL, Ameriprise is thus a licensed user and retains its rights under the GPL—regardless of whether Versata should lose its rights—*so long as Ameriprise remains in compliance with the GPL*.  *Id.* at p.3, ¶ 4 ("However, parties who have received copies, or rights, from you under the License will not have their licenses terminated so long as such parties remain in full compliance.").  XimpleWare apparently asserts that Ameriprise should no longer be treated as a licensee under the GPL, because Versata failed to comply with the terms of the GPL.  *See* Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 7 ("Thus, the GPL provides no protection for Versata and thus, none for Ameriprise either.").  But Versata's failure to comply with the GPL has no bearing on Ameriprise's rights.  To the contrary, the GPL expressly provides that a party who receives copies of the open source software retains the rights granted under the GPL, even if the transferring party's rights are terminated.  Dkt. No. 1-1, at p. 3, ¶ 4.

Under the facts as alleged in XimpleWare's Complaint, as a matter of law, Ameriprise was and remains licensed to use XimpleWare's software pursuant to the terms of the GPL.

**2.   As a Licensed User, Ameriprise Cannot Be Liable for Copyright Infringement Unless It Violated the Terms of the GPL, Which Is Not Alleged.**

Because Ameriprise is licensed to use XimpleWare's code under the GPL, as a matter of law, Ameriprise cannot be liable for copyright infringement unless it acted outside the scope of the GPL, which XimpleWare has not alleged.

In *Jacobsen v. Katzer*, 535 F.3d 1373 (Fed. Cir. 2008), the Federal Circuit resolved the issue of whether a copyright owner could bring an action for copyright infringement as to open source software. *See id.* at 1375 ("We consider here the ability of a copyright holder to dedicate certain work to free public use and yet enforce an 'open source' copyright license to control the future distribution and modification of that work."). The Court held that the owner generally waives the right to sue for copyright infringement, unless the defendant acts in a manner contrary to the limitations of the open source license:

> Generally, a "copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement" and can sue only for breach of contract. If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.

*Id.* at 1380 (citations omitted).

There is no dispute here that XimpleWare issued its code as open source software, in essence licensing the software for anyone to use freely. Thus, under *Jacobsen v. Katzer*, XimpleWare could only state a claim for copyright infringement if Ameriprise somehow acted outside the restrictions of the GPL open source license. But that license only places restrictions on parties who modify the software or distribute copies of it: "These restrictions translate to certain responsibilities for you if you distribute copies of the software, or if you modify it." Dkt. No. 1-1, at p. 1. There is no restriction on an entity using the software for its own purposes; that is exactly what the open source status of the software is intended to permit, "to make sure the software is free for all its users." *Id.* Because Ameriprise only used the software, and there is no allegation that it modified the software or distributed copies of it, there can be no claim against it for copyright infringement.

XimpleWare alleges that Ameriprise "reproduced and distributed [XimpleWare's code] internally," for use "in their own systems." Complaint, ¶ 60. But to the extent XimpleWare

attempts to argue that this constitutes "distributing copies" of the software, it is playing a semantic game.  The GPL plainly uses those terms to describe distributing copies to other entities, ***not*** to refer to internal use of the software.  The GPL v.2 FAQ's address this issue directly: "Q: Is making and using multiple copies within one organization or company 'distribution'?  A: No, in that case the organization is just making the copies for itself. […]," Frequently Asked Questions about version 2 of the GNU GPL; http://www.gnu.org/licenses/old-licenses/gpl-2.0-faq.html#InternalDistribution accessed on December 3, 2013.  Using the software internally is contemplated by and expressly permitted under the GPL.  Dkt. No. 1-1, at p. 2 ("[t]he act of running the Program is not restricted").  Indeed, the GPL would permit Ameriprise to download and run however many copies of the XimpleWare code it wished for its own use.  Thus, it is nonsensical to contend that internal "copying" and "distribution" of the code somehow runs afoul of the GPL.  There is no restriction on users making use of multiple copies of XimpleWare's open source and freely available code—a user is permitted to download and use as many copies as it needs.  Internal use of the code ***within*** Ameriprise is consistent with the GPL, and thus cannot give rise to a claim for copyright infringement.

This result is consistent with the terms of the Copyright Act, which reserves to the owner of a copyright the exclusive right to engage in six activities:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display

the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work

publicly by means of a digital audio transmission.

17 U.S.C. § 106.  Paragraphs (4)-(6) have no conceivable application here, and XimpleWare has not alleged facts that would constitute a violation of Paragraphs (1)-(3) by Ameriprise (as opposed to Versata).  XimpleWare asserts that Ameriprise reproduced the software internally, but as discussed above, this is exactly the sort of internal use XimpleWare authorized the public to engage in under the GPL.  There is no allegation that Ameriprise modified XimpleWare, distributed copies of XimpleWare software, or in any way made copies available to the public.

