GREGORY S. TAMKIN (State Bar No. 175009)
CASE COLLARD (State Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile:  (303) 629-3450
Email: tamkin.greg@dorsey.com
Email: collard.case@dorsey.com
*Attorneys for Defendants Ameriprise Financial, Inc.
and Ameriprise Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; AMERIPRISE FINANCIAL SERVICES, INC.; AND AUREA SOFTWARE, INC A/K/A AUREA, INC.,<br><br>Defendants. | Case No. 13-cv-05160 SI<br><br>DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, UNFAIR COMPETITION, AND DECLARATORY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>HEARING<br><br>Date: February 7, 2014<br>Time: 9:00 am<br>Location: San Francisco Courthouse, Courtroom 10 – 19th floor<br>Judge: Hon. Susan Illston |

**NOTICE OF MOTION**

To all Parties and their counsel of record:

Please take notice that on Friday, February 7, 2013, 2014, at 9:00 am, or as soon thereafter as the matter may be heard before the Honorable Susan Illston, in Courtroom 10 of the United States District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc. ("Ameriprise") hereby moves the Court to dismiss Plaintiff XimpleWare Corp.'s ("XimpleWare") claims of copyright infringement, unjust enrichment, unfair competition, and declaratory relief alleged in its Amended Complaint.

Ameriprise seeks an Order dismissing XimpleWare's claims of copyright infringement, unjust enrichment, unfair competition, and declaratory relief with prejudice. This Motion is made on the grounds that XimpleWare fails to state a claim upon which relief may be granted for copyright infringement, unjust enrichment, unfair competition, and declaratory relief. The motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters of which the Court takes judicial notice, the Court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of purported infringement of open source software created by Plaintiff XimpleWare Corp. ("XimpleWare"). Defendant Versata Software Inc. ("Versata") incorporated XimpleWare code into its own software product and improperly sold that product to various customers, including Ameriprise, without following the terms of the open source license pursuant to which the software was obtained. XimpleWare asserts nine claims of relief against Versata and related entities, and names Ameriprise as a defendant as to four of the claims: copyright infringement, unjust enrichment, unfair competition, and declaratory relief. XimpleWare does not allege that Ameriprise sold XimpleWare's software; it only alleges that Ameriprise received and used internally a product from Versata that incorporated XimpleWare's software.

Even assuming all of its factual allegations to be true, XimpleWare's claims against Ameriprise suffer from a simple, readily apparent flaw. XimpleWare alleges that Ameriprise used Versata products incorporating XimpleWare's code. But this allegation cannot be actionable, because XimpleWare elected to issue its code as open source software, available to the public to use free of charge. XimpleWare's software was subject to an open source license placing certain restrictions on users who copy, modify, and distribute the software. But by XimpleWare's own allegations, Ameriprise did not copy, modify, and distribute the software. Ameriprise simply used the software it received from Versata.

XimpleWare has amended its Complaint to add allegations that there are thousands of Ameriprise financial advisors, many of whom are independent contractors rather than employees.[1] That distinction is irrelevant. XimpleWare alleges that Versata modified, sold, and distributed XimpleWare software, but it has not made and cannot make any such allegations against Ameriprise. Ameriprise did not sell or distribute XimpleWare software; rather, it received software from Versata

---

[1] Ameriprise previously moved to dismiss the claims against it for the same reasons stated herein. In accordance with Fed. R. Civ. P. 15, XimpleWare responded by amending its Complaint, adding allegations regarding Ameriprise's financial advisors. But as explained in this renewed motion, the new allegations do nothing to prevent dismissal of XimpleWare's claims.

and used it internally to manage compensation for its advisors. Even assuming that Ameriprise thus (unwittingly) used XimpleWare code, it was absolutely entitled to use such an open source program, which is licensed to the general public for use. As a matter of law, this use does not constitute copyright infringement, unjust enrichment, or unfair competition. Moreover, to the extent that Versata was in violation of the terms of the open source license, XimpleWare still has no claim against Ameriprise as the Versata conduct about which XimpleWare complains does not deprive Ameriprise of its license.

