Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email:bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1400
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

Attorneys for Defendants Versata Software, Inc.,
f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc.
and Aurea Software, Inc. a/k/a Aurea, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, California Corporation<br><br>Plaintiff,<br><br>v.<br><br>**Versata Software, Inc. f/k/a Trilogy Software, Inc.** a Delaware corporation; **Trilogy Development Group, Inc**. a California corporation; **Ameriprise Financial, Inc.**, a Delaware corporation; **Ameriprise Financial Services, Inc.** a Delaware corporation, and **Aurea Software, Inc. a/k/a Aurea, Inc.,** a Delaware corporation,<br><br>Defendants. | Case No. 3:13-cv-05160-SI<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP'S CLAIMS OF DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT, LANHAM ACT VIOLATION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION AND DECLARATORY RELIEF.<br><br>HEARING<br><br>Date: March 14, 2014<br>Time: 9:00 a.m.<br>Location: Courtroom 10 – 19th Floor<br>Judge: Hon. Susan Illston |

MOTION TO DISMISS                                                                                  CASE NO. 3:13-CV-05160 SI

**NOTICE OF MOTION**

To all parties and their counsel of record:

Please take notice that on March 14, 2014, at 9:00am or as soon thereafter as the matter may be heard before the Honorable Susan Illston, in Courtroom 10 of the United States District Court of the Northern District of California, San Francisco Division, located at Courtroom 10 - 19th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Versata Software Inc., Trilogy Development Group, Inc., and Aurea Software Inc. (collectively "Versata Defendants") hereby move the court to dismiss Plaintiff Ximpleware Corp.'s claims alleged in its Complaint.

Defendants seek an Order dismissing all XimpleWare's claims with prejudice. This motion is made on the grounds that XimpleWare fails to state a claim upon which relief may be granted. This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters of which the Court takes judicial notice, the court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................... **1**

**FACTUAL BACKGROUND** ........................................................................................................ **1**

**ARGUMENT** .................................................................................................................................. **2**

    **A. All XimpleWare's Claims, including XimpleWare's Claim of Direct Infringement and Breach of the Lanham Act, Must be Dismissed.** ................................................................. **2**

    **B. XimpleWare's Claim of Contributory Infringement Must be Dismissed** ....................... **3**

        a.   **The Customers are Licensed Under the Terms of the GPL.** ...................................... **3**

        b.   **The Allegations against Versata do not Extinguish the Customers' License to Use XimpleWare.** ................................................................................................................. **4**

        c.   **Because the Customers are Licensed, XimpleWare has Failed to State a Claim for Contributory Infringement** ......................................................................................... **5**

    **C. XimpleWare Has Failed to State a Claim for Breach of Contract** ................................. **5**

    **D. XimpleWare has Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing** ............................................................................................................... **6**

        a.   **Choice of law analysis is required because the GPL does not contain a choice of law clause.** ............................................................................................................................ **6**

        b.   **Texas law does not provide for a cause of action of the implied covenant of good faith and fair dealing.** .................................................................................................... **7**

        c.   **Under the third prong of the interest test, Texas law governs the contract therefore the claim is unavailable as a matter of law.** ................................................................... **7**

    **E. Unjust Enrichment** ............................................................................................................ **8**

    **F. Intentional Interference with Prospective Economic Advantage** .................................. **9**

    **G. Unfair competition** ........................................................................................................... **9**

    **H. XimpleWare is not Entitled to Declaratory Relief** ....................................................... **10**

**CONCLUSION** ............................................................................................................................ **11**

# TABLE OF AUTHORITIES

**CASES**

*Aagard v. Palomar Builders, Inc.*,
   344 F. Supp. 2d 1211 (E.D. Cal. 2004) ................................................................................ 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 3

*Automated Transaction LLC v. New York Cmty. Bank*,
   12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ...................................... 4

*Axis Reinsurance Co. v. Telekenex, Inc.*,
   913 F. Supp. 2d 793 (N.D. Cal. 2012) .................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 3

