IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XIMPLEWARE CORP.,

    Plaintiff,

v.

VERSATA SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; and AUREA SOFTWARE, INC.,

    Defendants.

No. C 13-05160 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants Ameriprise Financial Inc. and Ameriprise Financial Services, Inc. (collectively, "Ameriprise"), have filed a motion to dismiss plaintiff XimpleWare Corporation's claims of copyright infringement, unjust enrichment, unfair competition, and declaratory relief. Docket No. 52. The motion is scheduled for hearing before the Court on February 7, 2014. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES defendants' motion to dismiss.

**BACKGROUND**

XimpleWare develops, designs, and licenses software for data processing. Amended Complt. ¶ 3. Zhengyu Zhang, a founder of XimpleWare, wrote the source code for XimpleWare's Extensible

1 Markup Language program ("XML"), which XimpleWare published in an online open source
2 respository under a GNU General Public License (GPL). *Id*. ¶¶ 19-21, 26, 39.

3       In summer 2013, XimpleWare learned of a lawsuit brought by Versata Software Inc. against
4 Ameriprise in Texas state court, alleging that Ameriprise materially breached Versata's DCM software
5 license. *Id*. ¶¶ 49, 50; Docket No. 14-5. On November 5, 2013, XimpleWare filed this suit against
6 Versata and Ameriprise for copyright infringement, violation of the Lanham Act, breach of contract,
7 breach of good faith and fair dealing, unjust enrichment, intentional interference with prospective
8 economic advantage, unfair competition, and declaratory relief. Complt. Docket No. 1. The initial
9 complaint was amended on December 17, 2013. Docket No. 48.

10       XimpleWare claims Versata is liable for copyright infringement because Versata incorporated
11 XimpleWare's VTD-XML into Versata's DCM software product and then commercially distributed the
12 Versata DCM product without obtaining a commercial license or permission for the use of
13 XimpleWare's products, or complying properly with the GPL license. Amended Complt. ¶¶ 55-58.
14 Additionally, XimpleWare alleges that Ameriprise distributed Versata's DCM and VTD-XML to
15 thousands of non-employee financial advisors, thereby violating the GPL.[1] *Id*. ¶¶ 60-61.

16       Now before the Court is defendant Ameriprise's motion to dismiss XimpleWare's four claims
17 against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7-2. Motion pg. 2.

18

19 <center>**LEGAL STANDARD**</center>

20       To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a
21 claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This
22 "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer
23 possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
24 While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts
25 sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A
26 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

---

[1] XimpleWare maintains Ameriprise made these outside distributions without any attribution to XimpleWare, without XimpleWare's copyright notice, without reference to XimpleWare's source code, and without any offer to convey the XimpleWare source code. Amended Complt. ¶ 61.

action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.     Copyright Infringement**

XimpleWare's first claim against Ameriprise is for direct copyright infringement. According to XimpleWare, Ameriprise purchased Versata's products, which contained XimpleWare's copyrighted source code, and then distributed XimpleWare's software without copyright notices or GPL licensing information, in violation of the GPL. Opp. pg. 10. XimpleWare's position is that Ameriprise did not simply use the software, but also distributed and copied it without the requisite copyright notices of licensing information, thereby acting outside the scope of the GPL.

Ameriprise argues that even assuming all of XimpleWare's factual allegations to be true, the allegations do not give rise to a claim for relief for copyright infringement because XimpleWare has not

United States District Court
For the Northern District of California

made any allegations that Ameriprise copied, distributed, or modified the software to anyone but its own financial advisors, so there is no allegation that Ameriprise used the software contrary to the terms of the license. *Id.* at 7; Reply pg. 7. Ameriprise contends that even XimpleWare's allegations that the financial advisors are actually independent contractors and not employees does not alter the fact that the software was used only by Ameriprise personnel and was not sold or distributed to third parties. Motion pg. 10.

"Generally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract." *Jacobsen v. Katzer*, 535 F.3d 1373, 1379 (Fed. Cir. 2008) (quoting *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999)) (internal quotation marks omitted). However, if the license "is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement." *Id.*

XimpleWare's amended complaint clearly alleges that Ameriprise copied and distributed its software. Amended Complt. ¶ 71. The amended complaint states: "Ameriprise purchased the Versata Products containing XimpleWare's copyrighted Source Code and Product and without authorization, reproduced and distributed that material both internally and outside of Ameriprise in violation of XimpleWare's copyrights." XimpleWare further alleges "Ameriprise then, without authorization, copied, reproduced, distributed, and re-implemented the Versata Products in their own systems as they saw fit . . . Ameriprise made and distributed additional copies, without authorization, to its vendors in India as part of its effort to replace the Versata product." Additionally, XimpleWare claims "Ameriprise has distributed without authorization DCM and VTD-XML to thousands of non-employee independent contractor or franchise advisors or 'producers.'" *Id.* ¶ 72. XimpleWare specifically alleges that "the majority of Ameriprise financial advisors are not Ameriprise employees," and cites Ameriprise' 2012 Annual Report in support of its allegation that Ameriprise "distributed DCM and VTD-XML to these thousands of non-employee financial advisors." *Id.* ¶¶ 59-60. XimpleWare's amended complaint states: "According to its 2012 Annual Report, 'The support [Ameriprise] offers[s] to its franchisee advisors includes generalist and specialist leadership support, technology platforms and tools, training and

4

marketing programs.' On information and belief, DCM is among the 'technology platforms and tools' that Ameriprise provides to its outside advisors." Amended Complt. ¶ 60.

Accepting as true the facts alleged in the amended complaint and drawing all reasonable inferences in favor of XimpleWare, as it must, the Court finds that XimpleWare has alleged Ameriprise reproduced and distributed the software outside of Ameriprise and to non-employees, thereby acting outside the scope of the GPL. XimpleWare has therefore stated a claim of copyright infringement. The Court DENIES defendants' motion to dismiss plaintiff's copyright claim.

## 2. Additional Claims

Ameriprise argues that XimpleWare's claims for unjust enrichment, unfair competition, and declaratory relief must all be dismissed because they are dependent upon XimpleWare's copyright infringement claim. Motion pgs. 12-13. Having found that XimpleWare's allegations constitute a claim for copyright infringement, the Court accordingly DENIES the defendants' motion to dismiss XimpleWare's claims for unjust enrichment, unfair competition, and declaratory relief.

**IT IS SO ORDERED.**

Dated: February 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE