Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
Alisa Lipski (SBN 278710)
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com

Valorem Law Group
David C. Bohrer (SBN 212397)
Sixty South Market St., Ste. 1400
San Jose, California 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

***Attorneys for Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Aurea Software, Inc. a/k/a Aurea, Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**XimpleWare Corp**., California Corporation

Plaintiff,

v.

**Versata Software, Inc. f/k/a Trilogy Software, Inc.** a Delaware corporation; **Trilogy Development Group, Inc**. a California corporation; **Ameriprise Financial, Inc.**, a Delaware corporation; **Ameriprise Financial Services, Inc.** a Delaware corporation, and **Aurea Software, Inc. a/k/a Aurea, Inc.,** a Delaware corporation,

Defendants.

**Case No. 13-cv-0516-SI**

**DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Date: March 14, 2014
Time: 9:00 a.m.
Location: Courtroom 10 – 19th Floor
**Judge: Hon. Susan Illston**

# TABLE OF CONTENTS

INTRODUCTION .......... 1
STATEMENT OF FACTS .......... 1
ARGUMENTS AND AUTHORITIES .......... 3
I. XimpleWare Has Failed to Allege Alter Ego. .......... 3
II. Contributory Copyright Infringement. .......... 6
III. Secondary Causes of Action. .......... 7
CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**CASES**

*Ascon Properties, Inc. v. Mobile Oil Co.*,
866 F.2d 1449, 1160 (9th Cir. 1989)....................12

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)....................4

*Automated Transaction LLC v. New York Cmty. Bank*,
12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013)....................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)....................4

*English v.* Fischer,
660 S.W.2d 521 (1983)....................7,8

*Fraley v. Facebook, Inc.*,
830 F. Supp. 2d 785, 814 (N.D. Cal. 2011)....................11

*Fuzzysharp Techs. Inc. v. Nvidia Corp.*,
2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013)....................11

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040, 1075 (N.D. Cal. 2012)....................11

*Jacobsen v. Katzer*,
C 06-01905 JSW, 2007 WL 2358628 (N.D. Cal. Aug. 17, 2007)....................11

*Logan v. VSI Meter Servs., Inc.*,
2011 WL 2729069 at *3 (S.D. Cal. July 13, 2011)....................10

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012)....................11

*M/V Am. Queen v. San Diego Marine Constr. Corp.*,
708 F.2d 1483, 1489-90 (9th Cir. 1983) .......... 5

*MB Technologies, Inc. v. Oracle Corp.*,
C 09-05988 RS, 2010 WL 1576686 at *4 (N.D. Cal. Apr. 19, 2010) .......... 11

*Mindlab Media, LLC. v. LWRC Int'l LLC*,
CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) .......... 3

*Pac. Laser Sys. v. TLZ Inc.*,
2007 WL 2022020 at *10 (N.D. Cal. July 9, 2007) .......... 4

*Rickards v. Canine Eye Registration Foundation, Inc.*,
704 F.2d 1449, 1456 (9th Cir.1983) .......... 10

*Robinson v. HSBC Bank USA*,
732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) .......... 11

*Rottner v. AVG Technologies USA, Inc.*,
943 F. Supp. 2d 222, 227 (D. Mass. 2013) .......... 9

*Sandoval v. ZillionTV Corp.*,
2010 U.S. Dist. LEXIS 133804 at *7-9 (N.D. Cal. Dec. 17, 2010) .......... 5

*Jamison v. Royal Caribbean Cruises, Ltd.*,
2009 WL 559722 at *4 (S.D. Cal. Mar. 4, 2009) .......... 5

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
983 F. Supp. 1303, 1311 (N.D. Cal. 1997) .......... 10

*Wal-Mart Stores, Inc. v. Sturges*,
52 S.W.3d 711, 730 (Tex. 2001) .......... 8

*Walsh v. Kindred Healthcare*,
798 F.Supp.2d 1073, 1082 (N.D. Cal. June 15, 2011) .......... 4,6

Case3:13-cv-05160-SI Document68 Filed02/18/14 Page5 of 17

*Wehlage v. EmpRes Healthcare, Inc.*,
791 F. Supp. 2d 774, 783 (N.D. Cal. 2011) ............................................................ 6

REPLY IN SUPPORT FOR MOTION TO DISMISS
iv
CASE NO. 3:13-CV-05160-SI

**INTRODUCTION**

The Versata Defendants move to dismiss XimpleWare's Amended Complaint on different grounds than those put forward by Ameriprise. XimpleWare, in its Opposition, seeks to use this Court's Order on Ameriprise's motion as a way to avoid the Court scrutinizing the glaring deficiencies identified by the Versata Defendants. XimpleWare simply fails, either partially or totally, to respond to the majority of the Versata Defendants' identified deficiencies.

