Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

Gregory S. Tamkin (Cal. Bar No. 175009)
Case Collard (Cal. Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
(303) 629-3400
(303) 629-3450 fax
tamkin.greg@dorsey.com
collard.case@dorsey.com

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

Alisa Lipski (Cal. Bar No. 278710)
Amir H. Alavi (*Pro Hac Vice*)
Benjamin F. Foster (*Pro Hac Vice*)
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 fax
alipski@azalaw.com
aalavi@azalaw.com
bfoster@azalaw.com

David C. Bohrer (Cal. Bar No. 212397)
VALOREM LAW GROUP
60 South Market St., Ste. 1400
San Jose, CA 95113
(408) 938-3882
(408) 915-2672 fax
david.bohrer@valoremlaw.com

Attorneys for Defendants
VERSATA SOFTWARE, INC.,
F/K/A TRILOGY SOFTWARE, INC.,
TRILOGY DEVELOPMENT GROUP, INC. and
AUREA SOFTWARE, INC.
A/K/A AUREA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>Plaintiff;<br><br>v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation; and **Aurea Software, Inc. a/k/a Aurea, Inc.**, a Delaware corporation,<br><br>Defendants. | Case No. 5:13-cv-5160 SI<br><br>**JOINT REPORT ON RULE 26(F) CONFERENCE**<br><br>Case Management<br>Conference:        March 7, 2014<br>Time:                    2:30 p.m.<br>Location:             Courtroom 10, 19th Flr.<br>Judge:                  Hon. Susan Illston |

Computerlaw Group LLP
www.computerlaw.com℠

I. **RULE 26(F) CONFERENCE**

On February 14, 2014, the following parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

- Plaintiff XimpleWare Corp. ("XimpleWare") (through counsel Ansel Halliburton of Computerlaw Group LLP)
- Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., Aurea Software, Inc. a/k/a Aurea, Inc. (together the "Versata Defendants") (through counsel Alisa Lipski of AZA Law)
- Ameriprise Financial, Inc., and Ameriprise Financial Services, Inc. (together the "Ameriprise Defendants") (through counsel Case Collard of Dorsey & Whitney LLP)

The parties considered the nature and basis of their claims and defenses and the possibilities of promptly settling or resolving the case, arranged for the disclosures required by Rule 26(a)(1), discussed preservation of discoverable information, and developed the following discovery plan.

II. **JURISDICTION AND SERVICE**

The court has exclusive subject matter jurisdiction over Plaintiff's copyright infringement claims, which are the primary claims in the case. No defendant has yet filed a counterclaim. All parties have been served, and have appeared. There are no issues regarding personal jurisdiction.

XimpleWare contends that there are no issues regarding venue.

Defendants contend that transfer to another venue might be appropriate pursuant to 28 U.S.C. § 1404(a) as none of the defendants maintain their primary place of business in California.

III. **FACTS**

No discovery has taken place in this case and so most facts remain in dispute. Plaintiff XimpleWare is a small private software company in Milpitas, California that develops and markets software called "VTD-XML" which is used for processing certain kinds of data. XimpleWare publishes VTD-XML, including its source code, under an open source license

called the General Public License, or GPL. XimpleWare contends that under the GPL, some uses of VTD-XML are free, but other uses that go beyond the GPL's terms and conditions require a commercial license.

Defendants Versata and Aurea are related companies headquartered in Austin, Texas. Both are involved in the developing and marketing of a software product called Distribution Channel Management, or "DCM". DCM is enterprise software that Versata licenses to financial services and insurance companies.

The two Ameriprise defendants are related companies in the financial services industry headquartered in Minneapolis, Minnesota. Ameriprise licensed DCM from Versata.

Versata sued Ameriprise in Texas state court for breach of its software license agreement for DCM. That case has since been removed to federal court in the Western District of Texas, Austin Division. (See Related Cases section below.) In the Texas case, Ameriprise contends that Versata incorporated several pieces of open source software, including VTD-XML, into the DCM product and has asserted claims based on that conduct.

In mid-2013, Ameriprise told XimpleWare that Ameriprise believes that Versata had incorporated VTD-XML into its DCM product.

XimpleWare contends that Versata's incorporation of VTD-XML into DCM violates the terms of the GPL license and therefore constitutes copyright infringement.

Versata denies that VTD-XML is incorporated into DCM, or that it has breached any agreement with XimpleWare or Ameriprise. Versata disputes whether XimpleWare is in fact the author of VTD-XML and owns valid copyrights on its software. Versata disputes whether the GPL is an applicable license, and even assuming it is, whether it is enforceable against Versata.

