Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email:bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1400
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

Attorneys for Defendants Versata Software, Inc.,
f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc.
and Aurea Software, Inc. a/k/a Aurea, Inc.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp**., California Corporation<br><br>Plaintiff,<br><br>v.<br><br>**Versata Software, Inc. f/k/a Trilogy Software, Inc.** a Delaware corporation; **Trilogy Development Group, Inc**. a California corporation; **Ameriprise Financial, Inc.**, a Delaware corporation; **Ameriprise Financial Services, Inc.** a Delaware corporation, and **Aurea Software, Inc. a/k/a Aurea, Inc.,** a Delaware corporation,<br><br>Defendants. | Case No.  3:13-cv-05160-SI<br><br>**DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC.  ANSWER TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Versata Software, Inc. f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc. (collectively "Versata" or the "Versata Defendants") hereby answer Plaintiff XimpleWare Corp.'s ("XimpleWare") Amended Complaint as follows. Versata answers XimpleWare's Amended Complaint using the same paragraph numbers used in XimpleWare's pleading.

## NATURE OF ACTION

1.      This action involves claims of copyright infringement under 17 U.S.C. § 501 *et seq.,* breach of contract, violation of Lanham Act Section 43(a), breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional interference with prospective economic advantage, unfair competition under California Business and Professions Code II § 17200 *et seq., alter ego* liability, and declaratory relief.

**Answer to Paragraph:**      In Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), this Court denied plaintiff's claims for breach of the implied covenant of good faith and fair dealing and intentional interference with prospective economic advantage. Versata admits the remaining allegations in paragraph 1.

## PARTIES

2.      Plaintiff XimpleWare Corp. ("XimpleWare") is a corporation organized under the laws of, and registered to do business in, California, with its principal place of business in Milpitas, California.

**Answer to Paragraph:**      Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint.

3.      Plaintiff XimpleWare is the designer, developer, and distributor of advanced computer software and, as an enterprise that practices its own patents, it has delivered to the marketplace advanced computer software that provides enterprises, Fortune 5000 corporations, firms, and other businesses with an advanced data processing solution for challenging data processing problems. Plaintiff XimpleWare has a number of licensed customers including

Matrikon, Inc., Smith & Tinker, Inc., United Stationers Technology Services LLC, and
Zoosk,Inc.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a
belief about the truth of the allegation of paragraph 3 of the Complaint.


4. Defendant Versata Software, Inc., f/k/a Trilogy Software, Inc. ("Versata") is a
private corporation registered to do business in California, organized under the laws of Delaware,
with its principal place of business in Austin, Texas.

**Answer to Paragraph:** Versata admits the allegations in paragraph 4.


5. Defendant Trilogy Development Group, Inc. ("Trilogy") is a corporation organized
under the laws of California, with its principal place of business in Austin, Texas. On information
and belief, Trilogy acquired Defendant Versata in or about February 2006, and Trilogy is now the
parent company of Versata and its subsidiaries.

**Answer to Paragraph:** Versata denies that it is a corporation organized under the
laws of California. Versata denies that there is an entity currently named Trilogy Development
Group, Inc.  Versata denies that the company formerly known as Trilogy Development Group
ever acquired Versata and denies that it is the parent company of Versata or its subsidiaries.
Versata admits that the company formerly known as Trilogy Development Group does maintain
its principle place of business in Austin Texas.


6. Defendant Aurea Software, Inc., a/k/a Aurea, Inc. ("Aurea") is a corporation
registered to do business in California, organized under the laws of Delaware with its principal
place of business in Austin, Texas. On information and belief, Aurea merged with Trilogy and
Versata in October, 2013.

**Answer to Paragraph:** Versata denies that Aurea merged with Trilogy and Versata
but otherwise admits the allegations in paragraph 6.

7.      Defendant Ameriprise Financial, Inc. is a corporation registered to do business in California, organized under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota. On information and belief, Ameriprise is a leading diversified financial services provider, providing a range of financial planning products and is a customer of Versata and Trilogy.

**Answer to Paragraph:**      Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.      Defendant Ameriprise Financial Services, Inc. is a corporation registered to do business in California, organized under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota. On information and belief, Defendant Ameriprise Financial Services, Inc. is a subsidiary of Defendant Ameriprise Financial, Inc. (together, Ameriprise Financial, Inc. and Ameriprise Financial Services Inc. shall be referred to as "Ameriprise").

**Answer to Paragraph:**      Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.      Plaintiff is informed and believes, and on that basis, alleges (collectively hereinafter "on information and belief"), that at all relevant times Trilogy was and is the operating entity of, and has effective, if not actual, control over the business decisions made by its subsidiaries, Versata and Aurea.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 9.

10.      On information and belief, at all relevant times, Versata and Aurea were the mere solely controlled instrumentalities of Trilogy and functioned as Trilogy's *alter egos,* and all undertakings by Versata and Aurea were known by, sanctioned, or done at the direction and sole control of Trilogy, or by others serving under Trilogy's direction and/or sole control.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 10.

11.     On information and belief, at all relevant times, Trilogy, Versata, Aurea, and a number of other entities have acted and continue to act in conspiracy to obscure Versata's liability for copyright infringement, Lanham Act violations, breaches of contract, and wrongful conduct. On information and belief, those acts consist of, but are not limited to, the comingling of corporate funds and assets; failure to segregate funds and assets of the separate entities; concealment and misrepresentation of the identity and ownership of the corporations; disregard for formalities and failure to maintain arms' length relationships among the various entities; the use of the corporate entity to procure labor, services, or merchandise for another entity; the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; contracting with one another with intent to avoid performance by use of a corporate entity as a shield against liability of another entity; and the use of a corporation to transfer to it the existing liability of another entity.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 11.

12.     By reason of the foregoing, this Court should pierce the corporate veils of Versata and Aurea and hold Trilogy or any other parent company or controlling persons or entities liable for Versata's monetary and other obligations as determined at trial.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 12.

## JURISDICTION AND VENUE

13.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Federal courts have exclusive jurisdiction in copyright cases, and because those claims are Federal questions.

**Answer to Paragraph:**     The allegations contained within paragraph 13 constitute legal conclusions as to which no answer is required; however, Versata does not deny that this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Federal courts have exclusive jurisdiction in copyright cases, and because those claims are

Federal questions.

14.     This Court has personal jurisdiction over all defendants because all Defendants do substantial business in this District.

**Answer to Paragraph:**     The allegations contained within paragraph 14 constitute legal conclusions as to which no answer is required.  Versata denies that all Defendants do substantial business in this District however Versata does not deny that this Court has personal jurisdiction over all defendants.

15.     Venue is proper, under 28 U.S.C. §§ 1331, 1391(c), 1391(d), and 1400(b). This action raises federal questions (copyright infringement); substantial part of the events giving rise to this action occurred in this District; the creation, infringement, and sale of software at issue involved corporations registered to do business in California with California subsidiaries, branches, and partners found in and doing business in this district; and at least one act of infringement took place in this District.

**Answer to Paragraph:**     The allegations contained within paragraph 15 constitute legal conclusions as to which no answer is required; however, Versata does not deny that venue of this action is proper in the Northern District of California.

## **BACKGROUND FACTS**

### **XML Parsing**

16.     A parser is a piece of software that reads certain electronic files and makes the information from those files available to applications and programming languages, acting as a go-between as underlying code which can be written in any number of programming languages and what a user sees when the program runs.

**Answer to Paragraph:**     Versata denies the allegations in paragraph 16.

17.     Extensible Markup Language (known as XML) is a set of rules for encoding documents electronically. Known as a metalanguage, XML allows one to design a markup language which is in turn used for the easy interchange of documents on the World Wide Web. XML is itself a subset of a standard called SGML, and can be used to design a tagging scheme that allows elements of a document to be marked according to their content rather than their format.

**Answer to Paragraph:**     Versata denies the allegations in paragraph 17.

18.     Information stored in XML documents can be used more effectively when parsed-read line by line or node by node to fetch pieces of information for the program to read and translate. In essence, parsing is the act of analyzing a set of characters or data and then determining, recognizing, deciphering, or acquiring the significant data and commands from a sequence of programming code, and translating the code which allows the program to do the job for which it was designed.

