Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

Gregory S. Tamkin (Cal. Bar No. 175009)
Case Collard (Cal. Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
(303) 629-3400
(303) 629-3450 fax
tamkin.greg@dorsey.com
collard.case@dorsey.com

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

Alisa Lipski (Cal. Bar No. 278710)
Amir H. Alavi (*Pro Hac Vice*)
Benjamin F. Foster (*Pro Hac Vice*)
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 fax
alipski@azalaw.com
aalavi@azalaw.com
bfoster@azalaw.com

David C. Bohrer (Cal. Bar No. 212397)
VALOREM LAW GROUP
60 South Market St., Ste. 1400
San Jose, CA 95113
(408) 938-3882
(408) 915-2672 fax
david.bohrer@valoremlaw.com

Attorneys for Defendants
VERSATA SOFTWARE, INC.,
F/K/A TRILOGY SOFTWARE, INC.,
TRILOGY DEVELOPMENT GROUP, INC. and
AUREA SOFTWARE, INC.
A/K/A AUREA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>                    Plaintiff;<br><br>        v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation; and **Aurea Software, Inc. a/k/a Aurea, Inc.**, a Delaware corporation,<br><br>                    Defendants. | Case No. 5:13-cv-5160 SI<br><br>**JOINT REPORT ON RULE 26(F) CONFERENCE**<br><br>Case Management<br>Conference:     April 18, 2014<br>Time:           2:30 p.m.<br>Location:       Courtroom 10, 19th Flr.<br>Judge:          Hon. Susan Illston |

Computerlaw Group LLP
www.computerlaw.com sm

I.   **RULE 26(F) CONFERENCE**

On February 14 and April 11, 2014, the following parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

- Plaintiff XimpleWare Corp. ("XimpleWare") (through counsel Ansel Halliburton of Computerlaw Group LLP)
- Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., Aurea Software, Inc. a/k/a Aurea, Inc. (together the "Versata Defendants") (through counsel Alisa Lipski of AZA Law)
- Ameriprise Financial, Inc., and Ameriprise Financial Services, Inc. (together the "Ameriprise Defendants") (through counsel Case Collard of Dorsey & Whitney LLP)

The parties considered the nature and basis of their claims and defenses and the possibilities of promptly settling or resolving the case, arranged for the disclosures required by Rule 26(a)(1), discussed preservation of discoverable information, and developed the following discovery plan.

II.  **JURISDICTION AND SERVICE**

The court has exclusive subject matter jurisdiction over Plaintiff's copyright infringement claims, which are the primary claims in the case. No defendant has yet filed a counterclaim. All parties have been served, and have appeared. There are no issues regarding personal jurisdiction.

XimpleWare contends that there are no issues regarding venue.

Defendants contend that transfer to another venue might be appropriate pursuant to 28 U.S.C. § 1404(a) as none of the defendants maintain their primary place of business in California.

III. **FACTS**

No discovery has taken place in this case and so most facts remain in dispute. Plaintiff XimpleWare is a small private software company in Milpitas, California that develops and markets software called "VTD-XML" which is used for processing certain kinds of data. XimpleWare publishes VTD-XML, including its source code, under an open source license

1  called the General Public License, or GPL. XimpleWare contends that under the GPL, some uses
2  of VTD-XML are free, but other uses that go beyond the GPL's terms and conditions require a
3  commercial license.
4         Defendants Versata and Aurea are related companies headquartered in Austin, Texas.
5  Both are involved in the developing and marketing of a software product called Distribution
6  Channel Management, or "DCM". DCM is enterprise software that Versata licenses to financial
7  services and insurance companies.
8         The two Ameriprise defendants are related companies in the financial services industry
9  headquartered in Minneapolis, Minnesota. Ameriprise licensed DCM from Versata.
10         Versata sued Ameriprise in Texas state court for breach of its software license agreement
11  for DCM. That case has since been removed to federal court in the Western District of Texas,
12  Austin Division. (See Related Cases section below.) In the Texas case, Ameriprise contends that
13  Versata incorporated several pieces of open source software, including VTD-XML, into the
14  DCM product and has asserted claims based on that conduct.
15         In mid-2013, Ameriprise told XimpleWare that Ameriprise believes that Versata had
16  incorporated VTD-XML into its DCM product.
17         XimpleWare contends that Versata's incorporation of VTD-XML into DCM violates the
18  terms of the GPL license and therefore constitutes copyright infringement.
19         Versata denies that VTD-XML is incorporated into DCM, or that it has breached any
20  agreement with XimpleWare or Ameriprise. Versata disputes whether XimpleWare is in fact the
21  author of VTD-XML and owns valid copyrights on its software. Versata disputes whether the
22  GPL is an applicable license, and even assuming it is, whether it is enforceable against Versata.
23         Ameriprise denies that it has infringed any copyright owned by XimpleWare.  Rather,
24  Ameriprise contends that XimpleWare's use of the GPL provides a license to Ameriprise to use
25  VTD-XML and DCM, which it contends incorporates VTD-XML.  Ameriprise has not breached
26  any obligation that would deprive it of any rights granted under the GPL, and thus asserts that
27  XimpleWare has no cognizable claim against it.
28

