1 | Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
2 | Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
3 | 401 Florence Street
Palo Alto, CA 94301
4 | (650) 327-9800
(650) 618-1863 fax
5 | jrusso@computerlaw.com
csargent@computerlaw.com
6 | ahalliburton@computerlaw.com

7 | Attorneys for Plaintiff
XIMPLEWARE CORP.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>                Plaintiff;<br><br>    v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation, and **Aurea Software, Inc. a/k/a Aurea, Inc.**, a Delaware corporation,<br><br>                Defendants. | **Case No. 3:13-cv-5160 SI**<br><br>**XIMPLEWARE CORP.'S ANSWER TO VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC.'S COUNTERCLAIMS** |

Plaintiff/Counterclaim Defendant XimpleWare Corp. ("XimpleWare") responds to Defendants/Counterclaim Plaintiffs Versata Software, Inc.'s ("Versata"), Trilogy Development Group, Inc.'s ("Trilogy"), and Aurea Software, Inc.'s ("Aurea") (collectively "Defendants") Counterclaims dated March 28, 2014 (Dkt. 80), as follows:

## ANSWER TO COUNTERCLAIMS

### The Parties

1. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 1.

2. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 2.

3. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 3.

4. Paragraph 4 of Defendants' Counterclaims does not contain any allegations and therefore does not require a response.

5. Admitted.

### Jurisdiction and Venue

6. XimpleWare admits that this Court has subject matter jurisdiction over this action, and that venue for these Counterclaims is proper in this district.

7. Admitted.

### Factual Background

8. XimpleWare admits that it is a software company that licenses its software under the GNU General Public License ("GPL"), as well as non-GPL commercial licenses. XimpleWare denies that its software is "free" if it is used beyond the scope of the GPL. Except as admitted by the foregoing, all remaining allegations are denied.

9. The allegations contained within paragraph 9 constitute legal conclusions as to which no answer is required. To the extent any answer is required, XimpleWare denies that the GPL places "no restrictions on use," which language is ambiguous, and XimpleWare admits that

Computerlaw Group LLP
www.computerlaw.com℠

the GPL does not require payment for GPL-compliant uses. Except as admitted by the foregoing, all remaining allegations are denied.

10. The allegations contained within paragraph 10 constitute legal conclusions as to which no answer is required. To the extent any answer is required, XimpleWare admits that a downstream recipient is bound by the GPL; except as admitted by the foregoing, all remaining allegations are denied.

11. XimpleWare admits that a change in an upstream licensee's licensing status does not effect a downstream licensee's obligations under the GPL. XimpleWare is without knowledge of an item labeled Docket No. 18-1 in this case, and therefore denies any allegations related to it. Except as admitted by the foregoing, all remaining allegations are denied.

12. Admitted.

13. Denied.

14. XimpleWare admits that Defendants have been issued U.S. copyright registrations, but has no other knowledge about them or their validity, and therefore denies the remaining allegations in Paragraph 14 of Defendants' Counterclaims. Except as admitted by the foregoing, all remaining allegations are denied.

**Declaratory Judgment of Invalidity**

15. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–14 of Defendants' Counterclaims.

16. Paragraph 16 of Defendants' Counterclaims is a legal conclusion to which no response is required. To the extent Paragraph 16 contains factual allegations, XimpleWare denies them.

17. Paragraph 17 of Defendants' Counterclaims is a legal conclusion to which no response is required. To the extent Paragraph 17 contains factual allegations, XimpleWare denies them.

**Declaratory Judgment of License**

18. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–17 of Defendants' Counterclaims.

19. Admitted.

20. Denied.

### Declaratory Judgment of Non-Infringement

21. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–20 of Defendants' Counterclaims.

22. Admitted.

23. Admitted.

XimpleWare denies the balance and remainder of all allegations contained in all paragraphs, counts, and subparts of Defendants' Counterclaims that are not expressly admitted, and deny that Defendants are entitled to any of the demands for judgment and relief asserted.

### AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

#### First Affirmative Defense

Defendants fail to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Defendants' claims are barred in whole or in part by the doctrine of waiver.

#### Third Affirmative Defense

Defendants' claims are barred in whole or in part by the doctrine of estoppel.

#### Fourth Affirmative Defense

Defendants' claims are barred in whole or in part by the doctrine of unclean hands.

#### Fifth Affirmative Defense

Defendants' claims are barred in whole or in part by the doctrines of release and/or accord and satisfaction.

#### Sixth Affirmative Defense

Defendants' claims are barred in whole or in part by all applicable statutes of limitations.

**Computerlaw Group LLP**
www.computerlaw.com℠

**Seventh Affirmative Defense**

The Versata Defendants' claims are barred, in whole or in part, because the Versata Defendants acknowledged and ratified XimpleWare's GPL license.

**Eighth Affirmative Defense**

The Versata Defendants' claims are barred, in whole or in part, because their actions and/or omissions caused and/or contributed to any injury they incurred. The Versata Defendants were not forced to use XimpleWare's software, which was licensed under the GPL license. However, by doing so, to the extent the Versata Defendants allege they suffered any injury as a result of their use of its software, the Versata Defendants' own actions and omissions are responsible for their injury.

XimpleWare reserves the right to plead additional affirmative defenses as they become reasonably apparent, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the copyright and patent laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

**JURY TRIAL DEMAND**

XimpleWare demands a trial by jury on each and every element of any cause of action triable by a jury.

COMPUTERLAW GROUP LLP

Dated: April 21, 2014          By:   /s/ Jack Russo
                                     Jack Russo
                                     Christopher Sargent
                                     Ansel Halliburton

                                     Attorneys for Plaintiff
                                     XIMPLEWARE CORP.