UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP.,<br>          Plaintiff,<br>     v.<br>VERSATA SOFTWARE, INC., et al.,<br>          Defendants. | Case No. 13-cv-05160-SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO FILE UNDER SEAL** |

On October 14, 2014, defendants Versata Software Inc., Trilogy Development Group, Inc., and Aurea, Inc. (collectively, Versata) filed an Administrative Motion to file under seal documents in connection with plaintiff XimpleWare's Motion for Preliminary Injunction. Docket Nos. 110; 102. The same day, defendants filed the declaration of Alisa Lipski, counsel for Versata, in support of the motion to file under seal. Docket No. 110. Versata seeks to file under seal documents that it contends contain confidential information, specifically portions of correspondence from Versata to XimpleWare attached as part of Exhibit 2 to Versata's Opposition to XimpleWare's Motion for Preliminary Injunction. *Id.*

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where, as here, a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b).

Versata alleges that information contained in Exhibit 2 describes technical details and confidential information regarding the installations of Versata's DCM software product at its various customers, and that the level of detail regarding the implementation of the DCM is not publicly available. Docket No. 110 at 1. After reviewing the relevant documents and Versata's declaration, the Court concludes that Versata has shown good cause to seal the designated portions of Exhibit 2 to its Opposition to XimpleWare's Motion for Preliminary Injunction. In addition, Versata's request to seal the exhibit is narrowly tailored, as it seeks to redact only sealable information. The Court therefore GRANTS Versata's motion to seal. This resolves Docket No. 110.

**IT IS SO ORDERED**.

Dated: 10/29/14

_____
SUSAN ILLSTON
United States District Judge