UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>VERSATA SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; and AUREA SOFTWARE, INC.,<br><br>    Defendants. | Case No. 13-cv-05160-SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

On November 21, 2014, the Court held a hearing on plaintiff XimpleWare Corporation's motion for preliminary injunction. Docket Nos. 102, 125. Also before the Court is defendant Versata Software, Inc.'s motion to file under seal. For the reasons set forth below the Court GRANTS IN PART and DENIES IN PART XimpleWare's motion for preliminary injunction; and GRANTS Versata's motion to file under seal.

## BACKGROUND

Plaintiff XimpleWare is a California corporation that develops, designs, and distributes computer software. First Amended Complaint (FAC) ¶¶ 2-3. Zhengyu Zhang and Hui Tian founded XimpleWare in 2002 and in 2004 Zhang began writing the XimpleWare source code. *Id.* ¶¶ 19-20. This source code is an "XML parser," which is a piece of software that reads and translates information stored in Extensible Markup Language (XML) documents. *Id.* ¶¶ 16-18. According to XimpleWare, its source code and software product, known as "VTD-XML," reads and parses XML at a rate estimated to be five to ten times faster than other current XML parsing

1  programs. *Id*. ¶ 35. XimpleWare decided to license its source code as open source software under
2  a GNU General Public License (GPL).[1]  *Id*. ¶ 26.
3  In summer 2013, XimpleWare learned of a lawsuit brought by Versata Software Inc.
4  against Ameriprise in Texas state court, alleging that Ameriprise materially breached Versata's
5  DCM software license. *Id*. ¶¶ 49, 50. On November 5, 2013, XimpleWare filed this suit against
6  Versata and Ameriprise for copyright infringement, violation of the Lanham Act, breach of
7  contract, breach of good faith and fair dealing, unjust enrichment, intentional interference with
8  prospective economic advantage, unfair competition, and declaratory relief.[2]  Docket No. 1.
9  XimpleWare claims Versata is liable for copyright infringement, alleging Versata's DCM software
10 product incorporated XimpleWare's VTD-XML and that Versata commercially distributed its
11 DCM product without obtaining a commercial license or permission for the use of XimpleWare's
12 products, or complying properly with the GPL license. FAC ¶¶ 55-58. Additionally, XimpleWare
13 alleges that Ameriprise distributed Versata's DCM and VTD-XML to thousands of non-employee
14 financial advisors, thereby violating the GPL.[3]  *Id*. ¶¶ 60-61.
15 XimpleWare seeks a preliminary injunction barring: (1) Versata from delivering new
16 copies of the DCM software to its customers or otherwise publishing the DCM and; (2)
17 Ameriprise from deploying the DCM to new or existing users. Motion at 1. This is
18 XimpleWare's second motion to enjoin defendants; the Court denied XimpleWare's motion for a
19 Temporary Restraining Order in December, 2013.[4]  Docket Nos. 12, 45.
20 On November 10, 2014, the Court issued an order directing Versata to come to the hearing
21 on plaintiff's Motion for Preliminary Injunction prepared to present to the Court and XimpleWare

---

[1] Open source software is software whose source code is available to the public, free of charge, to use, copy, modify, sublicense, or distribute, subject to the terms of an open source license. FAC ¶ 23. The GNU General Public License is an open source license that prohibits users from copying, modifying, sublicensing, or distributing the software except as expressly provided under the license. *Id*. ¶ 32.

[2] The initial complaint was amended on December 17, 2013. Docket No. 48.

[3] XimpleWare maintains Ameriprise made these outside distributions without any attribution to XimpleWare, without XimpleWare's copyright notice, without reference to XimpleWare's source code, and without any offer to convey the XimpleWare source code. FAC ¶ 61.

[4] Previously, the Court held that XimpleWare failed to show irreparable injury, and therefore denied its application for a Temporary Restraining Order. Docket No. 45.

1  proof that the DCM patch is installed and functioning for all of Versata's DCM customers as well
2  as a statement from Ameriprise that the second patch provided by Versata is functioning. Docket
3  No. 119. At the hearing held November 21, 2014, the Court instructed Versata to file with the
4  Court documentation as to the functioning of the patch at its customers.