Because Ameriprise's use of XimpleWare's open source program is entirely consistent with the terms of the GPL and the Copyright Act, such use cannot support a claim for copyright infringement.

**B.**    **XimpleWare's Allegations Do Not Support Any of Its Other Claims for Relief Against Ameriprise.**

XimpleWare also asserts claims against Ameriprise for unjust enrichment, unfair competition, and declaratory relief.  None of these alternative theories supports a claim against Ameriprise as a matter of law.

It is dubious whether an allegation of "unjust enrichment" can ever support an independent claim for relief.  *See Cortez v. New Century Mortgage Corp.*, 2012 WL 368647, *9 ("California courts are split as to whether there is an independent cause of action for unjust enrichment.").  Even assuming it can, XimpleWare cannot state such a claim here.  A claim for unjust enrichment requires that a party unjustly retain a benefit at the expense of another.  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).  XimpleWare cannot contend that copyright infringement renders Ameriprise's use of its software "unjust," since its copyright infringement claim is untenable, as demonstrated above.  In the absence of any claim for copyright infringement, it cannot conceivably be unjust for Ameriprise to make use of open source software, the use of which is freely permitted.  "There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected."  *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008) (affirming

dismissal of unjust enrichment claim, where plaintiffs "received the benefit of the bargain").

XimpleWare expected other parties to make free use of its open source software.  There is no basis

in law or logic to allow XimpleWare to seek damages for free use of software it chose to make

available for others to use freely.

   XimpleWare's creative assertion of a claim for "unfair competition" is similarly untenable.

In order to state a claim for unfair competition, "a plaintiff must allege that the defendant committed

a business act that is either fraudulent, unlawful, or unfair."  *Levine v. Blue Shield of California*, 189

Cal. App. 4th 1117, 1136 (2010) (affirming dismissal of claim for unfair competition).  Here,

XimpleWare has not attempted to allege any fraudulent business practice by Ameriprise.  Rather, the

only allegation in this claim directed against Ameriprise is that it benefited from using XimpleWare

software received through Versata in Ameriprise's internal systems.  Complaint, ¶ 125.  The only

allegation of "unlawful" conduct is the assertion of a copyright violation, which lacks any

cognizable basis, as demonstrated above.  It was not "unfair" for Ameriprise to use freely available

open source software.  None of XimpleWare's allegations against Ameriprise "are directly

connected to any legislatively declared policy or threatened competition," as necessary to

demonstrate "unfair" conduct within the meaning of Section 17200 of the California Business and

Professions Code.  *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 991 (2008).[3]  Rather, this claim

simply relies again on Ameriprise's completely permissible use of XimpleWare's open source

software.

   Finally, XimpleWare's claim for declaratory relief is dependent on its other, unsupportable

claims.  The claim for declaratory relief contains no independent basis for relief outside of the

preceding claims, which are invalid as against Ameriprise as a matter of law.  Moreover, stripped of

those preceding claims, there is no case or controversy between XimpleWare and Ameriprise to

support a claim for declaratory relief.  *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95

(1993) ("a party seeking a declaratory judgment has the burden of establishing the existence of an

actual case or controversy").

---

[3] As the Court explained in *Buller*, the "unfair" prong of § 17200 usually arises in actions by consumers or by competitors.  *Id.* at 990-92.  XimpleWare does not allege that it is a consumer or competitor of Ameriprise.

## IV.  CONCLUSION

For the foregoing reasons, XimpleWare has failed as a matter of law to demonstrate any cognizable claim for relief against Ameriprise, and Ameriprise respectfully requests the Court dismiss all claims against it with prejudice.

Respectfully submitted December 3, 2013.

/s/ Gregory S. Tamkin
Gregory S. Tamkin
Case Collard
DORSEY & WHITNEY, LLP
Email: tamkin.greg@dorsey.com
Email: collard.case@dorsey.com
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone:(303) 629-3400
Facsimile: (303) 629-3450

***Attorneys for Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc.***

1

## CERTIFICATE OF SERVICE

2      On December 3, 2013, I caused the foregoing document, titled DEFENDANTS AMERIPRISE

3  FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION

4  AND MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF COPYRIGHT

5  INFRINGEMENT, UNJUST ENRICHMENT, UNFAIR COMPETITION, AND DECLARATORY

6  JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES, to be electronically filed

7  with the court, which will cause a Notice of Electronic Filing to be automatically generated by the

8  court's electronic filing system and sent to all parties in this case.  Pursuant to General Order No. 45,

9  Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record

10  for counsel in the case constitutes service on the receiving parties.

11                                       /s/ Gregory S. Tamkin
                                         Gregory S. Tamkin
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28