## II. FACTUAL BACKGROUND

As alleged in the Amended Complaint, XimpleWare is a computer software developer. Amended Complaint, ¶ 3. As pertinent here, XimpleWare has written code that performs the function of "parsing" XML documents. *Id.*, ¶¶ 16-21. XimpleWare has registered its code with the U.S. Copyright Office. *Id.*, ¶¶ 44-48.

XimpleWare elected to distribute its code as "open source" software, which is available free of charge to the public. Amended Complaint, ¶ 23. XimpleWare chose to license its open source program under the terms of GNU General Public License version 2 ("GPL"). *Id.*, ¶ 26. Dkt. No. 1-1, Complaint, Exhibit 1. The GPL freely allows use of open source software, specifying that "[t]he GNU General Public License is intended to guarantee your freedom to share and change free software—*to make sure the software is free for all its users*." Dkt. No. 1-1, at p. 1, Preamble (emphasis added). While the GPL places no restrictions on use of software or even modifying the software as long as it is not then distributed to third parties, it does place certain terms and conditions on copying, distributing, and modifying the software. *Id.* at p. 2. The GPL places no restrictions on any other use of the software. *See id.* ("Activities other than copying, distribution and modification are not covered by this License; they are outside its scope. The act of running the Program is not restricted…").[2] In particular, the GPL specifies that a party (here, Ameriprise)

---

[2] The Free Software Foundation makes clear that distribution the key activity to invoke the viral nature of the GPL in its published FAQs:

> Q: Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)
>
> A: The GPL does not require you to release your modified version, or any part of it. You are free to make

becomes a licensee under the GPL when it receives an open source program from another licensee (here Versata), and retains the rights of a licensee even if the transferor loses its right by violating the terms of the GPL:

> You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt otherwise to copy, modify, sublicense or distribute the Program is void, and will automatically terminate your rights under this License. However, parties who have received copies, or right, from you under this License will not have their licenses terminated so long as such parties remain in full compliance.

*Id.* at p. 3, ¶ 4.

XimpleWare brought this action after being informed by Ameriprise[3] that Versata had incorporated XimpleWare's code into a Versata product. Amended Complaint, ¶ 51. XimpleWare alleges that Versata has copied and distributed XimpleWare's code to multiple customers, including Ameriprise. *Id.*, ¶¶ 50, 58.

Ameriprise is a financial services provider. Amended Complaint, ¶¶ 7, 8. Ameriprise licensed and received software from Versata incorporating XimpleWare's software, for Ameriprise's internal use in support of its financial services business. *Id.*, ¶¶ 59-61. XimpleWare alleges that Ameriprise reproduced and distributed Versata's software internally to its financial advisors,[4] *id.*, but it does ***not*** allege that Ameriprise modified the software or sold or distributed copies of the

---

modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization. But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL[.]

Frequently Asked Questions about version 2 of the GNU GPL; http://www.gnu.org/licenses/old-licenses/gpl-2.0-faq.html#InternalDistribution, accessed on December 31, 2013.

[3] Ameriprise contacted XimpleWare to seek third-party discovery from XimpleWare in the underlying Texas state court action between Ameriprise and Versata.

[4] Ameriprise notes that in fact, it did not "distribute" Versata's software internally; nevertheless, for purposes of the instant motion, Ameriprise accepts the allegations as true, as it is required to do.

software to any non-Ameriprise entity.[5] In other words, XimpleWare alleges that Ameriprise is simply a user of the XimpleWare code through its use of the software licensed from Versata.