*Buchanan v. Neighbors Van Lines*,
   CV 10-6206 PSG RCX, 2010 WL 4916644 (C.D. Cal. Nov. 29, 2010) ................................ 6

*Compare San Jose Prod. Credit Ass'n v. Old Republic Life Ins. Co.*,
   723 F.2d 700 (9th Cir. 1984) .................................................................................................. 8

*English v. Fischer*,
   660 S.W.2d 521 (Tex. 1983) ................................................................................................... 8

*Hall v. Time Inc.*,
   158 Cal. App. 4th 847 (2008) ............................................................................................... 10

*Jacobsen v. Katzer,* C 06-01905 JSW,
   2007 WL 2358628 (N.D. Cal. Aug. 17, 2007) ........................................................................ 9

*Jacobsen v. Katzer,* C 06-01905 JSW,
   2007 WL 2358628 (N.D. Cal. Aug. 17, 2007) *vacated in other part*, 535 F.3d
   1373 (Fed. Cir. 2008) ............................................................................................................ 11

*MB Technologies, Inc. v. Oracle Corp.*,
   C 09-05988 RS, 2010 WL 1576686 (N.D. Cal. Apr. 19, 2010) ............................................. 9

*Med-Sys., Inc. v. Masterson Mktg., Inc.*,
   11CV695 JLS BLM, 2011 WL 5873399 (S.D. Cal. Nov. 23, 2011) ...................................... 6

*Mindlab Media, LLC. v. LWRC Int'l LLC*,
   CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) ................................. 4

*Prasco, LLC v. Medicis Pharm. Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) ............................................................................................ 11

*Quigley v. Verizon Wireless*,

C-11-6212 EMC, 2012 WL 1945784 (N.D. Cal. May 30, 2012) ..........................................3

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
 983 F. Supp. 1303 (N.D. Cal. 1997) .................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff XimpleWare Corp. ("XimpleWare") has accused a group of companies including Versata Software Inc. ("Versata"), Trilogy Development Group, Inc. ("Trilogy"), and Aurea Software Inc. ("Aurea") (collectively "Versata Defendants") of infringing upon XimpleWare's copyrights by developing, marketing and selling Versata's proprietary Distribution Channel Management ("DCM") software. XimpleWare's "group pleading" approach is legally insufficient to state a claim, and for this reason all its claims must be dismissed. Further, XimpleWare is open-source software, freely available to all users. XimpleWare has not sufficiently alleged, and cannot sufficiently allege, that Versata's customers have engaged in any unlicensed activity under the terms of the GPL license. In fact, under the terms of that license, any member of the public can use the software. Because Versata's customers are licensed, there can be no contributory infringement. The remainder of XimpleWare's claims are similarly deficient, both because they rely on "group pleading" and for independent legal deficiencies including copyright preemption, and lack of standing. For example, XimpleWare fails to differentiate between entities when it alleges infringing actions were taken, simply lumping Versata, Aurea and Trilogy together under the term "Versata." XimpleWare goes on to insist that, despite giving away its software for free, it somehow has an expectation of economic advantage from its software. XimpleWare's claims are insufficiently specific, and insufficiently plausible, to remain before the Court.

## FACTUAL BACKGROUND

XimpleWare is a software company that distributes free software under the GNU General Public License ("GPL"). Dkt 48 at ¶ 23; 26. XimpleWare's software performs the function of parsing XML documents. Dkt. 48 at ¶ 16-21. XimpleWare's GPL license places no restrictions on use of its software, and does not require payment from users. Dkt. 48-1 (GPL) at 1. However, the GPL does restrict a user's ability to modify or distribute the software. Dkt. 48-1 at 2. In the GPL's own words: "activities other than copying, distribution and modification are not covered by this License…[t]he act of running the program is not restricted." When an entity receives a

copy of a GPL-licensed program, that recipient automatically receives a license as well. Dkt. 48-1 at 4. Further, any change in the transferor's license status does not affect the license of the transferee. Dkt. 18-1 at 3. In short, any use customers like Ameriprise may make of XimpleWare is licensed, and any claim of Contributory Infringement must be dismissed.