The Versata Defendants' Motion to Dismiss identifies at least two fatal errors: (1) XimpleWare's failure to adequately allege Alter Ego; and (2) deficiencies in a number of XimpleWare's state law causes of action. These issues are distinct from whether or not XimpleWare has adequately alleged direct infringement against Ameriprise. The Versata Defendants respectfully submit that the Court's determination of that issue is only relevant to XimpleWare's claim for contributory infringement against the Versata Defendants. The Versata Defendants' remaining objections to XimpleWare's Amended Complaint remain ripe for consideration and adjudication by this Court.

**STATEMENT OF FACTS**

1. On November 5, 2013, XimpleWare filed a complaint in this Court alleging copyright infringement against the Versata Defendants and Ameriprise ("this Copyright case").

2. That same day Plaintiff XimpleWare Corp. ("XimpleWare") also filed a complaint alleging patent infringement against Versata Software, Inc., Trilogy Development, Inc., Aurea Software, Inc. (collectively "Versata Defendants), Pacific Life Insurance Company, Metropolitan Life Insurance Company, The Prudential Insurance Company of America, WellMark, Inc., Aviva USA Corporation ("Customer Defendants"), United HealthCare Service, Inc., ("United") and Ameriprise Financial Services, Inc. ("Ameriprise") *XimpleWare Corp. v. Versata Software, Inc., f/k/a Software, Inc. et al.,* Civil Action No. 3:13-cv-05161, ("the Patent case") pending in the

United States District Court for the Northern District of California, San Jose Division, in front of Judge Grewal.[1]

3. In both cases, XimpleWare alleges that its VTD-XML or VTD-XML Extended software ("XimpleWare Product") is protected under both patent and copyright law, and that no defendant has been granted a commercial license, permission, or authorization to use and redistribute any XimpleWare Product or Source Code. XimpleWare alleges that it licenses its Source Code under the GNU General Public License version 2 ("GPL").

4. On December 3, 2013, Ameriprise filed Motions to Dismiss Pursuant to FRCP 12(b)(6) in both this Copyright Case (Doc. No. 41) and the Patent Case ('161 case, Doc. No. 15).

5. On December 17, 2013, in lieu of filing Oppositions to Ameriprise's Motions to Dismiss, XimpleWare filed First Amended Complaints in both this Copyright case (Doc. No. 48) and the Patent case ('161 case, Doc. No. 18).

6. On December 31, 2013, Ameriprise filed Renewed Motions to Dismiss in both this Copyright Case (Doc No. 52) and the Patent Case ('161 case, Doc. No. 25), seeking to dismiss in their entirety the First Amended Complaints against them in both cases, basing its arguments primarily on whether or not Ameriprise has a license from XimpleWare to VTD-XML under the GPL.

7. On January 27, 2014, the Versata Defendants filed a Motion to Dismiss in the Copyright Case. (Doc No. 59). The Versata Defendants, Customer Defendants and United filed three separate Motions to Dismiss in the Patent case ('161 case, Doc. Nos. 39, 38, and 33 respectively).

[1] All parties have agreed to proceed before Judge Grewal in the patent case.

8. On February 4, 2014, this Court denied Ameriprise's Renewed Motion to Dismiss. (Doc. No. 61).

9. Judge Grewal has yet to rule on the Motions to Dismiss pending in the patent case.

10. XimpleWare's Opposition in this case ("Opposition," Doc. No. 62) makes a large number of factual assertions, both in its "Statement of the Facts" and in the argument section of its brief.