Ameriprise denies that it has infringed any copyright owned by XimpleWare. Rather, Ameriprise contends that XimpleWare's use of the GPL provides a license to Ameriprise to use VTD-XML and DCM, which it contends incorporates VTD-XML. Ameriprise has not breached any obligation that would deprive it of any rights granted under the GPL, and thus asserts that XimpleWare has no cognizable claim against it.

Computerlaw Group LLP
www.computerlaw.com℠

## IV. LEGAL ISSUES

XimpleWare contends that the primary legal issue in this case is whether Versata's incorporation of VTD-XML into DCM constitutes copyright infringement. Under *Jacobsen v. Katzer*, 535 F. 3d 1373 (Fed. Cir. 2008), violation of a license (including an open source license) gives rise to claims for copyright infringement. XimpleWare further contends that a related issue is whether Ameriprise's use and distribution of DCM beyond the scope of the GPL—including distribution to and use by non-employee franchisees—are also unlicensed copyright infringements.

Versata contends that there are many complicated legal issues in this case. Among other legal issues, specifically this Court will have to consider: whether DCM is a derivative work of VTD-XML, whether the GPL is an enforceable contract between the parties, and issues of fair use, copyright misuse and implied license.

In addition to the copyright defenses asserted by Versata, Ameriprise contends that another issue in the case is what constitutes distribution or use by third parties as asserted by XimpleWare as the violation of the Copyright Act and the basis for its claim that Ameriprise's conduct violated the GPL.

## V. MOTIONS

Resolved Motions

XimpleWare filed a motion for a temporary restraining order and expedited discovery on November 24, 2013 (Dkt. 12), which the court heard on December 4, 2013 and denied (Dkt. 45).

Ameriprise filed a motion to dismiss on December 3, 2013 (Dkt. 41) which was withdrawn following XimpleWare's filing of an Amended Complaint. XimpleWare amended its complaint on December 17, 2013 (Dkt. 48). Ameriprise filed a renewed motion to dismiss on December 31, 2013 (Dkt. 52). The Court denied the motion on February 4, 2014 (Dkt. 61).

Pending Motion

Versata filed a motion to dismiss on January 27, 2014 (Dkt. 59). That motion is fully briefed, and is set for hearing on March 14, 2014.

Anticipated Motions

After it takes limited discovery, XimpleWare anticipates filing a motion for summary judgment of copyright infringement and for a permanent injunction, or in the alternative, for a preliminary injunction.

Ameriprise anticipates filing a motion for summary judgment concerning its rights under the GPL.

### VI. AMENDMENT OF PLEADINGS

XimpleWare filed its amended complaint on December 17, 2013 (Dkt. 48). If the Court denies Versata's motion to dismiss, XimpleWare does not anticipate any further amendment.

Ameriprise filed its answer to XimpleWare's amended complaint on February 18, 2014 (Dkt. 67) and does not anticipate any further amendment.

Versata has not yet filed an answer due to its pending motion to dismiss.

### VII. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

XimpleWare and Versata are in ongoing discussions about a protocol to preserve evidence related to the application of a software patch that would remove VTD-XML from DCM.

### VIII. DISCLOSURES

No parties have yet made initial disclosures. See next section below.

### IX. DISCOVERY

#### A. Discovery to Date

No discovery has been taken in this case to date.

Versata and Ameriprise have exchanged substantial discovery in the case between them in Texas. XimpleWare is not a party to that case. However, in response to a subpoena in the Texas litigation, Ameriprise deposed, and Versata participated in, a deposition of XimpleWare in

*Computerlaw Group LLP*
*www.computerlaw.com*ˢᵐ

1  December 2013, and XimpleWare has produced documents. XimpleWare received no reciprocal
2  discovery as it is not a party in that case.

3     **B.**     **Discovery Plan—Rule 26(f)(3)**

4         **1.**     **Initial Disclosures—Rule 26(f)(3)(A)**

5  Defendants object to the timing of initial disclosure; however, the parties have agreed to
6  exchange initial disclosures on March 5, 2014. The Court is set to hear the motion of Defendants
7  Versata, Aurea, and Trilogy on March 14, 2014.

8         **2.**     **Scope of Discovery—Rule 26(f)(3)(B)**

9  The Parties presently believe that discovery will be needed as to all of the elements of the
10 claims and remedies placed in issue by the pleadings, and any defenses that may be asserted.

11 The Parties do not presently believe that discovery should be conducted in phases or be
12 limited to or focused upon particular issues. However, the Parties do believe discovery should be
13 coordinated with a separate action for patent infringement, case no. 5:13-cv-5161-PSG, in which
14 all parties to this case are also parties, in addition to other defendants.

15         **3.**     **Electronically Stored Information—Rule 26(f)(3)(C)**

16 The Parties have met and conferred on the subject of ESI. The Parties have each
17 confirmed that they have taken steps to ensure the preservation of potentially discoverable
18 materials.