**Answer to Paragraph:**     Versata denies the allegations in paragraph 18.

**Formation of XimpleWare**

19.     In October 2002, Zhengyu "Jimmy" Zhang founded XimpleWare (the "Company") with a since-departed co-founder Hui Tian. Mr. Ying Shum (who has since passed away) was an advisor to the company during its early stages. Using experience gained from fifteen years in the software engineering field, Mr. Zhang started XimpleWare with the goal of achieving maximum efficiency for XML processing by using dedicated integrated circuits as a system on a chip (SOC). Mr. Tian left the venture in 2003, and since then Mr. Zhang has handled all creative and managerial responsibilities at XimpleWare.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

ANSWER TO AMENDED COMPLAINT                    7                    CASE NO. 3:13-CV-05160

20.     Mr. Zhang chose the name "XimpleWare" for his new venture to evoke the efficiency, speed, and simplicity with which his innovative source code parses XML. The name also included the letters X-M-L, further identifying XimpleWare's goal and product in the marketplace.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21.     Mr. Zhang began writing the XimpleWare Source code (the "Source Code") in 2004, and has since put in over 10,000 work hours of computer programming into developing and improving the XimpleWare product.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.     In its nascent stages, XimpleWare was funded entirely by seed money from friends and family of the original founders, mostly from Mr. Zhang and his parents. Mr. Tian still holds a minority stake in the company, but apart from Mr. Zhang, Mr. Tian, and Ying Shum, there are no other owners, venture capital groups, angel investors, or parties with an interest in XimpleWare.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

## Open Source Software

23.     Open source software is computer software whose source code is available free of charge for the public to use, copy, modify, sublicense, or distribute. While some developers choose to provide their product entirely free of charge, many developers and companies including large public companies like Oracle and IBM-make use of open source licensing and its collaborative nature to create or incorporate code into products that can be licensed for profit outside the open source community.

1

2

**Answer to Paragraph:**        Versata denies the allegations in paragraph 23.

3

4

24.     By licensing one's source code as part of the open source community, or making

5

modifications to someone else's source code under an open source license, the creator retains

6

certain protections, depending on the permissiveness of the particular license, from improper use

7

of his or her intellectual property. To that end, most, if not all, open source licenses apply certain

8

requirements and restrictions for the method and manner in which code extracted from an open

source repository can be used, and attaches conditions to any such use.

9

10

**Answer to Paragraph:**        Versata denies the allegations in paragraph 24.

11

12

25.     There are many commonly used open source licenses, including the GNU General

Public License, the BSD License, and the Apache License.

13

14

**Answer to Paragraph:**        Versata denies the allegations in paragraph 25.

15

16

26.     Due to the fundamental properties of XML technology, XML parsing innovations

17

are very hard to sell. A parser is not an end-user product, *i.e.,* it is a component that must be

18

integrated into another existing product, analogous to how an engine is a component that must be

19

integrated into a car-it has little utility on its own, but matters a great deal to the larger product.

20

XimpleWare therefore made the business decision to license its Source Code under the GNU

21

General Public License version 2 ("GPL"). A copy of the GPL is attached to this Complaint as

22

**Exhibit** 1. By licensing its technology under the GPL, XimpleWare enabled potential commercial

23

licensees to evaluate XimpleWare's technology before going into commercial production, and

24

allowed free non-commercial use of its technology, which would likely spur adoption in the

overall market for high-efficiency XML processing software.

25

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a

26

belief about the truth of the allegations in paragraph 26 and on that basis denies them.

27

28

27. The GPL requires, among other things, (1) that any changes made to the code carry notices stating that the files were changed, and the date of all changes; (2) any code created or derived from GPL-protected code must also be licensed under the GPL; (3) copyright notices must print or display when the code is run; and (4) that when distributed, the program must be accompanied by the complete machine-readable source code.

**Answer to Paragraph:** Versata denies the allegations contained in paragraph 27.

28. The text of the GPL contains a lengthy "Preamble" section. This preamble is not a legally operative part of the GPL, as is generally understood in the open source community. For example, Lawrence Rosen, an attorney and noted open source expert, states in a 2004 book:

> The preamble, of course, is not an operative part of the GPL license. It is not among its *terms and conditions.* There is nothing in its words that must be obeyed. It is merely a helpful preface so that you can better understand the GPL in its context.

LAWRENCE ROSEN, OPEN SOURCE LICENSING: SOFTWARE FREEDOM AND INTELLECTUAL PROPERTY LAW 109 (Prentice Hall2004) (emphasis in original).

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies them.

29. XimpleWare chose the GPL approach because it is one of the most restrictive open source licenses available, requiring that any derivative code incorporating GPL-protected code must be returned to the open source community in its entirety. This concept is often referred to as "copyleft," which the Free Software Foundation explains succinctly on its "Frequently Asked Questions" page for the GPL:

> [Q:] You have a GPL'ed program that I'd like to link with my code to build a proprietary program. Does the fact that I link with your program mean I have to GPL my program?
> [A:] Yes.

Frequently Asked Questions about version 2 of the GNU GPL, Free Software Foundation, http://www.gnu.org/licenses/old-licenses/gpl-2.0-fag.html (last accessed Dec. 16, 2013) (archived

at http://perma.cc/LLM9-3SED). In other words, if Developer A creates Product A and licenses it under the GPL, and Developer B creates Product B which incorporates Product A, then Developer B must also license Product B under the GPL.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies them.

30.        In general, a computer cannot run source code directly. Before a computer can run a program, its source code must be translated into machine-readable form called "object code" which is also sometimes referred to as a "binary" or "binaries" because object code is not human-readable text, but rather machine-readable binary code.

**Answer to Paragraph:**        Versata denies the allegations in paragraph 30.

31.        The GPL also requires that any distribution of the binary version of a GPL-licensed software must be accompanied by either source code or an offer to provide source code. This is explained clearly in Section 3 of the GPL, as well as the Free Software Foundation's GPL "Frequently Asked Questions" page:

> [ Q:] I downloaded just the binary from the net. If I distribute copies, do I have to get the source and distribute that too?
>
> [A:] Yes. The general rule is, if you distribute binaries, you must distribute the complete corresponding source code too. The exception for the case where you received a written offer for source code is quite limited.

**Answer to Paragraph:**        The allegations contained within paragraph 31 constitute legal conclusions as to which no answer is required; however, to the extent any of the allegations in paragraph 31 are not legal conclusions, Versata denies them.

32.        The GPL requires strict compliance, and, under its Section 4, any failure to comply with **any** of the GPL's multiple conditions means there is no license granted and this means any use, distribution, or other exploitation is not licensed and all rights the violator could have obtained under the GPL are voided:

You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt otherwise to copy, modify, sublicense or distribute the Program is void, and will automatically terminate your rights under this License ... GPL at§ 4.

**Answer to Paragraph:**        The allegations contained within paragraph 32 constitute legal conclusions as to which no answer is required; however, to the extent any of the allegations in paragraph 32 are not legal conclusions, Versata denies them.

### The XimpleWare Product

33.        The complete XimpleWare software product, known as "VTD-XML" or "VTD-XML Extended" (collectively, the "Product"), is made up of a number of constituent parts, each with individual functions, and is written in several different programming languages. Most of the code, however, is written in Java, which is one of the most popular programming languages in use today.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies them.

34.        XML is ubiquitous in today's business world. For example, since 2007, the file formats for Microsoft Office are based on XML and many web pages are coded in XML.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies them.

35.        The XimpleWare Source Code and Product reads and parses XML at a rate estimated to be five to ten times faster than other current XML parsing programs, effecting greater efficiency and speed. It also provides indexing and incremental capabilities that are crucial to many high performance XML applications and are not available in any other XML parsing libraries. Efficiency and speed are critical in many applications of XML, especially in large scale enterprise data interchange applications where entire server computers are dedicated to handling streams of XML data. If XML data can be processed faster, then fewer servers are

needed, less leased space in data centers is needed for those servers, and less energy is required to power those servers-altogether greatly reducing computing needs and costs.

**Answer to Paragraph:**          Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies them.

36.          The Product is an enabler for any program that uses XML in its applications, but to see the upside in the parsing speed, customers have to try it.

**Answer to Paragraph:**          Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore denies them.

37.          XimpleWare has had interest and licensing discussions with several industry leaders, and has established its VTD-XML software as a leading technology in XML parsing.

**Answer to Paragraph:**          Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies them.

38.          XimpleWare has always incorporated all copyright and other notices required by the GPL into every iteration of its Source Code.

**Answer to Paragraph:**          Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies them.

### The XimpleWare Source Code

39.          Over the course of over ten years, Mr. Zhang updated and improved the Source Code and Product (and still does), checking out sections of code to work on and then checking it back into an open source database called SourceForge. SourceForge is a community-based website where software developers can publish source code to a global audience, and can join and collaborate on open source projects.

**Answer to Paragraph:**          Versata lacks knowledge or information sufficient to form a

1   belief about the truth of the allegations in paragraph 39 and therefore denies them.