**Computerlaw Group LLP**
www.computerlaw.com<sup>sm</sup>

## IV. LEGAL ISSUES

XimpleWare contends that the primary legal issue in this case is whether Versata's incorporation of VTD-XML into DCM constitutes copyright infringement. Under *Jacobsen v. Katzer*, 535 F. 3d 1373 (Fed. Cir. 2008), violation of a license (including an open source license) gives rise to claims for copyright infringement. XimpleWare further contends that a related issue is whether Ameriprise's use and distribution of DCM beyond the scope of the GPL—including distribution to and use by non-employee franchisees—are also unlicensed copyright infringements.

Versata contends that there are many complicated legal issues in this case. Among other legal issues, specifically this Court will have to consider: whether DCM is a derivative work of VTD-XML, whether the GPL is an enforceable contract between the parties, and issues of fair use, copyright misuse and implied license.

In addition to the copyright defenses asserted by Versata, Ameriprise contends that another issue in the case is what constitutes distribution or use by third parties as asserted by XimpleWare as the violation of the Copyright Act and the basis for its claim that Ameriprise's conduct violated the GPL.

## V. MOTIONS

Resolved Motions

XimpleWare filed a motion for a temporary restraining order and expedited discovery on November 24, 2013 (Dkt. 12), which the court heard on December 4, 2013 and denied (Dkt. 45).

Ameriprise filed a motion to dismiss on December 3, 2013 (Dkt. 41) which was withdrawn following XimpleWare's filing of an Amended Complaint. XimpleWare amended its complaint on December 17, 2013 (Dkt. 48). Ameriprise filed a renewed motion to dismiss on December 31, 2013 (Dkt. 52). The Court denied the motion on February 4, 2014 (Dkt. 61).

Versata filed a motion to dismiss on January 27, 2014 (Dkt. 59). That court heard argument and denied the motion on March 14, 2014 (Dtk. 77).

Anticipated Motions

After it takes limited discovery, XimpleWare anticipates filing a motion for summary judgment of copyright infringement and for a permanent injunction, or in the alternative, for a preliminary injunction.

Ameriprise anticipates filing a motion for summary judgment concerning its rights under the GPL.

### VI. AMENDMENT OF PLEADINGS

XimpleWare filed its amended complaint on December 17, 2013 (Dkt. 48). XimpleWare does not anticipate any further amendment.

Ameriprise filed its answer to XimpleWare's amended complaint on February 18, 2014 (Dkt. 67) and does not anticipate any further amendment.

Versata filed its answer to XimpleWare's amended complaint on March 28, 2014 (Dkt. 80) and does not anticipate any further amendment.

### VII. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

XimpleWare and Versata are in ongoing discussions about a protocol to preserve evidence related to the application of a software patch that would remove VTD-XML from DCM.

### VIII. DISCLOSURES

All parties have made initial disclosures.

### IX. DISCOVERY

#### A. Discovery to Date

No discovery has been taken in this case to date.

Versata and Ameriprise have exchanged substantial discovery in the case between them in Texas. XimpleWare is not a party to that case. However, in response to a subpoena in the Texas litigation, Ameriprise deposed, and Versata participated in, a deposition of XimpleWare in

1  December 2013, and XimpleWare has produced documents. XimpleWare received no reciprocal
2  discovery as it is not a party in that case.

      **B.**      **Discovery Plan—Rule 26(f)(3)**

           **1.**      **Initial Disclosures—Rule 26(f)(3)(A)**

The parties exchanged initial disclosures on March 5, 2014.

           **2.**      **Scope of Discovery—Rule 26(f)(3)(B)**

The Parties presently believe that discovery will be needed as to all of the elements of the claims and remedies placed in issue by the pleadings, and any defenses that may be asserted.