## DISCUSSION

### I. XimpleWare's Motion for Preliminary Injunction

"[I]njunctive relief to prevent copyright infringement is available as an equitable remedy in the court's discretion." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011). In order to obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). This is commonly referred to as the "four-factor test" for preliminary injunctive relief. *Flexible Lifeline Sys., Inc.*, 654 F.3d at 994. The Supreme Court has been "very clear that even where infringement had been proven, a plaintiff may not be granted injunctive relief until he satisfies the four-factor test, which includes demonstrating irreparable injury." *Id*. at 995 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006)).[1] This principle applies to both patent and copyright cases: "a presumption of irreparable harm is equally improper in a case based on copyright infringement as it is in a case based on patent infringement." *Id*. at 996 (citing *eBay*, 547 U.S. at 388).

XimpleWare renews its prior request for an injunction, arguing that Versata has failed to uphold the representations it made to the Court over ten months ago. Reply at 2. At the previous

---

[1] The Ninth Circuit had a "long-standing practice of presuming irreparable harm upon the showing of likelihood of success on the merits in a copyright infringement case." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011). However, since the Supreme Court's decisions in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) and *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), this practice is no longer good law. *Id*.

3

hearing on XimpleWare's motion for a temporary restraining order, the Court noted the representations made by Versata that they had no new sales of their DCM software, did not anticipate any additional sales during the 2013 calendar year, and that all references to XimpleWare in the previously created versions of DCM were removed and a patch was created and would be sent to all of Versata's customers. Docket No. 46, pg. 37. The Court also stated that it would require, in the future, proof that the representations made by Versata did in fact happen. *Id*.

XimpleWare contends that to date, it has not been offered any evidence of Versata's delivery of a successful patch to its DCM customers. Docket No. 103, Russo Decl. ¶ 8; Docket No. 104, Halliburton Decl. ¶ 5; Reply at 2. At the November 21, 2014 hearing, Versata represented to the Court that it had delivered and installed the patch to four of its eight DCM customers and the patch was successfully functioning for those customers. Docket No. 124 at 7. Versata further stated that it delivered the patch to its four other DCM customers but could not represent that the patch was commercially installed or functioning. *Id*. XimpleWare then requested injunctive relief in the form of a Court order instructing Versata to comply with a final deadline or require Versata to procure a license from XimpleWare.[5] *Id*. at 8. Versata stated that buying a commercial license to use XimpleWare is "something that Versata would be happy to do." *Id*. at 14.

Therefore, the Court orders that by no later than **February 28, 2015**, Versata must provide to the Court evidence—similar to that it provided at the November 21, 2014 hearing—that the patch is commercially installed and functioning at the remaining four DCM customers, or alternatively show cause why it has not purchased a license from XimpleWare to account for the remaining users of XimpleWare's VTD-XML product.

---

[5] Versata's Request for Judicial Notice, filed after the November 21, 2014 hearing, suggests that XimpleWare is requesting that this Court order Versata's customers to purchase a license from XimpleWare. Docket No. 127 at 2. However, as discussed at the November 21, 2014 hearing, the issue is whether "Versata should just buy a commercial license to use XimpleWare." Docket No. 124 at 14. With the exception of Ameriprise, Versata's customers are not parties to this action.

### II. Versata's Administrative Motion to File Under Seal

Versata has filed an administrative motion to file under seal documents submitted to the Court in compliance with the Court's November 21, 2014 instruction and November 10, 2014 order. Docket No. 121. Versata has submitted the declaration of Steven Mitby in support of its administrative motion. Docket No. 121-1.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b).

The Court has considered each of the documents designated as confidential and the corresponding declaration and concludes that Versata has sufficiently shown good cause for filing the documents under seal. Accordingly, the Court GRANTS Versata's motion to file under seal.

### CONCLUSION

Versata is hereby ordered to provide the Court evidence that the patch is commercially installed and functioning at the remaining four DCM customers no later than February 28, 2015, or show cause why it has not purchased a license from XimpleWare to account for the remaining users of XimpleWare's VTD-XML product.

5

The Court also GRANTS Versata's motion to file under seal.

**IT IS SO ORDERED**.

Dated: November 25, 2014

_____
SUSAN ILLSTON
United States District Judge