## III. ARGUMENT

In order to state a claim for relief, a plaintiff has an "obligation to provide the grounds of its entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The claim must be supported by factual allegations, not mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Accordingly, the Court disregards conclusory allegations and then determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 989 (E.D. Cal. 2012); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

XimpleWare's factual allegations do not give rise to any claim for relief against Ameriprise, because the code at issue was issued as open source software, freely available for use by the public. Thus, Ameriprise was and remains permitted to use XimpleWare's code embedded in Versata's product. XimpleWare has no claim for relief against Ameriprise for copyright infringement, since Ameriprise's use of the code was and remains permitted under the terms of the GPL. Ameriprise was and remains a licensed user under the GPL, expressly authorized freely to download and use XimpleWare's code to whatever extent it wished; thus, its use of the code could not constitute copyright infringement. XimpleWare's other claims for relief are similarly unavailing – Ameriprise was neither unjustly enriched nor unfairly competing because it was entitled to freely use XimpleWare's code in the manner in which it does, nor is there any basis for declaratory relief.

**A. XimpleWare's Allegations Do Not Support a Claim for Relief Against Ameriprise for Copyright Infringement.**

Even assuming all of XimpleWare's factual allegations to be true, as a matter of law the allegations do not give rise to a claim for relief against Ameriprise for copyright infringement

---

[5] XimpleWare provides no basis to support its allegation that use by Ameriprise's independent contractors would constitute distribution to an outside entity.

because, as XimpleWare openly concedes, its code was open source software freely available for the public to use. Under the terms of the GPL, Ameriprise was and is a licensed user of the XimpleWare software. As such, XimpleWare could only bring an action for copyright infringement if Ameriprise copied, distributed, or modified the code contrary to the terms of the GPL license. There is no such allegation here. Ameriprise simply uses XimpleWare's open source software, as contemplated and permitted under the GPL.

### 1. Ameriprise Was a Licensed User of XimpleWare's Software Under the GPL.

XimpleWare alleges various violations of the terms of the GPL *by Versata*, *e.g.*, Amended Complaint, ¶¶ 53, 58, but Versata's alleged violations are irrelevant here. Regardless of whether Versata violated the GPL, Ameriprise remains a licensed user of XimpleWare software, for two independent reasons. First, Ameriprise is itself a member of the general public to whom the GPL license extends. Thus, Ameriprise is entitled to the rights of a licensee under the GPL, independent of Versata, so long as Ameriprise remains in compliance with the terms of that license. Second, Ameriprise became a licensed user of XimpleWare software when it received that software from Versata which integrates the XimpleWare software. By the express terms of the GPL, Ameriprise retains the rights as licensee it received as a result of that transfer, without regard to whether Versata loses its own rights.

### a. Ameriprise Is Itself a Licensee Under the GPL.

As a user of the XimpleWare software, Ameriprise is a member of the general public to whom the GPL license extends. The GPL licenses any member of the public that uses the licensed software: "[T]he GNU General Public License is intended to guarantee your freedom to share and change free software—to make sure the software is free for all its users." Dkt. No. 1-1, at p. 1, Preamble. Thus, by XimpleWare's own allegations, Ameriprise is itself licensed to use XimpleWare's open source software, in accordance with the terms of the GPL. Ameriprise is entitled under the GPL to use XimpleWare's software, entirely independent of Versata and its purported misconduct. There is no basis under the GPL for limiting Ameriprise's use of the software based on Versata's actions. Indeed, Ameriprise's *use* of the software (as opposed to distribution or modification, which Ameriprise does not do) is not constrained by the GPL at all.

Rather, the GPL provides that "[a]ctivities other than copying, distribution and modification are not covered by this License; they are outside its scope." Dkt. No. 1-1, at p. 2. The very purpose of the open source designation is to allow such use.

XimpleWare itself agrees with this view. In its publicly posted "Frequently Asked Questions," XimpleWare has openly assured users of its software that they are permitted to modify the XimpleWare software and use it internally, as opposed to selling it to third parties:

> - Can you explain the GPL license a bit more?
>
> The GPL does not necessarily require one to disclose their source code when modifying a GPL-covered work or using GPL-covered code in a new work. This requirement arises only when the new project is "distributed" to third parties. If the resulting software is kept ***only for use by the modifier***, no disclosure of source code is required. Although VTD-XML is protected by <u>U.S. patents 7133857, 7260652, and 7761459</u>, as long as you abide by GPL, you don't have to worry about patent infringement.