## ARGUMENT

In order to survive a motion to dismiss, a claim must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009). Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"*Ashcroft v. Iqbal,* 556 U.S. at 680. Further, the pleadings must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). XimpleWare has pleaded that three separate companies –Versata Software, Inc., Trilogy Development Group, Inc. and Aurea Software Inc.— are mere alter egos of one another. XimpleWare gives only a conclusory recitation of alter ego factors in support of this allegation, and proceeds for the remainder of its pleading to describe the three defendants as "the Versata defendants" or "Versata." But this is impermissible under *Iqbal* and *Twombly*, and on this basis alone XimpleWare's complaint must be dismissed. Even if the pleading were not so fatally deficient, each claim must be dismissed for independent reasons as set forth below.

**A. All XimpleWare's Claims, including XimpleWare's Claim of Direct Infringement and Breach of the Lanham Act, Must be Dismissed.**

XimpleWare's direct infringement claim must be dismissed, along with all the other claims, because XimpleWare has failed to identify which of the "Versata Defendants" took what proscribed action. Instead, XimpleWare relies on overly broad allegations regarding *alter ego*. Dkt. 48 at ¶10-11. But these conclusory *alter ego* allegations are not specific enough to survive a motion to dismiss. *Quigley v. Verizon Wireless*, C-11-6212 EMC, 2012 WL 1945784 (N.D. Cal. May 30, 2012) ("At least two California district courts have held that broad allegations of control are not enough to establish alter ego liability because they are too conclusory"); *Mindlab Media,*

*LLC. v. LWRC Int'l LLC*, CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) (merely alleging "that all defendants "were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants" was an insufficient legal conclusion under *Iqbal* and *Twombly*); *see also Automated Transaction LLC v. New York Cmty. Bank*, 12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) (articulating a similar rule in the patent context, stating "[d]efendants argue this "group pleading"—i.e., referring to both Defendants collectively as "Community" rather than distinguishing between them—is impermissible and insufficient."). Paragraphs ten and eleven of the Amended Complaint state exactly the type of legal conclusions as to the relationship between the defendants that fails under *Iqbal* and *Twombly*. These conclusory group allegations give no notice to Defendants which entity allegedly performed what action, and therefore for this defect alone, XimpleWare's complaint must be dismissed in its entirety, including but not limited to XimpleWare's claim of direct infringement and violation of the Lanham Act (Claims One and Three).

### B. XimpleWare's Claim of Contributory Infringement Must be Dismissed

#### a. The Customers are Licensed Under the Terms of the GPL.

The GPL provides that entities who receive the software "automatically receive[] a license from the original licensor to copy, distribute or modify the Program subject to" the GPL. Dkt. 1-1 at 4. "[T]he act of running the program is not restricted" by the GPL. *Id.* at 2. XimpleWare alleges that the Ameriprise defendants received the XimpleWare software by being customers of Versata. *See* Dkt. 48 at ¶137. But because they received the software, the Ameriprise defendants are licensed. Ximpleware need not itself grant a license to the Customers – a distributee like the Customers receives a license from the transferor "***automatically***" under the terms of the GPL. *See* Dkt. 48-1 at 4 (emphasis added). And, upon receiving the GPL license, any ***use*** of the

software is not restricted, because the GPL does not restrict use. Taking XimpleWare's allegation as true, therefore, upon receipt of the software from Versata, the Ameriprise defendants became licensed to use the software under the GPL. Further, neither receiving or using XimpleWare is prohibited by the terms of the GPL. Because the actions alleged are licensed, the infringement claim against the Ameriprise defendants must be dismissed. *See* Dkt .18 at ¶73; ¶84 (alleging use of XimpleWare).