11. The Versata Defendants disagree with many of the facts alleged by XimpleWare in the Opposition. However, all that is relevant at this stage of the proceedings is what XimpleWare has or has not pled in its Amended Complaint. Therefore, the Versata Defendants do not spend time here addressing the new or changed allegations in XimpleWare's Opposition. However, silence should not be taken as acquiescence that these allegations are not in dispute. Virtually every alleged fact in this case is contested.

## ARGUMENTS AND AUTHORITIES

### I. XimpleWare Has Failed to Allege Alter Ego.

In their Motion to Dismiss, the Versata Defendants argue that group pleading against the Versata Defendants is insufficient because, (1) XimpleWare has not adequately alleged alter ego and (2) absent alter ego, XimpleWare has not identified what actions each entity individually took. This is a problem with every single cause of action contained in XimpleWare's Amended Complaint and so the allegations against the Versata Defendants in the Amended Complaint should be dismissed.

XimpleWare argues that it has adequately pled alter ego, and that "all three companies share active business operations, and that all three companies contributed directly to the infringing acts." Opposition at 7. However, XimpleWare has not identified specific acts by any individual Versata Defendant. Instead, XimpleWare recites that the "Versata Defendants" committed various acts. This is insufficient for every cause of action alleged.[2] *Mindlab Media,*

[2] Consider for example, XimpleWare's breach of contract claim. There it alleges that "the Versata Defendants have breached their contract with XimpleWare." Am. Compl at ¶ 107. XimpleWare does not even allege which Versata Defendant, Versata, Aurea or Trilogy, actually has a contract with XimpleWare.

*LLC. v. LWRC Int'l LLC*, CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) (merely alleging “that all defendants “were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants” was an insufficient legal conclusion under *Iqbal* and *Twombly*); *see also PLS-Pac. Laser Sys. v. TLZ Inc.*, 2007 WL 2022020 at *10 (N.D. Cal. July 9, 2007); *Automated Transaction LLC v. New York Cmty. Bank*, 12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013).

Because XimpleWare has not made sufficient individual allegations against each Versata Defendant, XimpleWare’s Amended Complaint depends on the sufficiency of its alter ego allegations. Under Fed. R. Civ. P. 8 a plaintiff must provide “enough facts to state a claim to relief that is plausible on its face.” *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has “facial plausibility” if the plaintiff pleads facts that “allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” In making this determination the court must accept all well pleaded factual allegations as true, but “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Nor must the court “accept as true a legal conclusion couched as a factual allegation.” *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

“[T]o invoke the alter ego doctrine, Plaintiffs must allege facts that allow a court to draw a reasonable inference: (1) that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist; and (2) that if the acts are treated as those of only one of the corporations, an inequitable result will follow.” *Walsh v. Kindred Healthcare,* 798 F.Supp.2d 1073, 1082 (N.D. Cal. June 15, 2011). In an effort to meet this standard XimpleWare identifies seven allegations from its Amended Complaint. *See* Opposition at 6, 7 (listing allegations). These allegations are insufficient: XimpleWare has alleged that Versata and Aurea are both owned by Trilogy (Am. Compl. ¶¶ 5, 6); that the accused software product DCM has

been sold by all three entities over the years (Am. Compl. ¶ 95); and that Trilogy received revenue from DCM, including revenue from Ameriprise (Am. Compl. ¶¶ 7, 121). Although these facts are properly pled they do nothing more than allege common ownership of Aurea and Versata by Trilogy.[3] This is insufficient. Pleading alter ego, "requires more than a showing that [a Subsidiary] is wholly owned by [a Parent]. *Sandoval v. ZillionTV Corp.*, 2010 U.S. Dist. LEXIS 133804 at *7-9 (N.D. Cal. Dec. 17, 2010)(citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1489-90 (9th Cir. 1983)).

The remaining paragraphs identified by XimpleWare, contain legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678(Court need not accept as true legal conclusions couched as facts). XimpleWare alleges that Trilogy has control over Versata and Aurea. Am. Compl. ¶ 9. However, XimpleWare alleges no facts from which that control could be inferred. Likewise, XimpleWare alleges that Trilogy knew and endorsed Versata and Aurea's misuse of XimpleWare's Source Code. Am. Compl. ¶ 136. Again, XimpleWare does not allege any facts that would support an inference that Trilogy had this knowledge. Without alleging facts to support these legal conclusions, the legal conclusions are not entitled to deference.