19 There are complicated Electronic Discovery issues in this case, including but not limited
20 to the potential production of software and source code. The Parties agree that they shall work in
21 good faith to agree to a separate electronically stored information order to address these issues.

22         **4.**     **Claims of Privilege—Rule 26(f)(3)(D)**

23 The Parties agree that a stipulated confidentiality agreement for the entry of a protective
24 order will be necessary to protect from public disclosure proprietary or other commercially
25 sensitive information that may be produced by the parties in this litigation. The Parties have
26 agreed in principle to modify the Court's model protective order for use in this case. Versata
27 contends that such a protective order will need to include protection for source code substantially
28 similar to the protections spelled out in section 9 of this Court's Stipulated Protective Order for

*Computerlaw Group LLP*
*www.computerlaw.com(sm)*

Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.[1] XimpleWare contends that level of protection is unduly burdensome.

The Parties will meet and confer in good faith regarding the format for privilege logs. In addition, the Parties agree that any responsive documents that are attorney-client or work-product privileged that were created after the date that this action was commenced do not need to be reflected on a privilege log.

### 5. Limitations on Discovery—Rule 26(f)(3)(E)

The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules, and expect to be able to resolve cooperatively any issues that may arise with respect to such limitations.

### C. Other Orders—Rule 26(f)(3)(F)

The Parties believe that a stipulated protective order is appropriate to the extent this matter may involve the disclosure of either party's proprietary or other commercially sensitive information. The Parties are negotiating a proposed stipulated protective order, and anticipate submitting it to the Court for review and approval before the initial case management conference.

### D. Agreement on Electronic Service

The Parties agree to electronically serve any document (including all exhibits or attachments thereto) that is not filed with the Court, or is filed under seal with the Court, including all correspondence. Electronic transmission shall constitute service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), and no confirmatory hard copies need be provided.

---

[1] http://www.cand.uscourts.gov/filelibrary/408/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_10-10-13.pdf

## X. RELATED CASES

The following cases are related in subject matter to this case:

1. *Versata v. Ameriprise*, Travis County District Court, no. D-1-GN-12-003588

   Trial had been set for February 2014, but was taken off calendar when Ameriprise removed the case to federal court on January 7, 2014; currently stayed.

2. *Versata v. Ameriprise*, U.S. District Court for the Western District of Texas, no. 1:14-cv-00012-SS

   Removal action based on state court action above. Motions to remand, for summary judgment, and to consolidate with the *Versata v. Infosys* case are currently pending. The motion to consolidate is set for hearing on March 7, 2014.

3. *Versata v. Infosys*, U.S. District Court for the Western District of Texas, no. 1:10-cv-00792-SS

   Action against Ameriprise vendor Infosys for breach of contract and trade secrets misappropriation related to decompilation of DCM. Set for trial on April 21, 2014. A motion to consolidate with the *Versata v. Ameriprise* case is set for hearing on March 7, 2014.

4. *XimpleWare v. Versata, et al.*, U.S. District Court for the Northern District of California, no. 5:13-cv-5161-PSG

   Patent case against Versata, Ameriprise, and other defendants not in this case.

## XI. RELIEF

XimpleWare requests damages for copyright infringement, including statutory damages, in an amount to be determined.

XimpleWare also requests a declaratory judgment that its registered copyright in its VTD-XML software and source code is valid.

XimpleWare also requests a permanent injunction enjoining further infringement by all Defendants.

The Versata Defendants have not yet filed an Answer, but intend to ask for a declaratory judgment that XimpleWare's copyright relating to its VTD-XML software and source code is not

valid.  In addition or in the alternative, the Versata Defendants seek a declaratory judgment that the Versata Defendants are not infringing any XimpleWare copyright.  The Versata Defendants will also seek a judgment from the Court that XimpleWare has suffered no damages as a result of the conduct of any Versata Defendants.

Ameriprise does not seek any damages, but only attorneys' fees and costs, as appropriate.

## XII. SETTLEMENT AND ADR

The parties have met and conferred about settlement and ADR options. XimpleWare and Versata request a Judicial Settlement Conference with a Magistrate Judge. Ameriprise opposes any ADR as premature.

An ADR phone conference with the Court is scheduled for Tuesday, March 4, 2014 at 3:30 p.m.

## XIII. CONSENT TO MAGISTRATE JUDGE

No: all parties have not consented to a Magistrate Judge.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiff contends that given the extensive discovery in the Texas litigation between Versata and Ameriprise there will be few genuinely contested facts. XimpleWare intends to move for summary judgment after obtaining discovery, much of which will simply reproduce discovery from the Texas case.