2

3       40.     One of the principal tools SourceForge provides is version control systems. A

4   version control system is a computer program that manages a set of source code. Programmers

5   use version control systems by "checking out" a copy of the source code to their own computer,

6   making changes, and then submitting those changes back into the version control system in a

7   process called "checking in." Each check-in is documented in the version control system with

8   time, date, and contributor information, as well as comments from the programmer describing his

9   or her changes. With a version control system, it is possible to review all changes to a set of

10  source code and to know who made those changes.

11      **Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a

12  belief about the truth of the allegations in paragraph 40 and on that basis denies them.

13

14      41.     SourceForge also provides a system where programmers not affiliated with a

15  project may submit suggested changes to members of the project. The members may then choose,

16  to check those changes in to the version control system, or to reject them. As with any other

17  check-in, time, date, contributor, and other information are logged in the version control system.

18      **Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a

19  belief about the truth of the allegations in paragraph 41 and on that basis denies them.

20

21      42.     One version control system offered by SourceForge is the Concurrent Versions

22  System, commonly known as "CVS". Like other version control systems, CVS tracks who made

23  which changes to the managed source code, and CVS keeps a log of those revisions.

24      **Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a

25  belief about the truth of the allegations in paragraph 42 and therefore denies them.

26

27      43.     XimpleWare placed its Source Code on SourceForge, and managed that Source

28  Code in SourceForge's CVS system.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore denies them.

### The XimpleWare Registered Copyrights

44.     XimpleWare is the owner of all right, title, and interest in all copyrights, including but not limited to all U.S. Copyrights on the Source Code.  All version of the Source Code have appropriate copyright notices printed or affixed conspicuously on the first page of each work, as required by the GPL.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and on that basis denies them.

45.     XimpleWare also registered its copyright in the Source Code with the U.S. Copyright Office. Attached as **Exhibit 2** is a true and correct copy of the copyright registration certificate for Registration No. TX 7-727-556, dated September 4, 2013.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and on that basis denies them.

46.     There has been no challenge to any of the XimpleWare copyrights, or any other XimpleWare intellectual property rights.

**Answer to Paragraph:**        Versata denies paragraph 46. Versata has challenged or will challenge all of XimpleWare's intellectual property rights through this proceeding and related proceedings.

47.     XimpleWare uses the GPL-required copyright notices on its Product and its documentation to give actual and constructive notice of the existence of XimpleWare copyrights.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 47 and on that basis denies them.

48.     XimpleWare's SourceForge project page also clearly indicates that the VTD-XML software is licensed under the GPL; the XimpleWare web site has always made clear that any and all commercial projects and those involving any distribution, requires a commercial license under the commercial terms and conditions to be concluded with XimpleWare, and that generally requires a signed written agreement between the parties and payment of commercial royalties to XimpleWare. Multiple other commercial parties who could not come within the GPL's strict conditions have agreed to sign and have signed commercial licenses with XimpleWare and the custom and practice in the industry is for the proposed licensee to do appropriate due diligence and to assure that his, her or its project is strictly within the GPL's conditions or else to contact XimpleWare to discuss the requirements for commercial licensing.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and on that basis denies them.

### **Defendants Misappropriate XimpleWare's Source Code**

49.     In the summer of 2013, XimpleWare learned of a Texas lawsuit between Defendants Versata and Ameriprise over a contract dispute (the "Texas Litigation").

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and on that basis denies them.

50.     According to documents filed in the Texas Litigation, Versata licensed its DCM software to Ameriprise until Ameriprise attempted to write its own software using programmers in India to replace the Versata product. Versata then sued for misappropriation, among other claims.

**Answer to Paragraph:**     The allegations in paragraph 50 are not an accurate representation of the Texas Litigation and therefore Versata denies them.

51.     During the prosecution of the Texas Litigation, Ameriprise informed XimpleWare that it had discovered portions of XimpleWare's Source Code in the source code of Versata's DCM product, and with said XimpleWare Source code, none of the conditions of the GPL license had been met. There was also no evidence of any commercial license from XimpleWare and no reproduction of XimpleWare's copyright notice in Versata's DCM product.

**Answer to Paragraph:**       Versata lacks knowledge or information sufficient to form a belief about what Ameriprise informed XimpleWare during the prosecution of the Texas Litigation.  Versata denies that VTD-XML is incorporated into DCM and that XimpleWare's Source Code is.  Versata also denies that GPL is an applicable license, and even assuming it is, denies it is enforceable against Versata.

52.     On information and belief, the DCM product contains none of the copyright or use notices required by the GPL, which Versata apparently removed in violation of 17 U.S.C. § 506(d), which is a criminal statute.

**Answer to Paragraph:**       Versata again denies any obligation to comply with any such copyright or use notices.  Versata denies that VTD-XML is incorporated into DCM. Versata also denies that GPL is an applicable license, and even assuming it is, denies it is enforceable against Versata.  On these and other bases, Versata denies the allegations contained in paragraph 52.

53.     On information and belief—and based upon documents XimpleWare received from Ameriprise—Versata either replaced the copyright notices with false, altered notices, or removed the notices entirely to aid its improper use of the Source Code. Based upon documents XimpleWare received from Ameriprise, for months and without ever contacting XimpleWare to check on the validity of its alleged reliance, Versata asserted a theory in the Texas Litigation that XimpleWare's Source Code was licensed under an Oracle-based exception to the GPL known as the "classpath exception." The "classpath exception" is an Oracle-based exception to the GPL

that has been promulgated by Oracle Corporation (www.oracle.com) of Redwood City, California (owner of the Java programming language) for certain Java-related software packages. XimpleWare has never used and never authorized this exception or any exception other than commercial licensing directly with XimpleWare; neither Oracle nor any other company is authorized to make any statement on behalf of XimpleWare.

**Answer to Paragraph:** Versata denies the allegations of paragraph 53.

54. The only copyright or license notices that XimpleWare has ever placed on its VTD-XML Source Code give notice that the Source Code is licensed under the GPL for those strictly complying with all conditions of the GPL, and that it is otherwise commercially available through license directly from XimpleWare. XimpleWare has never utilized the "classpath exception," nor has it ever made any exceptions to licensing its Source Code under the unaltered GPL other than through paid commercial licenses obtained directly from XimpleWare.

**Answer to Paragraph:** Versata again denies any obligation to comply with any such copyright or use notices. Versata denies that VTD-XML is incorporated into DCM. Versata also denies that GPL is an applicable license, and even assuming it is, denies it is enforceable against Versata. On these and other bases, Versata denies the allegations contained in paragraph 54.

55. None of the defendants in this case did, have done, or have attempted to do any appropriate due diligence with XimpleWare, and therefore none of the Defendants in this case can assert truthfully that they are innocent infringers or that they otherwise relied reasonably in any way in commencing, continuing, or refusing to discontinue their respective infringements.

**Answer to Paragraph:** Versata denies the allegations in paragraph 55.

56. Versata's commercial distribution of the XimpleWare Product or Source Code outside the terms of the GPL was knowing and willful. According to documents filed in the Texas

Litigation, Versata maintained in the course of business a list of open source software components that it included in its DCM product, and that list included VTD-XML as well as the fact that VTD-XML and several other components were licensed under the GPL—without any mention of the "classpath exception."

**Answer to Paragraph:** Versata denies the allegations in paragraph 56.

57. XimpleWare has never granted any of the Versata Defendants any commercial license, permission, or authorization to use and redistribute any XimpleWare Product or Source Code. The only license the Versata Defendants have ever had was the GPL. However, by failing to meet any of the required conditions of the GPL license, no license was granted to any of the Versata Defendants and any alleged rights any of them had or purported to have to XimpleWare's VTD-XML computer software were void *ab initio* and terminated instantly and automatically, and all distributions and other exploitations including all attempts to sublicense were unauthorized, void, and without effect, and each constituted a willful infringement of XimpleWare's rights.

**Answer to Paragraph:** Versata denies the allegations in paragraph 57.

58. On information and belief, Versata has distributed thousands of unauthorized copies of the Product or the Source Code to a number of customers, and Versata has illegally collected revenues on the sale and distribution of the derivative DCM product incorporating XimpleWare's Source Code, in violation of XimpleWare's copyrights. XimpleWare estimates Versata's total sales of the infringing DCM product to exceed $300,000,000.

**Answer to Paragraph:** Versata denies the allegations in paragraph 58.

59. The majority of Ameriprise financial advisors are not Ameriprise employees. According to Ameriprise's own 2012 Annual Report, filed publicly with the U.S. Securities and Exchange Commission, Ameriprise operates a "nationwide network of more than 9,700

1
2
advisor's," of which "more than 7,400 are independent franchises or employees or contractors of franchises."

3
4
**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and on that basis denies them.