The Parties do not presently believe that discovery should be conducted in phases or be limited to or focused upon particular issues. However, the Parties do believe discovery should be coordinated with a separate action for patent infringement, case no. 5:13-cv-5161-PSG, in which all parties to this case are also parties, in addition to other defendants. Discovery is currently stayed in that action pending a decision on multiple defendants' motions to dismiss.

           **3.**      **Electronically Stored Information—Rule 26(f)(3)(C)**

The Parties have met and conferred on the subject of ESI. The Parties have each confirmed that they have taken steps to ensure the preservation of potentially discoverable materials.

There are complicated Electronic Discovery issues in this case, including but not limited to the potential production of software and source code. The Parties agree that they shall work in good faith to agree to a separate electronically stored information order to address these issues.

           **4.**      **Claims of Privilege—Rule 26(f)(3)(D)**

The Parties agree that a stipulated confidentiality agreement for the entry of a protective order will be necessary to protect from public disclosure proprietary or other commercially sensitive information that may be produced by the parties in this litigation. The Parties have agreed in principle to modify the Court's model protective order for use in this case. Versata contends that such a protective order will need to include protection for source code substantially similar to the protections spelled out in section 9 of this Court's Stipulated Protective Order for

Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.[1] XimpleWare contends that level of protection is unduly burdensome.

The Parties will meet and confer in good faith regarding the format for privilege logs. In addition, the Parties agree that any responsive documents that are attorney-client or work-product privileged that were created after the date that this action was commenced do not need to be reflected on a privilege log.

### 5. Limitations on Discovery—Rule 26(f)(3)(E)

The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules, and expect to be able to resolve cooperatively any issues that may arise with respect to such limitations.

### C. Other Orders—Rule 26(f)(3)(F)

The Parties believe that a stipulated protective order is appropriate to the extent this matter may involve the disclosure of either party's proprietary or other commercially sensitive information. The Parties are negotiating a proposed stipulated protective order, and anticipate submitting it to the Court for review and approval before the initial case management conference.

### D. Agreement on Electronic Service

The Parties agree to electronically serve any document (including all exhibits or attachments thereto) that is not filed with the Court, or is filed under seal with the Court, including all correspondence. Electronic transmission shall constitute service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), and no confirmatory hard copies need be provided.

---

[1] http://www.cand.uscourts.gov/filelibrary/408/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_10-10-13.pdf

X. **RELATED CASES**

The following cases are related in subject matter to this case:

1. *Versata v. Ameriprise*, Travis County District Court, no. D-1-GN-12-003588

    Trial had been set for February 2014, but was taken off calendar when Ameriprise removed the case to federal court on January 7, 2014. The case has since been remanded back to the state court. Ameriprise has raised Versata's use of XimpleWare's VTD-XML in DCM as a defense in the case.

2. *Versata v. Ameriprise*, U.S. District Court for the Western District of Texas, no. 1:14-cv-00012-SS

    Removal action based on state court action above. On motion, the case was remanded back to state court on March 11, 2014.

3. *Versata v. Infosys*, U.S. District Court for the Western District of Texas, no. 1:10-cv-00792-SS

    Action against Ameriprise vendor Infosys for breach of contract and trade secrets misappropriation related to decompilation of DCM. Set for trial on April 21, 2014.

4. *XimpleWare v. Versata, et al.*, U.S. District Court for the Northern District of California, no. 5:13-cv-5161-PSG

    Patent case against Versata, Ameriprise, and other defendants not in this case.

XI. **RELIEF**

XimpleWare requests damages for copyright infringement, including statutory damages, in an amount to be determined.

XimpleWare also requests a declaratory judgment that its registered copyright in its VTD-XML software and source code is valid.

XimpleWare also requests a permanent injunction enjoining further infringement by all Defendants.

The Versata Defendants have filed an Answer requesting a declaratory judgment that XimpleWare's copyright relating to its VTD-XML software and source code is not valid. In

addition or in the alternative, the Versata Defendants seek a declaratory judgment that the Versata Defendants are not infringing any XimpleWare copyright. The Versata Defendants will also seek a judgment from the Court that XimpleWare has suffered no damages as a result of the conduct of any Versata Defendants.

Ameriprise does not seek any damages, but only attorneys' fees and costs, as appropriate.

## XII. SETTLEMENT AND ADR

The parties have met and conferred about settlement and ADR options, and continue to discuss ADR.

## XIII. CONSENT TO MAGISTRATE JUDGE

<u>No</u>: all parties have not consented to a Magistrate Judge.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiff contends that given the extensive discovery in the Texas litigation between Versata and Ameriprise there will be few genuinely contested facts. XimpleWare intends to move for summary judgment after obtaining discovery, much of which will simply reproduce discovery from the Texas case.