Exhibit 1 hereto, at page 4 (emphasis added); *see also* Exhibit 2 hereto, at page 3.

### b. Ameriprise Became a Licensee By Receiving Software from Versata.

Second, again by XimpleWare's own allegations, Ameriprise received copies of the XimpleWare software from Versata.[6] Pursuant to Section 4 of the GPL, Ameriprise is thus a licensed user and retains its rights under the GPL—regardless of whether Versata should lose its rights—***so long as Ameriprise remains in compliance with the GPL***. *Id.* at p. 3, ¶ 4 ("However, parties who have received copies, or rights, from you under the License will not have their licenses terminated so long as such parties remain in full compliance."). XimpleWare apparently asserts that Ameriprise should no longer be treated as a licensee under the GPL, because Versata failed to comply with the terms of the GPL. *See* Dkt. No. 13, Memo ISO *Ex Parte* Request for TRO at 7

---

[6] As noted by Versata at the hearing on XimpleWare's Temporary Restraining Order, Ameriprise's contract with Versata does not allow for redistribution. Exhibit 3 hereto, Transcript of Hearing on XimpleWare TRO at 13:15-17, ("[Ameriprise] has a license agreement with Versata that prohibits their ability to distribute the software that they have received to anyone else"). Despite being engaged in litigation on that contract, Versata has never accused Ameriprise of violating that provision.

("Thus, the GPL provides no protection for Versata and thus, none for Ameriprise either."). But Versata's failure to comply with the GPL has no bearing on Ameriprise's rights. To the contrary, the GPL expressly provides that a party who receives copies of the open source software retains the rights granted under the GPL, even if the transferring party's rights are terminated. Dkt. No. 1-1, at p. 3, ¶ 4.

Under the facts as alleged in XimpleWare's Amended Complaint, as a matter of law, Ameriprise was and is licensed to use XimpleWare's software pursuant to the terms of the GPL.

### 2. As a Licensed User, Ameriprise Cannot Be Liable for Copyright Infringement Unless It Violated the Terms of the GPL, Which Is Not Alleged.

Because Ameriprise is licensed to use XimpleWare's code under the GPL, as a matter of law, Ameriprise cannot be liable for copyright infringement unless it acted outside the scope of the GPL, which XimpleWare has not alleged.

In *Jacobsen v. Katzer*, 535 F.3d 1373 (Fed. Cir. 2008), the Federal Circuit resolved the issue of whether a copyright owner could bring an action for copyright infringement as to open source software. *See id.* at 1375 ("We consider here the ability of a copyright holder to dedicate certain work to free public use and yet enforce an 'open source' copyright license to control the future distribution and modification of that work."). The Court held that the owner generally waives the right to sue for copyright infringement, unless the defendant acts in a manner contrary to the limitations of the open source license:

> Generally, a "copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement" and can sue only for breach of contract. If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.

*Id.* at 1380 (citations omitted).

There is no dispute here that XimpleWare issued its code as open source software, in essence licensing the software for anyone to use freely. Thus, under *Jacobsen v. Katzer*, XimpleWare could only state a claim for copyright infringement if Ameriprise somehow acted outside the restrictions of

the GPL open source license. But that license only places restrictions on parties who modify the software or distribute copies of it: "These restrictions translate to certain responsibilities for you if you distribute copies of the software, or if you modify it." Dkt. No. 1-1, at p. 1. There is no restriction on an entity using the software for its own purposes; that is exactly what the open source status of the software is intended to permit, "to make sure the software is free for all its users." *Id.* Because Ameriprise only used the software, and there is no allegation that it modified the software or distributed copies of it, there can be no claim against it for copyright infringement.