### b. The Allegations against Versata do not Extinguish the Customers' License to Use XimpleWare.

XimpleWare's allegations are complex, but a close review of the allegations shows that it does not plausibly attribute impermissible copying, distribution or modification to any of the Customers. XimpleWare's license applies to members of the general public, who use XimpleWare's software. Dkt. No. 1-1 at 1. By XimpleWare's own pleaded allegations, the Customers are licensed to use the open source software under the terms of the GPL. Versata's alleged misconduct does not limit or extinguish the rights of the Customers to use XimpleWare. As the GPL makes clear, "parties who have received copies or rights from you under the License will not have their licenses terminated so long as such parties remain in full compliance." Dkt. 18-1 at 3. In other words, the actions of the transferor do not impact the rights of the transferee. Therefore, the Customers' rights as users of XimpleWare are not impacted by another's allegedly improper modification, distribution or copying of the software. Under the facts alleged by XimpleWare, therefore, the Customers are licensed to use XimpleWare's software under the GPL. Further, because DCM is enterprise software, used internally to a company, it is simply implausible that Ameriprise has "distributed" software to third parties under a commercial license. Dkt. 18 at ¶60-61. In fact, this allegation is contradictory to XimpleWare's earlier allegation that Versata (by which it means, one of Aurea, Trilogy or Versata) makes and markets the DCM software. Dkt. 18 at ¶50.

### c. Because the Customers are Licensed, XimpleWare has Failed to State a Claim for Contributory Infringement

"A party may be liable for contributory copyright infringement if it "(1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.' " *Med-Sys., Inc. v. Masterson Mktg., Inc.,* 11CV695 JLS BLM, 2011 WL 5873399 (S.D. Cal. Nov. 23, 2011) (dismissing claim for contributory infringement). Because the third party activity here is licensed, it stands to reason that the Versata defendants cannot have knowledge of infringing activity nor can they materially contribute to it. Because the action by the Customers is licensed, XimpleWare has failed to state a claim for contributory infringement against the Versata Defendants and this claim must be dismissed.

### C. XimpleWare Has Failed to State a Claim for Breach of Contract

XimpleWare has failed to state a claim for breach of contract because it has failed to identify which entity, if any, is a party to the alleged contract and has not identified any plausible damages. "To state a claim for breach of contract, a plaintiff must allege the following essential elements: 1) the existence of a contract, 2) plaintiff's performance or excuse for nonperformance, 3) defendant's breach, and 4) the resulting damages to plaintiff." *Buchanan v. Neighbors Van Lines*, CV 10-6206 PSG RCX, 2010 WL 4916644 (C.D. Cal. Nov. 29, 2010) (dismissing breach of contract claim). Here, XimpleWare has only generally identified that a group of three companies, Aurea, Versata and Trilogy, may have entered into the GPL – but it does not identify which. Dkt. 48 ¶105, e.g. (using the defined term "Versata Defendants," which is defined as Aurea, Versata and/or Trilogy, see Dkt. 48 pp.1). Similarly, XimpleWare has not identified which of these three it believes is responsible for breach. This is insufficient, because it renders the pleading so vague that a proper answer cannot be framed. Further, XimpleWare has not sufficiently pleaded damages from the alleged breach, because it only vaguely alleges that its

ability to "effectively license its Source Code" outside the open source community have been harmed – but from the face of the pleading, this harm appears entirely hypothetical and no specific damage has been pleaded. The cause of action XimpleWare seeks to assert must fail because XimpleWare has pleaded insufficient facts to identify who allegedly breached, and what the alleged harm was, preventing Versata from forming a meaningful response.

### D. XimpleWare has Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing

#### a. Choice of law analysis is required because the GPL does not contain a choice of law clause.

Where a contract contains no choice of law clause, as the GPL does not, California courts employ the "governmental-interest" approach to determine which law governs. First, the court determines whether the laws of each jurisdiction materially differ. Second, the court must determine whether both jurisdictions have an interest in applying their own law. Third, the court analyzes which state's interest would be more impaired if its law were not applied. *Axis Reinsurance Co. v. Telekenex, Inc.,* 913 F. Supp. 2d 793, 805 (N.D. Cal. 2012) (applying California law). In assessing this third prong, California courts apply the Restatement of Conflict of Laws. Under the Restatement,

> "Where no effective choice of law has been made by the parties, the relevant contacts to be considered … are set forth in section 188, subdivision (2) of the Restatement Second of Conflict of Laws: "(a) the place of contracting, [¶](b) the place of negotiation of the contract, [¶](c) the place of performance, [¶](d) the location of the subject matter of the contract, and [¶] (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. [¶] These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.,* 14 Cal. App. 4th 637, 646, 17 Cal. Rptr. 2d 713, 718 (1993)

When we apply these factors to the GPL agreement between XimpleWare and Versata, we must conclude that Texas law governs the relationship between the parties.