The only remaining alter ego allegation the Versata Defendants can locate in the Amended Complaint is found in paragraph 11. There, XimpleWare alleges a laundry list of legal conclusions including: "failure to segregate funds," "misrepresentations of the identity and ownership of the corporations," "contracting with one another with intent to avoid performance by use of a corporate entity as a shield" and so forth. Am. Compl. at ¶11. Although these are all factors a Court could consider when deciding whether to pierce the corporate veil, XimpleWare has again not pled a single fact supporting any of these allegations. Instead, XimpleWare merely recites the legal conclusions relevant to alter ego determination. This is not sufficient. *Iqbal* 556

[3] The Versata Defendants note that these allegations are not true.

U.S. at 678. *See Jamison v. Royal Caribbean Cruises, Ltd.*, 2009 WL 559722 at *4 (S.D. Cal. Mar. 4, 2009) (The Complaint alleges a formulaic recitation of the elements of alter ego law, which is insufficient under the pleading standard articulated in Rule 8) (Not Reported).

Finally, even if the Court concludes that these allegations are sufficient to meet the first prong of alter ego, unity of interest, the Amended Complaint is still insufficient because it is absent any allegations to support the second prong of alter ego, "that if the acts are treated as those of only one of the corporations, an inequitable result will follow." *Walsh v. Kindred Healthcare*, 798 F.Supp.2d at 1082. *See also Sandoval v. ZillionTV Corp.*, 2010 U.S. Dist. LEXIS 133804, at *7-9; *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 783 (N.D. Cal. 2011) ("These broad allegations are not sufficient to show a unity of interest and ownership. Even if they were, Plaintiff does not satisfy the second prong; she fails to allege facts to suggest that an inequitable result will occur if the [parent defendant is] not held liable for her injuries."). Since XimpleWare has identified no injustice that would result from just holding Versata liable, its alter ego allegations should be dismissed.

## II. Contributory Copyright Infringement.

The Court has denied Ameriprise's Motion to Dismiss. *See* Doc. No. 61. In that Order this Court concluded that XimpleWare has adequately alleged Copyright Infringement against Ameriprise. Specifically, this Court held that XimpleWare has alleged that Ameriprise's reproduction and distribution of the software was outside the scope of the GPL, and therefore XimpleWare had properly pled Copyright Infringement. Order at 5:3-7. The Court's Order moots the Versata Defendants' argument that XimpleWare failed to allege Contributory Infringement against the Versata Defendants because XimpleWare did not properly allege direct infringement against Ameriprise.

However, this statement should not be taken as either and admission or acquiescence to XimpleWare's lengthy and belabored argument that customers generally, including customers other than Ameriprise, are not licensed. The GPLv2 (the version XimpleWare alleges controls) is clear that "the recipient [of the Program] automatically receives a license from the original licensor to copy, distribute or modify the Program subject to these terms and conditions." GPL § 6. Section 6 would be rendered meaningless if any breach by a distributor could void the license received by the recipient. Section 6 only makes sense if the recipient itself is actually granted a license, regardless of the distributors conduct. Moreover, Section 0 of the GPL clearly indicates that "the act of running the program is not restricted." These two sections taken together grant the customers a license to use XimpleWare regardless of any actions taken or not taken by the Versata Defendants.

Although the Court has held that XimpleWare has alleged facts relating to Ameriprise's distribution of XimpleWare in violation of the GPL, the Amended Complaint is devoid of any specific allegations as to any other customers.[4] Therefore, XimpleWare's allegation of contributory infringement should be explicitly limited to XimpleWare's allegation that Versata contributed to Ameriprise's alleged infringement, and not any other alleged infringement.

## III. Secondary Causes of Action.

### A. Texas Does Not Recognize The Implied Covenant of Good Faith and Fair Dealing and Texas Law Applies.

In their Motion to Dismiss the Versata Defendants assert that Texas Law applies to the GPL, and that because Texas does not recognize an implied covenant of good faith and fair dealing, this cause of action must be dismissed. In response, XimpleWare does not contest that Texas does not recognize the implied covenant of good faith and fair dealing. *English v.* Fischer,

[4] Again, this should not be taken as acquiescence that distribution is breach of the GPLv2.