The parties will meet and confer ahead of that motion to determine whether any facts may be stipulated as undisputed.

Versata contends that very little of the discovery exchanged in the Texas litigation is relevant to this dispute.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is suitable for the Court's expedited trial procedure under General Order 64, but will revisit the issue at a later date.

### XVII. SCHEDULING: PROPOSAL FOR CASE DEADLINES—RULES 26(F)(3) AND 16(B)

Defendants object to the setting of any case deadlines until the motion to dismiss is resolved. The Court is set to hear Versata's motion to dismiss on March 14, 2014. However, Defendants propose a schedule below assuming the denial of the Motion to Dismiss.

| Event | Agreed Date | Plaintiff Proposal | Defendant Proposals |
|---|---|---|---|
| 1. Rule 26(f) Conference | Took place Feb. 14, 2014 | | |
| 2. Initial Disclosures | Mar. 5, 2015 | | |
| 3. Initial Case Management Conference | Currently set for March 7, 2014. The parties are in discussions about stipulating to a continuance to March 11 or March 14, 2014. | | |
| 4. Status / Settlement Conference | | To be determined | |
| 5. Parties Designate Experts on Issues for Which They Carry the Burden of Proof | | Apr. 22, 2014 | Aug. 22, 2014 |
| 6. Parties Designate Rebuttal Experts | | May 20, 2014 | Sept. 26, 2014 |
| 7. Deadline to Amend Pleadings and Join Other Parties | | To be determined | Jul 1, 2014 |
| 8. Fact Discovery Cut-Off | | Apr. 14, 2014 | Aug 7, 2014 |
| 9. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | | May 5, 2014 | Aug. 22, 2014 |
| 10. Parties Submit Rebuttal Expert Reports | | Jun. 2, 2014 | Sept. 26, 2014 |
| 11. Expert Discovery Cut-Off | | Jun. 16, 2014 | Oct. 17, 2014 |
| 12. Last Day to File Dispositive Motions | | May 5, 2014 | Oct. 30, 2014 |
| 13. Dispositive Motion Hearing | | Jun. 15, 2014 | Dec. 19, 2014 |
| 14. Pretrial Conference | | Jul. 8, 2014 | Feb. 24, 2015 |
| 15. Trial | | Jul. 21, 2014 | Mar. 9, 2015 |

## XVIII. TRIAL

All parties have demanded a trial by jury.

XimpleWare anticipates an approximately one-week trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed certifications under LR 3-16.

XimpleWare Corp. is a privately held company and no parent corporation or other publicly held corporation owns 10% or more stock.

Ameriprise Financial, Inc. is a publicly traded company and no publicly traded corporation currently owns more than 10% of its stock. The parent company of Ameriprise Financial Services, Inc. is AMPF Holding Corporation.

Versata Enterprises, Inc. is the parent of Versata Software, Inc. Trilogy Development Group, Inc., a California corporation, merged out into Trilogy Development Group, Inc. a Delaware Corporation in 1992. That company has subsequently been renamed Versata Development Group, Inc., and its parent company is Versata Enterprises, Inc. Trilogy, Inc. is the parent of Versata Enterprises, Inc. ESW Capital LLC is the parent of Aurea Software, Inc. No publicly held company owns 10% or more of Trilogy Inc., or ESW Capital LLC.

Respectfully submitted,

COMPUTERLAW GROUP LLP

Dated: February 28, 2014    By:    /s/ Ansel Halliburton
                                    Jack Russo
                                    Christopher Sargent
                                    Ansel Halliburton

                                    Attorneys for Plaintiff
                                    XIMPLEWARE CORP.

[additional signatures follow]

| | | | |
|---|---|---|---|
| 1 | | | AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C. |
| 2 | Dated: February 28, 2014 | | |
| 3 | | By: | /s/ Benjamin F. Foster<br>Alisa Lipski |
| 4 | | | Amir H. Alavi (*pro hac vice*)<br>Benjamin F. Foster (*pro hac vice*) |

Attorneys for Defendants
VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.,
TRILOGY DEVELOPMENT GROUP, INC. and
AUREA SOFTWARE, INC. A/K/A
AUREA, INC.

DORSEY & WHITNEY LLP

Dated: February 28, 2014          By:   /s/ Gregory S. Tamkin
                                         Gregory S. Tamkin
                                         Case Collard

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

### E-Filing Attestation

I, Ansel Halliburton, am the ECF User whose ID and password are being used to file this Joint Report On Rule 26(f) Conference. I hereby attest that I have on file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

COMPUTERLAW GROUP LLP

Dated: February 28, 2014          By:   /s/ Ansel Halliburton
                                         Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.

*Computerlaw Group LLP*
*www.computerlaw.com℠*