5
6
7
8
9
10
11
60. On information and belief, Ameriprise distributed DCM and VTD-XML to these thousands of non-employee financial advisors. According to its 2012 Annual Report, "The support [Ameriprise] offer[s] to [its] franchisee advisors includes generalist and specialist leadership support, **technology platforms and tools**, training and marketing programs" (emphasis added). On information and belief, DCM is among the "technology platforms and tools" that Ameriprise provides its outside advisors.

12
13
14
**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and on that basis denies them.

15
16
17
18
19
61. On information and belief, when Ameriprise made its outside distributions of DCM and VTD-XML, it did so under a commercial license (and not the GPL) without any attribution to XimpleWare, without any XimpleWare copyright notice, without any XimpleWare Source Code, and without any offer to convey the XimpleWare Source Code—all in violation of the GPL and all of which were void under the GPL.

20
21
22
**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and on that basis denies them.

23
24
25
26
62. XimpleWare has never granted Ameriprise or any other defendant in this case any commercial license, permission, or authorization to use and redistribute any XimpleWare Product or Source Code.

**Answer to Paragraph:** Versata denies the allegations in paragraph 62.

27
28

ANSWER TO AMENDED COMPLAINT       20       CASE NO. 3:13-CV-05160

63. Defendants have infringed, and are still infringing on XimpleWare's intellectual property rights by making, selling, and using the DCM product incorporating XimpleWare's copyrighted Source Code, and the Defendants will continue to do so unless this Court enjoins them.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 63.

64. XimpleWare has complied with the statutory requirement of placing a notice of the copyrights on all the software it makes and sells or otherwise publishes.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and on that basis denies them.

## FIRST CLAIM FOR RELIEF

### DIRECT COPYRIGHT INFRINGEMENT

### (AGAINST ALL DEFENDANTS)

65. XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:** Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

66. XimpleWare is the owner of the XimpleWare Source Code, Product, and related documentation.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and on that basis denies them.

67. The XimpleWare Source Code is an original work of authorship, and constitutes copyrightable expression and subject matter under the Copyright Act of 1976, 17 U.S. C. §101, as amended. XimpleWare has complied in all respects with the Copyright Act in securing for itself the exclusive rights in its copyrights to the XimpleWare Source Code. XimpleWare has applied

for, and obtained, a certificate of copyright registration from the Register of Copyrights. See Exhibit 2.

**Answer to Paragraph:**     Versata denies that XimpleWare Source Code is an original work of authorship and that XimpleWare has complied in all respects with the Copyright Act and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 and on that basis denies them.

68.     XimpleWare's copyright in the Source Code is valid and fully enforceable in accordance with the United States Copyright Act (17 U .S.C. § 101 *et seq.).*

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 68.

69.     Without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Versata Defendants, and each of them, accessed the Source Code which XimpleWare had licensed under the GPL and via SourceForge, and without authorization, have copied, distributed, and prepared copies and/or derivative works in violation of XimpleWare's rights under 17 U.S.C. § 106.

**Answer to Paragraph:**     Versata denies the allegations set forth in Paragraph 69.

70.     Without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Versata Defendants incorporated the Source Code into their own DCM product and, on information and belief, without authorization, sold that and other Versata Products to Ameriprise as well as a number of other customers.

**Answer to Paragraph:**     Versata denies the allegations set forth in Paragraph 70.

71.     On information and belief, and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license,

Ameriprise purchased the Versata Products containing XimpleWare's copyrighted Source Code and Product and, without authorization, reproduced and distributed that material both internally and outside of Ameriprise in violation of XimpleWare's copyrights. The Versata Defendants incorporated XimpleWare's Source Code and Product into various products for Ameriprise and other customers, based on individual customers' project parameters and needs. On information and belief, Ameriprise then, without authorization, copied, reproduced, distributed, and re-implemented the Versata Products in their own systems as they saw fit. On information and belief, Ameriprise made and distributed additional copies, without authorization, to its vendors in India as part of its effort to replace the Versata product.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations against Ameriprise, but it denies the allegations against itself in paragraph 71.

72.     On information and belief, and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, Ameriprise has distributed without authorization DCM and VTD-XML to thousands of nonemployee independent contractor or franchisee advisors or "producers."

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and on that basis denies them.

73.     Defendants' acts constitute direct copyright infringement and have already damaged XimpleWare, and continue to damage XimpleWare. Defendants' ongoing infringement will continue to damage XimpleWare and cause irreparable harm for which there is no adequate remedy at law. Without preliminary and permanent injunctive relief, XimpleWare has no means by which to control Defendants' continued unauthorized distribution and sale of infringing derivatives of XimpleWare's original and copyrighted work, and XimpleWare will continue to be irreparably harmed. XimpleWare is therefore entitled to preliminary and permanent injunctive

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

relief prohibiting Defendants from distributing, displaying, selling, or otherwise requiring the impoundment and/or destruction of all copies of the XimpleWare Source Code-or any derivative works-in Defendants' possession, custody, or control.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 73.

74. XimpleWare is further entitled to recover from Defendants the actual damages it has sustained, and will sustain, as a result of Defendants' infringement, or, alternatively and at its election, statutory damages under the Copyright Act.

**Answer to Paragraph:** The allegations contained within paragraph 74 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 74.

75. At all times, Defendants' copyright infringement was and is knowing and willful. The GPL, a copy of which must be included with all GPL-licensed source code, was always included with every version of the XimpleWare Source Code available on SourceForge. XimpleWare's SourceForge project page-which Ximp1eWare has records of the Versata Defendants visiting-clearly indicates that VTD-XML is licensed under the GPL. Further, as required by the GPL, notices of copyright were printed or otherwise affixed to all versions of the Source Code. Further, according to documents filed in the Texas Litigation, Versata maintained in the course of business a list of open source software components that it included in its DCM product, and that list included VTD-XML, and included the fact that VTD-XML was licensed under the GPL version 2. Therefore, Defendants actually knew or reasonably should have known that the Source Code was the copyrighted work of XimpleWare, for which Defendants did not have a commercial license, and Defendants did in fact copy, adapt, and distribute works derived from the Source Code in either source or compiled form without authorization from XimpleWare. There is no basis on which Defendants could believe that their commercial use of the XimpleWare Source Code was a fair use. No Defendants have ever obtained a commercial license

from XimpleWare.

**Answer to Paragraph:** The allegations contained within paragraph 75 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 75.

76. Defendants' infringements of XimpleWare's copyrights are the direct and proximate cause of damages to XimpleWare, and XimpleWare is entitled to compensatory damages in an amount to be determined at trial.

**Answer to Paragraph:** The allegations contained within paragraph 76 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 76.

77. XimpleWare is further entitled to recover from Defendants all of the gains, profits, and advantages they have obtained as a result of the infringement, and for disgorgement of any additional gains, profits, and advantages Defendants obtained that are attributable to their infringements of the Source Code, in an amount to be proven at trial, together with attorneys' fees and costs pursuant to 17 U.S.C §§ 504 and 505.

**Answer to Paragraph:** The allegations contained within paragraph 77 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 77.

<u>**SECOND CLAIM FOR RELIEF**</u>

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(AGAINST VERSATA DEFENDANTS)**

78. XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:** Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

79.     XimpleWare is the owner of XimpleWare Source Code Product and related documentation.

**Answer to Paragraph:**        Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and on that basis denies them.

80.     The XimpleWare Source Code is an original work of authorship, and constitutes copyrightable expression and subject matter under the Copyright Act of 1976, 17 U .S.C. § 101, as amended. XimpleWare has complied in all respects with the Copyright Act in securing for itself the exclusive rights in his copyrights to the XimpleWare Source Code. XimpleWare has applied for, and obtained, a certificate of copyright registration from the Register of Copyrights. See Exhibit 2.

**Answer to Paragraph:**        The allegations contained within paragraph 80 constitute legal conclusions as to which no answer is required.  To the extent that any answer is required, Versata denies the allegations set forth in paragraph 80.

81.     XimpleWare's copyright in the Source Code is valid and fully enforceable in accordance with the United States Copyright Act (17 U.S.C. § 101 et seq.).

**Answer to Paragraph:**        The allegations contained within paragraph 81 constitute legal conclusions as to which no answer is required.  To the extent that any answer is required, Versata denies the allegations set forth in paragraph 81.

82.     Without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Versata Defendants accessed and downloaded the XimpleWare Source Code via SourceForge, incorporated the Source Code into their own DCM product and, on information and belief, sold that and other Versata Products to Ameriprise and a number of other customers without authorization, knowing they would make further unauthorized copies. The Versata Defendants induced and contributed to the infringement

of XimpleWare's copyrights by others-namely, their customers-by marketing and selling software derived from the XimpleWare Source Code without authorization and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 82.