The parties will meet and confer ahead of that motion to determine whether any facts may be stipulated as undisputed.

Versata contends that very little of the discovery exchanged in the Texas litigation is relevant to this dispute.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is suitable for the Court's expedited trial procedure under General Order 64, but will revisit the issue at a later date.

XVII. SCHEDULING: PROPOSAL FOR CASE DEADLINES—RULES 26(F)(3) AND 16(B)

The parties propose the following schedule:

| Event | Agreed Date | Plaintiff Proposal | Defendant Proposals |
|---|---|---|---|
| 1. Rule 26(f) Conference | Took place Feb. 14, 2014 | | |
| 2. Initial Disclosures | Took place Mar. 5, 2014 | | |
| 3. Initial Case Management Conference | April 18, 2014 | | |
| 4. Status / Settlement Conference | | To be determined | |
| 5. Parties Designate Experts on Issues for Which They Carry the Burden of Proof | | Jul. 7, 2014 | Nov. 20, 2014 |
| 6. Parties Designate Rebuttal Experts | | Aug. 11, 2014 | Dec. 25, 2014 |
| 7. Deadline to Amend Pleadings and Join Other Parties | | To be determined | Sep. 29, 2014 |
| 8. Fact Discovery Cut-Off | | Aug. 8, 2014 | Nov. 5, 2014 |
| 9. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | | Aug. 22, 2014 | Nov. 20, 2014 |
| 10. Parties Submit Rebuttal Expert Reports | | Sep. 26, 2014 | Dec. 25, 2014 |
| 11. Expert Discovery Cut-Off | | Oct. 17, 2014 | Jan. 15, 2015 |
| 12. Last Day to File Dispositive Motions | | Oct. 30, 2014 | Jan. 28, 2015 |
| 13. Dispositive Motion Hearing | | Dec. 19, 2014 | Mar. 19, 2015 |
| 14. Pretrial Conference | | Jan. 13, 2015 | May 25, 2015 |
| 15. Trial | | Jan. 19, 2015 | Jun. 7, 2015 |

XVIII. TRIAL

All parties have demanded a trial by jury.

XimpleWare anticipates an approximately one-week trial.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All parties have filed certifications under LR 3-16.

XimpleWare Corp. is a privately held company and no parent corporation or other publicly held corporation owns 10% or more stock.

Ameriprise Financial, Inc. is a publicly traded company and no publicly traded corporation currently owns more than 10% of its stock. The parent company of Ameriprise Financial Services, Inc. is AMPF Holding Corporation.

Versata Enterprises, Inc. is the parent of Versata Software, Inc.  Trilogy Development Group, Inc., a California corporation, merged out into Trilogy Development Group, Inc. a Delaware Corporation in 1992. That company has subsequently been renamed Versata Development Group, Inc., and its parent company is Versata Enterprises, Inc.  Trilogy, Inc. is the parent of Versata Enterprises, Inc. ESW Capital LLC is the parent of Aurea Software, Inc.  No publicly held company owns 10% or more of Trilogy Inc., or ESW Capital LLC.

Respectfully submitted,

COMPUTERLAW GROUP LLP

Dated: April 11, 2014            By:    /s/ Ansel Halliburton
                                        Jack Russo
                                        Christopher Sargent
                                        Ansel Halliburton

                                        Attorneys for Plaintiff
                                        XIMPLEWARE CORP.

[additional signatures follow]

| | | |
|---|---|---|
| | | AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C. |
| Dated: April 11, 2014 | By: | /s/ Alisa Lipski |
| | | Alisa Lipski |
| | | Amir H. Alavi (*pro hac vice*) |
| | | Benjamin F. Foster (*pro hac vice*) |

Attorneys for Defendants
VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.,
TRILOGY DEVELOPMENT GROUP, INC. and
AUREA SOFTWARE, INC. A/K/A
AUREA, INC.

DORSEY & WHITNEY LLP

| | | |
|---|---|---|
| Dated: April 11, 2014 | By: | /s/ Case Collard |
| | | Gregory S. Tamkin |
| | | Case Collard |

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

### E-Filing Attestation

I, Ansel Halliburton, am the ECF User whose ID and password are being used to file this Joint Report On Rule 26(f) Conference. I hereby attest that I have on file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

| | | |
|---|---|---|
| | | COMPUTERLAW GROUP LLP |
| Dated: April 11, 2014 | By: | /s/ Ansel Halliburton |
| | | Ansel Halliburton |

Attorneys for Plaintiff
XIMPLEWARE CORP.