XimpleWare alleges that Ameriprise distributed XimpleWare's code to its own financial advisors. Amended Complaint, ¶ 60. While not true factually, but assumed to be true for purposes of the motion to dismiss, to the extent XimpleWare attempts to argue that this constitutes "distributing copies" of the software, it is playing a semantic game. The GPL plainly uses those terms to describe distributing copies to other entities, *not* to refer to internal use of the software. The GPL v.2 FAQ's address this issue directly: "Q: Is making and using multiple copies within one organization or company 'distribution'? A: No, in that case the organization is just making the copies for itself.…" Frequently Asked Questions about version 2 of the GNU GPL; http://www.gnu.org/licenses/old-licenses/gpl-2.0-faq.html#InternalDistribution, accessed on December 31, 2013. Using the software internally is contemplated by and expressly permitted under the GPL. Dkt. No. 1-1, at p. 2 ("[t]he act of running the Program is not restricted"). Indeed, the GPL would permit Ameriprise to download and run however many copies of the XimpleWare code it wished for its own use. Thus, it is nonsensical to contend that internal "copying" and "distribution" of the code somehow runs afoul of the GPL.

XimpleWare alleges that many of Ameriprise's financial advisors are independent contractors rather than employees. Amended Complaint, ¶ 59. But this does nothing to alter the fact that, by XimpleWare's own allegations, the software Ameriprise received from Versata was used only by Ameriprise personnel; it was not sold or distributed to third parties.[7] In XimpleWare's own

---

[7] Again, Ameriprise's franchisee advisors do not receive or use copies of Versata's software, and therefore receive and use no copies of XimpleWare's software. But for purposes of this Motion, Ameriprise takes XimpleWare's allegations on their face.

terms, the software was "kept only for use[.]"  Exhibit 1 hereto, at page 4. It is irrelevant whether Ameriprise's personnel using the software were "employees" or "independent contractors."  Either way, Ameriprise is "using" the software, not selling, distributing, or transferring it.  *See CoreBrace LLC v. Star Seismic LLC*, 556 F.3d 1069, 1072-73 (Fed. Cir. 2009) (patent licensee did not violate provision against assigning, sublicensing, or transferring its license by employing independent contractors to make the products it was licensed to make); *Womack+Hamilton Architects, L.L.C. v. Metric Holdings Ltd. Partnership*, 102 Fed. Appx. 374, 382 (5th Cir. 2004) (copyright licensee's hiring of independent contractors "does not appear to be a transfer of the rights contained in the license. *Cf. Hogan Sys., Inc. v. Cybresource, Int'l*, 158 F.3d 319, 323 (5th Cir. 1998) (bank's use of independent contractors to work on licensed software not a transfer of license to contractor because 'all of the work being done inures to the benefit of [the bank]')").  The GPL license draws no distinction between use by employees and use by independent contractors.  There is no restriction on users making use of multiple copies of XimpleWare's open source and freely available code—a user is permitted to download and use as many copies as it needs.  Internal use of the code ***within*** Ameriprise to run its business, including the compensation of its franchisees, is consistent with the GPL, and thus cannot give rise to a claim for copyright infringement.

This result is consistent with the terms of the Copyright Act, which reserves to the owner of a copyright the exclusive right to engage in six activities:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the

>individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
>(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. Paragraphs (4)-(6) have no conceivable application here, and XimpleWare has not alleged facts that would constitute a violation of Paragraphs (1)-(3) by Ameriprise (as opposed to Versata). XimpleWare asserts that Ameriprise reproduced the software internally, but as discussed above, this is exactly the sort of internal use XimpleWare authorized the public to engage in under the GPL. There is no allegation that Ameriprise modified XimpleWare software, distributed copies of XimpleWare software outside Ameriprise, or in any way made copies available to the public.

Because Ameriprise's use of XimpleWare's open source program is entirely consistent with the terms of the GPL and the Copyright Act, such use cannot support a claim for copyright infringement.