### b. Texas law does not provide for a cause of action of the implied covenant of good faith and fair dealing.

Here, the laws of the potentially-applicable jurisdictions differ materially because under Texas law, contracts do not contain an implied covenant of good faith and fair dealing, whereas under California law, they do. *Compare San Jose Prod. Credit Ass'n v. Old Republic Life Ins. Co.,* 723 F.2d 700, 703 (9th Cir. 1984) (applying California law), *and English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983) (declining to impose an implied covenant of good faith and fair dealing in contracts under Texas law). Each state likewise has an interest in applying its own law, because the Plaintiff and one Defendant corporation are organized under the laws of California, however Versata, Trilogy and Aurea are all companies with their principal place of business in Austin, Texas. California has an interest in enforcing its law for citizen companies, and Texas has an interest in enforcing its law for companies doing business in Texas. Further, Texas has an additional interest in enforcing its law because, as noted in XimpleWare's complaint, these companies are all subject to the jurisdiction of Texas courts. *See* Dkt. 48 at 10-13 (discussing the "Texas litigation").

### c. Under the third prong of the interest test, Texas law governs the contract therefore the claim is unavailable as a matter of law.

Under the third prong, however, the conclusion that Texas law applies becomes clear. XimpleWare has pleaded that the "place" of contracting, if any, was the SourceForge website, accessed by one of the Texas-located companies. Therefore, from the pleaded information, the place of contracting and formation was Texas, where the companies reside. XimpleWare does not plead that the contract was negotiated. The location of the subject matter of the contract – namely, the XimpleWare software, is multiple, but XimpleWare alleges that there are copies in Versata's possession, and Versata is based in Texas. *See* Dkt. 48 at 11. The domicile, residence and place of business of Versata, Trilogy and Aurea is Texas while Ximpleware is located in

Milpitas, California. Dkt. 48 at ¶2-6. Trilogy is a California corporation, while Versata and Aurea are Delaware corporations. *Id.* XimpleWare has not alleged that Versata, Aurea or Trilogy took any action in California with respect to this purported agreement. All the actions appear to have taken place in Texas. Therefore, Texas law must apply. Under Texas law, there is no implied covenant of good faith and fair dealing, and because this claim is unavailable as a matter of law it must be dismissed.

### E. Unjust Enrichment

XimpleWare's unjust enrichment claim fails because the software is free, therefore there is no unjust enrichment. Unjust enrichment is not available, either as a claim or a form of relief, where the product in question is given away for free. This Court has previously held that unjust enrichment is not an independent claim, but a form of relief. *MB Technologies, Inc. v. Oracle Corp.,* C 09-05988 RS, 2010 WL 1576686 (N.D. Cal. Apr. 19, 2010) (noting conflicting authority). Because XimpleWare has pleaded no claim with sufficient particularity, it is not entitled to a form of relief on those claims. However, even if this cause of action were independently available, XimpleWare has failed to plead its requisite elements. "To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of it at the expense of another." *Id.* Here, XimpleWare makes its software freely available online. *See* Dkt. 48 at pp.5-7. XimpleWare cannot, therefore, allege that there is some monetary amount owing from Versata, Aurea or Trilogy's alleged use of its software. *Jacobsen v. Katzer,* C 06-01905 JSW, 2007 WL 2358628 (N.D. Cal. Aug. 17, 2007) *vacated in other part,* 535 F.3d 1373 (Fed. Cir. 2008) ("Because open source software benefits all potential licensees, this benefit is not unjust as a matter of law where the software is distributed freely to anyone.") Because XimpleWare is freeware, users are not unjustly enriched by using the software without paying.