660 S.W.2d 521 (1983). Therefore, if Texas law controls this claim must be dismissed.

XimpleWare's main argument in response is that Texas does not have an interest in applying its own law because this case presents a "false conflict." Opposition at 17-18. According to XimpleWare, Texas's refusal to adopt good faith and fair dealing is designed to protect "a party holding another to his obligations under a contract." Opposition at 17. This is incorrect. XimpleWare cites *Fischer* in support of its argument. The Court in *Fischer* wanted to avoid subjecting a party in a contract dispute to potential tort liability for conduct that would otherwise be non-tortious. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983) ("[good faith and fair dealing] is contrary to our well-reasoned and long-established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself."). *See Also*, *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 730 (Tex. 2001)(O'Neil concurring) ("Texas law encourages economic competition and does not generally subject businesses to tort liability for tough but honest practices.")(citing *English v. Fischer*, 660 S.W.2d at 522 ). Protecting businesses with primary places of business in Texas, such as Versata, Trilogy and Aurea, from a tort claim stemming from an alleged failure to follow implied terms not recorded in a contract, is the reason why Texas has refused to adopt good faith and fair dealing. Because all the parties, XimpleWare, Trilogy, Aurea and Versata are the intended beneficiaries of the conflicting rules, this factor is neutral.

Since both states' policy interests are similar, and because a genuine conflict of law does exist, this Court's choice of law analysis should focus on (1) the location of contracting, and (2) the parties' primary places of business and places of incorporation.

As alleged, XimpleWare and Trilogy[5] are California Corporations. Aurea and Versata are

[5] XimpleWare contends that the Versata Defendants have conceded that Trilogy is incorporated in California citing to

alleged to be Delaware Corporations, and all three Versata Defendants are alleged to have their primary place of business in Texas. On balance this factor slightly favors Texas, because three of the four companies are based in Texas, while only one of the companies is based in California. More importantly, however, is the fact that XimpleWare has alleged facts which support contract formation in Texas. The "place of contracting" for online end user license agreements is the location where the user was physically located when the software was downloaded. *Rottner v. AVG Technologies USA, Inc.*, 943 F. Supp. 2d 222, 227 (D. Mass. 2013)

XimpleWare claims that Versata is asserting that the place of downloading was Texas. Opposition at 18. This is incorrect. It is XimpleWare that alleges that "the Versata Defendants downloaded and used GPL-protected source code." Am. Compl. at ¶105, and that the principle place of business for all three defendants is Texas. Am. Compl. at ¶4-6. Therefore, the only implication that can be drawn from the Amended Complaint is that XimpleWare is alleging that the source code was downloaded in Texas. This factor cuts in favor of applying Texas Law.

Before leaving this point it is worth noting that there is nothing "wildly unjust" about preventing XimpleWare from bringing a good faith and fair dealing claim against the Versata Defendants. Opposition at 18:21-22. XimpleWare chose to offer its software broadly without any regard or restrictions as to where someone might download it. XimpleWare also chose not to include a choice of law provision in the version of the GPL it offered openly. Potentially subjecting itself to the laws of foreign jurisdictions is the natural result of XimpleWare's own choices. What would be unjust is to hold Delaware corporations, with primary places of business in Texas, liable for a tort that does not exist in their home jurisdiction.

---

the Versata Defendants' Motion to Dismiss, Doc. No. 59 p. 8:1. Defendants have not done so. That line is part of a recital of allegations made by XimpleWare and should be read as such. Defendants are not entirely sure what entity XimpleWare meant to sue by naming "Trilogy Development Group" however, the entity "Versata Development Group, f/k/a Trilogy Development Group" is a Delaware Corporation. However this fact is not contested in this motion because pursuant to Rule 12(b)(6) XimpleWare has adequately alleged that Trilogy is a California Corporation, and that allegation must be taken as true.