83.    At all relevant times, the Versata Defendants had the right and ability to control to conduct of infringer Customer Defendants and others; Versata owned contracts with its customers and was in control of the products it sold and otherwise supplied in fulfillment of those contracts-Versata Products which induced the Customer Defendants to directly infringe XimpleWare's copyrights.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 83.

84.    The Versata Defendants received direct financial benefit from the infringement of the Customer Defendants by way of the contracts it owned, and the software Versata supplied in fulfillment of those contracts.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 84.

85.    The Versata Defendants had a supervisory relationship to the directly infringing Customer Defendants, and the Versata Defendants are therefore vicariously, jointly, and severally liable for inducing that infringement.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 85.

86.    Defendants' acts constitute contributory and vicarious copyright infringement and have already damaged XimpleWare, and continue to damage XimpleWare. The Versata Defendants' ongoing infringement will continue to damage XimpleWare and cause irreparable harm for which there is no adequate remedy at law. Without preliminary and permanent

injunctive relief, XimpleWare has no means by which to control Versata's continued unauthorized distribution and sale of infringing derivatives of XimpleWare's original and copyrighted work, and Ximple Ware will continue to be irreparably harmed. XimpleWare is therefore entitled to preliminary and permanent injunctive relief prohibiting Defendants from distributing, displaying, or selling, the XimpleWare product or Source Code, and requiring the impoundment and/or destruction of all copies of the XimpleWare Source Code-or any derivative works-in Defendants' possession, custody, or control.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 86.

87.     XimpleWare is further entitled to recover from Defendants the actual damages it has sustained, and will sustain, as a result of the Versata Defendants' infringement, or, alternatively and at its election, statutory damages under the Copyright Act.

**Answer to Paragraph:**     The allegations contained within paragraph 87 constitute legal conclusions as to which no answer is required.  To the extent that any answer is required, Versata denies the allegations set forth in paragraph 87.

88.     At all times, the Versata Defendants' contributory and vicarious copyright infringement was and continues to be knowing and willful. The GPL, a copy of which is attached to all GPL-licensed source code, was necessarily attached to any version of the XimpleWare Source Code taken from SourceForge. Further, as required by the GPL, notices of copyright were printed or otherwise affixed to all versions of the Source Code. Therefore, the Versata Defendants knew or reasonably should have known that the Source Code was the copyrighted work of XimpleWare, for which Versata did not have a commercial license, and Versata did in fact copy, adapt, and distribute works derived from the Source Code in either source or compiled form to Ameriprise and others, without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, inducing those customers to infringe XimpleWare's copyrights.

1

2

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 88.

3

4

5

6

7

89.      XimpleWare is further entitled to recover from Defendants all of the gains, profits, and advantages they have obtained as a result of the infringement, and for disgorgement of any additional gains, profits, and advantages the Versata Defendants obtained that are attributable to their infringements of the Source Code, in an amount to be proven at trial, together with attorneys' fees and costs pursuant to 17 U.S.C §§ 504 and 505.

8

9

10

**Answer to Paragraph:**      The allegations contained within paragraph 89 constitute legal conclusions as to which no answer is required.  To the extent that any answer is required, Versata denies the allegations set forth in paragraph 89.

11

### THIRD CLAIM FOR RELIEF

12

### VIOLATION OF LANHAM ACT § 43(A)

13

### (AGAINST VERSATA DEFENDANTS)

14

15

90.      XimpleWare incorporates the allegations in paragraphs 1-64 as set forth here in full.

16

17

18

**Answer to Paragraph:**      Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

19

20

21

22

23

24

25

26

91.      On information and belief, at all relevant times, the Versata Defendants downloaded XimpleWare's Source Code, incorporated that Source Code wholesale into its own Versata Products, and marketed and sold those Versata Products as their own, failing to attribute authorship of the Source Code to XimpleWare. This wholesale copying and bodily misappropriation represents the misattribution and misrepresentation of XimpleWare's work as Versata's authorship for Versata's gain, confusing consumers as to the true origin and author of the Source Code.

**Answer to Paragraph:**      Versata denies the allegations set forth in paragraph 91.

27

28

ANSWER TO AMENDED COMPLAINT

CASE NO. 3:13-CV-05160

92.     Such "reverse passing off" of XimpleWare's Source Code is unlawful under Section 43(a) of the Lanham Act (codified as 15 U.S.C. § 1125). Under Section 43(a) of the Lanham Act, it is unlawful when a person

> [I]n connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which-( a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ...

15 U.S. C. § 1125(a) (emphasis added).

**Answer to Paragraph:**     The allegations contained within paragraph 92 constitute legal conclusions as to which no answer is required.  To the extent that any answer is required, Versata denies the allegations set forth in paragraph 92.

93.     "Section 43(a) of the Lanham Act prohibits the use of false designations of origin and false representation in the ... sale of goods and services." *Smith v. Montoro,* 648 F.2d 602, 603 (1981 ). "'Reverse passing off' or 'reverse palming off' occurs when a product is mislabeled to mask the creator's contribution." *Cleary v. News Corp.,* 30 F.3d 1255, 1260 (1994).

**Answer to Paragraph:**     Versata does not believe any allegations are contained in paragraph 93.  Versata denies that the cases cited have been quoted properly and thus to the extent any allegations are contained in paragraph 93, Versata denies the allegations in paragraph 93.

94.     Versata falsely designated origin and inaccurately attributed the creation of the Source Code to itself, and failed and continues to fail to properly attribute that Source Code to XimpleWare.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 94.

95.     On information and belief, Versata willfully copied the XimpleWare Source Code in its entirety, removed all Copyright notices in violation of 17 U.S.C. § 506(d), as well as any notice of origin from that Source Code, and falsely and wrongfully incorporated it into Versata Products without attributing the Source Code to its true author and owner, XimpleWare. Versata then sold those products under the Versata, Trilogy, and Aurea names to a number of customers, causing deception and false representations as to the true creator of the Source Code.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 95.

96.     This wholesale and willful copying meets all Ninth Circuit standards for establishing Versata's "reverse passing off," misattribution, and false designation or origin of the XimpleWare Source Code in violation of Section 43(a) of the Lanham Act.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 96.

97.     At all times, the Versata Defendants' repeated violations of Section 43(a) were knowing and willful.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 97.

98.     The Versata Defendants' willful violations of Lanham Act Section 43(a) are the direct and proximate cause of harm to XimpleWare, and XimpleWare is entitled to disgorgement of all profits as well as compensatory damages in an amount to be determined at trial.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 98.

99.     XimpleWare is further entitled to an award of exemplary damages including attorneys' fees, costs of suit, and enhanced damages for Versata's willful violations.

**Answer to Paragraph:**     Versata denies the allegations set forth in paragraph 99.

### FOURTH CLAIM FOR RELIEF

### BREACH OF CONTRACT

**(AGAINST VERSATA DEFENDANTS)**

100.    XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:**    Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

101.    XimpleWare made available and licensed the Source Code under the General Public License.

**Answer to Paragraph:**    Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 101 of the Complaint and on that basis denies them.

102.    The GNU GPL, in plain English, lays out the rights and responsibilities of, and establishes a contract between, contributors and licensees of source code licensed under the GPL.

> This [GPL] applies to any program or other work which contains a notice placed by the copyright holder saying it may be distributed under the terms of the General Public License. The "Program" below, refers to any such program or work, and a "work based on the Program" means either the Program or any derivative work under copyright law: that is to say, a work **containing the Program or a portion of it,** either verbatim or with modifications and/ or translated into another language.

**Answer to Paragraph:**    Paragraph 102 constitutes legal conclusions to which no response is required. However, to the extent one is required, Versata admits the text of the GPL but denies the validity of any obligation arising under the GPL.

103.    The GPL makes clear in its Terms And Conditions For Copying, Distribution And Modification that any licensee may copy and distribute a program's source code protected by the GPL or a work based on that program provided that the licensee does the following:

(1)    conspicuously and appropriately publishes on each copy an appropriate

copyright notice and disclaimer of warranty;

(2)     keeps intact all the notices that refer to the GPL;

(3)     gives any other recipients of the program a copy of the GPL **along with the program itself**; and

(4)      accompanies the program with (a) the complete machine-readable source code on a medium customarily used for software interchange, or (b) with a written offer to supply the source code to any third party for no more than the cost of physically perf01ming the distribution.

**Answer to Paragraph:**        Paragraph 103 constitutes legal conclusions to which no response is required. However, to the extent one is required, Versata admits the text of the GPL but denies the validity of any obligation arising under the GPL.