**B.    XimpleWare's Allegations Do Not Support Any of Its Other Claims for Relief Against Ameriprise.**

XimpleWare also asserts claims against Ameriprise for unjust enrichment, unfair competition, and declaratory relief. None of these alternative theories supports a claim against Ameriprise as a matter of law.

It is dubious whether an allegation of "unjust enrichment" can ever support an independent claim for relief. *See Cortez v. New Century Mortgage Corp.*, 2012 WL 368647, *9 ("California courts are split as to whether there is an independent cause of action for unjust enrichment."). Even assuming it can, XimpleWare cannot state such a claim here. A claim for unjust enrichment requires that a party unjustly retain a benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). XimpleWare cannot contend that copyright infringement renders Ameriprise's use of its software "unjust," since its copyright infringement claim is untenable, as demonstrated above. In the absence of any claim for copyright infringement, it cannot conceivably be unjust for Ameriprise to make use of open source software, the use of which is freely permitted. "There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he

expected." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008) (affirming dismissal of unjust enrichment claim, where plaintiffs "received the benefit of the bargain"). XimpleWare expected other parties to make free use of its open source software. There is no basis in law or logic to allow XimpleWare to seek damages for free use of software it chose to make available for others to use freely.

XimpleWare's creative assertion of a claim for "unfair competition" is similarly untenable. In order to state a claim for unfair competition, "a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1136 (2010) (affirming dismissal of claim for unfair competition). Here, XimpleWare has not attempted to allege any fraudulent business practice by Ameriprise. Rather, the only allegation in this claim directed against Ameriprise is that it benefited from using XimpleWare software received through Versata in Ameriprise's internal systems. Amended Complaint, ¶ 137. The only allegation of "unlawful" conduct is the assertion of a copyright violation, which lacks any cognizable basis, as demonstrated above. It was not "unfair" for Ameriprise to use freely available open source software. None of XimpleWare's allegations against Ameriprise "are directly connected to any legislatively declared policy or threatened competition," as necessary to demonstrate "unfair" conduct within the meaning of Section 17200 of the California Business and Professions Code. *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 991 (2008).[8] Rather, this claim simply relies again on Ameriprise's completely permissible internal use of XimpleWare's open source software.

Finally, XimpleWare's claim for declaratory relief is dependent on its other, unsupportable claims. The claim for declaratory relief contains no independent basis for relief outside of the preceding claims, which are invalid as against Ameriprise as a matter of law. Moreover, stripped of those preceding claims, there is no case or controversy between XimpleWare and Ameriprise to support a claim for declaratory relief. *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95

---

[8] As the Court explained in *Buller*, the "unfair" prong of § 17200 usually arises in actions by consumers or by competitors. *Id.* at 990-92. XimpleWare does not allege that it is a consumer or competitor of Ameriprise.

(1993) ("a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy").

## IV.  CONCLUSION

For the foregoing reasons, XimpleWare has failed as a matter of law to demonstrate any cognizable claim for relief against Ameriprise, and Ameriprise respectfully requests the Court dismiss all XimpleWare's claims against it with prejudice.

Respectfully submitted December 31, 2013.

>    /s/ Gregory S. Tamkin
>    Gregory S. Tamkin
>    Case Collard
>    DORSEY & WHITNEY, LLP
>    Email: tamkin.greg@dorsey.com
>    Email: collard.case@dorsey.com
>    1400 Wewatta Street, Suite 400
>    Denver, CO 80202-5549
>    Telephone:(303) 629-3400
>    Facsimile: (303) 629-3450
>
>    ***Attorneys for Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc.***

CERTIFICATE OF SERVICE

On December 31, 2013, I caused the foregoing document, titled DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, UNFAIR COMPETITION, AND DECLARATORY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES, to be electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case.  Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record for counsel in the case constitutes service on the receiving parties.

/s/ Gregory S. Tamkin
Gregory S. Tamkin