Therefore, XimpleWare's claim fails because it has not adequately alleged that a benefit was provided and unjustly retained without payment.

### F. Intentional Interference with Prospective Economic Advantage

XimpleWare's intentional interference with prospective economic advantage ("intentional interference") claim fails because XimpleWare fails to identify any current *or* future third-party relationships that will be damaged by Defendants' actions. XimpleWare has not pleaded—because it cannot—that Versata's DCM software is in any way a substitute for its own program, which it admits performs the limited function of parsing XML. Dkt. 48 at ¶31. XimpleWare has not pleaded that it has existing customer relationships other than the bare statement that XimpleWare's "business relationships with its current and prospective client [sic]" have been interfered with. Dkt. 48 at ¶115. This statement is insufficient: XimpleWare must identify some relationship, either current or prospective, that is damaged or plausibly would be damaged. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1311 (N.D. Cal. 1997) (dismissing claim where "the complaint fails to allege an economic relationship with any third party containing the probability of future economic benefit to the plaintiff"); *but see Aagard v. Palomar Builders, Inc.,* 344 F. Supp. 2d 1211, 1219 (E.D. Cal. 2004) (noting that identification of specific parties may not be required).

### G. Unfair competition

XimpleWare fails to state a claim for unfair competition because it lacks standing, and in the alternative because its claim is preempted by copyright law. In order to state a claim for unfair competition under Section 17200 of the California Business and Professions Code, a party must allege he has suffered an injury in fact by loss of money or property, or being denied money to which he has a cognizable claim. *Hall v. Time Inc.,* 158 Cal. App. 4th 847, 854 (2008) (finding no injury-in-fact for unfair competition claim). Here, XimpleWare has made its software freely

available and has not therefore lost or been denied money by the fact that no Defendant has paid money to XimpleWare for the software. Indeed, in pleading its claim XimpleWare only of causing generic "harm." Dkt. 48 at ¶128. This is insufficient to state a claim under the unfair competition statute. *See also Jacobsen v. Katzer,* C 06-01905 JSW, 2007 WL 2358628 (N.D. Cal. Aug. 17, 2007) *vacated in other part*, 535 F.3d 1373 (Fed. Cir. 2008) ("Because Plaintiff alleges that he never had an expectation of compensation by making the decoder files available for free on the internet, Count Five for unfair competition in violation of California Business and Professions Code § 17200 is dismissed without leave to amend for lack of standing."). Therefore, XimpleWare's unfair competition claim must be dismissed.

### H. XimpleWare is not Entitled to Declaratory Relief

XimpleWare's claims against Versata, Trilogy and Aurea are barred, as demonstrated above. Although XimpleWare has also presented a claim for declaratory relief, because the claim for declaratory relief is simply a request that the court declare its copyrights valid, it does not relate to a case or controversy between Versata, Aurea or Trilogy and XimpleWare: because the remaining claims are legally deficient, the declarations requested does not involve Versata, Trilogy or Aurea at all. *See* ¶145 (requesting the Court declare Copyright Registration No. TX 7-727-556 valid and enforceable). A case or controversy must exist to sustain an action for declaratory relief. "For there to be a case or controversy under Article III, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character."*Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1335-36 (Fed. Cir. 2008). Because no separate claim exists between the parties, the interests of Versata, Aurea or Trilogy and XimpleWare are not adverse and no case or controversy exists.

**CONCLUSION**

For the reasons discussed above, XimpleWare's Amended Complaint against the Versata Defendants should be dismissed in its entirety. Versata notes that the court has broad discretion to deny a leave to amend where Plaintiff has previously amended the compliant. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013) citing *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1449, 1160 (9th Cir. 1989). As Plaintiff has already amended its Complaint once in response to a Motion to Dismiss pursuant to 12(b)(6), the Versata Defendants respectfully request that the Court consider denying Plaintiff further leave to amend.

Dated: January 27, 2014

/s/ Alisa Lipski
Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email:bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1400
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

**Attorneys for Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: January 27, 2013          /s/ Alisa Lipski
                                  Alisa Lipski