**B. XimpleWare Has Not Pled Interference with Economic Advantage Because It Has Not Identified Any Third Party Interfered With.**

In their Motion to Dismiss the Versata Defendants argue that XimpleWare cannot plead interference with prospective economic advantage because XimpleWare has not identified any ***third party relationships*** that were damages by Versata's conduct. In response, XimpleWare identifies the relationship between the Versata Defendants and XimpleWare as that relationship. Opposition at 7-12. That is insufficient because it is black letter law that one element of interference with prospective economic advantage is "(1) the existence of a specific economic relationship between [plaintiff] and ***third parties*** that may economically benefit [plaintiff];" *Rickards v. Canine Eye Registration Foundation, Inc.*, 704 F.2d 1449, 1456 (9th Cir.1983)(emphasis added). Versata is not a third party, so this cause of action is not properly pled.

The only other response XimpleWare makes is to argue, without citation to anything in its Amended Complaint, that by giving XimpleWare's software to Versata's customers Versata deprived XimpleWare of those economic relationships. This is not pled. Even if it were, this is not actionable. XimpleWare has to plead that it has a "specific economic relationship" with a third party. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1311 (N.D. Cal. 1997). XimpleWare has not done that, and cannot do that because it had no relationship whatsoever with any of Versata's customers. *See Logan v. VSI Meter Servs., Inc.*, 2011 WL 2729069 at *3 (S.D. Cal. July 13, 2011)(dismissing a complaint for failure to identify any current business relationships that were interfered with).

**C. The Remaining Causes of Action Should also be Dismissed.**

The Versata Defendants also moved to Dismiss XimpleWare's other secondary causes of action. Unlike Ameriprise, the Versata Defendants did not merely argue that these claims rise or fall with the core copyright claim. Instead, the Versata Defendants articulated distinct legal

grounds for dismissing XimpleWare's claims for Unjust Enrichment and Unfair Competition.[6] XimpleWare's only response to these arguments is to ask the Court not to dismiss these claims against the Versata defendants because it did not dismiss these claims against the Ameriprise Defendants. That is wholly insufficient.

Specifically, XimpleWare has not responded to the Versata Defendants' argument that unjust enrichment is not a separate cause of action but rather a remedy. Motion to Dismiss at 8:9-15. Because XimpleWare has failed to respond, and because this is a correct statement of the law, this cause of action should be dismissed. *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (dismissing unjust enrichment because it is not a standalone cause of action, citing California authority supporting same); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (same); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 814 (N.D. Cal. 2011)(same, noting recent California Appellate authority clarifying this issue); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1075 (N.D. Cal. 2012)(same); *MB Technologies, Inc. v. Oracle Corp.*, C 09-05988 RS, 2010 WL 1576686 at *4 (N.D. Cal. Apr. 19, 2010)(same). This claim should be dismissed without leave to amend, since leave to amend would be futile.

Finally, XimpleWare has not responded to Versata's argument that it lacks standing to bring an unfair competition claim for the alleged misuse of software it gives away for free. *See Jacobsen v. Katzer*, C 06-01905 JSW, 2007 WL 2358628 (N.D. Cal. Aug. 17, 2007) *vacated in other part,* 535 F.3d 1373 (Fed. Cir. 2008). Because of XimpleWare's failure to respond to this argument, this claim should also be dismissed.

**CONCLUSION**

For the reasons discussed above, XimpleWare's Amended Complaint against the Versata

[6] The Versata Defendant's basis for dismissal of the declaratory judgment act is only that it cannot stand alone. Should the Court dismiss all causes of action against the Versata Defendants then its declaratory judgment claim must also be dismissed.

Defendants should be dismissed in its entirety. Versata notes that the court has broad discretion to deny a leave to amend where Plaintiff has previously amended the compliant. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013) citing *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1449, 1160 (9th Cir. 1989). As Plaintiff has already amended its Complaint once in response to a Motion to Dismiss pursuant to 12(b)(6), the Versata Defendants respectfully request that the Court consider denying Plaintiff further leave to amend.

Dated: February 18, 2014

Respectfully Submitted,

Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

/s/ Alisa Lipski
Alisa Lipski (SBN 278710)
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com

Valorem Law Group
David C. Bohrer (SBN 212397)
Sixty South Market St., Ste. 1400
San Jose, California 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

***Attorneys for Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Aurea Software, Inc. a/k/a Aurea, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: February 18, 2014

/s/ Alisa Lipski
Alisa Lipski