104.    The GPL also allows for modification of a program provided that:

(1)     all modified files carry prominent notices stating that the licensee changed the files and the date of any change;

(2)     the licensee cause any work that it distributes or publishes, that in whole or in part contains or is derived from protected source code or any part thereof, to be licensed as a whole at no charge to all third parties under the terms of the GPL;

(3)     the modified program prints or displays an announcement including an appropriate copyright notice;

(4)     the modified program prints or displays an announcement including a notice that users may redistribute the program under the conditions of the GPL; and

(5)     the modified program prints or displays an announcement telling the user how to view a copy of the GPL.

**Answer to Paragraph:** Paragraph 104 constitutes legal conclusions to which no response is required. However, to the extent one is required, Versata admits the text of the GPL but denies the validity of any obligation arising under the GPL.

105. On information and belief, the Versata Defendants downloaded and used GPL-protected source code belonging to XimpleWare, thereby explicitly agreeing to be bound by its terms and conditions, which include, among other terms:

> You [the licensee] may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt otherwise to copy, modify, sublicense or distribute the Program is void, and will automatically terminate your rights under this License ... You are not required to accept this License, since you have not signed it. However, noting else grants you permission to modify or distribute the Program or its derivative works. These actions are prohibited by law if you do not accept this License. Therefore, by modifying or distributing the Program (or any work based on the Program), you indicate your acceptance of this License to do so, and all its terms and conditions for copying, distributing or modifying the Program or works based on it.

**Answer to Paragraph:** Paragraph 105 constitutes legal conclusions to which no response is required. However, to the extent one is required, Versata denies the allegations set forth in paragraph 105.

106. XimpleWare performed all of its legally required responsibilities under the GPL by attaching all the required notices to every version of the Source Code uploaded using the SourceForge CVS system.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 106 of the Complaint and on that basis denies them.

107. The Versata Defendants have breached their contract with XimpleWare by (1) downloading and making copies of the XimpleWare Source Code-thereby accepting the terms of

the GPL under its Section 5; (2) incorporating the XimpleWare Source Code into the DCM product-thereby creating a "work based on the Program" under Section 0 the GPL; (3) removing attribution, license, and warranty disclaimer information and failing to convey copies "verbatim"- in violation of Section I of the GPL; (4) distributing VTD-XML in object code form as a component within DCM to Versata customers without attaching any copyright notices, source code, or offers to transmit source code-in violation of Section 3 of the GPL; (5) by purporting to distribute VTD-XML as a component of DCM under a commercial license-in violation of Section 4 of the GPL; and (6) attempting to "impose ... further restrictions" on Versata's customers' use of VTD-XML-in violation of Section 6 of the GPL. By failing to perform any of their responsibilities under the GPL, the Versata Defendants have breached their contract under the GPL with XimpleWare and attempted to pass the XimpleWare Source Code off as their own product, to XimpleWare's detriment.

**Answer to Paragraph:** Paragraph 107 constitutes legal conclusions to which no response is required. However, to the extent one is required, Versata denies the allegations set forth in paragraph 107.

108. The Versata Defendants' breach of their contract under the GPL has violated XimpleWare's rights under the GPL, and has thereby adversely affected XimpleWare's ability to effectively license its Source Code outside the open source community, causing XimpleWare substantial and irreparable harm.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 108.

109. The Versata Defendants' material breaches of contract are the direct and proximate cause of damages to XimpleWare.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 109.

110. XimpleWare is entitled to compensatory damages in an amount to be determined

at trial, but which is believed to be in excess of $150,000,000, together with attorneys' fees and costs, and disgorgement of all revenues and profits associated with Defendants' licensing or sale of products containing the XimpleWare Source Code.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 110.

## FIFTH CLAIM FOR RELIEF

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (AGAINST VERSATA DEFENDANTS)

111.    XimpleWare incorporates the allegations in paragraphs I -64 as if set forth here in full.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

112.    The Parties entered into a contract under the GPL. XimpleWare agreed by uploading its Source Code to the SourceForge repository and attaching a copy of the GPL, as well as the copyright, waiver, and license notices the GPL requires. The Versata Defendants agreed to be bound by the GPL by downloading, modifying, and distributing XimpleWare's Source Code, all copies of which bore notices that the Source Code was licensed under the GPL.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

113.    XimpleWare performed all or substantially all of the significant things that the GPL required of it.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

114.    Given the contractual relationship between XimpleWare and the Versata Defendants created by the GPL, the Versata Defendants had an implied obligation and duty,

under California law, to act in good faith and deal fairly with XimpleWare.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

115. All conditions required for the Versata Defendants' performance of the contract occurred, and all of those conditions were clearly stated in the copy of the GPL Versata received when it downloaded the Source Code.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

116. In committing the actions above, including but not limited to its failure to notify XimpleWare (and any third party customers) that its DCM product contained XimpleWare's GPL-protected source code, the Versata Defendants acted in bad faith in a manner designed to cause XimpleWare harm. The Versata Defendants' actions breached the covenant of good faith and fair dealing.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

117. XimpleWare was and continues to be harmed as a direct and proximate result of Versata's misconduct and XimpleWare has been damaged in an amount to be determined at trial, but which is believed to be in excess of $150,000,000, together with attorneys' fees and costs, as well as disgorgement of all revenues and profits associated with Defendants' licensing or sale of products containing the XimpleWare Source Code.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

118. The Versata Defendants' misconduct was malicious, oppressive, and in reckless

disregard of XimpleWare's rights under California law. Actual harm has been inflicted on XimpleWare as a result of that misconduct, and XimpleWare is therefore entitled to an award of punitive damages in an amount sufficient to punish the Versata Defendants for their actions.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

## SIXTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

### (AGAINST ALL DEFENDANTS)

119. XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:** Versata incorporates by reference its answers to the allegations of 1-64 as if set forth here in full.

120. Defendants' wrongful acts unjustly enriched Defendants by allowing them to avoid the time and cost of developing software or source code capable of XML parsing at the level that XimpleWare's Source Code achieves. Versata touts on its website the speed and efficiency of its DCM product-advantages that it obtained by using XimpleWare's Source Code.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 120.

121. Defendants' wrongful acts unjustly enriched Defendants by allowing them to benefit from the advantages XimpleWare's Source Code added to the various products Defendants offer, including, but not limited to Versata's and Aurea's DCM product which, on information and belief, Trilogy endorses and from which it derives revenue as Versata's and Aurea's parent company.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 121.

122. XimpleWare invested substantial time, effort, and money in developing the

Product and Source Code, and took care to license the Source Code under the GPL, and Ximple Ware has been injured as a result of Defendants' wrongful misappropriations of XimpleWare's Source Code and breach of the GPL.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 123.

123. Defendants' misconduct is the direct and proximate cause of damages to XimpleWare, and XimpleWare is entitled to compensatory damages in an amount to be determined at trial, as well as disgorgement of all revenues and profits associated with Defendants' licensing or sale of products containing the XimpleWare Source Code.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 124.

### SEVENTH CLAIM FOR RELIEF

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (AGAINST VERSATA DEFENDANTS)

124. XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

125. XimpleWare created and owns the Source Code Mr. Zhang created, which drastically increases XML parsing speed and efficiency over today's industry standards.

**Answer to Paragraph:** As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

126. XimpleWare had a reasonable expectation that it would maintain an uninhibited right and ability to effectively market and license the XimpleWare Product containing its Source Code, rights protected by the GPL as well as federal and California law.

39

1

2     **Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re

3   Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

4

5     127.    On information and belief, the Versata Defendants downloaded, modified, and

6   distributed the Source Code in the various Versata Products without printing the required

7   copyright, waiver, and licensing notices or returning the derived products to the open source

8   community. In doing so, the Versata Defendants and each of them have interfered with

9   XimpleWare's business relationships with its current and prospective client by improper means,

10  including but not limited to copyright infringement, unfair competition, breach of contract, and

11  misleading representations about the ownership and origin of the Source Code, all the alleged

    above.

12    **Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re

13  Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

14

15    128.    The Versata Defendants' tortious interference with XimpleWare's business

16  relationships has adversely affected XimpleWare's ability to effectively license its Product.

17    **Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re

18  Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

19

20    129.     The Versata Defendants' misconduct is the direct and proximate cause of damages

21  to XimpleWare.

22    **Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re

23  Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

24

25    130.    XimpleWare is entitled to compensatory damages in an amount to be determined

26  at trial as well as disgorgement of all revenues and profits associated with Defendants' licensing

27  or sale of products containing the XimpleWare Source Code, believed to be in excess of

28

ANSWER TO AMENDED COMPLAINT

CASE NO. 3:13-CV-05160

$150,000,000.

**Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

131.    The Versata Defendants' misconduct was malicious, oppressive, and in reckless disregard of XimpleWare's rights under California law. Actual harm has been inflicted on XimpleWare as a result of that misconduct, and XimpleWare is therefore entitled to an award of punitive damages in an amount sufficient to punish the Versata Defendants for their actions.

**Answer to Paragraph:**      As this claim has been dismissed by the Court's Order Re Versata Defendants' Motion to Dismiss (Doc. No. 77), no response is required.

## EIGHTH CLAIM FOR RELIEF

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

132.    XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:**      Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

133.    Mr. Zhang developed the Source Code on XimpleWare's behalf with the use of his own resources. XimpleWare made the Source Code available to the open source community, including Defendants, by uploading the Source Code to the SourceForge repository and allowing use of that Source Code according to the provisions on the GPL.

**Answer to Paragraph:**      Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 and on that basis denies them.

134.    Mr. Zhang spent over ten years developing the Source Code, and has created a product with enormous growth potential through his own knowledge, skills, and experience. The

fruit of that labor is a XimpleWare Product capable of parsing XML with unprecedented efficiency. Mr. Zhang invested his time and effort in a product that he believed he would be able to effectively license for profit outside of the open source community, as many companies would prefer to purchase a commercial license directly from the software creator than be bound by the GPL to return any derivative works to the open source pool. Many software companies, such as MySQL (acquired by Sun Microsystems for approximately $1 billion, 11 in turn acquired by Oracle) have successfully pursued such a dual-licensing strategy.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 and on that basis denies them.

135. On information and belief, Versata downloaded the XimpleWare Source Code, modified and incorporated it into the Versata DCM product, and distributed that derivative work to a number of customers, including the other Defendants in this case.

**Answer to Paragraph:** Versata denies the allegations in Paragraph 135.

136. On information and belief, Trilogy, as Versata's and Aurea's parent company, knew of and endorsed Versata's and Aurea's misuse of XimpleWare's Source Code.

**Answer to Paragraph:** Versata denies the allegations in paragraph 136.

137. On information and belief, Versata incorporated its DCM product into products it supplied to Ameriprise and other customers. Ameriprise, after discovering that certain sections of the DCM code were protected by the GPL and belonged to XimpleWare, continued to use the product as part of their internal systems, and continued to benefit from the advantages the XimpleWare Source Code and Product delivered.

**Answer to Paragraph:** Versata denies the allegations paragraph 137.

138. Section 17200 of the California Business and Professions Code prohibits any

unlawful, unfair, or fraudulent business acts or practices. "Unlawful" practice is any act forbidden by federal, state, municipal or regulatory law." *People v. McKale* 25 Cal.3d 626, 632 (1972) (internal quotations omitted). "Unfair" simply means any practice whose harm to the victim outweighs its benefits. *Motors, Inc. v. Times Mirror Co.,* 102 Cal. App.3d 735,740 (1980) (internal quotations omitted).

**Answer to Paragraph:** Versata admits the allegations in paragraph 138.

139.  By engaging in copyright infringement of the Source Code and breaching the terms and conditions of the GPL and violating numerous other laws, including at least one criminal copyright statute, Defendants committed an unlawful practice or act under Section 17200. In addition, Defendants committed unfair practices or acts under the California Business and Professions Code by (a) by deriving benefits from XimpleWare's efforts and work without providing compensation or honoring the strict condition of the GPL; (b) continuing the unlawful use of XimpleWare's Source Code; (c) misrepresenting the DCM product as wholly of Versata's own creation; and (d) restraining competition by depriving XimpleWare of a chance to pursue competitive business opportunities through fraudulent representation regarding the creation and ownership of the Source Code.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 139.

140.  Defendants engaged in unfair competition which caused harm to XimpleWare. Those actions should be enjoined to prevent further harm to XimpleWare, the proper owner of the Source Code. XimpleWare is entitled to injunctive relief forbidding Defendants to use, copy, or distribute the Source Code as well as restitution of any money or property which Defendant and each of them have acquired by means of unfair competition and disgorgement of all revenues and profits associated with Defendants' licensing or sale of products containing the XimpleWare Source Code.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 140.

ANSWER TO AMENDED COMPLAINT

43

CASE NO. 3:13-CV-05160

### NINTH CLAIM FOR DECLARATORY RELIEF

### (AGAINST ALL DEFENDANTS)

141.　XimpleWare incorporates the allegations in paragraphs 1-64 as if set forth here in full.

**Answer to Paragraph:**　　Versata incorporates by reference its answers to paragraphs 1 through 64 as if fully set forth herein.

142.　XimpleWare owns a copyright registered with the United States Copyright Office.

**Answer to Paragraph:**　　Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142 and on that basis denies them.

143.　XimpleWare has the superior, and indeed only, right to continue to use, make, sell, or offer for sale its Source Code, subject to the GPL, as the lawful owner of the Copyright.

**Answer to Paragraph:**　　The allegations contained within paragraph 143 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 143.

144.　Versata improperly downloaded and exploited XimpleWare's Source Code without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, all to XimpleWare's detriment. On information and belief, Versata has sold the Source Code, incorporated it into its DCM product, among others, to Ameriprise and a number of other companies.

**Answer to Paragraph:**　　Versata denies the allegations in paragraph 144.

145.　As such, XimpleWare requests that this Court declare that the Federal Copyright Registration No. TX 7-727-556 titled "vtd-xml version 2.3", issued on September 4, 2013 is valid and enforceable.

**Answer to Paragraph:** The allegations contained in paragraph 145 constitute legal conclusions as to which no answer is required. To the extent that any answer is required, Versata denies the allegations set forth in paragraph 145.

146. The requested declaration is necessary and appropriate at this time to affirm XimpleWare's rights to exclusive use and sale of its protected property.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 146.

147. Plaintiff has no adequate remedy at law and Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

**Answer to Paragraph:** Versata denies the allegations set forth in paragraph 147.

## ANSWER TO PRAYER FOR RELIEF

148. With respect to the allegations of the Complaint, Versata admits only that Plaintiff purports to be seeking the relief set forth in subparts (A) through (I). Furthermore, all prayers for relief under claims five and seven of this Complaint are no longer relevant to this lawsuit following this Courts March 14, 2014 order regarding Versata's Motion to Dismiss. Versata denies all remaining allegations set forth in this section of the Complaint.

149. All allegations and averments of the Complaint not admitted, addressed, explained, answered, or denied in this Answer are here and now generally denied as though set forth specifically and denied.

## DEFENSES

150. In further answer to the Complaint, and by way of affirmative and other defenses, Versata states that it will rely upon the following defenses, if applicable and if supported by facts to be determined by appropriate discovery. Versata reserves the right, subject to the Court's approval if such approval is required by the Federal Rules of Civil Procedure and/or by the

Court's Scheduling Order, to amend its Answer, upon further investigation and discovery, to include any additional defenses of which Versata becomes aware.

## FIRST DEFENSE

### (Failure to State a Claim)

151.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a valid claim upon which relief may be granted.

## SECOND DEFENSE

### (Laches)

152.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Versata incorporated the Product many years ago, and Plaintiff chose not to enforce its right. Moreover, by releasing the Product under a GPL license, Plaintiff was fully aware that anyone could use its Product, and, accordingly, it was its responsibility to monitor the Product's use.

## THIRD DEFENSE

### (Statute of Limitations)

153.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.  Specifically, Plaintiff's claim for copyright infringement is barred by the fact that its copyright claims accrued before three-year limitations period set out in 17 U.S.C. § 507. Moreover, Plaintiff's state law claims are barred to the extent they are premise on any alleged wrongful acts occurring outside the applicable limitations period.

## FOURTH DEFENSE

### (Estoppel)

154.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped from bringing these claims against Versata. Plaintiff, by distributing its software under the GPL, was aware that its software would be used by other parties. Because Versata relied on Plaintiff's approval of and/or acquiescence in Versata's use of Plaintiff's software, Plaintiff should be estopped from asserting that there was anything illegal, wrongful, or improper about Versata's use of Plaintiff's software.

**FIFTH DEFENSE**

(Authorization)

155.    Plaintiff's claims are barred, in whole or in part, because Plaintiff, directly or indirectly, authorized Versata's conduct. Plaintiff's GPL license places no restrictions on use of its software.  This constitutes authorization by the Plaintiff of that conduct by Versata.

**SIXTH DEFENSE**

(Ratification)

156.    Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified the conduct by Versata about which they now complain. Plaintiff's GPL license places no restrictions on use of its software and does not require payment from users. This constitutes ratification by the Plaintiff of that conduct by Versata.

**SEVENTH DEFENSE**

(Plaintiff's Fault)

157.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff's actions and/or omissions caused and/or contributed to any injury it incurred. Once again, Plaintiff was not forced to release its software under the GPL license. However, by doing so, to the extent Plaintiff alleges it suffered any injury as a result of Versata's use of its software, Plaintiff's own actions and omissions are responsible for its injury.

**EIGHTH DEFENSE**

(Lack of Standing)

158.    Plaintiff lacks standing to bring one or more of their claims, insofar as they cannot establish their ownership of the intellectual property and/or copyrights they allege Versata infringed.

**TENTH DEFENSE**

(Open Source License/Third Party Beneficiary)

159.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's software contains open source software code whose license terms prevents Plaintiff from enforcing

restrictions on the use or distribution of source code. The GPL license places no restrictions on use of its software. Plaintiff's obligations under the GPL license prevent it from enforcing any restrictions on Versata's use of Plaintiff's software, and therefore plaintiff's claims against Versata are barred.

## ELEVENTH DEFENSE

### (Preemption)

160.    Plaintiff's claims are barred, in whole or in part, because they are preempted by the Federal Copyright Act, 17 U.S.C. § 301.

## TWELFTH DEFENSE

### (Authorship)

161.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's software is updated through an open source database called SourceForge. SourceForge is a community-based website where software developers can publish source code and can join and collaborate on open source projects. Given this, as the authorship of the Source Code is in dispute, Plaintiff did not have the right to register a copyright regarding it.

## THIRTEENTH DEFENSE

### (Copyright Misuse)

162.    Plaintiff's claims are barred, in whole or in part, because Plaintiff engaged in copyright misuse. Plaintiff attempts to extend the operation of the copyright beyond the scope of the statutory right and engaging in a licensing practice contrary to public policy.

## FOURTEENTH DEFENSE

### (Fair use)

163.    Plaintiff's copyright infringement claim is barred, in whole or in part, because Versata's use of the allegedly infringed works constituted fair use pursuant to 17 U.S.C. § 107. The factors supporting fair use specifically include, but are not limited to, the following: (1) Versata's use of Plaintiff's software in developing Versata's own DCM software was transformative; the Source Code was more functional and informational than creative; and (3)

48

Versata's use of Plaintiff's software had no effect on the value of or the market in Plaintiff's software, because Plaintiff's GPL license placed no restrictions on use of its software and did not require payment from users.

### FIFTEENTH DEFENSE

(De Minimis Copying)

164.    Plaintiff's claims for copyright infringement are barred by the doctrine of de minimis copying, as any protectable portions of the works that are the subject of the Asserted Copyrights used by Versata have been de minimis.

### SIXTEENTH DEFENSE

(Unclean Hands)

165.    Plaintiff's claims against Versata are barred because, upon information and belief, Plaintiff has come to the Court with unclean hands due to its practice of requiring commercial licensees to obtain licenses on a basis different from non-commercial licensees in blatant disregard of the provisions of the open source license it is chosen to utilize.

### SEVENTEENTH DEFENSE

(Abandonment)

166.    Plaintiff's claims are barred, in whole in part, because Plaintiff has abandoned its interest in the copyright.  By using a GPL license, which places no restrictions on the GPL-licensed software, Plaintiff abandoned any interest it had in maintaining copyright protections.

### EIGHTEENTH DEFENSE

(No Intent to Induce Copyright Infringement)

167.  Versata has not engaged in purposeful, culpable expression or conduct designed or intended to result in others infringing Plaintiff's Asserted Copyrights and thus is not liable under Plaintiff's inducement claims, to the extent they have been pled.

### COUNTERCLAIMS

### The Parties

1.    Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

2.    Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3.    Plaintiff Aurea Software, Inc., a/k/a Aurea, Inc. ("Aurea") is a corporation registered to do business in California, organized under the laws of Delaware with its principal place of business in Austin, Texas.

4.    Versata Software, Inc., Versata Development Group, Inc., and Aurea Software, Inc. are referred to collectively here as "Versata" for convenience.

5.    Upon information and belief, Plaintiff XimpleWare Corp. ("XimpleWare") is a corporation organized under, and registered to do business in, California, with its principal place of business in Milpitas, California.

## Jurisdiction and Venue

6.     Subject to Versata's defenses and denials, Versata alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and venue for these Counterclaims is proper in this district.

7.    This Court has personal jurisdiction over XimpleWare.

## Factual Background

8.    XimpleWare is a software company that purports to distribute free software under the GNU General Public License ("GPL"). Dkt 48 at ¶ 23; 26.

9.    XimpleWare's GPL license places no restrictions on use of its software, and does not require payment from users.  Dkt. 48-1 (GPL) at 1.

10.    When an entity receives a copy of a GPL-licensed program, that recipient automatically receives a license as well.  Dkt. 48-1 at 4.

11.    Further, any change in the transferor's license status does not affect the license of the transferee.  Dkt. 18-1 at 3.

12.    XimpleWare has accused Versata of infringing its Copyrights including Copyright Registration No. TX 7-727-556 ("Asserted Copyrights").

13.    Upon information and belief, XimpleWare did not and has not properly identified the authors of the Asserted Copyrights.

14.    Versata has valid and duly issued copyrights on various portions of its DCM software.

**Declaratory Judgment of Invalidity**

15.    Versata restates and incorporates by reference its allegations in paragraphs 1 – 14 of its Counterclaims.

16.    An actual case or controversy exists between Versata and XimpleWare as to whether the Asserted Copyright registrations are valid.

17.    A judicial declaration is necessary and appropriate so that Versata may ascertain its rights regarding the Asserted Copyrights.

**Declaratory Judgment of License**

18.    Versata restates and incorporates by reference its allegations in paragraphs 1 –14 of its Counterclaims.

19.    An actual case or controversy exists between Versata and XimpleWare as to whether Versata and/or its Customers are licensed to use the Asserted Copyrights, under either a version of the GPL or under an implied license.

20.    A judicial declaration is necessary and appropriate so that Versata may ascertain its rights regarding the Asserted Copyrights.

**Declaratory Judgment of Non-Infringement**

21.    Versata restates and incorporates by reference its allegations in paragraphs 1 – 14 of its Counterclaims.

22.   An actual case or controversy exists between Versata and XimpleWare as to whether Versata infringes XimpleWare's Asserted Copyrights.

23.   A judicial declaration is necessary and appropriate so that Versata may ascertain its rights regarding the Asserted Copyrights.

## JURY TRIAL DEMAND

Versata hereby demands a trial by jury on each and every cause of action which is triable by on which may otherwise be tried by jury in this action.

## PRAYER

Wherefore, Versata, having fully answered Plaintiff's Amended Complaint, denies that Plaintiff is entitled to any relief and hereby prays that the Court dismiss Plaintiff's case in its entirety, that Plaintiff takes nothing by way of this suit, and that Versata be awarded its reasonable attorneys' fees and costs and such other relief to which it may be justly entitled. Versata respectfully requests judgment in its favor and against Plaintiff as follows:

1.   A judgment dismissing XimpleWare's Amended Complaint against Versata with prejudice;

2.   A judgment in favor of Versata on all of its Counterclaims;

3.   A declaration that Versata has not infringed, either directly or indirectly, any of the Asserted Copyrights;

4.   A declaration that XimpleWare's claims are barred by the doctrines of laches, equitable estoppel and/or waiver;

5.   A judgment that to the extent a license is necessary, Versata's use and the use of its customers is licensed;

6.   A judgment that the Asserted Copyright registrations are not valid;

7.   A declaration that this case is exceptional and an award to Versata of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

8.   Such other and further relief as the Court deems just and proper.

1   Dated: March 28, 2014        /s/ Alisa Lipski

2                        Alisa Lipski (SBN 278710)
                       Amir H. Alavi (Admitted *Pro Hac Vice*)

3                        Benjamin F. Foster (Admitted *Pro Hac Vice*)
                       Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

4                        1221 McKinney, Suite 3460
                       Houston, Texas 77010

5                        Tel: 713-655-1101
                       Fax: 713-655-0062

6                        Email: alipski@azalaw.com
                       Email: aalavi@azalaw.com

7                        Email:bfoster@azalaw.com

8

9                        David C. Bohrer (SBN 212397)
                       Valorem Law Group

10                        60 South Market St., Ste. 1400
                       San Jose, CA 95113

11                        Tel: 408-938-3882
                       Fax: 408-915-2672

12                        Email: david.bohrer@valoremlaw.com

13                        **Attorneys for Defendants Versata Software, Inc.,**
                       **f/k/a Trilogy Software, Inc., Trilogy Development**

14                        **Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc.**

15

16                              **<u>CERTIFICATE OF SERVICE</u>**

17        The undersigned hereby certifies that all counsel of record who are deemed to have

18 consented to electronic service are being served with a copy of this document via the Court's ECF

19 System.

20

21   Dated: March 28, 2014        /s/ Alisa Lipski
                       Alisa Lipski

22

23

24

25

26

27

28

ANSWER TO AMENDED COMPLAINT          53          CASE NO. 3:13-CV-05160